**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
Stanley M. Grossman
Marc I. Gross
100 Park Avenue
New York, NY 10017
Telephone: (212) 661-1100

**WECHSLER HARWOOD LLP**
Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
Jeffrey M. Norton (JN-4827)
488 Madison Avenue
New York, New York 10022
Tel.: (212) 935-7400

**Proposed Lead Counsel for
Plaintiffs and the Class**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------x
CAROLYN GREENE, on behalf of herself
and all others similarly situated,

                                  Plaintiff,

                -against-

BIOPURE CORPORATION,
THOMAS A. MOORE, CARL W. RAUSCH,
and RONALD F. RICHARDS,

                                Defendants.
-----------------------------------------------------------x

Civil Action No.03-CV-12628-NG

[Additional captions on following page]

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CONSOLIDATION OF RELATED CASES, THE APPOINTMENT
OF SELINA AND ALEXANDER CHAO AS LEAD PLAINTIFFS, AND APPROVAL OF
THE PROPOSED LEAD PLAINTIFFS' SELECTION OF LEAD COUNSEL**

```
-------------------------------------------------------x
JOHN G. ESPOSITO, on behalf of himself        :
and all others similarly situated,            :
                                              :     Civil Action No.04-CV-10013-NG
                                              :
                      Plaintiff,              :
                                              :
        -against-                             :
                                              :
BIOPURE CORPORATION,                          :
THOMAS A. MOORE, CARL W. RAUSCH,              :
and RONALD F. RICHARDS,                       :
                                              :
                      Defendants.             :
-------------------------------------------------------x

-------------------------------------------------------x
JAMES J. NIZZO, VIRGINIA C. NIZZO, and         :
CARLO CILIBERTI, on behalf of themselves       :
and all others similarly situated,             :     Civil Action No.04-CV-10065-NG
                                              :
                      Plaintiff,              :
                                              :
        -against-                             :
                                              :
BIOPURE CORPORATION,                          :
THOMAS A. MOORE, CARL W. RAUSCH,              :
and RONALD F. RICHARDS,                       :
                                              :
                      Defendants.             :
-------------------------------------------------------x

-------------------------------------------------------x
BARRY BROOKS, on behalf of himself            :
and all others similarly situated,            :
                                              :     Civil Action No.04-CV-10077-NG
                      Plaintiff,              :
                                              :
        -against-                             :
                                              :
BIOPURE CORPORATION,                          :
THOMAS A. MOORE, CARL W. RAUSCH,              :
and RONALD F. RICHARDS,                       :
                                              :
                      Defendants.             :
-------------------------------------------------------x
```

```
------------------------------------------------------------x
ANASTASIOS PERLEGIS, on behalf of himself  :
and all others similarly situated,          :
                                            :   Civil Action No.04-CV-10078-NG
                                            :
                Plaintiff,                  :
                                            :
        -against-                           :
                                            :
BIOPURE CORPORATION,                        :
THOMAS A. MOORE, CARL W. RAUSCH,            :
and RONALD F. RICHARDS,                     :
                                            :
                Defendants.                 :
------------------------------------------------------------x

------------------------------------------------------------x
MARTIN WEBER, on behalf of himself          :
and all others similarly situated,          :
                                            :   Civil Action No.04-CV-10090-NG
                                            :
                Plaintiff,                  :
                                            :
        -against-                           :
                                            :
BIOPURE CORPORATION,                        :
THOMAS A. MOORE, CARL W. RAUSCH,            :
and RONALD F. RICHARDS,                     :
                                            :
                Defendants.                 :
------------------------------------------------------------x

------------------------------------------------------------x
MODEL PARTNERS LIMITED, on behalf of        :
themselves and all others similarly situated,:
                                            :   Civil Action No.04-CV-10155-NG
                                            :
                Plaintiff,                  :
                                            :
        -against-                           :
                                            :
BIOPURE CORPORATION,                        :
THOMAS A. MOORE, CARL W. RAUSCH,            :
and RONALD F. RICHARDS,                     :
                                            :
                Defendants.                 :
------------------------------------------------------------x

------------------------------------------------------------x
```

```
GREGORY KRUSZKA, on behalf of himself   :
and all others similarly situated,      :
                                        :       Civil Action No.04-CV-10202-NG
                                        :
                Plaintiff,               :
                                        :
        -against-                        :
                                        :
BIOPURE CORPORATION,                    :
THOMAS A. MOORE, CARL W. RAUSCH,        :
and RONALD F. RICHARDS,                 :
                                        :
                Defendants.              :
----------------------------------------x
```

Pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), movants Selina and Alexander Chao ("Movants") submit this memorandum in support of their motion to consolidate the related actions as defined below for the entry of an order appointing Movants as the Lead Plaintiff on behalf of purchasers of the common stock of Biopure Corporation ("Biopure" or the "Company") during the period between March 17, 2003 and December 24, 2003 (the "Class") and approving Movant's selection of Pomerantz Haudek Block Grossman & Gross LLP and Wechsler Harwood LLP, as Co-Lead Counsel, for Movant and the putative Class and Perkins Smith & Cohen LLP as Local Counsel for the Class.

