# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLYN GREENE, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  1:03-CV-12628 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) | |
| JOHN G. ESPOSITO, JR., on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10013 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE BIOPURE LEAD PLAINTIFF GROUP TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

JOSEPH L. KING, on behalf of himself
and all others similarly situated,

          Plaintiff,

          v.                        Civil Action No.  1:04-CV-10038 (NG)

BIOPURE CORPORATION, THOMAS
A. MOORE, CARL W. RAUSCH, and
RONALD F. RICHARDS,

          Defendants.

---

MICHAEL E. CRIDEN, individually and
on behalf of all others similarly situated,

          Plaintiff,

          v.                        Civil Action No.  1:04-CV-10046 (NG)

BIOPURE CORPORATION, THOMAS
A. MOORE, and CARL W. RAUSCH,

          Defendants.

---

ISRAEL SHURKIN and SHARON
SHURKIN, individually and on behalf of
all others similarly situated,

          Plaintiff,

          v.                        Civil Action No.  1:04-CV-10055 (NG)

BIOPURE CORPORATION, THOMAS
A. MOORE, and CARL W. RAUSCH,

          Defendants.

[Captions continued on next page]

| | | |
|---|---|---|
| JAMES J. NIZZO, VIRGINIA C. NIZZO, and CARLO CILIBERTI, on behalf of themselves and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10065 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) ) | |
| BARRY BROOKS, on behalf of himself and all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10077 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) ) | |
| ANASTASIOS PERLEGIS, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10078 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) ) | |

[Captions continued on next page]

| | |
|---|---|
| MARTIN WEBER, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.  1:04-CV-10090 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, ) ) ) ) | |
| Defendants. ) | |
| BRUCE HAIMS, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No.  1:04-CV-10144 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, ) ) ) ) | |
| Defendants. ) | |
| MODEL PARTNERS LIMITED, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Civil Action No.  1:04-CV-10155 (NG) |
| v. ) ) | |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, ) ) ) ) | |
| Defendants. ) | |

[Captions continued on next page]

| | | |
|---|---|---|
| JUNE E. PATENAUDE, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10179 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) ) | |
| NANCY L. PINKNEY and GERTRUDE PINCKNEY, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.  1:04-CV-10189 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, and CARL W. RAUSCH, | ) ) ) | |
| Defendants. | ) ) | |
| W. KENNETH JOHNSON, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  1:04-CV-10190 (NG) |
| BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS, | ) ) ) ) | |
| Defendants. | ) | |

[Captions continued on next page]

GREGOEY KRUSZKA, on behalf of )
himself and all others similarly situated, )
                                       )
                 Plaintiff, )
                                         )
          v. )         Civil Action No.  1:04-CV-10202 (NG)
                                         )
BIOPURE CORPORATION, THOMAS )
A. MOORE, CARL W. RAUSCH, and )
RONALD F. RICHARDS, )
                                         )
                   Defendants. )

       Biopure Corporation ("Biopure") investors Neil & Susan Fineman, Michael Navilio, Robert Powell, and Edward P. Collins (collectively, the "Biopure Lead Plaintiff Group") respectfully submit this memorandum of law in further support of their motion to consolidate the related actions, appoint lead plaintiff and approve lead plaintiff's selection of lead counsel and liaison counsel, and in opposition to all competing motions for lead plaintiff submitted by (i) Ronal Erickson and Benjamin J. Joseph (collectively, the "Erickson Group"); (ii) Richard Acuna, William Homeyer, Gernot Buerger, Thomas Echlin, and William Kim (collectively, the "Homeyer Group"); (iii) William Bhaskar, Michael Lane, and Kenneth Isherwood (collectively, the "Bhaskar Group"); (iv) George Eliopoulos, Dale Self, and Mark Mentz (collectively, the "Eliopoulos Group"); (v) Bill McCardie and Vincent Riccio (collectively the "McCardie Group"); and (vi) Selina and Alexander Chao (the "Chaos").

## I.    <u>PRELIMINARY STATEMENT</u>

       The Private Securities Litigation Reform Act of 1995 (the "PSLRA") directs that courts "shall appoint as lead plaintiff **the member or members of the purported plaintiff class** that the court determines to be most capable of adequately representing the interests of class

members." 15 U.S.C. §78u-4(a)(3)(B)(i)(emphasis added).  The PSLRA further instructs that courts shall adopt a presumption that the most adequate plaintiff is **the person or group of persons with the largest financial interest and which satisfies the requirements of Fed. R. Civ. P. 23** ("Rule 23").  15 U.S.C. §78u-4(a)(3)(B)(iii)(emphasis added).  The Biopure Lead Plaintiff Group suffered financial losses of approximately $545,780, representing by far the greatest financial interest in the outcome of this litigation.  In addition, the members of the Biopure Lead Plaintiff group have each executed and submitted to this Court a Joint Declaration which emphasizes their willingness to serve as lead plaintiffs, their understanding of the responsibilities attendant to that position, and their ability to work as a cohesive group. See Joint Declaration In Support Of The Biopure Lead Plaintiff Group's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs And For Approval Of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Joint Declaration") at ¶¶ 2, 4 (attached as Exhibit D to Declaration of David Pastor in Support of Motion of the Biopure Lead Plaintiff Group to Consolidate Actions, To Be Appointed Lead Plaintiffs and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Pastor Declaration")).  Accordingly, the Biopure Lead Plaintiff Group is the movant with the largest financial interest that also meets the requirements of Rule 23, and therefore is the presumptive lead plaintiff.  As the presumptive lead plaintiff, the Biopure Lead Plaintiff Group's motion for appointment as lead plaintiff should be granted, and its selection of lead and liaison counsel should be approved.

