UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------------------X
:
CAROLYN GREENE, on Behalf of Herself and    :
All Others Similarly Situated,              :
                                            : Civ. No. 1:03 CV 12628 (NG)
                Plaintiff,                  :
                                            :
        vs.                                 :
                                            :
BIOPURE CORPORATION, THOMAS A. MOORE,       :
CARL W. RAUSCH and RONALD F. RICHARDS,      :
                                            :
                Defendants.                 :
                                            :
------------------------------------------------------------------------X

[Additional Captions Set Forth Below]


**OPPOSITION OF PROPOSED LEAD PLAINTIFF RONALD W. ERICKSON
TO THE MOTIONS OF THE "BIOPURE GROUP" AND OTHER
MOVANTS SEEKING TO BE APPOINTED LEAD PLAINTIFFS AND
<u>FOR APPOINTMENT OF CO-LEAD COUNSEL</u>**

```
------------------------------------------------------------------------X
                                                        :
JOHN G. ESPOSITO, JR., on Behalf of Himself and         :
All Others Similarly Situated,                          :
                                                        :
                        Plaintiff,                      :  Civ. No. 1:04 CV 10013 (NG)
                                                        :
        vs.                                             :
                                                        :
BIOPURE CORPORATION, THOMAS A. MOORE,                   :
CARL W. RAUSCH and RONALD F. RICHARDS,                  :
                                                        :
                        Defendants.                     :
------------------------------------------------------------------------X
                                                        :
JOSEPH L. KING, on Behalf of Himself and                :
All Others Similarly Situated,                          :
                                                        :
                        Plaintiff,                      :  Civ. No. 1:04 CV 10038 (NG)
                                                        :
        vs.                                             :
                                                        :
BIOPURE CORPORATION, THOMAS A. MOORE,                   :
CARL W. RAUSCH and RONALD F. RICHARDS,                  :
                                                        :
                        Defendants.                     :
------------------------------------------------------------------------X
                                                        :
MICHAEL E. CRIDEN, Individually and on Behalf           :
of All Others Similarly Situated,                       :
                                                        :
                        Plaintiff,                      :  Civ. No. 1:04 CV 10046 (NG)
                                                        :
        vs.                                             :
                                                        :
BIOPURE CORPORATION, THOMAS A. MOORE                    :
and CARL W. RAUSCH,                                     :
                                                        :
                        Defendants.                     :
------------------------------------------------------------------------X
```

```
------------------------------------------------------------------------X
ISRAEL SHURKIN and SHARON SHURKIN,            :
Individually and on Behalf of All Others      :
Similarly Situated,                           :
                                              :
                        Plaintiffs,           :  Civ. No. 1:04 CV 10055 (NG)
                                              :
        vs.                                   :
                                              :
BIOPURE CORPORATION, THOMAS A. MOORE          :
and CARL W. RAUSCH,                           :
                                              :
                        Defendants.           :
------------------------------------------------------------------------X
JAMES J. NIZZO, VIRGINIA C. NIZZO and         :
CARLO CILIBERTI, on Behalf of Themselves      :
and All Others Similarly Situated,            :
                                              :
                        Plaintiffs,           :  Civ. No. 1:04 CV 10065 (NG)
                                              :
        vs.                                   :
                                              :
BIOPURE CORPORATION, THOMAS A. MOORE,         :
CARL W. RAUSCH and RONALD F. RICHARDS,        :
                                              :
                        Defendants.           :
------------------------------------------------------------------------X
BARRY BROOKS, on Behalf of Himself and        :
All Others Similarly Situated,                :
                                              :
                        Plaintiff,            :  Civ. No. 1:04 CV 10077 (NG)
                                              :
        vs.                                   :
                                              :
BIOPURE CORPORATION, THOMAS A. MOORE,         :
CARL W. RAUSCH and RONALD F. RICHARDS,        :
                                              :
                        Defendants.           :
------------------------------------------------------------------------X
```

```
------------------------------------------------------------------------X
ANASTASIOS PERLEGIS, Individually and on            :
Behalf of All Others Similarly Situated,            :
                                                    :
