**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
-------------------------------------------------------------------X
                                                                   :
CAROLYN GREENE, on Behalf of Herself and                           :
All Others Similarly Situated,                                     :
                                                                   : Civ. No. 1:03 CV 12628 (NG)
                    Plaintiff,                                     :
                                                                   :
          vs.                                                      :
                                                                   :
BIOPURE CORPORATION, THOMAS A. MOORE,                              :
CARL W. RAUSCH and RONALD F. RICHARDS,                             :
                                                                   :
                    Defendants.                                    :
                                                                   :
-------------------------------------------------------------------X
```

[Additional Captions Set Forth Below]


**REPLY OF PROPOSED LEAD PLAINTIFF RONALD ERICKSON
IN SUPPORT OF HIS MOTION TO BE APPOINTED LEAD PLAINTIFF
<u>AND APPROVE HIS CHOICE OF COUNSEL</u>**


------------------------------------------------------------------------X
                                                                        :
JOHN G. ESPOSITO, JR., on Behalf of Himself and                         :
All Others Similarly Situated,                                          :
                                                                        :
                            Plaintiff,                                  : Civ. No. 1:04 CV 10013 (NG)
                                                                        :
          vs.                                                           :
                                                                        :
BIOPURE CORPORATION, THOMAS A. MOORE,                                   :
CARL W. RAUSCH and RONALD F. RICHARDS,                                  :
                                                                        :
                            Defendants.                                 :
------------------------------------------------------------------------X
                                                                        :
JOSEPH L. KING, on Behalf of Himself and                                :
All Others Similarly Situated,                                          :
                                                                        :
                            Plaintiff,                                  : Civ. No. 1:04 CV 10038 (NG)
                                                                        :
          vs.                                                           :
                                                                        :
BIOPURE CORPORATION, THOMAS A. MOORE,                                   :
CARL W. RAUSCH and RONALD F. RICHARDS,                                  :
                                                                        :
                            Defendants.                                 :
------------------------------------------------------------------------X
                                                                        :
MICHAEL E. CRIDEN, Individually and on Behalf                           :
of All Others Similarly Situated,                                       :
                                                                        :
                            Plaintiff,                                  : Civ. No. 1:04 CV 10046 (NG)
                                                                        :
          vs.                                                           :
                                                                        :
BIOPURE CORPORATION, THOMAS A. MOORE                                    :
and CARL W. RAUSCH,                                                     :
                                                                        :
                            Defendants.                                 :
------------------------------------------------------------------------X

```
-------------------------------------------------------------------------X
ISRAEL SHURKIN and SHARON SHURKIN,              :
Individually and on Behalf of All Others        :
Similarly Situated,                             :
                                                :
                         Plaintiffs,            :  Civ. No. 1:04 CV 10055 (NG)
                                                :
        vs.                                     :
                                                :
BIOPURE CORPORATION, THOMAS A. MOORE            :
and CARL W. RAUSCH,                             :
                                                :
                         Defendants.            :
-------------------------------------------------------------------------X
JAMES J. NIZZO, VIRGINIA C. NIZZO and           :
CARLO CILIBERTI, on Behalf of Themselves        :
and All Others Similarly Situated,              :
                                                :
                         Plaintiffs,            :  Civ. No. 1:04 CV 10065 (NG)
                                                :
        vs.                                     :
                                                :
BIOPURE CORPORATION, THOMAS A. MOORE,           :
CARL W. RAUSCH and RONALD F. RICHARDS,          :
                                                :
                         Defendants.            :
-------------------------------------------------------------------------X
BARRY BROOKS, on Behalf of Himself and          :
All Others Similarly Situated,                  :
                                                :
                         Plaintiff,             :  Civ. No. 1:04 CV 10077 (NG)
                                                :
        vs.                                     :
                                                :
BIOPURE CORPORATION, THOMAS A. MOORE,           :
CARL W. RAUSCH and RONALD F. RICHARDS,          :
                                                :
                         Defendants.            :
-------------------------------------------------------------------------X
```

```
-----------------------------------------------------------------------X
