# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN GREENE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS,<br><br>Defendants. | 1:03-cv-12628 (NG)<br><br>RELATED ACTIONS:<br>1:04-cv-10046 (NG)<br>1:04-cv-10055 (NG)<br>1:04-cv-10077 (NG)<br>1:04-cv-10078 (NG)<br>1:04-cv-10090 (NG)<br>1:04-cv-10144 (NG)<br>1:04-cv-10155 (NG)<br>1:04-cv-10179 (NG)<br>1:04-cv-10189 (NG)<br>1:04-cv-10190 (NG)<br>1:04-cv-10202 (NG) |
| JOHN G. ESPOSITO, JR., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS,<br><br>Defendants. | 1:04-cv-10013 (NG) |
| JOSEPH L. KING, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, and RONALD F. RICHARDS,<br><br>Defendants. | 1:04-cv-10038 (NG) |

**HOMEYER GROUP'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR CONSOLIDATION, APPOINTMENT OF CO-LEAD PLAINTIFFS, AND APPROVAL OF CO-LEAD PLAINTIFFS' SELECTION OF CO-LEAD COUNSEL AND <u>LIAISON COUNSEL</u>**

**PRELMINARY STATEMENT**

The Homeyer Group hereby respectfully submits this reply memorandum of law in further support of the appointment of Richard Acuna, a member of the Homeyer Group, as Co-Lead Plaintiff with movants Robert Powell of the Biopure Lead Plaintiff Group and Ronald Erickson, and the Court's approval of Mr. Acuna's selection of Milberg Weiss Bershad & Schulman LLP ("Milberg Weiss") as Co-Lead Counsel with the lead counsel proposed by the Biopure Group and Mr. Erickson, respectively, and approving Moulton & Gans, P.C. as Liaison Counsel.

**ARGUMENT**

**POINT I**

**THE COURT SHOULD APPOINT AS CO-LEAD PLAINTIFFS RICHARD ACUNA, ROBERT POWELL, AND RONALD ERICKSON**

The lead plaintiff movants in this action are not competitors, but rather, in the most fundamental sense, share a common interest in seeking a representative who will best serve the interests of the Class and who will prosecute the action efficiently and obtaining the maximum allowable recovery for Class members. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 45 (S.D.N.Y. 1998); *In re: The First Union Corp. Sec. Litig.*, 157 F. Supp. 2d 638, 643 (W.D. N.C. 2000). In cases where each of the proposed lead plaintiffs has flaws that render each of them either inadequate or less than the ideal lead plaintiff, there is substantial precedent for the proposition that courts should exercise their discretion to choose among movants to form the lead plaintiff group that will provide the best representation for the Class.

This is such a case because each of the Homeyer and Biopure groups, and Ronald Erickson suffer from infirmities and as a result, are not the presumptively most adequate plaintiff under the PSLRA. Richard Acuna concedes that he does not have the largest financial interest in this action. The Biopure Lead Plaintiff Group is an impermissible aggregation of previously

unrelated movants that many courts reject as insufficiently cohesive, *see, e.g., Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 635 (D.N.J. 2002); *In re Donnkenny Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997), and further, two of its members, Neil and Susan Fineman, suffer from the unique defense that they sold out their entire position within the Class Period. *See In re Carreker Corp. Sec. Litig.*, No. 3:03-CV-0250-M, slip op. at 2-3 (N.D. Tex. Aug. 14, 2003)[1]; *In re Cable & Wireless, P.C. Sec. Litig.*, 217 F.R.D. 372, 379 (E.D. Va. Apr. 21, 2003); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 998 (N.D. Cal. 1998). Appointment of Ronald Erickson, who does not have the largest financial interest in this litigation, creates create the risk that (i) if he is found inadequate at the class certification stage of this action, the Court would be left without an alternative and (i) that if appointed Class representative, his singular interests would distort the settlement.

This Court can avoid exposing the Class to these potential pitfalls by appointing a team of Co-Lead Plaintiffs, who both have a substantial financial interest in this litigation *and* satisfy the PSLRA's adequacy and typicality requirements. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. at 42, 45. Ronald Erickson, Robert Powell, and Richard Acuna, who reported losses of $259,700, $121,112, and $91,227 would constitute such a team.

There is ample support for the proposition that a court has discretion to order the Co-Lead Plaintiff and Co-Lead Counsel structure proposed herein. In *In re Oxford Health Plans*, the court appointed as co-lead plaintiffs three members from three separate movant groups, and approved their respective selection of counsel as co-lead counsel, stating that:

> *[a]llowing for diverse representation*, including in this case a state pension fund, significant individual investors and a large institutional investor, *ensures that the*

---

[1] *See* Corrected Memorandum of Law in Opposition to Competing Motions, and in Further Support of the Motion of the Homeyer Group for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Plaintiff's Selection of Co-Lead Counsel and Liaison Counsel, Exhibit A, previously filed with this Court on March 19, 2004 (attaching opinion).

