**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE: BIOPURE SECURITIES LITIGATION | Civil Action No. 03-12628-NG<br><br>JURY TRIAL DEMANDED |

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs, through their attorneys, respectfully submit this Memorandum of Law in Support of their Motion to Amend the Complaint. Plaintiffs' proposed Second Consolidated Amended Complaint is annexed hereto as Exhibit 1.

### PROCEDURAL HISTORY

The Complaint in this matter was filed on December 30, 2003. On May 14, 2004, the Court consolidated all related actions against Biopure Corporation ("Biopure") and additional defendants, appointed Ronald Erickson as Lead Plaintiff, and approved retention of the undersigned as Plaintiffs' counsel. On July 23, 2004, Lead Plaintiff filed an Amended Complaint. The Court has scheduled a hearing on January 12, 2006 to hear argument on Defendants' Motions to Dismiss.

## STATEMENT OF FACTS AND ARGUMENT

At this stage of the litigation, the Complaint can only be amended with leave of the Court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Defendants have not consented to the proposed amendments. While the decision whether to allow amendment is a matter within the Court's discretion (Kennedy v. Josephthal & Co., 814 F.2d 798, 806 (1st Cir. 1987)), it is well settled that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). See Foman v. Davis, 371 U.S. 178, 182 (1962) cited in NASCO, Inc. v. Public Storage, Inc., 29 F.3d 28, 35 (1st Cir. 1994).

On September 14, 2005, the Securities and Exchange Commission ("SEC") filed in this judicial district a civil fraud Complaint against Biopure and certain individual defendants. A copy of the SEC Complaint in Securities and Exchange Commission v. Biopure Corporation, Inc., et als., No. 05-CA-11853-PBS, is attached as Exhibit A to Plaintiffs' proposed Second Consolidated Amended Complaint.

The SEC Complaint contains numerous material facts, *directly concerning* the fraud at issue in this case, which were not available to the Plaintiffs at the time they filed their Amended Complaint. These new facts, which add substantially more detail to the core allegations of this litigation including those pertaining to the Defendants' *scienter*, are incorporated into Plaintiffs' proposed Second Consolidated Amended Complaint. Under these circumstances, justice does require that Plaintiffs be allowed to efficiently present this newly available information to the Court in a timely manner as part of this litigation.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order granting Plaintiffs' Motion for Leave to Amend the Complaint.

Dated:	January 5, 2006	Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

**/s/ Edward F. Haber**
Edward F. Haber BBO # 215620
Theodore M. Hess-Mahan BBO # 557109
Matthew L. Tuccillo BBO # 643336
Robert Ditzion BBO # 660962
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody
Howard T. Longman
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Co-Lead Counsel For
Lead Plaintiff and The Class**

## **Certificate of Service**

I hereby certify that this document, and all exhibits, both filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as nonregistered participants on the 6th day of January, 2006.

**/s/ Edward F. Haber**
Edward F. Haber