UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION ) <br> SECURITIES LITIGATION ) <br> ) <br> ) <br> ) <br> ) | Master Docket No. 1:03-CV-12628 (NG) <br><br> Assigned to Judge Nancy Gertner |

**MOTION FOR 4-DAY (INCLUDING WEEKEND)
EXTENSION OF TIME TO FILE OPPOSITION
BRIEFS AND REQUEST FOR EXPEDITED CONSIDERATION[1]**

Pursuant to Fed. R. Civ. P. 6(b) and Local Rule 7.1, Defendants respectfully request that this Honorable Court grant a four (4) day extension of time through January 23, 2005 within which the Defendants may file their Memorandum of Law In Opposition To Plaintiff's Motion To Amend The Consolidated Amended Complaint and to file their Memorandum of Law In Opposition to the Plaintiffs' Motion to Lift the PSLRA's Automatic Discovery Stay ("Oppositions").

Defendants submit that, as explained below, justice and fairness require that they be permitted this brief, four (4) day extension (involving a weekend and only two business days) to respond to the Plaintiffs motions which could have been made, at minimum, over three months ago, but were instead filed only days before a previously scheduled hearing.  As grounds for this motion, Defendants state as follows:

1.   The Plaintiffs filed their first amended complaint on July 23, 2004.  On October 6, 2004 the Defendants moved to dismiss and briefing was completed on the motion in the ordinary course.

---

[1] In light of the fact that a hearing has recently been re-scheduled to January 30, 2006 to permit the Court to consider both of the Plaintiffs' motions, which were filed only one week prior to the Court's previously scheduled hearing on Defendants' motion to dismiss, Defendants request that the Court expedite its decision on this motion. Counsel for the parties have discussed the issues presented by this motion without resolution, delaying its filing, and therefore counsel for the plaintiffs should be fully prepared to respond promptly.

1

2.  On October 21, 2005, this Court ordered that it would hear oral argument on the Motion to Dismiss on January 12, 2006.

3.  On January 5, 2006 -- 76 days after the court scheduled the argument but only one week before the January 12 hearing on Defendants' Motion to Dismiss, the Plaintiffs filed a motion for leave to amend their complaint a second time to add allegations. *See* Plaintiffs' Motion to Amend and Memorandum of Law in Support of Motion to Amend, Docket Nos. 82, 83. Those allegations were lifted from a complaint filed against Biopure and certain individuals by the United States Securities and Exchange Commission ("SEC").

4.  The SEC complaint that Plaintiffs lifted from was filed on September 13, 2005, *before* this court even scheduled an oral argument on October 21, 2005.

5.  Thus, Plaintiffs had the SEC filing for 114 days before they moved to amend and had it for 76 days after this Court set the January 12, 2006 hearing. Nonetheless, they waited until *seven* days before the hearing and forced it to be postponed because of their delay.

6.  On the same day, the Plaintiffs filed a motion to lift the automatic stay on discovery imposed by the Private Securities Litigation Reform Act ("PSLRA") to conduct limited discovery of documents produced by Defendants to the SEC in an investigation that had been pending for nearly two years. The motion was accompanied by an 18-page memorandum of law. *See* Docket Nos. 81, 82.

7.  On January 6, 2006, this Court ordered that the motion to dismiss hearing scheduled for January 12, 2006 be rescheduled to January 30, 2006 in light of the Plaintiffs' motion for leave to amend. *See* Jan. 6, 2006 Order. The Order also indicates that the Defendants must file their opposition papers by January 19, 2006, fourteen days after the Plaintiffs filed their motions.

**Justice And Fairness Favor Granting A Brief (4-Day)
Extension Of Time To Permit Defendants To Respond To Plaintiffs' Last-Minute,
Voluminous And Complex Motions Which Could Have Been Filed Months Ago**

8. The SEC filed its complaint over four months ago. Clearly, Plaintiffs' motion for leave to amend could have been made well in advance of -- as opposed to seven days prior to -- the January 12, 2006 hearing. *See In re Biopure Derivative Litigation*, cv 1:03-10077 NG (derivative plaintiffs in related litigation pending before this Court moved for leave to amend complaint adding allegations based on SEC's complaint in October, 2005). Similarly, the Plaintiffs could have moved for a lift of the PSLRA's discovery stay at any time within the last two years of the SEC's investigation.

9. Whatever the reason for Plaintiffs' delay until the eve of a hearing to file their motions, the Defendants should not be prejudiced thereby. The proposed amended complaint is nearly double in size of the original complaint and in general changes the Plaintiffs' theory of the case, albeit still without asserting a claim under the applicable legal standards. The motion to lift the PSLRA's automatic stay presents an important question of statutory interpretation to which the Plaintiffs have devoted 18 pages of legal argument. The issues presented by both motions are clearly voluminous, complex and important to this litigation.

10. The Defendants require additional time to properly address the Plaintiffs' motions. A four day extension -- including only two business days and a Saturday and Sunday -- will result in the Court's and Plaintiffs' receiving the Defendants' submissions one week prior to the hearing on January 30, 2006. Granting the extension will facilitate opposition briefs that will assist the Court with thorough yet concise analysis, and allow the Defendants to fully present their defenses.

11. Absent the Court's granting the requested extension, the Defendants will be prejudiced. Plaintiffs cannot complain about the short reply time. No reply is provided for by rule and the short time frame was due to their prior delay.

WHEREFORE, the Defendants respectfully request that they be permitted through and including January 23, 2006 to file their Oppositions.

January 12, 2006

                                                Respectfully submitted,

**THOMAS A. MOORE, CARL W. RAUSCH, DAVID N. JUDELSON, CHARLES A. SANDERS, M.D., C. EVERETT KOOP, M.D., DANIEL P. HARRINGTON, J. RICHARD CROUT, M.D, JANE KOBER. AND BIOPURE CORPORATION**

By their attorneys,

/s/ Michael D. Blanchard
Robert A. Buhlman, BBO #554393
Michael D. Blanchard, BBO#636860
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

## RULE 7.1(a)(2) CERTIFICATION

I hereby certify that counsel for Defendants conferred with counsel for Plaintiffs in good faith to resolve or narrow the issues presented in this motion.

/s/ Michael D. Blanchard
Michael D. Blanchard

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above pleading was electronically served upon the attorneys of record for all parties on January 12, 2006.

/s/ Michael D. Blanchard
Michael D. Blanchard