**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Civ. No. 03-12628 - NG |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION FOR 4-DAY (INCLUDING WEEKEND)**
**EXTENSION OF TIME TO FILE OPPOSITION BRIEFS**
**AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs respectfully submit this Opposition To Defendants' Motion For 4-Day (Including Weekend) Extension Of Time To File Opposition Briefs And Request For Expedited Consideration. Ordinarily Plaintiffs would agree to a four-day extension of a briefing deadline. Unfortunately, as Plaintiffs counsel has explained to Defendants' counsel, for the reasons set forth herein, Plaintiffs cannot do so under the circumstances at bar.

Plaintiffs' Motion For Leave To Amend The Complaint ("Plaintiffs' Motion to Amend") was filed on January 5, 2006. That motion seeks leave to file a Second Amended Consolidated Complaint (the "SACC") which, quite simply, takes the Consolidated Amended Complaint (which was filed on July 23, 2004) and adds to it new facts alleged in the SEC's fraud complaint against three of the Defendants at bar. The SEC Complaint was filed on September 13, 2005, so none of the additional factual allegations in the proposed Amended Complaint are "new" to the Defendants.

Plaintiffs anticipate that the Defendants will oppose Plaintiffs' Motion to Amend by arguing that the SACC fails to assert "a claim under applicable pleading standards." (Defs'

Motion at 3).[1] Accordingly, Plaintiffs' first opportunity to defend the sufficiency of the SACC would be in a reply memorandum in support of their Motion to Amend. If Defendants file their opposition on January 19, as currently scheduled, Plaintiffs would have only seven days to prepare and file a reply memorandum on July 26, only four days prior to the January 30 hearing. By their instant motion, the Defendants would leave the Plaintiffs with only three days to prepare and file their reply memorandum. Obviously, that is not reasonable.

For these reasons, Defendants' Motion For 4-Day (Including Weekend) Extension Of Time To File Opposition Briefs And Request For Expedited Consideration should be denied.

Dated: January 13, 2006

Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

**/s/ Edward F. Haber**
Edward F. Haber BBO # 215620
Matthew L. Tuccillo BBO # 643336
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody
Howard T. Longman
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Co-Lead Counsel For
Lead Plaintiff and The Class**

---

[1] The Defendants in the SEC action did not move to dismiss the SEC's complaint. They will be hard-pressed to argue that the SACC fails to state a claim when it is based on the same factual allegations as the SEC complaint, to which they filed answers.

Case 1:03-cv-12628-NG    Document 86    Filed 01/12/2006    Page 3 of 3