UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE BIOPURE SECURITIES LITIGATION | ) ) ) ) ) ) | CIVIL ACTION NO. 03-12628-NG |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY LIFT THE AUTOMATIC STAY OF DISCOVERY**

BIOPURE CORPORATION, THOMAS A. MOORE, HOWARD P. RICHMAN, CARL W. RAUSCH, RONALD F. RICHARDS CHARLES A. SANDERS AND J. RICHARD CROUT

By their attorneys,

Robert A. Buhlman, BBO #554393
Michael Blanchard, BBO #636860
Jennifer L. Stewart, BBO #657648
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

TABLE OF CONTENTS

Page

I. THE PSLRA MANDATES AN ABSOLUTE BAR TO ALL DISCOVERY PENDING THE DETERMINATION OF ALL MOTIONS TO DISMISS ...................... 2

II. PLAINTIFFS FAIL TO SATISFY ANY OF THE PSLRA'S REQUIREMENTS FOR LIFTING THE STAY OF DISCOVERY ................................ 3

    A. Plaintiff's Request for All Documents Produced to the SEC is the Polar Opposite of "Particularized" Discovery ............................... 4

    B. Plaintiffs Fail To Demonstrate Any Danger That Evidence Will Be Lost Or Destroyed ............................................................. 6

    C. The Plaintiffs' Request Is Devoid Of Any Facts That Could Show That Discovery Is Necessary To Avoid Undue Prejudice ........................... 7

III. THE PSLRA RECOGNIZES NO EXCEPTION TO THE STAY SIMPLY BECAUSE THERE IS A PARALLEL SEC ENFORCEMENT ACTION ....................... 9

i

## INTRODUCTION[1]

The Private Securities Litigation Reform Act of 1995 ('PSLRA") imposes an express, automatic, and mandatory stay of all discovery in all actions alleging violations of the Securities Act of 1933 or the Securities Exchange Act of 1934, until the court has *resolved* any motions to dismiss. 15 U.S.C. § 78u-4(b)(3)(B).[2] Courts are statutorily authorized to lift that stay *only* in exceptional circumstances -- where the plaintiffs demonstrate that lifting the stay to permit particularized discovery is necessary to preserve evidence or to prevent undue prejudice. *Id*. Plaintiffs' Motion fails on all counts.

Plaintiffs' request for all documents produced to the SEC is the antithesis of "particularized" discovery. Furthermore, there is no showing of a need to preserve evidence -- indeed, the premise of the motion is that the asserted evidence has already been preserved -- and Plaintiffs can claim no prejudice from the stay. When this Court rules on the pending motions to dismiss, the case will either be terminated, obviating discovery, or the stay will be lifted, permitting it. In the former case, plaintiffs are not entitled to what they seek. In the latter case, they may request the information then and they have made no showing that the information will not be there or that the passage of time prejudices them.

Notably, plaintiffs did not even file this motion until January 5, 2006, more than two years after the SEC investigation was publicly announced. Their own delay of so long before

---

[1] This Memorandum of Law in Opposition to Plaintiffs' Motion to Partially Lift the Automatic Stay of Discovery with respect to Documents that Defendants Have Already Produced to the SEC (the "Motion") is respectfully submitted by Defendants Biopure Corporation ("Biopure" or the "Company"), Thomas A. Moore, Howard P. Richman, Carl W. Rauch, Ronald F. Richards, Charles A. Sanders and J. Richard Crout (collectively, the "Defendants" or Messrs. Moore, Richman, Rausch, Richards, Sanders and Crout as the "Individual Defendants").

[2] Two motions to dismiss are pending; (1) Defendant Ronald F. Richards' Motion to Dismiss the Consolidated Class Action Complaint (Docket No. 62) and (2) Defendants' Motion to Dismiss the Consolidated Amended Class Action Complaint (Docket No. 64) (together, the "Motions to Dismiss").

1

even bothering to file a motion demonstrates that prejudice from the passage of time is not a genuine concern.

Finally, Plaintiffs attempt to argue that, because documents have already been produced to the Untied States Securities and Exchange Commission ("SEC") in an investigation initiated nearly two years ago, all of those same documents should be produced to them now. Congress did not provide any exception to the discovery stay simply because potentially relevant documents have been produced to regulators, and the judiciary is not authorized to create such an exception.

