# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d                                                                                   Page 1
Not Reported in F.Supp.2d, 2003 WL 21729842 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,470
**(Cite as: Not Reported in F.Supp.2d)**

▷
Briefs and Other Related Documents

United States District Court,S.D. New York.
In re AOL TIME WARNER, INC. SECURITIES & "ERISA" LITIGATION
**No. 1500, 02 Civ. 5575(SWK).**

July 25, 2003.

OPINION AND ORDER

KRAM, J.

*1 Lead Plaintiff Minnesota State Board of Investment moves for disclosure of documents provided by Defendants to various government departments and agencies, including the Securities and Exchange Commission, the United States Department of Justice, any committee of the legislative branch of the United States government and/or any other entity of the executive branch of the United States government. For the reasons set forth below, Lead Plaintiff's motion is denied.

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), an automatic stay of discovery is in effect during the pendency of any motion to dismiss, "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §§ 77z-1(b)(1) and 78u-4(b)(3)(B). Recognizing that the "cost of discovery often forces innocent parties to settle frivolous securities class actions," H.R. Conf. Rep. No. 104-369, at 37 (1995), Congress enacted the mandatory stay of discovery, in part, to prevent plaintiffs from filing frivolous lawsuits and using it as a vehicle "in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." S.Rep. No. 104-98, at 14 (1998); *see also In re Vivendi Universal, S.A., Sec. Litig.,* No. 02 Civ. 5571(HB), 2003 WL 21035383, at *1 (S.D.N.Y. May 6, 2003). "[U]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." *Vacold LLC v. Cerami,* No. 00 Civ. 4024(AGS), 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001).

Although recent decisions in this district and others have lifted the automatic stay prior to a ruling on the sufficiency of the complaint based upon a need for preservation of evidence or to prevent undue prejudice to a party, *see, e.g., In re WorldCom, Inc. Sec. Litig.,* 234 F.Supp.2d 301 (S.D.N.Y.2002) (motion for partial lifting of automatic stay granted to allow discovery of documents provided to Department of Justice and SEC by related non-party); *In re Enron Corp. Sec. Derivative & " ERISA" Litig.,* No. MDL 1446, 2002 WL 31845114 (S.D.Tex. Aug. 16, 2002) (limited production allowed as to materials already made available to numerous governmental entities), upon further briefing from the parties the Court finds that the distinct circumstances present in those cases are not applicable to the current procedural posture of this matter. Defendants in this action have only recently filed their motion to dismiss the amended complaint. It cannot be concluded that "evidence from discovery might not be the subject of controversy as to a claim in the complaint if leave to replead were granted." *In re Vivendi Universal, S.A., Sec. Litig.,* 2003 WL 21035383, at *1. Nor can it be assured that plaintiffs will not attempt to use the discovery materials in opposition to the recently filed motion. Additionally, although Lead Plaintiff asserts that settlement discussions between various Defendants and the government are currently on-going, in contrast to *In re Worldcom, Inc. Sec. Litig., supra,* where court-ordered settlement discussions had been scheduled and defendant had filed for bankruptcy, in this action Lead Plaintiff's assertions of an impending settlement that could prejudice plaintiffs' possible recovery are premature.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                              Page 2
Not Reported in F.Supp.2d, 2003 WL 21729842 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,470
**(Cite as: Not Reported in F.Supp.2d)**

*2 Moreover, Defendants have assured the Court that they will uphold their obligation under the PSLRA to preserve evidence. *See, e.g.,* Mem. of Def. Ernst & Young LLP in Supp. of Opp. to Motion to Partially Lift Discovery Stay, dated May 16, 2003, at 5; Mem. of Def. Myer Berlow in Opp. to Motion to Lift PSLRA Discovery Stay, dated May 16, 2003, at 1; Mem. of Underwriter Defs. in Opp. to Motion to Lift PSLRA Discovery Stay, dated May 16, 2003, at 2. The Court accepts these representations on the part of Defendants.

Accordingly, Lead Plaintiff has not demonstrated that exceptional circumstances are present in this case requiring production of documents previously produced to various government agencies, and the application to lift the PSLRA automatic stay of discovery pending resolution of the motion to dismiss is therefore denied.

SO ORDERED.

S.D.N.Y.,2003.
In re AOL Time Warner, Inc. Securities
Not Reported in F.Supp.2d, 2003 WL 21729842 (S.D.N.Y.), Fed. Sec. L. Rep. P 92,470

Briefs and Other Related Documents (Back to top)

• 2003 WL 23724648 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law of Under Writer Defendants and Defendant Citigroup in Further Support of Their Motion to Dismiss the Amended Consolidated Complaint (Nov. 14, 2003)
• 2003 WL 23724647 (Trial Motion, Memorandum and Affidavit) Memorandum of Law of Underwriter Defendants and Defendant Citigroup in Support of Their Motion to Dismiss the Amended Consolidated Complaint (Jul. 14, 2003)
• 2003 WL 23724646 (Trial Motion, Memorandum and Affidavit) Memorandum of Underwriter Defendants in Opposition to Msbi's Motion to Lift the Pslra Discovery Stay (May. 16, 2003)
• 1:02cv05575 (Docket) (Jul. 18, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.