# EXHIBIT B

Case 1:03-cv-12628-NG    Document 89-3    Filed 01/23/2006    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE DAISYTEK INTERNATIONAL | § | |
| LITIGATION | § | 4:03CV212 |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion For a Limited Lifting of the Discovery Stay [Doc. No. 70]. Having considered the motion, responses, reply and applicable law, the Court has determined the motion should be denied.

### BACKGROUND

Plaintiffs have sued Defendants for violating the securities laws. Plaintiffs are members of a class of persons who purchased the publicly traded securities of Daisytek International Corporation ("Daisytek") between November 9, 2001 and April 28, 2003 (the "class period"). Defendants are James Powell, Ralph Mitchell, John Kearney and Peter Wharf, former senior officers and directors of Daisytek, who allegedly misrepresented Daisytek's financial condition during the class period. Daisytek has filed for bankruptcy and is not a named defendant in this case. According to Plaintiffs, on April 28, 2003, Daisytek issued a press release entitled, "Daisytek Expects Significant Loss in Fourth Quarter 2003; Company Evaluating Financing Options and Reorganization Alternatives." On this news, the stock price dropped to $.53 per share, a 97% decline from its $16.96 high during the Class Period. On May 7 and June 3, 2003, Daisytek and its subsidiaries filed voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code.

Plaintiffs have now filed a motion for a limited lifting of the discovery stay imposed by the Private Securities Litigation Reform Act ("PSLRA") to allow Plaintiffs to obtain copies of the insurance policies providing coverage to Daisytek's directors and officers and copies of all

information Daisytek has provided to Government entities. Plaintiffs represent they will pay the costs of such copying and argue they will suffer undue prejudice if they do not receive production of these documents. Defendants maintain that the stay should not be lifted, as Plaintiffs have not shown the requested discovery is necessary to preserve evidence or prevent undue prejudice.

## DISCUSSION

Congress passed the PSLRA in response to an increase in securities fraud lawsuits perceived as frivolous, including shareholder strike suits and other meritless lawsuits. *Newby v. Enron Corp.*, 338 F.3d 467, 471 (5th Cir. 2003). The PLSRA put into place the automatic stay of discovery, which provides that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B). The rationale behind the stay was to prevent costly, extensive discovery and the disruption of normal business activities until a court could determine whether a suit had merit, by ruling on a motion to dismiss. *Newby*, 338 F.3d at 471. The stay was also intended to protect defendants from plaintiffs who would use discovery to substantiate an initially frivolous claim. *Id.*

Plaintiffs have requested discovery of insurance policies and documents produced to government agencies. Rather than articulating any undue prejudice, Plaintiffs argue simply that the Court should allow the requested discovery because it would not prejudice Defendants and because other Courts have allowed such discovery in similar cases. Daisytek is in bankrupty and has already produced many of the requested documents to Government agencies. Plaintiffs have agreed to pay any copy costs and therefore contend that the purpose behind the PSLRA discovery stay does not apply and that the stay should be lifted. The Court disagrees.

Congress enacted the PSLRA discovery stay to stop plaintiffs from discovering their way into a lawsuit and to prevent costly and extensive discovery and the disruption of normal business activities until a court determined whether a suit had merit. Congress could have implemented this purpose by creating a test that would allow discovery when the other party would not suffer prejudice, but did not do so. Instead, Congress drew a bright line, allowing discovery only upon a showing that particularized discovery is necessary to preserve evidence or to prevent undue prejudice. Plaintiffs have not met this burden, and this Court declines to create by judicial fiat an additional exception to PSLRA stay merely because the proposed exception would allegedly not conflict with the PSLRA's purposes of preventing costly discovery and the disruption of normal business activities. Moreover, as the Court has not ruled on Defendants' motions to dismiss, lifting the mandatory stay could possibly allow Plaintiffs to improperly "use discovery to substantiate an initially frivolous complaint." *Id.* (citing H.R. Rep. 369, 104th Cong., 1st Sess. 31, 32 (1995)).[1]

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

IT IS SO ORDERED.

Signed this 17 day of August, 2004.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Unlike the Lead Plaintiff in *In re: Williams Securities Litigation*, 2003 U.S. Dist. Lexis 24304, *16 (N.D. Okla. May 22, 2003), Plaintiffs, in the case at bar, have not represented that information obtained from the proposed discovery will not be used to defeat a motion to dismiss or to amend the complaint.

3