# EXHIBIT C

Case 1:03-cv-12628-NG   Document 89-4   Filed 01/23/2006   Page 1 of 3

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2004 WL 1303638 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
In re ELAN CORPORATION SECURITIES
LITIGATION
No. 02 Civ.865 RMB FM.

May 18, 2004.

DISCOVERY ORDER

MAAS, Magistrate J.
*1 This Document Relates to: All Actions

The Plaintiffs have submitted a letter-application requesting that the Court lift the mandatory discovery stay required by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (*See* Letter from Marc I. Gross, Esq. and Travis E. Downs, III, Esq. to the Court, dated Jan. 28, 2004(" Pls.' Jan. 28 Letter")). The Defendants have submitted letters contending that discovery should be stayed pending the resolution of their motions to dismiss, which are the subject of a Report and Recommendation that I issued today. For the reasons that follow, the Plaintiffs' request is denied.

The PSLRA provides, in relevant part, that:
In any private cause of action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B). In *Faulkner v. Verizon Communications, Inc.,* 156 F.Supp.2d 384, 402 (S.D.N.Y.2001), Judge Conner noted that "undue prejudice" has been construed to mean "improper or unfair treatment rising to a level somewhat less than irreparable harm." (citation and internal quotation marks omitted). Moreover, as the Judge observed, the "sole example proffered by Congress as to what justifies lifting the stay is the terminal illness of an important witness, which might necessitate the deposition of the witness prior to ruling on the motion to dismiss." *Id.* (quoting S.Rep. No. 104-98, at 14 (1995)) (internal quotation marks omitted). The Plaintiffs have not made such an allegation of time-sensitivity in this case.

The Plaintiffs contend that they will suffer undue prejudice if the stay is not lifted, as they "need to begin fact discovery as soon as possible." (Pls.' Jan. 28 Letter at 5). The Plaintiffs do not, however, allege any prejudice beyond that faced by litigants in all large class action suits. The Plaintiffs' contentions that they will be prejudiced "as the memories of witnesses grow stale, and the trail of [Elan's alleged] misconduct grows cold," (*id.* at 3), and that they "need to depose relevant witnesses in a timely fashion," (*id.* at 5), simply do not meet the burden imposed by the PSLRA.

The Plaintiffs also contend that the discovery stay should be lifted because "many of the documents that [the Plaintiffs] must review have already been produced to the SEC." (Pls.' Jan. 28 Letter at 5). Nevertheless, the statute does not provide an exception to the mandatory stay when the documents sought have already been produced outside the litigation. *See Rampersad v. Deutsche Bank Sec., Inc.,* No. 02 Civ. 7311(LTS), 2003 WL 21074094, at *2 (May 9, 2003).

Finally, the Plaintiffs' assertion that the stay should be lifted because the Defendants will not suffer an undue burden (*see* Pls.' Jan. 28 Letter at 6), even if true, does not justify overriding the existing statutory stay.

*2 Accordingly, the Plaintiffs' request to lift the mandatory discovery stay prescribed by the PSLRA is denied.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2

Not Reported in F.Supp.2d, 2004 WL 1303638 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

S.D.N.Y.,2004.
In re Elan Corp. Securities Litigation
Not Reported in F.Supp.2d, 2004 WL 1303638 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:02cv00865 (Docket) (Feb. 04, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.