# EXHIBIT E

Westlaw.

Not Reported in F.Supp.2d                                                        Page 1

Not Reported in F.Supp.2d, 2003 WL 22462393 (C.D.Cal.), Fed. Sec. L. Rep. P 92,519
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents

United States District Court,C.D. California.
In re LANTRONIX, INC. SECURITIES
LITIGATION
**No. CV 02-03899 PA.**

Filed May 15, 2002.
Sept. 26, 2003.

Shareholders brought action against corporation and its officers alleging fraud under federal securities laws. On shareholder's motion to lift automatic stay on discovery, the District Court, Anderson, J., held that: (1) lifting of discovery stay under Private Securities Litigation Reform Act (PSLRA) was not justified, and (2) shareholder failed to establish need to preserve evidence or undue prejudice required to justify lifting of discovery stay.

Motion denied.

West Headnotes

**[1] Federal Civil Procedure 170A ☞1264**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1264 k. Actions in Which Remedy Is Available. Most Cited Cases
Lifting of discovery stay under Private Securities Litigation Reform Act (PSLRA) was not justified, for documents corporation made available to governmental entities and other parties in state court actions related to alleged accounting and securities law irregularities, although corporation conceded that portion of shareholder's fraud claim was viable; pendency of motions to dismiss filed by remaining defendants and corporation's motion to dismiss plaintiff's other claims still triggered PSLRA's discovery stay provisions. Securities Act of 1933, § 27(b)(1), as amended, 15 U.S.C.A. § 77z-1(b)(1);

Securities Exchange Act of 1934, § 21D(b)(3)(B), as amended, 15 U.S.C.A. § 78u-4(b)(3)(B).

**[2] Federal Civil Procedure 170A ☞1264**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(A) In General
            170Ak1264 k. Actions in Which Remedy Is Available. Most Cited Cases
Shareholder failed to establish need to preserve evidence or undue prejudice required to justify lifting of discovery stay under Private Securities Litigation Reform Act (PSLRA) on allegations that further delay in discovery would have caused undue prejudice to its settlement prospects; although corporation settled with plaintiffs in another action, delay was routine under PSLRA, and risk that evidence would be lost was negligible because shareholder sought documents which had been produced and were in custody of third parties. Securities Act of 1933, § 27(b)(1), as amended, 15 U.S.C.A. § 77z-1(b)(1); Securities Exchange Act of 1934, § 21D(b)(3)(B), as amended, 15 U.S.C.A. § 78u-4(b)(3)(B).

Michael D Braun, Stull Stull & Brody, Los Angeles, CA, Kevin J Yourman, Elizabeth P Lin, Weiss & Yourman, Los Angeles, CA, for Stephen Bachman, on behalf of himself and all others similarly situated, plaintiff.
Keith E Eggleton, Daniel W Turbow, Boris Feldman , Cheryl Weisbard Foung, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Lantronix Inc, defendant.
Peter M Stone, Jay C Gandhi, Michael J Rozak, Paul Hastings Janofsky & Walker, Costa Mesa, CA, for Frederick G Thiel, defendant.
Michael D Dempsey, Robert D Donaldson, Dempsey & Johnson, Los Angeles, CA, for Steven V Cotton, defendant.
Kevin W Kirsch, Stradling Yocca Carlson & Rauth, Newport Beach, CA, Koji F Fukumura, Cooley

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2003 WL 22462393 (C.D.Cal.), Fed. Sec. L. Rep. P 92,519
**(Cite as: Not Reported in F.Supp.2d)**

Godward, San Diego, CA, Michael J Bleck, Oppenheimer Wolff & Donnelly, Minneapolis, MN, Paul C Nyquist, Voss Cook & Thel, Newport Beach, CA, for Bernhard Bruscha, defendant.

Miles N Ruthberg, Robert W Perrin, Lisa Sheaufeng Tsai, Latham & Watkins, Los Angeles, CA, for Ernst & Young LLP, defendant.

Kevin J Yourman, Elizabeth P Lin, Weiss & Yourman, Los Angeles, CA, for John B Lindsay, plaintiff.

Kevin J Yourman, Elizabeth P Lin, (See above), for Linda-Pauwels, plaintiff.

Keith E Eggleton, Daniel W Turbow, Boris Feldman , Cheryl Weisbard Foung, Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Thomas W Burton, defendant.

Keith E Eggleton, Daniel W Turbow, Boris Feldman , Cheryl Weisbard Foung, (See above), for W Brad Freeburg, defendant.

Jerry L Marks, Deborah Rosenthal, Kathleen Balderrama, Heller Ehrman White & McAuliffe, Los Angeles, CA, for Credit Suisse First Boston Corporation, defendant.

ANDERSON, J.

PROCEEDINGS:

*1 Plaintiff's Motion for Order Partially Lifting Discovery Stay (Docket No. 94) is currently on calendar for September 29, 2003 at 1:30 p.m. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 29, 2003 is vacated, and the matter taken off calendar.

