# EXHIBIT G

**Westlaw.**

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Oklahoma.
In re: WILLIAMS SECURITIES LITIGATION
No. 02-CV-72H ( M).

May 22, 2003.

James Rouse Hicks, Ronald Joseph Saffa, Morrel, West, Saffa, Craige & Hicks, Inc., Tulsa, OK, Kevin J. Yourman, Behram V. Parekh, Weiss & Yourman, Los Angeles, CA, for plaintiff/consolidated plaintiff/movant.
Steven G. Schulman, Samuel H. Rudman, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, Nadeem Faruqi, Faruqi & Faruqi, New York, NY, David Scott, Neil Rothstein, Michael Swick, Scott & Scott, Colchester, CT, for plaintiff/movant.
U. Seth Ottensoser, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York, NY, for plaintiff.
Mark C. Gardy, Abbey, Gardy, LLP, Fred Taylor Isquith, Gregory Mark Nespole, Jeffrey G. Smith, David L. Wales, Wolf, Haldenstein, Adler, Freeman & Herz, New York, NY, Marc S. Henzel, Marc S. Henzel Law Office, Bala Cynwyd, PA, Brian M. Felgoise, Brian M. Felgoise Law Offices, Philadelphia, PA, Ira M. Press, Kirby, McInerney & Squire, New York, NY, R. Robyn Assaf, Jones, Kurth, Andrew & Oritz, Oklahoma City, OK, William W. Thomas, Michael I. Behn, Futterman & Howard, Chtd, Chicago, IL, Mel E. Lifshitz, Gregory M. Egleston, Bernstein, Liebhard & Lifshitz, LLP, New York, NY, Michael D. Braun, Stull, Stull & Brody, Los Angeles, CA, Paul J. Geller, Cauley, Geller, Bowman & Coates, LLP, Boca Raton, FL, Jeffrey H. Squire, Mark A. Strauss , Kirby, McInerney & Squire, New York, NY, Don R. Manners, Jones, Kurth, Andrew & Oritz, Oklahoma City, OK, Charles J. Piven, Baltimore, MD, Robert I. Harwood, Samuel K. Rosen, Wechsler, Harwood, Halebian & Feffer, LLP, New York, NY, Andrew M. Schatz, Jeffrey S. Nobel, Patrick A. Klingman, Wayne T. Boulton, Schatz & Nobel, PC, Hartford, CT, Robert M. Roseman, John Macoretta, Spector, Roseman & Kodroff, PC, Philadelphia, PA, John G. Emerson, Jr., Emerson Law Firm, Little Rock, AR, Brian Barry, Jill Levine, Los Angeles, CA, Susan R. Gross, Bernard M. Gross, PC, Law Offices, Michael D. Donovan, Donovan, Searles, LLC, Philadelphia, PA, Evan Smith, Brodsky & Smith, Bala Cynwyd, PA, Paul J. Scarlato, Weinstein, Kitchenoff, Scarlato & Goldman, Ltd., Philadelphia, PA, Burton H. Finkelstein, Andrew J. Morganti, Finkelstein, Thompson & Loughran, Washington, DC, Joshua M. Lifshitz, Peter D. Bull, Bull & Lifshitz, LLP, Jonathan M. Plasse, Emily C. Komlossy, Lynda J. Grant, Goodkind, Labaton, Rudoff & Sucharow, LLP, Jules Brody, Aaron Brody, Tzivia Brody, Stull, Stull & Brody, New York, NY, David B. Kahn , Mark E. King, David B. Kahn & Associates, Ltd., Northfield, IL, Jerold B. Hoffman, Hoffman & Edelson, LLC, Doylestown, PA, Thomas G. Shapiro , Shapiro, Haber & Urmy, LLP, Boston, MA, Gerald Joseph Lovoi, Tulsa, OK, Marvin L. Frank, Eric J. Belfi, Rabin, Murray & Frank, LLP, Kenneth A. Elan, New York, NY, Michael G. Lange, Steven Morris, Berman, DeValerio, Pease, Tabacco, Burt & Pucillo, Boston, MA, for consolidated plaintiff.
Seth D. Rigrodsky, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York, NY, William B. Federman, Federman & Sherwood, Oklahoma City, OK, Marc A. Topaz, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, Sherrie R. Savett, Michael T. Fantini, Berger & Montague, PC, Philadelphia, PA, Jeffrey C. Zwerling, Richard A. Speirs, Zwerling, Schachter & Zwerling, LLP, New York, NY, Richard A. Lockridge, Karen M. Hanson, Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN, John R. Malkinson, Malkinson & Halpern, PC, Chicago, IL, Steven S. Toll, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC, for movant/consolidated plaintiff.
Charles Robert Burton, IV, R. Thomas Seymour, Seymour Law Firm, Tulsa, OK, Christopher Lometti , Ashley Kim, Schoengold & Sporn, PC, New York,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 2

