# EXHIBIT H

Westlaw.

Slip Copy                                                                                                               Page 1

Slip Copy, 2005 WL 2647945 (S.D.N.Y.)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
SEDONA CORPORATION, Plaintiff,
v.
LADENBURG THALMANN, et al., Defendants.
No. 03 Civ. 3120 LTSTHK.

Oct. 14, 2005.

MEMORANDUM OPINION AND ORDER

KATZ, Magistrate J.
*1 This action, which alleges, *inter alia,* violations of various federal and state securities laws, has been referred to this Court for general pretrial supervision and for resolution of the current application by Defendants for an order confirming that all discovery is stayed in this case, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), or, in the alternative, requesting a protective order or an order to quash a subpoena recently issued by Plaintiff. For the reasons set forth below, the Court confirms that discovery is stayed until all motions to dismiss the Second Amended Complaint have been decided.

I. *Procedural History*

Plaintiff filed its First Amended Complaint on July 15, 2003. On August 8, 2005, the Honorable Laura T. Swain, U.S.D.J., granted in part and denied in part Defendants' motions to dismiss the First Amended Complaint. *See Sedona v. Ladenburg,* No. 03 Civ. 3120(LTS)(THK), 2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005). Specifically, the Opinion and Order partially dismissed Plaintiff's claims against sixteen of the seventeen Defendants, and entirely dismissed claims against a seventeenth Defendant. *Id.* at *24. Thus, at least one cause of action against sixteen of the Defendants remains viable. The Opinion and Order also granted Plaintiff leave to file a Second Amended Complaint repleading those causes of action dismissed without prejudice. *Id.*

Plaintiff has expressed its intention to file a Second Amended Complaint and Defendants' expect to move again to dismiss. Several Defendants have also filed Motions for Reconsideration of the Opinion and Order.

During the pendency of Defendants' initial motions to dismiss, the parties adhered to the PSLRA's automatic stay of discovery. *See* 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff did, however, submit three motions requesting a partial lift of the PSLRA's automatic stay while Defendants' motions to dismiss were still pending, in order to 1) send preservation letters to non-party broker-dealers, 2) obtain discovery of Defendant Ladenburg Thalmann's records that were included in a submission to the National Association of Securities Dealers ("NASD") in response to a "Wells Letter," and 3) serve a subpoena on non-party Refco Group Ltd./Refco Finance, Inc. ("Refco") for records that were included in a "Wells" submission to the SEC and Attorney General. The August 8, 2005 Order and Opinion, deciding Defendants' motions to dismiss, denied as moot Plaintiff's motions for a lift of the PSLRA discovery stay because all pending motions to dismiss had been resolved. *Sedona,* 2005 WL 1902780, at *12.

Subsequently, Plaintiff sent preservation letters to approximately ten broker-dealers and served a subpoena on non-party Refco. Plaintiff has also indicated that it intends to propound further discovery requests and, in a letter dated September 20, 2005, Plaintiff requested permission to send a preservation letter to Defendant Ladenburg Thalmann, one of Defendants whose motion to dismiss was granted in part and denied in part. The Court (Swain, J.) allowed Plaintiff to issue a preservation letter to Ladenburg Thalmann, but

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                           Page 2
Slip Copy, 2005 WL 2647945 (S.D.N.Y.)
**(Cite as: Slip Copy)**

ordered that Plaintiff refrain from issuing subpoenas or document requests until the instant application to lift the discovery stay is resolved.

## II. *The PSLRA's Automatic Stay of Discovery*

*2 The PSLRA's discovery stay provision provides:
In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of *any motion to dismiss,* unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (emphasis added).

As the parties recognize, the case law is unsettled as to whether the PSLRA's automatic discovery stay applies after initial motions to dismiss have been decided, where at least some claims against the defendants have survived, and where future amendments of the complaint and motions to dismiss are anticipated. [FN1] On this and other issues, "the Second Circuit has yet to provide the district courts with guidance regarding the PSLRA's discovery stay provision." *Taft v. Ackermans,* No. 02 Civ. 7951(PKL), 2005 WL 850916, at *4 (S.D.N.Y. Apr. 13, 2005).

> FN1. There is no dispute that the PSLRA stay of discovery applies when an initial motion to dismiss is contemplated, but has not yet been filed. See *In re JDS Uniphase Corp. Sec. Litig.,* 238 F.Supp.2d 1127, 1133 (N.D.Cal.2002) (although motion to dismiss not pending, time to respond to complaint had not elapsed, therefore discovery stay was in effect); *Carnegie Int'l Corp. Sec. Litig.,* 107 F.Supp.2d 676, 682-83 (D.Md.2000) (same); *In re Trump Hotel S'holder Derivative Litig.,* No. 96 Civ. 7820(DAB)(HBP), 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (same); *cf. Powers v. Eichen,* 961 F.Supp. 233, 235-36 (S.D.Cal.1997) (motion to dismiss is "pending" while defendants' motion for reconsideration of decision denying motion to dismiss remains to be decided).

