Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1

Not Reported in F.Supp.2d, 2000 WL 621112 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Only the Westlaw citation is currently available.
United States District Court, D. Massachusetts.
John SPRAGUE, Plaintiff
v.
UNITED AIR LINES, INC. Defendant
No. Civ.A.97-12102.

May 3, 2000.

MEMORANDUM AND ORDER

OTOOLE, J.
*1 The following pending motions are resolved as follows:

I. THE MOTIONS TO EXCLUDE EXPERT TESTIMONY

United has filed motions to exclude the testimony of two of Sprague's experts, Dr. Gillian Kerr [FN1] and Donald Vallerand. Sprague opposes both.

> FN1. United's motion for leave to file a reply brief on the motion to exclude Kerr's testimony is GRANTED.

Kerr is an expert witness who would testify about "assistive technologies" that might allow Sprague to perform certain functions that may (or may not) be essential to a line mechanic's job. Sprague designated her as a rebuttal witness several months after the deadline passed for doing so.

Sprague justifies Kerr's late designation on two grounds. First, Sprague notes that the deposition of the United employee (Barnes) who made the decision to retract Sprague's job offer at Logan airport had to be postponed (for health reasons) several times and, at the time Kerr was designated, was still unfinished. Without Barnes's complete deposition, Sprague says, he was in no position to know for sure what functions United would argue were essential to the job; Sprague needed to have Kerr on deck to hedge against unexpected answers from Barnes. Second, Sprague asserts that Kerr's late designation was prompted by the late designation by United of an audiological expert, Dr. Howard Zubick, whose testimony Kerr would rebut.

Sprague's first reason is more persuasive than the second. Zubick, apparently, will testify that Sprague can't hear certain sounds that are important to airline mechanics; Kerr will testify that even if Sprague can't hear those sounds, various assistive technologies are available to bridge the gap. Kerr rebuts not Zubick's testimony itself but the likely inference from it: that Sprague's inability to hear those sounds makes him a dangerous man to have on the flight line fixing large passenger aircraft on short notice.

Though more persuasive than the second, Sprague's first reason is not sufficient to justify late designation. As United points out, the assistive technologies issue is not new to this case; it certainly did not arise unannounced and unforeseen after the deadline. Nor is Barnes's delayed deposition an adequate excuse; Sprague had other avenues of discovery available to divine what United would (or could) contend are the essential functions of the job. Certainly Sprague could have-ought to have-designated Kerr, or someone with similar qualifications, as an expert witness before the close of the deadline. And Kerr's testimony, though valuable to Sprague, is not essential, since Sprague's core argument is that he is capable of performing the job without assistive technologies. Depriving him of Kerr's testimony, therefore, does not deprive him of evidence essential to his case. United's motion to exclude Kerr's testimony is GRANTED.

The motion to exclude Vallerand's testimony poses a different problem. Vallerand has worked in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2

Not Reported in F.Supp.2d, 2000 WL 621112 (D.Mass.)
**(Cite as: Not Reported in F.Supp.2d)**

aircraft maintenance for roughly 35 years; he teaches the subject at a local technical college and taught Sprague years ago. Vallerand has never worked on large aircraft himself, and his students learn their trade on smaller, general aviation aircraft, not the big jets. But many of his students do find their way to the airlines, and as a result he tries to make them familiar with the business of large aircraft maintenance by organizing regular field trips to Logan Airport, where they observe line mechanics in action. United contends that Vallerand is not familiar enough with the requirements and pressures of a line mechanic's job to render an expert opinion regarding its essential functions and Sprague's ability to fulfill them.

*2 It would be premature to decide that question now, on the record before the Court. Though Vallerand may not have specific experience on large commercial aircraft, he has considerable experience in the general field of aircraft maintenance. And experience is not the sole measure of an expert's qualifications; knowledge or education may also permit one to render an expert opinion on a subject. *See* Fed.R.Evid. 702. The motion to exclude Vallerand's testimony is DENIED, without prejudice.

II. OTHER MOTIONS TO EXCLUDE EVIDENCE

Sprague and United have filed motions to exclude the anticipated opinion testimony of several lay witnesses. United also has filed a motion to exclude evidence related to a recently-conducted test of Sprague's ability to hear using a new hearing aid. Having considered the arguments, these motions are DENIED, without prejudice to any evidentiary objections that may be made at trial.

III. MOTION TO AMEND

Sprague wishes to add a paragraph to his complaint asserting that, even though he currently works for another airline at Logan Airport (AirTran) as a line mechanic, United still refuses to countenance his requests for a job with them. Sprague suggests that the amendment merely makes "clear" United's continuing refusal to hire him. (Pl.'s Mot. to Supplement Compl. at 2.)

It seems that position is clear enough already. United's central argument-that Sprague's disability renders him unfit to perform the essential functions of a United line mechanic's job-has been unwavering. As Sprague points out, both parties stipulate that "United has continued ... to refuse to allow Plaintiff to work as a line mechanic at Logan." (Joint Pretrial Mem. at 7.) To the extent that Sprague's current job as an AirTran line mechanic and United's refusal of Sprague's recent entreaties are facts relevant to the underlying claims as pled, Sprague is welcome to prove them by competent evidence at trial and does not need to add mention of them to the complaint. Liberal amendment is the norm, but that liberality does not extend to the superfluous. The motion to amend is DENIED.

SO ORDERED.

D.Mass.,2000.
Sprague v. United Air Lines, Inc.
Not Reported in F.Supp.2d, 2000 WL 621112 (D.Mass.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.