## INTRODUCTION

Over eight class action complaints have been filed in this Court against Biopure and certain of its officers and directors (the "Related Actions").[1] Each Related Action is predicated on similar facts and asserts that the market price of Biopure securities was artificially inflated during specified periods as a result of defendants' misrepresentations about the Company's prospects for government approval of its principal drug product, Hemopure, which is an artificial blood substitute. All these actions allege that Biopure and it's President, Chief Technology Officer and Chief Financial Officer, violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by falsely issuing a number of positive statements regarding the progress of Biopure's application for regulatory approval to market Hemopure in the United States for patients undergoing orthopedic surgery, which was submitted to the U.S. Food and Drug Administration ("FDA").

As alleged in the Complaint, by the beginning of the Class Period, the FDA had informed defendants of flaws in the Hemopure application which put defendants on notice that FDA approval was in serious doubt, including citing "safety concerns" arising from adverse clinical data submitted as part of the Company's application. Yet, before defendants disclosed these adverse facts, they conducted at least two offerings of Biopure common stock and generated millions of dollars in proceeds. In addition, certain high-level Biopure insiders sold hundreds of thousands of Biopure common shares at artificially inflated prices.

On December 24, 2003, after the Securities & Exchange Commission ("SEC") threatened civil litigation, defendants stunned the market by announcing that, in fact, the FDA

---

[1] The Related Actions are as follows:
Greene v. Biopure Corporation et al, 03-CV-12628
Esposito v. Biopure Corporation et al, 04-CV-10013
Nizzo v. Biopure Corporation et al, 04-CV-10065
Brooks v. Biopure Corporation et al, 04-CV-10077
Perlegis v. Biopure Corporation et al, 04-CV-10078
Weber v. Biopure Corporation et al, 04-CV-10090
Kruszka v. Biopure Corporation et al, 04-CV-10202
Model Partners Limited v. Biopure Corporation et al, 04-CV-10455

Movants' counsel filed the third action on behalf of James J. Nizzo, Virginia C. Nizzo, and Carlo Ciliberti.

had halted further clinical trials of Hemopure due to safety concerns. Defendants also disclosed that any commercial release of Hemopure in the United States would be delayed beyond mid-2004. As a result of these disclosures, Biopure common stock lost 16% of its value on December 26, 2003, to close at $2.43 per share. This was a decline of more than 239% from the stock's Class Period high of $8.25 per share, reached on or about August 21, 2003.

All of the claims of the plaintiffs in the Related Actions arise pursuant to Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder and are asserted on behalf of purchasers of Company common stock during the proposed class periods defined in those complaints.

Movants are applying to be the Lead Plaintiff as to the Section 10(b) and Rule 10b-5 claims raised only in the Related Actions on behalf of purchasers of shares of the common stock of Company during the period of defendants' wrongdoing. During the period that defendants were misrepresenting Company's financial results, Movants purchased 15,000 shares of Company common stock and incurred a loss of $51,625.[2] To Movants' knowledge, their losses exceed that of any other plaintiff in the Related Actions. Thus, pursuant to Section 21D of the PSLRA, Movants are presumptively the "most adequate plaintiff" and should be appointed Lead Plaintiff because they "ha[ve] the largest financial interest in the relief sought by [the] class." Section 21D(a)(3)(B)(iii)(I)(bb). Movants have also moved for appointment of Pomerantz Haudek Block Grossman & Gross LLP and Wechsler Harwood LLP as Co-Lead Counsel to the proposed Class and Perkins Smith & Cohen as Local Counsel for the class.

## ARGUMENT

1. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES**

All the Related Actions under the federal securities laws name the same core defendants and involve the same factual and legal issues. They are each brought by investors who

---

[2] Attached as Exhibit A to the accompanying Declaration of Marc I. Gross ("Gross Declaration") is Movants' Certificate detailing their transactions in Biopure during the Class Period
Attached as Exhibit B to the accompanying Declaration of Marc I. Gross ("Gross Declaration") is a chart identifying Movant's transactions in Company common stock during this period.

were injured by purchasing or obtaining shares of Company common stock during periods when the price of such securities was imputed by defendants' misstatements about Company's financial condition and results. Consideration to thus appropriate because of the common questions of law and fact involved in these Related Actions. Fed. R. Civ. P. 42(a).

2. **MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF**

   i. **The Procedural Requirements For This Motion Have Been Satisfied**

   As required by Section 21D(a)(3)(A)(II) of the PSLRA, this motion for Movants' appointment as lead plaintiff has been filed within 60 days after notice was provided by the plaintiffs who filed the initial related action against defendants informing class members about the pendency of that action.[3]

   ii. **Movants Satisfy All The Prerequisites For Appointment As Lead Plaintiff**

   The "most adequate plaintiff"'s provision of the PSLRA provides that a court

   > shall appoint as lead plaintiff the member or members of the purported class that the court determines to be most capable of adequately representing the interests of class members (hereinafter in this paragraph referred to as the "most adequate plaintiff").