## II.    ARGUMENT

### A.    The Biopure Lead Plaintiff Group Is The Presumptive Most Adequate Plaintiff

The PSLRA directs that courts "**shall appoint** as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(I) (emphasis added). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he Court shall adopt a **presumption** that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the court, **has the largest financial interest** in the relief sought by the class; and
>
> (cc)    otherwise **satisfies the requirements of Rule 23** of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) (emphasis added).

### 1.    The Biopure Lead Plaintiff Group Has The Largest Financial Interest In The Litigation

With $545,780 in financial losses, the Biopure Lead Plaintiff Group has the largest financial interest in this litigation. In fact, the Biopure Lead Plaintiff Group's financial losses exceed the next largest movant's losses by more than $200,000. The losses of each movant are as follows:

| MOVANT | REPORTED FINANCIAL LOSSES |
| --- | --- |
| BIOPURE LEAD PLAINTIFF GROUP | $545,780 |
| ERICKSON GROUP | $323,199 |
| HOMEYER GROUP | $185,298 |

| BHASKAR GROUP | $105,485 |
|---|---|
| ELIOPOULOS GROUP | $60,212 |
| MCCARDIE GROUP | $51,815 |
| THE CHAOS | $51,625 |

Thus, only the Biopure Lead Plaintiff Group can legitimately claim to have the largest financial interest in the relief sought by the Class.

2.    <strong><u>The Biopure Lead Plaintiff Group Qualifies Under Rule 23</u></strong>

Once the Court determines which plaintiff has the greatest financial stake in the litigation, it must next determine whether *that* plaintiff has made a *prima facie* showing of typicality and adequacy under Rule 23.  <u>In re Cavanaugh</u>, 306 F.3d 726, 732 (9th Cir. 2002) ("Once that comparison is made and the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and [should] be limited to determining whether he satisfies the other statutory requirements.").  This next step in the lead plaintiff analysis is non-adversarial in nature, with the court relying on the presumptive lead plaintiff's initial filings and sworn certification.  <u>Id.</u>

Here, in support of its timely application to be appointed as lead plaintiff, the Biopure Lead Plaintiff Group filed:  (i) sworn certifications reflecting the Group's members' class period transactions in Biopure as well as their desire to serve as a representative plaintiff (<u>see</u> Certifications of Biopure Lead Plaintiff Group, attached as Exhibit A to Pastor Declaration); and (ii) a Joint Declaration which reinforces the fact that its members together seek to be appointed as lead plaintiff and demonstrates that they are prepared and capable of fulfilling the role of lead plaintiff (<u>see</u> Joint Declaration attached as Exhibit D to Pastor Declaration).  Thus, the Biopure

Lead Plaintiff Group has sufficiently satisfied Rule 23.[1]  Based on these submissions, there can

be no doubt (at this preliminary stage) that the Biopure Lead Plaintiff Group, which has the

greatest incentive to lead this litigation and otherwise satisfies Rule 23, is the presumptive most

adequate plaintiff.____

       **B.**      **The Biopure Lead Plaintiff Group Is A Proper Movant Under The PSLRA**

_____As a small and cohesive group of four investors, the Biopure Lead Plaintiff Group is

precisely the type of movant permitted under the PSLRA.  The PSLRA plainly states that the lead

plaintiff may be the "member or members" of the class most capable of adequately representing

the interests of the class, including a "group of persons" that collectively has the greatest

financial interest in the outcome of the litigation. 15 U.S.C. §78u-4(a)(3)(B)(i) and (iii).

Recognizing as much, courts in this jurisdiction, and across the country, have consistently

appointed as lead plaintiff small groups of plaintiffs.  See e.g., Miller v. Parametric Technology

Corporation et. al., No. 03-10290, Order at 1 (D. Mass. May 20, 2003) (attached hereto as

Exhibit A) (appointing group of five investors as lead plaintiff and their selection of co-counsel

as lead counsel); In re Lernout & Hauspie Sec. Litig., 138 F.Supp.2d 39, 44 (D. Mass. 2001)

(appointing a group of investors as lead plaintiff and their selected co-counsel as lead counsel);

Greebel v. FTP Software Inc., 939 F. Supp. 57, 64 (D. Mass. 1996) (appointing a group as lead

plaintiffs); Nager v. Websecure, Inc., 1997 U.S. Dist. LEXIS 19601, at * 4 (D. Mass. Nov. 26,

1997) (appointing group as lead plaintiff); In re Tyco Int'l, Ltd. Sec. Litig., MDL No. 00-MD-

---

[1]    As asserted in its opening motion, the Biopure Lead Plaintiff Group's claims are typical
of the claims of the rest of the putative class because its members purchased Biopure shares
during the Class Period in reliance upon the allegedly materially false and misleading statements
issued by defendants and, as a result, suffered damages.