                         Plaintiff,                 :   Civ. No. 1:04 CV 10078 (NG)
                                                    :
            vs.                                     :
                                                    :
BIOPURE CORPORATION, THOMAS A. MOORE,               :
THOMAS A. MOORE, CARL W. RAUSCH and                 :
RONALD F. RICHARDS,                                 :
                                                    :
                         Defendants.                :
------------------------------------------------------------------------X
MARTIN WEBER, on Behalf of Himself and All          :
Others Similarly Situated,                          :
                                                    :
                         Plaintiffs,                :   Civ. No. 1:04 CV 10090 (NG)
                                                    :
            vs.                                     :
                                                    :
BIOPURE CORPORATION, THOMAS A. MOORE,               :
THOMAS A. MOORE, CARL W. RAUSCH and                 :
RONALD F. RICHARDS,                                 :
                                                    :
                         Defendants.                :
------------------------------------------------------------------------X
BRUCE HAIMS, Individually and on Behalf of          :
All Others Similarly Situated,                      :
                                                    :
                         Plaintiffs,                :   Civ. No. 1:04 CV 10144 (NG)
                                                    :
            vs.                                     :
                                                    :
BIOPURE CORPORATION, THOMAS A. MOORE,               :
THOMAS A. MOORE, CARL W. RAUSCH and                 :
RONALD F. RICHARDS,                                 :
                                                    :
                         Defendants.                :
------------------------------------------------------------------------X
```

```
------------------------------------------------------------------------X
MODEL PARTNERS LIMITED, Individually and          :
on Behalf of All Others Similarly Situated,       :
                                                  :
                    Plaintiff,                    : Civ. No. 1:04 CV 10155 (NG)
                                                  :
        vs.                                       :
                                                  :
BIOPURE CORPORATION, THOMAS A.                    :
MOORE, CARL W. RAUSCH and RONALD                  :
F. RICHARDS,                                      :
                                                  :
                    Defendants.                   :
------------------------------------------------------------------------X
JUNE E. PATENAUDE, Individually and on Behalf     :
of All Others Similarly Situated,                 :
                                                  :
                    Plaintiff,                    : Civ. No. 1:04 CV 10179 (NG)
                                                  :
        vs.                                       :
                                                  :
BIOPURE CORPORATION, THOMAS A.                    :
MOORE, CARL W. RAUSCH and RONALD                  :
F. RICHARDS,                                      :
                                                  :
                    Defendants.                   :
------------------------------------------------------------------------X
NANCY L. PINCKNEY, and GERTRUDE                   :
PINCKNEY, Individually and on Behalf of All       :
Others Similarly Situated,                        :
                                                  :
                    Plaintiff,                    : Civ. No. 1:04 CV 10189 (NG)
                                                  :
        vs.                                       :
                                                  :
BIOPURE CORPORATION, THOMAS A.                    :
MOORE, CARL W. RAUSCH,                            :
                                                  :
                    Defendants.                   :
------------------------------------------------------------------------X
```

```
---------------------------------------------------------------------X
W. KENNETH JOHNSON, on Behalf of Himself         :
and All Others Similarly Situated,               :
                                                 :
                          Plaintiff,             :  Civ. No. 1:04 CV 10190 (NG)
                                                 :
            vs.                                  :
                                                 :
BIOPURE CORPORATION, THOMAS A.                   :
MOORE, CARL W. RAUSCH and RONALD                 :
F. RICHARDS,                                     :
                                                 :
                          Defendants.            :
---------------------------------------------------------------------X
GREGORY KRUSZKA, on Behalf of Himself            :
and All Others Similarly Situated,               :
                                                 :
                          Plaintiff,             :  Civ. No. 1:04 CV 10202 (NG)
                                                 :
BIOPURE CORPORATION, THOMAS A.                   :
MOORE, CARL W. RAUSCH and RONALD                 :
F. RICHARDS,                                     :
                                                 :
                          Defendants.            :
---------------------------------------------------------------------X
```