ANASTASIOS PERLEGIS, Individually and on              :
Behalf of All Others Similarly Situated,              :
                                                      :
                        Plaintiff,                    :  Civ. No. 1:04 CV 10078 (NG)
                                                      :
        vs.                                           :
                                                      :
BIOPURE CORPORATION, THOMAS A. MOORE,                 :
THOMAS A. MOORE, CARL W. RAUSCH and                   :
RONALD F. RICHARDS,                                   :
                                                      :
                        Defendants.                   :
-----------------------------------------------------------------------X
MARTIN WEBER, on Behalf of Himself and All            :
Others Similarly Situated,                            :
                                                      :
                        Plaintiffs,                   :  Civ. No. 1:04 CV 10090 (NG)
                                                      :
        vs.                                           :
                                                      :
BIOPURE CORPORATION, THOMAS A. MOORE,                 :
THOMAS A. MOORE, CARL W. RAUSCH and                   :
RONALD F. RICHARDS,                                   :
                                                      :
                        Defendants.                   :
-----------------------------------------------------------------------X
BRUCE HAIMS, Individually and on Behalf of            :
All Others Similarly Situated,                        :
                                                      :
                        Plaintiffs,                   :  Civ. No. 1:04 CV 10144 (NG)
                                                      :
        vs.                                           :
                                                      :
BIOPURE CORPORATION, THOMAS A. MOORE,                 :
THOMAS A. MOORE, CARL W. RAUSCH and                   :
RONALD F. RICHARDS,                                   :
                                                      :
                        Defendants.                   :
-----------------------------------------------------------------------X
```

```
------------------------------------------------------------------X
MODEL PARTNERS LIMITED, Individually and           :
on Behalf of All Others Similarly Situated,        :
                                                   :
                         Plaintiff,                : Civ. No. 1:04 CV 10155 (NG)
                                                   :
          vs.                                      :
                                                   :
BIOPURE CORPORATION, THOMAS A.                     :
MOORE, CARL W. RAUSCH and RONALD                   :
F. RICHARDS,                                       :
                                                   :
                         Defendants.               :
------------------------------------------------------------------X
JUNE E. PATENAUDE, Individually and on Behalf      :
of All Others Similarly Situated,                  :
                                                   :
                         Plaintiff,                : Civ. No. 1:04 CV 10179 (NG)
                                                   :
          vs.                                      :
                                                   :
BIOPURE CORPORATION, THOMAS A.                     :
MOORE, CARL W. RAUSCH and RONALD                   :
F. RICHARDS,                                       :
                                                   :
                         Defendants.               :
------------------------------------------------------------------X
NANCY L. PINCKNEY, and GERTRUDE                    :
PINCKNEY, Individually and on Behalf of All        :
Others Similarly Situated,                         :
                                                   :
                         Plaintiff,                : Civ. No. 1:04 CV 10189 (NG)
                                                   :
          vs.                                      :
                                                   :
BIOPURE CORPORATION, THOMAS A.                     :
MOORE, CARL W. RAUSCH,                             :
                                                   :
                         Defendants.               :
------------------------------------------------------------------X
```

```
-------------------------------------------------------------------------X
W. KENNETH JOHNSON, on Behalf of Himself            :
and All Others Similarly Situated,                  :
                                                    :
                              Plaintiff,            :  Civ. No. 1:04 CV 10190 (NG)
                                                    :
              vs.                                   :
                                                    :
BIOPURE CORPORATION, THOMAS A.                      :
MOORE, CARL W. RAUSCH and RONALD                    :
F. RICHARDS,                                        :
                                                    :
                              Defendants.           :
-------------------------------------------------------------------------X
GREGORY KRUSZKA, on Behalf of Himself               :
and All Others Similarly Situated,                  :
                                                    :
                              Plaintiff,            :  Civ. No. 1:04 CV 10202 (NG)
                                                    :
              vs.                                   :
                                                    :
BIOPURE CORPORATION, THOMAS A.                      :
MOORE, CARL W. RAUSCH and RONALD                    :
F. RICHARDS,                                        :
                                                    :
                              Defendants.           :
-------------------------------------------------------------------------X
```

Proposed Lead Plaintiff Ronald Erickson hereby respectfully submits this reply in support of his motion to be appointed lead plaintiff and approve his choice of Stull, Stull & Brody and Shapiro Haber & Urmy as co-lead counsel and in response to the memorandum of the Biopure "Group" and the Homeyer "Group" in support of their competing lead plaintiff motions.