> *interests of all class members will be adequately represented in the prosecution and in the negotiation and approval of a fair settlement, and that the settlement will not be distorted by the differing aims or differently situated claims.*
>
> * * *
>
> In light of the magnitude of this case, the Court concludes that *the use of three lead plaintiffs is the most reasonable means. Such a structure allows for broad representation and the sharing of resources and experience to ensure that the litigation will proceed expeditiously* against Oxford and the experienced counsel it has retained to represent it, and will assure the Court that any settlement when proposed will be provident. [Emphasis added.]

182 F.R.D. at 49.  *See also In re Cable & Wireless,* 217 F.R.D. at 379 ("where neither movant, standing alone, is a particularly ideal plaintiff", the court appointed two previously unrelated and separate movants as co-lead plaintiffs); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, 2000 WL 486956, at *3 (D.N.J. 2000) (appointing movants who demonstrated the largest and second largest financial interest as co-lead plaintiffs because it "allows for broad representation and the sharing of resources and experience") (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. at 42, 49); *In re: The First Union Corp.*, 157 F. Supp. 2d at 643 (appointing two movant groups as co-lead plaintiffs).  This is similarly a case in which it is clearly appropriate for the Court to appoint a Co-Lead Plaintiff structure proposed herein to provide for the best representation of f the Class.

### POINT II

### THE COURT SHOULD APPOINT AS CO-LEAD COUNSEL MILBERG WEISS AND ONE LEAD COUNSEL PROPOSED BY EACH OF THE BIOPURE LEAD PLAINTIFF GROUP AND RONALD ERICKSON

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), movants shall, subject to Court approval, select and retain counsel to represent the class they seek to represent.  In addition, the Court should weigh the complexity and magnitude of the action against proposed lead counsel's qualifications, experience, and available resources, in approving movants' selection of counsel.

3

The Federal Rules of Civil Procedure, Rule 23(g), as amended, effective December 1, 2003, provides guidance on whether movants' selection of counsel best suits the needs of the Class. Fed. R. Civ. P. 23(g). Although clearly applicable at the class certification stage, Rule 23(g) has been applied at the lead plaintiff stage as well. *See In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369, 373 (M.D. N.C. 2003). In *In re Cree,* a class action alleging violations of the Securities Exchange Act of 1934, the court considered proposed lead counsel's previous work in identifying or investigating potential claims in the actions, counsel's experience in litigating class and complex actions and claims asserted in the existing actions, and counsel's knowledge of applicable law, and its available resources before appointing it lead counsel. *Id.* In this action, Milberg Weiss has substantial experience in the prosecution of shareholder and securities class actions, and has the resources necessary to efficiently conduct this litigation. Milberg Weiss is uniquely qualified to act as Co-Lead Counsel with the Biopure Lead Plaintiff Group and Ronald Erickson's choice of counsel, by virtue of its resources, experience and track record in the area of class action litigation. Indeed, Milberg Weiss and its predecessor firm has spearheaded some of the largest and most complex class actions in history, such as *In re NASDAQ Market-Makers Antitrust Litig*. Civ. 3996 (S.D.N.Y.), *In re Initial Public Offering Sec. Litig., Master File* No. 21 MC 92 (S.D.N.Y.), and *In re Enron Corp., Sec. Litig.*, No. H-01-3624 (S.D. Tex.). Accordingly, the Court can rest assured that Milberg Weiss will similarly be capable of harmonizing the efforts of all counsel involved in this litigation. As demonstrated above, Milberg Weiss is strongly motivated to ensure the efficient and rigorous prosecution of this action. Accordingly, the Court should approve the Richard Acuna's selection of Milberg Weiss as Co-Lead Counsel.

## CONCLUSION

The Homeyer Group respectfully requests that based on the foregoing reasons and reasons set forth in its previous filings with this Court, that the Court (i) appoint Robert Powell, Ronald Erickson, and Richard Acuna as Co-Lead Plaintiffs in the action; (ii) approve the Homeyer Group's selection of Milberg Weiss as Co-Lead counsel, along with one law firm selected by each of Powell and Erickson, and approve the Homeyer Group's selection of Moulton & Gans, P.C. to serve as Liaison Counsel as set forth herein; and (iii) grant such other such relief as the court may deem just and proper.

DATED: May 14, 2004                          Respectfully submitted:

**MOULTON & GANS, P.C.**

By: /s/ Nancy Freeman Gans
Nancy Freeman Gans
33 Broad Street, Suite 1100
Boston, MA  02109
Telephone:  (617) 369-7979

*Proposed Liaison Counsel*

**MILBERG WEISS BERSHAD & SCHULMAN LLP**
Steven G. Schulman
Peter E. Seidman
Sharon M. Lee
One Pennsylvania Plaza
New York, NY 10119
Telephone: (212) 594-5300

*Proposed Co-Lead Counsel*

**RABIN MURRAY & FRANK LLP**
Eric J. Belfi
275 Madison Avenue
New York, NY  10016
Telephone: (212) 682-1818

**LAW OFFICES OF BRUCE G. MURPHY**
Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL  32963
Telephone:  (772) 231-4202

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I, Nancy Freeman Gans, hereby certify that a true copy of the above document was served upon the attorney of record for each party by facsimile on May 14, 2004.

/s/ Nancy Freeman Gans
Nancy Freeman Gans

6