## ARGUMENT

**I.   THE PSLRA MANDATES AN ABSOLUTE BAR TO ALL DISCOVERY PENDING THE DETERMINATION OF ALL MOTIONS TO DISMISS.**

Congress enacted the PSLRA "after determining that the federal securities laws, and especially § 10b-5, were being abused through the bringing of 'strike suits'". *Cape Ann Investors LLC v. Lepone*, 296 F. Supp. 2d 4, 10 (D. Mass. 2003). "The reforms were designed to enable securities defendants to obtain early dismissal of frivolous class actions, and thereby avoid the high expense of discovery." *Id.*; S. Rep. No. 104-98, at 14 (1998) (stay enacted in part to prevent plaintiffs from filing frivolous lawsuits and using it as a vehicle "in order to conduct discovery in the hopes of finding a sustainable claims not alleged in the complaint"), *reprinted in* 1995 U.S.C.C.A.N. 679, 693. As the Ninth Circuit has explained:

> The purpose of the [PSLRA] was to restrict abuses in securities class-action litigation, including: (1) the practice of filing lawsuits against issuers of securities in response to any significant change in stock price, regardless of defendants' culpability; (2) the targeting of 'deep pocket' defendants; (3) the abuse of the discovery process to coerce settlement; and (4) manipulation of clients by class action attorneys.

*SG Cowen Securities Corp. v. U.S. Dist. Court*, 189 F.3d 909, 911 (9th Cir. 1999).

As part of the PSLRA's agenda, Congress sought to prevent discovery abuse by requiring that discovery in a securities case be stayed until the court determines that the complaint is

2

legally sufficient. 15 U.S.C. § 78u-4(b)(3)(B). Accordingly, the PSLRA bars all discovery in any private federal securities action pending the outcome of a motion to dismiss:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to the party.

15 U.S.C. § 78U-4(b)(3)(B). As courts have held, the stay prevents the *in terrorem* effect of discovery prior to a determination that the complaint is sufficient. *See Cape Ann Investors LLC*, 296 F. Supp. 2d at 10 (PSLRA provides "for a mandatory stay of discovery to allow district courts, prior to discovery, to determine the legal sufficiency of claims"); *see SG Cowen Securities Corp.*, 189 F.3d at 912-13 ("The 'Stay of Discovery' provision of the Act clearly contemplates that 'discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint.'") (quoting S. Rep. No. 104-98, at 14 (1995)); *see also In re AOL Time Warner, Inc. Sec. and ERISA Litig.*, 2003 WL 21729842 *1 (S.D.N.Y. July 25, 2003), attached hereto as Ex. A, ("Unless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint") (internal quotation omitted).

Preliminarily, Plaintiffs spend pages in their brief attempting to argue the merits of their claims, presumably in an effort to convince the Court that the overarching purpose of the PSLRA -- to prevent abusive securities litigation -- is not implicated here. Plaintiffs' Memorandum of Law in Support of Their Motion (*hereafter cited as* Memo.), at 2-6. The Plaintiffs' argument is misplaced, as the PSLRA's discovery stay contains no exception based on a Court's assessment -- prior to ruling on a motion to dismiss -- of the pleading's legal sufficiency. 15 U.S.C. § 78u-4(a)(1) ("[t]he provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure"); *see also Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir. 2001) (PSLRA applies equally to frivolous and nonfrivolous securities litigation); *Sweirkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002) (noting that regardless of the merits of the

3

respondent's arguments, changing the requirements of the Federal Rules must be obtained through a process of amendment, "and not by judicial interpretation"); *In re Daisytek Int'l Litig.*, No. 4:03CV212, Slip. op. at 3 (E.D. Tex. Aug. 17, 2004), attached hereto as Ex. B, ("this Court declines to create by judicial fiat an additional exception to PSLRA stay merely because the proposed exception would allegedly not conflict with the PSLRA's purposes of preventing costly discovery and the disruption of normal business activities").