Plaintiff's Motion seeks to lift the automatic stay on discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B) for all documents Lantronix produced to governmental entities, including transcripts of witness interviews and depositions, and all documents produced by Lantronix in connection with lawsuits filed against it in state court actions involving allegations of

IN CHAMBERS-COURT ORDER

accounting and securities law irregularities. Under the PSLRA, an automatic stay of discovery is in effect during the pendency of any motion to dismiss, "unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. §§ 77z1(b)(1) & 78u-4(b)(3)(B). Recognizing that the "cost of discovery often forces innocent parties to settle frivolous securities class actions," H.R. Conf. Rep. No. 104-369, at 37 (1995), Congress enacted the mandatory stay of discovery, in part, to prevent plaintiffs from filing frivolous lawsuits and using it as a vehicle "in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." S.Rep. No. 104-98, at 14 (1998). As the Ninth Circuit has explained:

"The purpose of the [PSLRA] was to restrict abuses in securities class-action litigation, including: (1) the practice of filing lawsuits against issuers of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2003 WL 22462393 (C.D.Cal.), Fed. Sec. L. Rep. P 92,519
**(Cite as: Not Reported in F.Supp.2d)**

securities in response to any significant change in stock price, regardless of defendants' culpability; (2) the targeting of 'deep pocket' defendants; (3) the abuse of the discovery process to coerce settlement; and (4) manipulation of clients by class action attorneys."

*SG Cowen Securities Corp. v. U.S. Dist. Court,* 189 F.3d 909, 911 (9th Cir.1999) (quoting *In re Advanta Corp. Secs. Litig.,* 180 F.3d 525, 530-31 (3d Cir.1999)).

[1] Defendants' Motions to Dismiss the First Consolidated Complaint are currently under submission. As a result, absent a need to preserve evidence or to prevent "undue prejudice," the PSLRA's discovery stay prevents Plaintiff from engaging in any discovery. *SG Cowen Securities Corp.,* 189 F.3d at 912-13 (9th Cir.1999) (The " Stay of Discovery" provision of the Act clearly contemplates that "discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.* " ) (quoting S.Rep. No. 104-98, at 14 (1995) reprinted in U.S.C.C.A.N. 693)). Plaintiff argues that the discovery stay should be lifted because Lantronix's concession that the First Consolidated Complaint states a viable claim under section 10(b) of the Securities Exchange Act of 1934 means that at least a portion of the First Consolidated Complaint will survive the motion to dismiss stage. Plaintiff also contends that any further delay in discovery will cause undue prejudice to Plaintiff's settlement prospects.

*2 Although Lantronix does not challenge the sufficiency of a portion of the section 10(b) claim, that fact alone does not justify lifting the discovery stay for documents Lantronix has made available to governmental entities and other parties in state court actions related to the alleged accounting and securities law irregularities at issue here. *See In re AOL Time Warner, Inc. Securities & ERISA Litig.,* No. 02 Civ. 5575(SWK), 2003 WL 21729842, *1 (S.D.N.Y. July 25, 2003) ("It cannot be concluded that 'evidence from discovery might not be the subject of controversy as to a claim in the complaint if leave to replead were granted.' Nor can it be assured that plaintiffs will not attempt to use the

discovery materials in opposition to the recently filed motion.") (quoting *In re Vivendi Universal. S.A., Sec. Litig.,* No. 02 Civ. 5571(HB), 2003 WL 21035383, at *1 (S.D.N.Y. May 6, 2003)). Even with Lantronix's concession on a portion of Plaintiff's section 10(b) claim, the pendency of the Motions to Dismiss filed by the remaining defendants and Lantronix's Motion to Dismiss Plaintiff's other claims still trigger the PSLRA's discovery stay provisions.

[2] Plaintiff has also failed to adequately support his contention that the discovery stay unduly prejudices the putative class's settlement prospects. *In re AOL Time Warner,* 2003 WL 21729842, at *1 ("Lead Plaintiff's assertions of an impending settlement that could prejudice plaintiffs' possible recovery are premature."). Although Lantronix has apparently settled with plaintiffs in another action, Plaintiff here makes no showing of how the discovery materials sought are necessary at this moment to effectuate a settlement in this case or how one settlement in another case creates anything more than the routine delay contemplated by the PSLRA. Moreover, because Plaintiff only seeks documents which have already been produced and are in the custody of third parties, the risk that evidence will be lost is negligible. *See id.* at *2.

Plaintiff has failed to establish the need to preserve evidence or undue prejudice required to justify the lifting of the PSLRA's discovery stay. The Court therefore denies Plaintiff's Motion for an Order Lifting Discovery without prejudice.

IT IS SO ORDERED.

C.D.Cal.,2003.
In re Lantronix, Inc. Securities Litigation
Not Reported in F.Supp.2d, 2003 WL 22462393 (C.D.Cal.), Fed. Sec. L. Rep. P 92,519

Briefs and Other Related Documents (Back to top)

• 2:02cv03899 (Docket) (May. 15, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.