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

NY, for movant/consolidated plaintiff/intervenor plaintiff.
Burck Bailey, Warren F. Bickford, IV, Brooks A. Richardson, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, Dennis J. Block, Jonathan M. Hoff, Alla Lerner, Cadwalader, Wickersham & Taft, New York, NY, for defendant/consolidated defendant.
Graydon Dean Luthey, Jr., Hall, Estill, Hardwick, Gable, Golden & Nelson, Alex Anton Goldberg, Tulsa, OK, Steven J. Rothschild, Scott L. Adkins, Randolph K. Herndon, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, Michael James Gibbens, James L. Kincaid, Victor Eric Morgan, Gerald Lee Jackson, Susan E. Huntsman, Jennifer Ann Blankenship, Crowe & Dunlevy, Tulsa, OK, Patrick M. Ryan, Phillip G. Whaley, Ryan & Whaley, Joe M. Hampton, Oklahoma City, OK, Miles N. Ruthberg, Jamie L. Wine, Paul V. Konovalov, Latham & Watkins, Los Angeles, CA, for defendant.
Andrei V. Rado, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, New York, NY, James E. Miller, Scott & Scott, Colchester, CT, Elizabeth P. Lin, Weiss & Yourman, Los Angeles, CA, Andrew L. Barroway, Stuart L. Berman, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, Gregory J. Myers, Lockridge, Grindal, Nauen, PLLP, Minneapolis, MN, for movant.
Samuel P. Sporn, Jay P. Saltzman, Schoengold & Sporn, PC, New York, NY, for movant/intervenor plaintiff.

ORDER

MCCARTHY, Magistrate J.
*1 THIS DOCUMENT RELATES TO WMB SUBCLASS

Lead Plaintiff's Motion for an Order Partially Lifting the Stay of Discovery [Dkt. 202] is before the undersigned United States Magistrate Judge for decision. Defendant Williams has responded to the motion and a hearing on the matter was held on April 4, 2003. Based on the following analysis, Lead Plaintiff's motion is GRANTED.

The Private Securities Litigation Reform Act (PSLRA) imposes a stay on discovery in private securities fraud cases during the pendency of any motion to dismiss, as follows:
In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 1558u-4(b)(3)(B). The PSLRA discovery stay is in place in the instant case.

Defendant has been the subject of several investigations or inquiries from various governmental bodies concerning aspects of its business which are relevant to the allegations in Plaintiff's Amended Complaint in this case. Defendant has collected and produced information to the governmental bodies in response to the investigations. Lead Plaintiff seeks a partial lifting of the PSLRA discovery stay in order to obtain access to the information produced in response to the various governmental investigations and inquiries. Lead Plaintiff contends that both the preservation of evidence and undue prejudice exceptions to the PSLRA stay support the motion.