The Court is aware of two decisions in which federal courts have concluded that the language of the PSLRA stay provision, as it pertains to subsequent motions to dismiss, is ambiguous. *See Lernout & Hauspie Sec. Litig.,* 214 F.Supp.2d 100, 105 (D.Mass.2002); *In re Global Crossing, Ltd. Sec. Litig.,* 322 F.Supp.2d 319, 352 (S.D.N.Y.2004).

In the *Lernout* decision, the court found that the statute lends itself to "two competing reasonable interpretations." *Id.* In that court's view, "any motion" could be viewed as meaning "all" motions to dismiss by all parties, or could be read to mean that discovery should be stayed against a party "during the pendency of any motion to dismiss filed by that party." *Id.* The court therefore looked to the legislative history of the statute, finding evidence that Congress was concerned with the cost of discovery forcing settlement of frivolous lawsuits, and with fishing expeditions for discovery in the hope of "finding a sustainable claim not alleged in the complaint." *Id.* at 106 (quoting S.Rep. No. 104-98, at 14 (1965), *reprinted in* 1995 U.S.C.C.A.N. 679, 693.) Despite the fact that there were pending motions to dismiss brought by several of the defendants in *Lernout,* the complaint had survived a motion to dismiss brought by four of the defendants. The court therefore concluded that the purpose of the stay provision would not be undermined by permitting discovery to proceed against those defendants whose motions to dismiss were denied. *See id.* at 109; *see also In re Salomon Analyst Litig.,* 373 F.Supp.2d 252, 254-55 (S.D.N.Y.2005) ("The purpose of the statutory stay is to prevent abusive, expensive discovery in frivolous lawsuits by postponing discovery until after the Court has sustained the legal sufficiency of the complaint. In a case where the court *has* already sustained the legal sufficiency of the complaint, this purpose has been served. To permit defendants indefinitely to renew the stay simply by filing successive motions to dismiss would be to invite abuse. Some judicial discretion to evaluate the desirability of a renewed stay appears to be necessary.") (emphasis in original) (internal quotation marks and citation omitted).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                   Page 3
Slip Copy, 2005 WL 2647945 (S.D.N.Y.)
**(Cite as: Slip Copy)**

*3 In the *Global Crossing* decision, Judge Lynch, of this Court, found the statute ambiguous, but did not resolve the ambiguity because the party seeking discovery was able to satisfy the statute's exception to the discovery stay by demonstrating that it would be unduly prejudiced if the stay was not partially lifted. *See Global Crossing,* 322 F.Supp.2d at 352-53.

Other courts do not appear to have been troubled by any ambiguity in the statute, and have concluded both that the stay applies to successive motions to dismiss, and that discovery should be stayed as to all defendants, even though motions to dismiss were filed by only some of the defendants. *See, e.g., In re Lantronix, Inc. Sec. Litig.,* No. CV 02-03899 PA, 2003 WL 22462393, at *2 (C.D.Cal. Sept. 26, 2003) (although lead defendant did not challenge the sufficiency of a portion of securities law violation claim, discovery stay kept in effect during pendency of other defendants' motions to dismiss and motion to dismiss by lead defendant addressed to a portion of the complaint); *Fazio v. Lehman Bros., Inc.,* Nos. 1:02CV157, 1:02CV370, 1:02CV382, 2002 WL 32121836, at *2 (N.D.Ohio May 16, 2002) ("The reference in the statute to a stay of 'all discovery' is to be interpreted broadly. It applies even as to discovery against co-defendants who have not filed motions to dismiss."); *Faulkner v. Verizon Commc'n, Inc.,* 156 F.Supp.2d 384, 406 (S.D.N.Y.2001) (denying motion to lift discovery stay after motion to dismiss was granted, where plaintiff intended to file an amended complaint and defendant sought permission to move to dismiss); *CFS-Related Sec. Fraud Litig.,* 179 F.Supp.2d 1260, 1263 (N.D.Okla.2001) ("As long as any defendant has filed a motion to dismiss claims arising under Chapter 2B of the 1934 Securities Act, the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants."); *S. Pac. Funding Corp. Sec. Litig.,* 83 F.Supp.2d 1172, 1175 n. 1 (D.Or.1999) (court stays discovery during pendency of third set of motions to dismiss); *Powers,* 961 F.Supp. at 236 (even after district court denied motion to dismiss in part and granted it in part, court maintained stay of discovery because defendants moved for reconsideration).