   Section 21 D((a)(3)(B)(i)); 15 U.S.C. § 78u-4(a)(3)(B)(i). Moreover, the PSLRA directs court to adopt a rebuttable presumption

   > that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—(aa) has either filed the complaint, made a motion in response to a notice . . ., (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure .

   Section 21 D(a)(3)(B)(iii) (I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

   Movants purchased 15,000 shares of Company common stock during the class period of defendant's wrongdoing and incurred out of pocket losses of approximately $51,625. Thus, Movants have a significant financial interest in the case and compared to any other plaintiff has the

---

[3] Attached as Exhibit B to the accompanying Declaration of Marc I. Gross ("Gross Declaration") is Cauley Geller Bowman & Rudman LLP's December 30, 2003 press release announcing a class action lawsuit has been filed against Biopure Corporation, et al.

"largest financial interest in the relief sought by the class" and is presumptively the "most adequate plaintiff" here to serve as Lead Plaintiff. See In re DonnKenny Inc. Securities Litigation, 171 F.R.D. 156 (S.D.N.Y. 1997) (the determination of who has the "largest financial interest" should not be made with reference to "an aggregation of unrelated plaintiffs"). Movants clearly have a sufficient financial stake to ensure its continued active participation and its monitoring of counsel's prosecutions of the claims in the best interests of the Class.

Movants also satisfy the applicable requirements of Fed. R. Civ. P. 23. Like other Class members, they purchased shares of Company stock at a time when they were inflated by defendants' misrepresentations about the prospects for governmental approval of Hemopure. The claims asserted by Movants arise from the same events or course of conduct that gives rise to claims of other Class members and the claims are based on the same legal theory -- i.e., the violation of the Exchange Act. Thus, Movants' claims are typical of those of other Class members and there is an abundance of common questions of fact and law. Movants are also an adequate representative of the Class because its interests are clearly aligned with the other members of the Class and there is no evidence of any antagonism between the interests of Movants and the Class as a whole. Moreover, Movants have already demonstrated their willingness and ability to fairly and vigorously represent the interests of the Class by signing the certification affirming its willingness to serve as, and assume the responsibilities of, a class representative. In addition, the Movants have selected counsel highly experienced in prosecuting securities class actions such as this.

3. **THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LOCAL COUNSEL**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). Thus, a Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movants, the proposed lead plaintiff, has selected Pomerantz Haudek Block Grossman & Gross LLP and Wechsler Harwood LLP to serve as Co-Lead Counsel for the Class. This firms have extensive experience in the area of securities litigation and have successfully

prosecuted numerous securities fraud class actions on behalf of injured investors.[4]  Thus, the Court may be assured that the Class will receive the highest caliber of legal representation available.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court: (1) appoint Selina and Alexander Chao as the Lead Plaintiff in the Related Actions for the specified Class of purchasers of Company common stock; and (ii) approve their selection of Pomerantz Haudek Block Grossman & Gross LLP and Wechsler Harwood LLP as Co-Lead Counsel for the Class and Perkins Smith & Cohen, LLP as Local Counsel for the Class.

Dated: March 1, 2004

Respectfully submitted,

**PERKINS SMITH & COHEN, LLP,**

*/s/ Susan E. Stenger*

Susan E. Stenger
One Beacon Street, 30th Floor
Boston, Massachusetts 02108-3106
Telephone: (617) 854-4000
**Proposed Local Counsel for the Plaintiffs and the Class**

**POMERANTZ HAUDEK BLOCK
 GROSSMAN & GROSS LLP**
Stanley M. Grossman
Marc I. Gross
100 Park Avenue
New York, NY 10017
Telephone: (212) 661-1100

**WECHSLER HARWOOD LLP**
Robert Harwood
Samuel K. Rosen
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 935-7400
**Proposed Lead Counsel For the Plaintiffs and the Class**

**Attorneys for Selina and Alexander Chao**

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 3.1.04 on all counsel on attached service list.

---

[4] See Firm Resumes attached hereto as Exhibits D and E.

**ATTORNEY LIST FOR BIOPURE:**

**DEFENSE COUNSEL:**

**Robert A. Buhlman**
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8717
617-951-8736 (fax)

**Eunice E. Lee**
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
617-951-8000
617-951-8736 (fax)

**PLAINTIFFS COUNSEL:**

**Peter A. Lagorio**
Gilman and Pastor, LLP
Suite 500
Stonehill Corporate Center
999 Broadway,
Saugus, MA 01906
781-231-7850
781-231-7840 (fax)
palagorio@gilmanpastor.com

**David Pastor**
Gilman and Pastor, LLP
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, MA 01906
781-231-7850
781-231-7840 (fax)

**Jules Brody** Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
212-687-7230

**POMERANTZ HAUDEK BLOCK
GROSSMAN & GROSS LLP**
Stanley M. Grossman
Marc I. Gross
100 Park Avenue
New York, NY 10017
Telephone: (212) 661-1100


**WECHSLER HARWOOD LLP**
Robert I. Harwood (RH-3286)
Samuel K. Rosen (SR-3287)
Jeffrey M. Norton (JN-4827)
488 Madison Avenue
New York, New York 10022
Tel.: (212) 935-7400