1335-B, 2000 U.S. Dist. LEXIS 13390, at * 39 (appointing group of investors as lead plaintiffs and their choice of co-counsel as lead counsel); Holley v. Kitty Hawk, Inc., 200 F.R.D. 275, 282 (N.D. Tex. 2001) (finding that a group of four lead plaintiffs was appropriate and not unwieldy); In re The First Union Corp., Secs. Lit., 3:99 CV237-MCK, 2000 U.S. Dist. LEXIS 2267, at *12, (W.D.N.C. Jan. 27, 2000) (appointing a group as lead plaintiffs finding that the overwhelming weight of authority allows the appointment of such groups); In re Versata Inc. Securities Litigation, No. C 01-1439 (SI), 2001 U.S. Dist. LEXIS. 24270, at *19-20 (N.D. Cal. April 17, 2001) (appointing group of investors as lead plaintiff and their co-counsel as lead counsel).

The Biopure Lead Plaintiff Group, comprised of four individuals who each lost substantial amounts of money as a result of their investments in Biopure, has taken steps to ensure that the putative class is adequately represented.  More specifically, the Biopure Lead Plaintiff Group's members have executed sworn certifications reflecting their superior financial interest in this case, filed a timely application for appointment as lead plaintiff, and submitted a joint declaration emphasizing their commitment to fulfill the important responsibility of lead plaintiff.  In sum, only the Biopure Lead Plaintiff Group has the requisite financial interest and satisfies the requirements of Rule 23.  Accordingly, it should be appointed lead plaintiff.

### C.    All Competing Motions Should Be Denied

Based on all competing motions, no other movant suffered greater financial losses than the Biopure Lead Plaintiff Group.  Further, no competing movant has demonstrated that it can satisfy the requirements of Rule 23.  Finally, no competing movant can rebut the presumption favoring the Biopure Lead Plaintiff Group as most adequate plaintiff.

Of the seven motions seeking appointment as lead plaintiff, all but one were filed by

groups of investors.  Regardless, only the Biopure Lead Plaintiff Group can claim to have the largest financial interest in the outcome of this litigation and to have provided this court with sufficient information to assess their desire and ability to work together in a cohesive manner. See Joint Declaration ¶¶ 2, 4.  Thus, the Biopure Lead Plaintiff Group is the presumptive most adequate plaintiff and should be appointed as lead plaintiff.

> **D.     The Biopure Lead Plaintiff Group's Selection Of Lead Counsel And Liaison Counsel Should Be Approved By The Court**

As the most adequate plaintiff, the Biopure Lead Plaintiff Group is entitled to select the lead counsel for this action, subject to the approval of the Court.  See 15 U.S.C. §78u-4(a)(3)(B)(v).  Here, the Biopure Lead Plaintiff Group has selected the law firms of Schiffrin & Barroway, LLP and Cauley Geller Bowman & Rudman, LLP as lead counsel and Gilman & Pastor, LLP as liaison counsel to represent it and the Class.  These firms are well-qualified to serve as lead and liaison counsel on behalf of the Class.

## III.     CONCLUSION

For the reasons stated herein, as well as in the its initial submissions to the Court, the Biopure Lead Plaintiff Group respectfully requests that this Court: (1) consolidate the above-captioned, and all subsequently-filed, related actions; (2) appoint the Biopure Lead Plaintiff Group as Lead Plaintiff in this action; (3) approve Schiffrin & Barroway, LLP and Cauley Geller Bowman & Rudman, LLP as Lead Counsel to represent the Class; and (4) approve Gilman & Pastor, LLP as Liaison Counsel for the Class.

Dated: March 15, 2004

Respectfully submitted,

**GILMAN AND PASTOR, LLP**

By:     /s/ Peter A. Lagorio
        David Pastor (BBO # 391000)
        Peter A. Lagorio (BBO # 567379)
        Stonehill Corporate Center
        999 Broadway, Suite 500
        Saugus, MA 01906
        Telephone:     (781) 231-7850
        Facsimile:     (781) 231-7840

        **Proposed Liaison Counsel**


        **SCHIFFRIN & BARROWAY, LLP**
        Andrew L. Barroway
        Stuart L. Berman
        Darren J. Check
        Sean M. Handler
        Three Bala Plaza East, Suite 400
        Bala Cynwyd, PA  19004
        Telephone:     (610) 667-7706
        Facsimile:     (610) 667-7056


        **CAULEY GELLER BOWMAN
            & RUDMAN, LLP**
        Samuel H. Rudman
        David A. Rosenfeld
        200 Broadhollow Road, Suite 406
        Melville, NY 11747
        Telephone:     (631) 367-7100
        Facsimile:     (631) 367-1173

        **Proposed Lead Counsel**