Proposed Lead Plaintiff Ronald W. Erickson[1] ("Proposed Lead Plaintiff Erickson") respectfully submits the within memorandum of law in opposition to the motion of the "Biopure" Lead Plaintiff Group and other movants for appointment of lead plaintiff and approval of their selection of lead counsel.[2] Mr. Erickson requests that the Court appoint him lead plaintiff and

---

[1] In the initial motion papers in which proposed lead plaintiff Erickson moved to be appointed lead plaintiff, Benjamin Joseph also moved for appointment as lead plaintiff. Mr. Joseph suffered losses of approximately $63,864 in connection with his purchase of Biopure stock during the Class Period. In light of the magnitude of the losses of the other movants, Mr. Joseph no longer seeks to become lead plaintiff and supports the motion of Proposed Lead Plaintiff Erickson.

[2] Other than the motions of Mr. Erickson and the "Biopure Group," to counsel's knowledge, there are four other discrete assemblages of movants who are: 1.) George Eliopulos, Dale Self and Mark Mentz whose losses individually are $31,008, $15,498 and $13,707, respectively and $60,212 collectively; 2.) the Homeyer "Group" consisting of five individuals whose losses collectively are $185,298.28; 3.) the Bhaskar "Group" consisting of three individuals who purport to have suffered losses of $105,485.30; and 4.) Selina and Andrew Chao who purport to have

1

approve his selection of the law firms of Stull Stull & Brody and Shapiro Haber & Urmy LLP as Co-Lead Counsel to represent him and the Class.

## STATEMENT OF FACTS

Of all of the movants seeking lead plaintiff status, Proposed Lead Plaintiff Erickson, who suffered losses of $259,334 resulting from his purchase of Biopure shares during the Class Period, has the largest financial interest in the relief sought by the class of any individual investor or single entity who purchased Biopure shares during the Class Period.[3] All of the other movants (as described herein in footnote 2) have individually and collectively suffered losses far less than those of proposed lead plaintiff Erickson and thus are presumptively not the most adequate lead plaintiff. In addition to those movants, an assemblage of individuals whose lawyers have styled them the "Biopure Group" purports to have a collective loss of $545,780, although the losses of each of the individuals is less than the loss of proposed lead plaintiff Erickson.[4]

---

suffered losses of $51,625.

    [3] Under 15 U.S.C. 78u-4(a)(3)(B)(I), the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. ". . . the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that -

    **(aa)** has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);

    **(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and

    **(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

    [4] Of this collection of persons Neil and Susan Fireman claim damages of $193,700, Michael Naively claims damages of $180,000, Robert Powell claims damages of $121,112, and Edward P. Collins claims damages of $50,968. (See Declaration of David Pastor In Support of Motion of the Biopure Lead Plaintiff Group To Consolidate Actions, To Be Appointed Lead Plaintiffs and For Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (the "Pastor Decl.") at Exh. C).

Thus, although no individual member of the "Biopure Group" has losses equal to those of proposed lead plaintiff Erickson, by artificially combining their individual losses, collectively those losses exceed those of proposed lead plaintiff Erickson. In an attempt to facially establish a relationship among these individuals where none had heretofore existed, members of the Biopure Group have submitted a joint declaration indicating their assent in retaining counsel, Schiffrin & Barroway, LLP ("Schiffrin") and Cauley Geller Bowman & Rudman, LLP ("Cauley Geller") and their willingness to cooperate with each other collectively (See Joint Declaration In Support of the Biopure Lead Plaintiff Group's Motion To Consolidate Actions, To Be Appointed Lead Plaintiffs and For Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel ("Joint Declaration") annexed as Exh. D to the Pastor Declaration). It appears that the only relationship of these individuals is the fortuitous circumstance that they have been proffered as proposed lead plaintiffs by the same attorneys. In addition, while these individuals have submitted certifications pursuant to the Public Securities Litigation Reform Act of 1995 (the "PSLRA"), the certification of Michael Naively is not dated and does not indicate whether he has or has not sought to be a representative party within the past five years in an action alleging violation of the federal securities law, as required by statute. See 15 U.S.C. § 78u-4(a)(2) (discussing certification requirements).[5]

For the reasons stated below, the "Biopure Group's attorneys should not be permitted to artificially aggregate their losses to defeat a single large investor.

---

[5] The PSLRA states that each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that:

\*       \*       \*

(v) identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class . . .

**ARGUMENT**

I. **Proposed Lead Plaintiff Erickson Is More Adequate To Serve As Lead Plaintiff Than A Group of Individuals Who Have No Prior Relationship**

This Court is confronted with the clear cut issue of whether attorneys can aggregate losses of a group of individuals with no prior relationship so as to defeat a single large investor whose loss is greater than any other individual. Courts in this Circuit and others have consistently refused to elevate such a group over such an individual.