The Biopure "Group" cites case law in support of its argument that groups of persons with no prior relationship can be aggregated as a group for purposes of being appointed lead plaintiff under the PSLRA. Many of the cases cited by the Biopure "Group" have been distinguished in the previously submitted Opposition of Proposed Lead Plaintiff Erickson to the Motions of the "Biopure

1

Group" and Other Movants Seeking To Be Appointed Lead Plaintiffs and For Appointment of Co-Lead Counsel (the "Erickson Opposition").

There are several cases cited in the Biopure Group's opposition memorandum not addressed in the Erickson Opposition. The Biopure "Group" attaches Miller v. Parametric Technology Corporation, et al., No. 03-10290, Order at 1 (D. Mass. May 20, 2003). That Order simply states that the cases are consolidated and the "Orton Group" is appointed lead plaintiff and of its selection of co-lead counsel and liaison counsel are approved. Because there is no guidance or reasoning from the Court as to the basis for its decision, this decision has no actual precedential value. The Biopure "Group" also cites Holley v. Kitty Hawk, Inc., 200 F.R.D. 275, 282 (N.D. Tex. 2001) in support of its argument. In that case, as in many of the cases discussed in the Erickson Opposition, there were no other movants other than the "group" which was appointed. In fact, the largest financial interest requirement was met because there was no opposition: "This Court agrees with courts that have found than when there are no other parties seeking to be appointed lead plaintiff, the moving parties have the largest financial interest [citations omitted]." Id. at 279. In addition, the court in Kitty Hawk found that notice as sent out by the firm Cauley & Geller, LLP (one of the counsel for the Biopure "Group") was inadequate and had to be done again, and thus the appointment of lead plaintiff was only provisional.

Another other case cited by the Biopure Group and not addressed in the Erickson Opposition, In Re Versata Securities Litigation, 2001 U.S. Dist. Lexis 24270 (N.D. CA. 2001), is also inapposite. The court in that case found that a small group may be appointed in "appropriate circumstances." That court in reaching its decision placed great weight on the fact that members of the group were either institutional investors, id. at 22 ("Catu's institutional status is given great weight in assessing

2

its adequacy as a plaintiff..."), or highly sophisticated businesses represented by other counsel, id. ("Gonnet Informatica and Catu are large corporate entities that have extensive experience dealing with attorneys, and both are represented by outside counsel for general business purposes who could assist them [to] control and understand the litigation..."). In the instant situation there are no institutional investors or corporate entities seeking to be appointed lead plaintiff.  Thus, the rationale in Versata of appointing an unrelated group because it is largely comprised of sophisticated business entities does not apply here.

A decision cited by the Homeyer Group, In Re Carreker Corp. Sec. Litig., Civil Action No.3:03-CV-0250-M, Slip. Op. at 2-3 (N.D.Tex. Aug. 14,2003) (a copy of the Order is attached as Exhibit A to the Corrected Memorandum of Law In Opposition to Competing Motions, and In Further Support of the Motion of the Homeyer Group For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Co-Lead Counsel and Liaison Counsel (the "Homeyer Opposition")) is particularly applicable. It was cited for the proposition that the proposed lead plaintiffs, Neil and Susan Fineman,[1] as in-and-out traders, were subject to unique defenses and thus did not satisfy Rule 23 typicality principles.  For that reason and others, the Carreker decision is particularly applicable to the facts of this case.  In that case, although the proposed group submitted declarations that they had implemented procedures and had a "regular schedule" to make decisions in the case, the court found that a group could not be created by counsel's giving "a common name to previously unrelated people." Slip Op. at 3-4. In addition, that court refused to appoint the member of that group with the greatest loss because he was an in-and-out trader. Instead the Court appointed

---

[1] The Homeyer Group also mentions Benjamin Joseph as an in-and-out trader who would present unique defense.  Although Mr. Joseph moved along with proposed lead plaintiff Erickson initially, since it became apparent that his losses are considerably less than the other applicants he is not now seeking to be appointed a lead plaintiff.