## II.     PLAINTIFFS FAIL TO SATISFY ANY OF THE PSLRA'S REQUIREMENTS FOR LIFTING THE STAY OF DISCOVERY

Congress authorized courts to lift the discovery stay only in the event of limited, "exceptional circumstances." *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 131 (S.D.N.Y. 2003); *see also* H. Conf. Rep. 104-396, at 37 (1995) ("courts must stay all discovery pending a ruling on a motion to dismiss, unless exceptional circumstances exist"), *reprinted in* 1995 U.S.C.C.A.N. 730, 736. In particular, the PSLRA's stay can be lifted only if

    (1) "particularized discovery" is "necessary" to

    (2) "preserve evidence," or

    (3) "prevent undue prejudice."

15 U.S.C. § 78u-4(b)(3)(B); *see In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 2003 WL 21729842 *2 (S.D.N.Y. July 25, 2003) (denying motion to lift the PSLRA's automatic stay because plaintiff had "not demonstrated that exceptional circumstances [we]re present"). Congress even outlined an example of the type of exceptional circumstance that might justify lifting the discovery stay: "The Committee recognizes, for example, that a motion to dismiss may remain pending for a period of time, and that the terminal illness of an important witness may necessitate the deposition of the witness prior to ruling on the motion to dismiss." S. Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.

Plaintiffs have failed to satisfy *any* of the PSLRA's requirements for lifting the stay. Rather, Plaintiffs seek to embark on the broadest of fishing expeditions by seeking all discovery

4

produced to the SEC, simply because it was produced to the SEC, in plain contradiction to Congress' purpose in enacting the PSLRA and discovery stay.[3]

### A. Plaintiff's Request for All Documents Produced to the SEC is the Polar Opposite of "Particularized" Discovery

A party seeking to lift the PSLRA discovery stay must make a "particularized" request for discovery. 15 U.S.C. § 78u-4(b)(3)(B). To be sufficiently particular, the requests must "adequately specify the target of the requested discovery and the types of information needed to relieve the burden" of the stay. *In re Lernout & Hauspie Sec. Litig.*, 214 F. Supp. 2d 100, 108 (D. Mass. 2002).

Plaintiffs' catch-all request for all documents produced to the SEC over a two year investigation is the polar opposite of "particularized" discovery. As courts have held, discovery is not "particularized" merely because it calls for documents that have previously been produced to the government. *See In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d at 130 (finding that plaintiff's request for copies of documents already produced to third parties that investigated the same conduct alleged by plaintiffs not sufficiently particularized to warrant lifting partial discovery stay); *Rampersad v. Deutsche Bank Sec., Inc.*, 381 F. Supp. 2d 131, 133 (S.D.N.Y. 2003) ("Plaintiff has cited no authority for such a categorical exception to the PSLRA's discovery stay provision.")[4]

Plaintiffs arguments that the burden on the Defendants to produce the documents would be "*de minimus*" since they have already been produced to the SEC are both legally irrelevant

---

[3] As the PSLRA plainly states, the automatic stay shall be lifted only upon a clear showing that particularized discovery is necessary to preserve evidence or to prevent undue prejudice. It is the moving party's burden to establish the existence of such exceptional circumstances. *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1264 (N.D. Okla. 2001).

[4] Even some of the cases Plaintiffs cite fail to support their unique understanding of particularization. *E.g., In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002) (lifting stay where "plaintiffs' request has already been pared down . . . and involves a clearly defined universe of documents").