Under the preservation of evidence exception to the PSLRA stay, Lead Plaintiff must establish a risk of loss of relevant evidence. The undersigned finds that the preservation of evidence exception is not applicable in this case. Defendant has maintained copies of the information it has produced. Further, multiple copies of the information sought are in the possession of the governmental bodies and the various law firms involved in those matters. There is no risk that the material will become unavailable or that Lead Plaintiff's requested discovery is necessary to preserve this particular evidence.

The other exception to the PSLRA discovery stay permits lifting the stay when particularized discovery is necessary to prevent "undue" prejudice. Thus, Lead Plaintiff must establish that the discovery stay is causing prejudice, that the prejudice is "undue," and the discovery sought is necessary to prevent the undue prejudice. Lead Plaintiff argues that the prejudice being caused by the stay is counsel's lack of access to information

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 3
Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

necessary to enable counsel to engage in meaningful settlement negotiations in the business climate where Defendant is fighting for its corporate life by selling assets, reducing its work force and settling disputes with others. In sum, Lead Plaintiff argues that time may run out for meaningful settlement negotiations before the motion to dismiss is ruled upon and discovery stay is lifted in the event the motion to dismiss is denied.

*2 The undersigned finds that the very delay of discovery imposed by the PSLRA stay can constitute undue prejudice. The undersigned rejects the contention that the delay inherent in the PSLRA stay cannot constitute undue prejudice because the delay is mandated by Congress. *See In re CFS-Related Securities Fraud Litigation,* 179 F.Supp.2d 1260, 1265 (N.D.Okla.2001). The question of whether the delay occasioned by the discovery stay results in undue prejudice is precisely the issue Congress left to the courts to resolve. This is demonstrated by the language of the statute which requires that the discovery sought be *necessary* to prevent undue prejudice. If the delay in discovery could not constitute the undue prejudice to which the statute refers, then it would never be *necessary* to issue an order to provide discovery to prevent undue prejudice. Since Congress clearly contemplated that lifting the stay could prevent undue prejudice, it follows that enforcement of the stay may itself constitute undue prejudice. To resolve the question whether the prejudice is undue, the Court must consider all the facts and circumstances presented by each particular case.

"Undue" prejudice is not defined in the statute. One court considering the term defined "undue prejudice " as improper or unfair detriment, but less than irreparable harm. *Medical Imaging Centers of America, Inc. v. Lichtenstein,* 917 F.Supp. 717, 720 (S.D.Cal.1996). In *Black's Legal Dictionary* the word "undue" is defined as "more than necessary; not proper; illegal." *Black's Legal Dictionary,* p. 158 (6th Ed.1990). These definitions invite examination of the facts and circumstances of the case to determine whether the prejudice is " unnecessary" or "unfair." It is therefore appropriate for the Court to consider the detriment to Lead Plaintiff, any harm or burden to Defendant, and whether lifting the stay would do violence to the purpose of the PSLRA stay.

The PSLRA stay and consequent lack of access to the information sought is clearly causing some prejudice to Lead Plaintiff in the form of delay. There is no question that the documents sought have been found, reviewed, organized and produced to others. Further, Defendant acknowledges that the information sought is readily available for copying and possible production to Lead Plaintiff, and doing so would work no hardship on Defendant. In addition, the motion to dismiss has been fully briefed. Lead Plaintiff has represented that the information contained in the proposed discovery will not be used to defeat the motion to dismiss or to attempt to amend the complaint. Under these circumstances, enforcement of the stay as to the particular documents sought would not serve any interest the PSLRA stay was enacted to advance. *See In re Worldcom, Inc. Securities Litigation,* 234 F.Supp.2d 301, 305 (S.D.N.Y.2002) (discussing legislative history and purpose of PSLRA stay). However, enforcement of the stay would cause Lead Plaintiff "undue" prejudice in the sense that any prejudice suffered by Lead Plaintiff would be purely gratuitous. That is, enforcement of the stay as to the particular information sought would be needless because it would not serve the interest of any party and would vindicate no policy interest. In balancing the purpose of the PSLRA stay, the detriment to Defendant, the burden production would impose on Defendant, the detriment to Lead Plaintiff, and general principles of fairness, the Court finds that it would be unfair and unnecessary, and hence "undue," to require Lead Plaintiff to suffer any prejudice as a result of the PSLRA stay as regards the information already produced to investigating governmental bodies.