In this Court's view, there is no ambiguity in the plain language of the PSLRA's stay provision; the automatic stay applies while "any motion to dismiss " is pending, just as the statute permits "any" party to seek particularized discovery upon a showing of need. Thus, the stay would apply where there is a pending motion to dismiss brought by either one or all of the defendants, and regardless of whether the motion is brought initially to dismiss a complaint, or subsequently, in response to an amended complaint. Although a court need not consider legislative history and intent when the language of a statute is unambiguous, courts have noted that one purpose of the stay provision is to prevent a plaintiff from utilizing discovery to formulate a claim. *See SG Cowen Sec. Corp. v. United States Dist. Court for the N. Dist. of California,* 189 F.3d 909, 912 (9th Cir.1999) ("[T]he district court granted plaintiffs leave to conduct discovery so that they might uncover facts sufficient to satisfy the Act's pleading requirements. This is not a permissible reason for lifting the discovery stay under the Act." ); *Medhekar v. United States Dist. Court for the N. Dist. of California,* 99 F.3d 325, 328 (9th Cir.1996) ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed."); *AOL Time Warner, Inc. Sec. & "ERISA" Litig.,* No. 02 Civ. 5575(SWK), 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003) (in denying motion to lift PSLRA discovery stay, court notes: "Nor can it be assured that plaintiffs will not attempt to use the discovery materials in opposition to the recently filed motion [to dismiss]." ); *Faulkner,* 156 F.Supp.2d at 402-03 (denying request to lift stay of discovery where sole purpose was to uncover facts to support fraud allegations in the complaint); *Tyco Int'l Ltd. Sec. Litig.,* No. 00MD1335, 2000 WL 33654141, at *5 (D.N.H. July 27, 2000) ("courts have concluded that the PSLRA does not allow plaintiffs to obtain relief from the statutory stay to discover facts necessary to satisfy the Act's heightened pleading requirements").

*4 Plaintiff intends to replead some of its claims, and the Court has yet to determine the sufficiency of the repleaded claims. As contemplated by the PSLRA, Plaintiff must replead its claims without the benefit of pretrial discovery. *Cf. Rampersad v.*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                          Page 4

Slip Copy, 2005 WL 2647945 (S.D.N.Y.)
**(Cite as: Slip Copy)**

*Deutsche Bank Sec. Inc.,* 381 F.Supp.2d 131, 134 (S.D.N.Y.2003) ("discovery should be permitted in securities actions only after the court has sustained the legal sufficiency of the complaint") (quoting *Faulkner,* 156 F.Supp.2d at 403). [FN2]

> FN2. The Court recognizes that substantial portions of the Complaint have been determined to be legally sufficient, thus eliminating any argument that Plaintiff has filed a frivolous lawsuit. Nevertheless, in the absence of some compelling need, the PSLRA requires that the sufficiency of all claims asserted under the federal securities laws be determined before discovery proceeds.

Nevertheless, the PSLRA's discovery stay is not absolute. The stay provision provides exceptions where there is a likelihood of undue prejudice, or a need to preserve evidence is demonstrated. Here, the Court does not perceive any risk of a loss of evidence or substantial prejudice to Plaintiff if the PSLRA discovery stay remains in effect. Plaintiff's argument, that a lift of the discovery stay is necessary to preserve evidence, no longer has force since Plaintiff sent preservation letters to ten broker-dealers, and Judge Swain granted Plaintiff permission, on September 21, 2005, to send a preservation letter to Defendant Ladenburg Thalmann. See *Trump Hotel S'holder Derivative Litig.,* 1997 WL 442135, at *2 (denying the plaintiff's motion for lift of PSLRA stay, but granting order to preserve documents). Unlike other cases where a PSLRA stay has been lifted, Plaintiff has not shown exigent circumstances that risk substantially prejudicing Plaintiff. See e.g., *In re Global Crossing,* 322 F.Supp.2d at 352-353 (granting lift of PSLRA stay as to discovery from defendant Arthur Andersen, while other defendants' motions to dismiss remained pending, because the other motions presented distinct factual allegations and legal issues, Andersen's motion to dismiss was resolved almost entirely in favor of plaintiff, and Andersen as an entity was in the process of winding down); *In re WorldCom, Inc. Sec. Litig.,* 234 F.Supp.2d 301, 305-306 (S.D.N.Y.2002) (lifting PSLRA stay where the plaintiffs made a showing that requested documents had been produced to multiple government agencies in response to several investigations, and as the only parties that did not have the documents, plaintiffs would have been put at a disadvantage for purposes of litigation and settlement negotiations). Nor does the fact that some of the documents that Plaintiff seeks have been produced to the government justify lifting the PSLRA's automatic discovery stay. See *Rampersad,* 381 F.Supp.2d at 133-134 (noting that there is no categorical exception to the PSLRA's discovery stay provision for information that has been provided to a government agency).

Accordingly, the Court confirms that discovery is stayed until all motions to dismiss the Second Amended Complaint have been resolved.

SO ORDERED.

S.D.N.Y.,2005.
Sedona Corp. v. Ladenburg Thalmann
Slip Copy, 2005 WL 2647945 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:03cv03120 (Docket) (May. 05, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.