The PSLRA states that the "person or group of persons with the greatest financial loss" is presumptively the most adequate lead plaintiff. However, many courts, if not a majority, have refused to accord a "group," consisting of individuals whose sole relationship to each other is that they suffered losses in the same stock during the same period of time and that they retained the same attorneys, lead plaintiff status under the PSLRA. In Re Telxon Corp. Sec. Litig., 67 F. Supp. 2d 803 (N.D. Ohio. 1999)(finding that PSLRA's intent does not permit a melange of unrelated persons to serve as lead plaintiff); Sakrani v. Brightpoint, Inc. 78 S. Supp. 2d 845 , 846 (S.D. Ind. 1999)(appointment of artificial group whose members do not share business or other relationship should be rare); Aronson v. McKesson, HBOC, Inc., 79 F. Supp. 2d 1146, 1152-53 (N.D. Cal. 1999)(defines the term "group" under the PSLRA as "having a meaningful relationship preceding the litigation and . . .united by more than mere happenstance of having bought some securities."); In Re Donkenny Securities Litigation, 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997)(denied plaintiff's motion to appoint two institutional and four individuals as a lead plaintiff group because "to allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff . . . allow lawyers to designate unrelated plaintiffs as a 'group' and aggregate their financial

stakes would allow and encourage lawyers to direct the litigation."); In re Landry's Seafood Restaurant, Inc. Sec. Litig., 2000 U.S. Dist. LEXIS 7005 (S.D. Tex. March 30, 2000)(a group of person requires a "pre-litigation relationship based on more than their losing investment").

Moreover, courts have addressed the exact situation found here and have not permitted counsel to group unrelated plaintiffs whose aggregate loss may be greater than those of a substantial individual investor to become the most adequate lead plaintiff. See In Re E-Spire Communications, Inc., 2000 U.S. Dist. LEXIS 19517 (D. Md. Aug. 15, 2000)(only where the [unrelated group] could have shown a prior relationship independent of the class action would there be more support for their argument). The Court in E-Spire further pointed out that the unrelated group had been unable to provide any authority for the proposition that courts have preferred the selection of a small group of individual investors, over the appointment of a single lead plaintiff. Id. at *20.

Thus, a single individual or institutional investor is favored as a more adequate lead plaintiff, even one whose loss may be less than the aggregate loss of an unrelated group, where that larger loss is arrived at "because of a mechanical aggregation of those losses and which is represented by two law firms." E-Spire, 2000 U.S. Dist. LEXIS 19517 at *22. A similar result was reached in In Re Waste Management Securities Litigation, 128 F. Supp. 2d 401 (S.D. Tex. Houston Div. 2000). In that case Judge Harmon, appointing a single investor who suffered smaller losses than several other groups of unrelated entities and individuals, stated:

> It is obvious that any law firm could attempt to control this litigation by accumulating as many plaintiffs as possible with no relationship to each other from investors during the class period and merely aggregate their claims to achieve the largest financial interest in any recovery . . . .

Id. at 431.

In determining whether or under what circumstances to aggregate claims of a group of unrelated individuals, courts have repeatedly emphasized that each case must be considered on an individualized basis. In Re Waste Management, 128 F. Supp at 431. Perhaps most instructive here is the case In Re Microstrategy, Inc. Sec. Litig., 110 F. Supp. 2d 427, 434-435 (E.D.Va. 2000) whose analysis was adopted by this District. See In Re Lernout & Hauspie Securities Litigation, 138 F. Supp. 2d 30, 44-45 (D. Mass. 2001). In Microstrategy, in the "first round" of choosing a lead plaintiff, the court chose the single individual with the largest loss even though a group of individuals and institutions with no prior relationship had a larger one. As in the case at bar, none of the members of this group (similarly styled the "Microstrategy Plaintiff Group") suffered as great a loss as the single individual investor. As stated by that Court:

> . . . there was nothing in the record to provide any assurance that the group was cohesive, comprised of like-minded members, or otherwise likely to function as a unified group. The group failed to present evidence with respect to its formation, its operational structure, or whether the members of the group had ever communicated with one another about their roles. Furthermore, this group retained *three* law firms to serve as co-lead counsel; this fact suggests the group was merely a diverse collection of plaintiffs assembled by these three firms for the purpose of winning the lead plaintiff role, allowing them to share the lead counsel role. (Emphasis added).

Id. at 437.