a husband and wife who had the next greatest loss to the "in-and-out" trader. As pointed out in the Homeyer Opposition at page 3, the Finemans, as in-and-out traders, were subject to unique defenses and, on that basis alone, should not be appointed. Notably, the Homeyer "Group" supports the application of proposed lead plaintiff Erickson to be appointed lead plaintiff and points out no deficiencies that would prevent this appointment.[2]

In sum, with the presence of a single large investor with the largest loss of any other person (or entity) there is no need nor any precedent for stretching to aggregate claims of a conglomeration of individuals with no prior relationship.[3] While "in some situations there may be a need for a group

---

[2] In their initial opposition, the Homeyer "Group" made ad hominem attacks on proposed lead plaintiff's choice of counsel, Stull, Stull & Brody. The Homeyer Group subsequently filed a Corrected Memorandum of Law In Opposition to Competing Motions, and In Further Support of the Motion of the Homeyer Group For Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Co-Lead Counsel and "Liaison Counsel that omits these attacks. Because these remarks have been "retracted" it is not necessary to respond herein other than to direct the Court to the resume of Stull, Stull & Brody which evidences extensive experience nationally in cases of securities fraud as this one. Not that it needs to be, but this argument is further mooted by the addition of Shapiro Haber & Urmy, as proposed liaison and co-lead counsel -- a firm which is very well respected locally and also has a national practice in securities class actions.

[3] To the extent it is argued that Mr. Joseph's subsequent withdrawal from Mr. Erickson's original, timely filed motion to be appointed lead plaintiff after the deadline for filing a lead plaintiff motion had passed does not comply with the PSRLA's filing deadlines, such an argument would be entirely without merit. In *In re Enron Ciorp. Securities Litigation*, 206 F.R.D. 427 (S.D. Tex. 2002), the court specifically rejected such an argument and held that the withdrawal of all but one investor from a timely filed motion for appointment did not run afoul of the PSLRA's filing deadlines. As the *Enron* court stated:

> Although the Enron Institutional Investor Group filed its notice of withdrawal of Lead Plaintiff applications for all members of its group other than the Regents of the University of California on January 23, 2002, because the requisite information about the Regents was included in the earlier filing and because the notice did not "supplement" the group, but instead served to effectuate the intent of the PSLRA to advance one institution with the largest financial interest in the relief sought and to eliminate any group created by lawyers for amalgamation of funds to qualify as the most financially interested applicants, the Court finds that the Enron Institutional Investor Group's notice of withdraw did not violate the spirit or purpose of the PSLRA and its express time deadlines.

*Id.* at 440. Similarly, in the present action, the requisite information about Mr. Erickson's Biopure stock transactions was included in the originally filed motion and Mr. Joseph's withdrawal does not in any way "supplement" his losses.

of unrelated plaintiffs, this is not such a case." <u>Sakhrani v. Brightpoint</u>, 78 F. Supp.2d 845, 854 (S.D. Ind. 1999). <u>See</u> <u>also</u> <u>In re Gemstar -TV Guide.lnt'l. Inc. Sec. Litig.</u>, 209 F.R.D. 447, 451-52 (C.D. Cal. 2002) (rejecting motion for lead plaintiff aggregation where there was no apparent relationship among the proposed lead plaintiffs and no credible explanation for the creation of the group of proposed plaintiffs); <u>In re Enron Com. Sec. Litig.</u>, 2002 US Dist. Lexis 3688, at n. 27 (S.D. Tex, Feb. 15, 2002) ("a pre-existing relationship among proposed lead plaintiffs independent of this litigation, rather than a lawyer created group with no prior relationship, is an important factor in determining whether a group can adequately control the litigation").

## CONCLUSION

For all the reasons stated above and in the Erickson Opposition, Erickson should be appointed lead plaintiff and his choice of Stull, Stull & Brody and Shapiro Haber & Urmy LLP as co-lead counsel should be approved.

Dated: May 11, 2004                                         Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

/s/Theodore M. Hess-Mahan
Edward F. Haber BBO #215620
Theodore M. Hess-Mahan BBO #557109
Exchange Place
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody
Howard T. Longman
Bradley P. Dyer
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Proposed Co-Lead Counsel For Plaintiff and The Class**