5

and factually naive. Memo. at 17. As noted above by the court in *In re Diasytek Int'l Litig.*, if Congress had intended an exception where the responding party was not overly burdened it would have included one. *Id.*, Slip. op. at 3. Instead, Congress created a "bright line" test. *Id.*; *Elan Corp. Securities Litig.*, 2004 WL 1303638 *1 (S.D.N.Y. May 18, 2004), attached hereto as Ex. C, (even if defendants will not suffer undue burden, it "does not justify overriding the existing statutory stay"). In any event, Plaintiffs' assertion rests on the false premise that the SEC's investigation, and documents produced therein, was somehow limited to the same issues as this litigation. The SEC has the power to explore a broad, nearly open-ended range of subjects during an investigation. The Federal Rules of Civil Procedure do not apply and this Court's policing power is not available to the degree provided in the Rules. Plaintiffs' presumption that the documents produced to the SEC were somehow limited by subpoena to the subject matters raised in the Plaintiffs' complaint is pure speculation. Courts have recognized that investigations are wide-ranging and often cover ground unrelated to the securities action. *See In re Fannie Mae Securities Litig.*, 362 F. Supp. 2d 37, 38 (D.D.C. 2005) (noting that request is not sufficiently particularized where limited to documents produced in response to investigations since those documents "are voluminous and possibly irrelevant to the claims" in the securities action). In litigation, as opposed to a governmental investigation, Defendants are only required to produce documents that are relevant to the underlying claims or defenses at issue in this case. Fed. R. Civ. P. 26(b)(1). By definition, Plaintiffs' discovery request for all documents produced to the SEC is overbroad, not particularized.

### B.    Plaintiffs Fail To Demonstrate Any Danger That Evidence Will Be Lost Or Destroyed.

Plaintiffs fail to demonstrate any danger that evidence is in danger of being lost or destroyed. In order to lift a discovery stay based on the need to preserve evidence, Plaintiffs must make a specific showing that the risk is imminent and not merely speculative. *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d at 130 (citing *Sarantakis v. Gruttadauria*, 2002 WL 1803750 *2 (N.D. Ill. Aug. 5, 2002)), attached hereto as Ex. D. The discovery stay cannot be

lifted unless plaintiffs can "show relevant ongoing record keeping violations, [or] demonstrate[] that any relevant existing records are at risk of being destroyed." *Rampersad*, 381 F. Supp. 2d at 133. Plaintiffs have alleged nothing to the effect that Biopure has failed to "treat all documents, data compilations (including electronically recorded or stored data), and tangible objects that are in the custody or control of such person and that are relevant to the allegations, as if they were the subject of a continuing request for production of documents." 15 U.S.C. § 78u-4(b)(3)(C)(i).

Indeed, the premise of Plaintiffs' motion actually establishes the opposite of what the statute requires them to show. They contend that they want some set of documents that has already been gathered and produce. They seek transcripts of testimony they contend has already been given and transcribed. These assertions establish that the discovery already has been preserved, not that it is at risk of being destroyed.

While Plaintiffs cite to the attrition of personnel from Biopure with allegedly relevant knowledge, Memo. at 13, Plaintiffs are not seeking discovery from those personnel. Instead, Plaintiffs request to lift the discovery stay is limited to (1) documents produced to the SEC, and (2) transcripts of testimony given to the SEC. Memo. at 7. This requested discovery is not only in the possession of Defendants' attorneys, it is also in the custody of the SEC. The preservation of this discovery is not affected by any loss of personnel from Biopure. *See In re Lantronix, Inc. Securities Litig.*, 2003 WL 22462393 *2 (C.D. Cal. Sept. 26, 2003), attached hereto as Ex. E, (holding that "because Plaintiff only seeks documents which have already been produced and are in the custody of third parties, the risk that evidence will be lost is negligible") (internal citation omitted).

Plaintiffs also attempt to compare the attrition of personnel with the wide-scale corporate reorganization and divesture of subsidiaries occurring in cases like *Royal Ahold* and *Worldcom*. Memo. at 13. Yet in both those cases, the concern centered around the loss of control by the defendant over the documents due to corporate reorganization. No such circumstances are averred here.

7

  C. **The Plaintiffs' Request Is Devoid Of Any Facts That Could Show That Discovery Is Necessary To Avoid Undue Prejudice.**

  Plaintiffs claim that they face undue prejudice from the stay since they are "hampered in forming litigation or settlement strategies" in the face non-securities litigation parties proceeding toward trial or settlement who are not subject to the stay. Memo. at 14. These concerns do not create "undue prejudice" as required by the PSLRA. As stated by the court in *Baldridge v. Sidhu*, if this rationale were accepted, it "would effectively result in a structural, or at least categorical, exception to the discovery stay that is neither apparent nor discernable from § 78u-4(b)(3)(B)." *Id.*, No. 3:04CV0319, Slip. op. at 3 (N.D. Tex. Feb. 17, 2005), attached hereto as Ex. F.