*3 The final inquiry is whether lifting the stay is necessary to prevent the undue prejudice the Court has found to exist. In this case, lifting the stay will clearly eliminate the prejudice.

Several courts faced with similar factual circumstances have reached the same result. *See in re WorldCom, Inc., Securities Litigation,* 234

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                          Page 4

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

F.Supp.2d 301, 305-6 (S.D.N.Y.2002)(order partially lifting PSLRA stay for discovery of documents and materials defendant had produced in connection with governmental and internal investigations entered based on court's consideration of rationale for PSLRA stay, prejudice to plaintiff and lack of burden on defendant); *In re AOL Time Warner, Inc.,* 2003 WL 715752 (S.D.N.Y.) (Documents already produced to governmental bodies ordered produced because plaintiff not engaged in fishing expedition or "strike suit" and providing a copy to plaintiff would not constitute a burden on defendant); In re *Enron,* 2002 WL 31845114 (S.D.Tex.) (granting order for limited production of documents and materials produced in response to inquiries and investigations by governmental bodies because the burden would be so slight to defendant in that the documents had already been found, reviewed and organized). These cases are short on analysis with respect to the statutory language, but the common sense result reached by each of these cases is compelling under the circumstances presented in those cases and in this one. Further, as previously discussed, these results are consistent with the requirements of the statute.

Based on the foregoing analysis, Lead Plaintiff's Motion for an Order Partially Lifting the Stay of Discovery [Dkt. 202] is GRANTED. [FN1]

> FN1. There was some discussion in the parties' briefs to the effect that Lead Plaintiff's request was not sufficiently particularized. At the hearing counsel for Defendant acknowledged that Defendant has a clear understanding as to what documents are sought. Therefore, the Court has not specifically identified the documents to be produced pursuant to this order. However, should a dispute arise as to the breadth of this order, the parties are encouraged to employ the procedure for expedited hearing set out in N.D. LR 37.2B.

N.D.Okla.,2003.
In re Williams Securities Litigation
Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 3339360 (Trial Pleading) Defendant UBS Warburg LLC's (N/K/A UBS Securities LLC Answer to the Consolidated Amended Complaint (Feb. 09, 2004)
• 2004 WL 3339362 (Trial Pleading) Defendant Banc of America Securities LLC's Answer to the Consolidated Amended Complaint (Feb. 09, 2004)
• 2004 WL 3339363 (Trial Pleading) Defendant Lehman Brothers Inc.'s Answer to the Consolidated Amended Complaint (Feb. 09, 2004)
• 2004 WL 3339365 (Trial Pleading) Defendant Credit Suisse First Boston Corp.'s (N/K/A Ccredit Suisse First Boston LLC) Answer to the Consolidated Amended Complaint (Feb. 09, 2004)
• 2004 WL 3339371 (Trial Pleading) Defendant CIBC World Markets Corp.'s Answer to the Consolidated Amended Complaint (Feb. 09, 2004)
• 2004 WL 3342359 (Trial Pleading) The Williams Defendants' Answerto the Consolidated amended Complaint (Feb. 09, 2004)
• 2004 WL 3342366 (Trial Pleading) Answer of WCG Defendants to the Consolidated Amended Class Action Complaint for Securities Fraud on Behalf of Purchasers of Williams Communications Group, Inc. Securities (Dkt. # 157) (Feb. 09, 2004)
• 2004 WL 3342369 (Trial Pleading) Answer of John C. Bumgarner, Jr. to the Consolidated Amended Complaint (Feb. 09, 2004)
• 2004 WL 3342382 (Trial Pleading) Defendant Ernst & Young LLP's Answer to the Consolidated Amended Complaint (Feb. 09, 2004)
• 2002 WL 32835268 (Trial Pleading) Consolidated Amended Complaint (Oct. 07, 2002)
• 2002 WL 32835265 (Trial Pleading) Consolidated Amended Class Action Complaint for Securities Fraud on Behalf of Purciiasers of Williams Communications Group, Inc. Securities (Sep. 27, 2002)
• 2002 WL 32836066 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 10, 2002)
• 2002 WL 32834932 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 5