While courts in this District and elsewhere have under certain circumstances permitted a group of persons who had no prior relationship to be appointed lead plaintiff, in none of these cases was a group with no prior relationship permitted to aggregate their losses so as to exceed the loss of an individual whose loss was greater than any member of the group individually. For instance, In Re Lernout & Hauspie Securities Litigation, 138 F. Supp. 2d at 43, this Court found that a group of

6

unrelated individuals could be appointed lead plaintiff where one member of the group also had a larger loss than any other proposed individual lead plaintiff: "the Court's task is made somewhat easier by the undisputed evidence that [the single individual] has by far the most significant financial stake, even without aggregation"). The cases cited in the Lernout opinion are not to the contrary. See In Re Carematrix Sec. Litig., C.A. No. 99-12318-MLW, 2000 WL 33348124, at *7 (D. Mass. 2000) (Wolf, J.) (on an unopposed motion to appoint four individuals, the court appointed two of these four individuals and did not rule on the issue before this Court); Levine v. Lycos, Inc., C.A. No 99-CV-10394 EFH, slip. op. at 10 (D. Mass. 1999) (Harrington, J.) (the court only ruled on an agreed motion), a copy of which is attached hereto as Exhibit A; Nager v. Websecure, Inc., 1997 U.S. Dist. Lexis 19601, *3, Civ. Action No. 97-10662-GAO (D. Mass. Nov. 26, 1997) (unrelated group appointed where no other group or individual was in opposition): Greebel v. FTP Software, 939 F. Supp. 57, 64-65 (D. Mass. 1996)(only defendants but no other group or individual opposed unrelated group); In Re First Union Corp. Sec. Litig., 2000 U.S. Dist. LEXIS 2267, *12 (W.D.N.C. Jan. 27, 2000) (appointment of group was by stipulation of all plaintiffs); In Re Baan Co. Sec. Litig.,186 F.R.D. 214, 217 (D.D.C. 1999)(motion was unopposed). Thus, none of the above courts reached the question of whether a aggregation of losses of an unrelated group may be constructed so as to exceed the losses of a single individual investor with larger losses than any one individual. Similarly in In Re Tyco Int'l, Ltd Sec. Litig., 2000 DNH 182, 2000 U.S. Dist. Lexis 13390 (D.N.H.. Aug. 17, 2000), the court permitted three large institutional shareholders to join together to form a group and be appointed lead plaintiff, on an unopposed motion and thus the issue here was not addressed.

It is respectfully submitted that such aggregation, although necessary and expedient in some situations, such as the ones described above, is not an optimal result and is not necessary in the present situation. As stated in Yousefi v. Lockheed Martin, 70 F. Supp. 2d 1061, 1068 (C.D. Cal. 1999):

> Although the legislative history [of the PSLRA] stresses the need to place control of securities class actions in a small and finite number of plaintiffs, the statute's language explicitly provides for more than one lead plaintiff altogether failing to limit the number of lead plaintiffs a court may employ. . . . This tension's import is that Congress desired the Act to mitigate abusive litigation tactics, in contrast to serving as an antidotal measure. Examining the Act through this palliative lense, the Court finds that it contemplates the aggregation of unrelated plaintiffs, as a permissible, albeit suboptimal result. (Emphasis added).

See also E-Spire, 2000 U.S. Dist. LEXIS at *21, citing Yousefi, 70 F. Supp. 2d at 1068 ("Quite to the contrary, it has been held that multiple investors serving as lead plaintiff, although permissive, is a 'suboptimal' result when compared to having a single investor serve as lead plaintiff.")

The Court should consider each situation on a factual basis. In this case, the Court is not constrained to accept a "suboptimal" result since there are not just groups competing for lead plaintiff, but there is a single individual investor who has the largest loss of any other single investor or entity. In this case, the relationship of the individuals who appear to have had no prior relationship of any kind appears to be based solely on having invested in the shares of the same company and on having retained law firms who have now decided to join together and aggregate their losses in order to be appointed lead counsel.

In an attempt to facially comply, the individual investors who comprise the proposed Biopure Group have submitted affidavits to the Court which declare, inter alia, that movants approve of the

8

selection of both the Schiffrin and Cauley Geller firms as their counsel. (See Joint Declaration at Exh. D). Tellingly absent from this Joint Declaration is any indication whatsoever that any of these individuals had any pre-existing relationship or that they have, in fact, prior to signing their individual declarations, ever communicated to each other — a factor which the Court in Microstrategy found to be significant in choosing a single individual investor (initially).[6]

These declarations simply gloss over the fact that initially different individuals from this proposed group chose different lawyers. The Joint Declaration does not explain the member association or how they came to form a group. See In Re Network Associates, Inc. Sec. Litig., 76 F. Supp. 2d 1017, 1026 (N.D. Cal. 1999). This attempt at facial compliance notwithstanding, when viewing all of the factors in this particular case it is apparent that this Court should not accept a very tenuous aggregation of individuals – especially when a single individual investor with losses greater than any of these other individuals has come forward.