  Even if the Plaintiffs' rationale could somehow amount to undue prejudice, Plaintiffs have failed to demonstrate its applicability to this case. First, the only other litigant in related proceedings that is engaged in discovery from the Company is the SEC. Discovery in all other private actions against Biopure (*i.e.* the derivative action pending before this Court) has not even begun. The inability to remain on an "equal footing" with regulatory authorities is not undue prejudice. *In re Fannie Mae Securities Litig.*, 362 F. Supp. 2d at 39. More importantly, Plaintiffs have done nothing to show how the discovery materials sought are necessary at this moment to effectuate a settlement in *this case*. *In re Lantroix, Inc. Sec. Litig.*, 2003 WL 22462393 at *2 (no undue prejudice where plaintiffs failed to show how the discovery materials were necessary to settlement).

  This case is nothing like *In re Royal Ahold N.V. Sec. & ERISA Litig.*, 220 F.R.D. 246 (D. Md. 2004). In that case, the defendants were being sued by two groups of plaintiffs; one alleging violations of the Exchange Act and another alleging breach of fiduciary duty under the Employment Retirement Income Security Act of 1974 ("ERISA"). In *Royal Ahold* the court had "urged" all of the parties in all litigation matters to "proceed quickly to settlement negotiations." *Id.* at 252. The ERISA plaintiffs were proceeding to discovery and there was no indication they would be the subject of a stay. *Id.* at 251. The court also found that out of the numerous civil and criminal actions, none save the securities claims were subject to the stay. *Id.* Because

8

settlement negotiations were imminent, all other parties would have access to discovery for those negotiations, and the defendants financial resources were dwindling, the court found that plaintiffs in the securities action would suffer undue prejudice without similar access to discovery. *Id*. at 252. Ultimately though, the risk of losing evidence proved dispositive as the court found that the defendant appeared to be undertaking a "wide-ranging corporate reorganization" and was divesting itself of key subsidiaries. *Id.* at 251. Importantly, the court in *Royal Ahold* denied the motion to lift the discovery stay with respect to Deloitte & Touche, reasoning "that defendant, unlike Royal Ahold, is not reorganizing its affairs, so there is little to suggest a risk of documentary loss." *Id*. at 252-53.

The confluence of circumstances in *Royal Ahold* does not exist in this case. There is no ERISA action in this case, and other private actions have not proceeded to discovery. No settlement negotiations in any private action against Biopure have been identified by Plaintiffs, nor has the court urged, ordered or scheduled global settlement discussions among all the actions. Most importantly, Biopure is not in the process of "wide-ranging corporate reorganization" and Plaintiffs have failed to show any risk of loss of the discovery at issue. Accordingly, Plaintiffs have no fear of the same prejudices identified by the Court in *Royal Ahold*.[5]

Other factors weigh against any suggestion of undue prejudice in this case. For instance, SEC began its investigation and obtaining documents in December of 2003. Yet Plaintiffs only

---

[5]     Plaintiffs cite *In re Williams Sec. Litig.*, 2003 WL 22013464 (N.D. Okla. May 22, 2003), attached hereto as Ex. G, for the proposition that "the PSLRA automatic stay itself can constitute undue prejudice." Memo. at 14. Yet a delay, without more, cannot operate as an undue burden without eviscerating the intent of the PSLRA discovery stay. *Sarantakis*, 2002 WL 1803750 at *2, ("Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair") (internal quotation omitted). The prejudice alleged by the Plaintiffs is that inherent in all litigation and was contemplated by Congress when enacting the PSLRA. *CFS*, 179 F. Supp. 2d at 1265 (delay inherent in PSLRA discovery stay is "prejudice that has been mandated by Congress", further holding that a delay of "more than one year" is not undue prejudice).

9

filed this Motion seeking a lifting of the discovery stay on January 5, 2006. Plaintiffs have given no reason for their two-year delay in requesting this discovery, undermining any suggestion that discovery was necessary to the formation of their litigation or settlement strategy in the face of a governmental investigation. Further, as stated by Plaintiffs, the relief sought by this Motion will become moot once the Court decides the two "now-pending" dismissal motions. Memo. at 1. At this late point, there is no undue prejudice to Plaintiffs from the discovery stay.