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32834938 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection Oflead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32834964 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32835174 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment As Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32835454 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc's Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32835847 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32835853 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32835857 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32835875 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32835955 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32835960 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32835964 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32835978 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of ITS Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32835988 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32835992 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32835997 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blajine J. Watkins, Bruce and Kathleen

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 6

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
(Cite as: Not Reported in F.Supp.2d)

Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaind for Approva of Leadplaintffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836020 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32836032 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to BE Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836040 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to BE Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836046 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsie (Apr. 01, 2002)
• 2002 WL 32836183 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32836259 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836264 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and For Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836293 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32836476 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836479 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836483 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32836627 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836637 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836643 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32836669 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 7

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32836730 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836734 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836738 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32836760 (Trial Motion, Memorandum and Affidavit) Market street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32836806 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, To Be Appotnted Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836811 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of The Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32836832 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32836853 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836858 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plainttffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836865 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32836880 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32836908 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Corol Moore to Consolidate Actions, to be Appented Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaion Counsel (Apr. 01, 2002)
• 2002 WL 32836916 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836940 (Trial Motion, Memorandum and Affidavit) Market Street Securities, inc.'s Memorandum of Law in Support of its Motion for Appointment As Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32836947 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 8

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

Motion of douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, And for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32836953 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32836975 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32837038 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837042 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointted Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837045 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32837652 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837655 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837659 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32837671 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32837689 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lebd Plaintiffs, and for Approval of Led Plaiintiffs' Selection of Lead Couunsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837697 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32837705 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837706 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32837709 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and For Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837727 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                     Page 9

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837730 (Trial Motion, Memorandum and Affidavit) Memorandum of Law In Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837736 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32837754 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32837921 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837922 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837923 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32837996 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs'

Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32837999 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32838000 (Trial Motion, Memorandum and Affidavit) Memoranduim of Law in Support-of Motion of Douglas E. Mille and Carol Moore' to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Appov Al of Lead Laintiffs' Selection of Lead Counsel and Liai&son Counsel (Apr. 01, 2002)
• 2002 WL 32838001 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiff's on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liai son Counsel (Apr. 01, 2002)
• 2002 WL 32838005 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32838009 (Trial Motion, Memorandum and Affidavit) Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32838010 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to Be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32838011 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32838015 (Trial Motion, Memorandum

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 10

Not Reported in F.Supp.2d, 2003 WL 22013464 (N.D.Okla.)
**(Cite as: Not Reported in F.Supp.2d)**

and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Covonsolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32838022 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Douglas E. Miller and Carol Moore to Consolidate Actions, to be Appointed Lead Plaintiffs, and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liaison Counsel (Apr. 01, 2002)
• 2002 WL 32838024 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Motion of Blaine J. Watkins, Bruce and Kathleen Smith, and Bruce Russell for Appointment as Lead Plaintiffs on Behalf of the Bond Purchaser Class and for Approval of Lead Plaintiffs' Selection of Lead Counsel and Liais on Counsel (Apr. 01, 2002)
• 2002 WL 32838032 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of its Motion for Appointment as Lead Plaintiff, Approval of its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32838194 (Trial Motion, Memorandum and Affidavit) Market Street Securities, Inc.'s Memorandum of Law in Support of Its Motion for Appointment as Lead Plaintiff, Approval of Its Selection of Counsel and Consolidation of Related Actions (Apr. 01, 2002)
• 2002 WL 32835144 (Trial Pleading) Class Action Complaint for Violations of Federal Securities Laws (Jan. 29, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.