In addition to having the largest losses of any individual seeking appointment as a member of a proposed group of lead plaintiffs, Mr. Erickson has signed a certification attesting that he is willing to serve as and understands the obligations of a lead plaintiff and a class representative, including directing the action on behalf of the class and providing testimony at deposition and at trial, if necessary. He would be able to fulfill those obligations as or more effectively than proposed lead plaintiffs who live out of state, since he lives in Plymouth County and works as a regional sales manager at a bank in Quincy, Massachusetts.

---

[6] The above language is from the "First Round" in Microstrategy, as discussed infra at 5. This initial lead plaintiff subsequently withdrew and a second round ensued. The Court in the second round then appointed a group, but, as in Lernout, one of the members of this group by himself had the largest loss of any other movant. In Re Microstrategy, 110 F. Supp. 2d at 438.

Thus, in light of the fact of this case and the ample case law that favors the appointment of a single individual investor over a group of individuals with no pre-existing relationship, aggregation of such individuals is not permitted. At minimum, allowing such aggregation is a "suboptimal" result, which this Court does not have to reach. In light of the above, this Court should appoint Ronald W. Erickson as lead plaintiff.

## II.     Proposed Lead Plaintiff Erickson's Choice of Counsel Should Be Approved

Section 21D(a)(3)(B)(v), provides that "the most adequate plaintiff shall, subject to the approval of the Court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). Erickson has selected Stull Stull & Brody and Shapiro Haber & Urmy LLP to represent the Class as Co-Lead Counsel.[7] This co-leadership structure, which unlike the Biopure Group's proposal includes a Boston firm, is the best option for the efficient litigation of this matter.[8]

The attorneys at both firms have extensive experience in the area of securities class action litigation and, as detailed in the firms' resumes have successfully prosecuted numerous securities class actions on behalf of injured investors.[9] Consequently, this Court may be assured that the members of the Class will receive legal representation of the highest quality.

---

[7] Proposed lead plaintiff Ronald Erickson initially conferred with and retained his choice of proposed co-lead counsel, Stull, Stull & Brody. Liaison counsel for Mr. Erickson, the firm Gilman and Pastor, LLP, recently informed Stull, Stull & Brody that they could not continue as liaison counsel due to a perceived conflict of interest. Mr. Erickson then engaged the Boston firm of Shapiro Haber & Urmy LLP to act as Liaison counsel and proposed co-lead counsel.

[8] The PSLRA does not expressly prohibit the lead plaintiff from selecting more than one law firm to represent the class. See 15 U.S.C. 78u-4(a)(3); See also Oxford, 182 F.R.D. at 50 (where litigation was potentially "costly and time-consuming," the "sharing of resources and experience" would ensure a more expeditious resolution of the action); Zuckerman v. Foxmeyer Health Corp., 1997 WL 314422, at *2 (N.D. Tex. 28 Mar. 1997).

[9] A copy of the Shapiro firm's resume is attached hereto as Exhibit B. The Stull firm's resume was submitted with Mr. Erickson's original motion.

## CONCLUSION

For the foregoing reasons, plaintiff Ronald Erickson respectfully requests that the Court grant an Order: (I) consolidating the above-captioned related actions pursuant to Fed. R. Civ. P. 42(a) and 15 U.S.C. § 78u-4(a)(3)(B)(ii); (ii) appointing him as Lead Plaintiff in this action pursuant to 15 U.S.C. § 78u-4(a)(3); and (iii) approving his selection of Stull, Stull and Brody and Shapiro Haber & Urmy as Co-Lead Counsel in this litigation pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Dated: March 16, 2004                                   Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/Theodore M. Hess-Mahan
Edward F. Haber BBO #215620
Theodore M. Hess-Mahan BBO #557109
75 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody
Howard T. Longman
Bradley P. Dyer
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Proposed Co-Lead Counsel For
Plaintiff and The Class**

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the above document to be served on all counsel of record by mail on March 16, 2004.

/s/Theodore M. Hess-Mahan