### III.   THE PSLRA RECOGNIZES NO EXCEPTION TO THE STAY SIMPLY BECAUSE THERE IS A PARALLEL SEC ENFORCEMENT ACTION

In effect, the Plaintiffs seek to convince this Court that Congress did not mean what it said by providing only two grounds for lifting the stay. The Plaintiffs offer no good reason for their assertion that a new exception to the stay should be judicially grafted onto the statute simply because the SEC has filed a civil action.

It is an established canon of statutory construction that "the words of the statute are the first guide to any interpretation of the meaning of the statute." *Greebel v. FTP Software, Inc.*, 194 F.3d 185, 192 (1st Cir. 1999) (construing the PSLRA); *see also Payne v. Goodyear Tire & Rubber Co.*, 229 F. Supp. 2d 43, 52 (D. Mass. 2002) ("When the meaning of a statute is clear on its face, the sole function of the courts is to enforce it according to its terms.") (internal quotation omitted) (Gertner, J.).

The PSLRA is clear; lifting the discovery stay is only appropriate in limited, extraordinary circumstances. 15 U.S.C. § 78u-4(b)(3)(B). When crafting the PSLRA's discovery stay, Congress was well aware that SEC enforcement actions and private securities actions often parallel one another. *E.g.*, S. Rep. No. 104-98, at 8 (1995) ("private securities class actions can complement SEC enforcement actions"), *reprinted in* 1995 U.S.C.C.A.N. 679, 687. Despite this knowledge, Congress chose not to create an exception to the PSLRA's discovery

stay where documents had already been produced to governmental entities in parallel actions. *See In re Daisytek Int'l Litig.*, Slip. op. at 3 (noting that "Congress could have implemented this purpose by creating a test that would allow discovery when the other party would not suffer prejudice, but did not do so. Instead, Congress drew a bright line").

Notably, Plaintiffs simply ignore the legion of cases rejecting their assertion. *In re Elan Corp. Securities Litig.*, 2004 WL 1303638 at *1, ("the statute does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation"); *Rampersad*, 381 F. Supp. 2d at 134 (where plaintiffs contended that the stay should be lifted regarding documents produced to governmental agencies, the court found that there is no cited "authority for such a categorical exception to the PSLRA's discovery stay provision"); *Sedona Corp. v. Ladenburg Thalmann*, 2005 WL 2647945 *4 (S.D.N.Y. Oct. 14, 2005), attached hereto as Ex. H, (holding "[n]or does the fact that some documents have been produced to the government justify lifting the PSLRA's automatic discovery stay"); *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d at 131 (upholding stay where documents produced to third parties investigating the same conduct); *In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, 2003 WL 21729842 at *2 (upholding stay where documents previously provided to various government entities); *In re Lantronix, Inc. Securities Litig.*, 2003 WL 22462393 at *2 (same); *Sarantakis*, 2002 WL 1803750 at *4 (even where documents produced to third parties, plaintiffs failed to show that either exceptional circumstance existed in the case); *In re Fannie Mae Securities Litig.*, 362 F. Supp. 2d at 39 (upholding stay and finding no unfair prejudice where documents have previously been produced to other government entities).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiffs' Motion to Partially Lift the Automatic Stay of Discovery Provided Under the PSLRA With Respect to Documents That Defendants Have Already Produced to the SEC.

Respectfully submitted,

**BIOPURE CORPORATION, THOMAS A. MOORE, HOWARD P. RICHMAN, CARL W. RAUSCH, RONALD F. RICHARDS, CHARLES A. SANDERS AND J. RICHARD CROUT**

By their attorneys,

/s/ Michael D. Blanchard
Robert A. Buhlman, BBO #554393
Michael Blanchard, BBO #636860
Jennifer L. Stewart, BBO #657648
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: January 23, 2006

## **CERTIFICATE OF SERVICE**

    I, Michael D. Blanchard, hereby certify that a true copy of the above pleading was electronically served upon the attorneys of record for all parties on January 23, 2006.

                                                            /s/ Michael D. Blanchard
                                                            Michael D. Blanchard