UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE BIOPURE CORPORATION
SECURITIES LITIGATION

Civ. No. 03-12628 -NG

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION TO LIFT THE AUTOMATIC STAY OF DISCOVERY**

The Plaintiffs respectfully submit this reply memorandum in support of their Motion to Partially Lift the Automatic Stay of Discovery Provided Under the Private Securities Litigation Reform Act With Respect To Documents That Defendants Have Already Produced To the SEC (Docket #80) ("Motion to Lift the Automatic Stay of Discovery").  That motion would permit the Plaintiffs to obtain from the Defendants the documents already produced by the Defendants to the Securities and Exchange Commission ("SEC") and transcripts in the possession of the defendants of any testimony provided to the SEC during its investigation of the Defendants.

The Plaintiffs' initial memorandum in support of this motion (Docket #81) fully articulates the legal and factual reasons why the motion should be granted.  Plaintiffs submit this reply memorandum to emphasize the following:

- There is pending and scheduled for argument on February 2, 2006, Plaintiffs' Motion For Leave to Amend the Complaint (Docket #82) ("Motion to Amend"), which motion, if allowed, would allow the plaintiffs' to file Plaintiffs' Second Consolidated Amended Complaint ("SCAC").  The defendants have opposed the motion to amend on the ground that the SCAC inadequately pleads securities fraud violations by the Defendants and hence the granting of the motion to amend would be "futile".

If, as Plaintiffs expect, the Court agrees with Plaintiffs that the SCAC more than adequately pleads securities fraud against the Defendants and hence allows the Motion to Amend, the instant Motion to Lift the Automatic Stay of Discovery will be moot. The Defendants will have had their "day in court" with respect to the sufficiency of the SCAC, no further motion to dismiss practice would take place, and hence the automatic discovery stay under the PSLRA will have expired, pursuant to the statute.

Lest there be any confusion or misunderstanding that leads to additional motion practice, Plaintiffs respectfully request that the Court, upon granting Plaintiffs' Motion to Amend, order as follows:

1. That the instant Motion to Lift the Automatic Stay of Discovery is moot, because the PSLRA's automatic stay of discovery has ended in light of the granting of the Motion to Amend; and

2. That the Defendants shall, within 30 days, produce to the Plaintiffs:

    a) all documents already produced by the Defendants to the SEC during the SEC's investigation of the Defendants;

    b) all transcripts in the possession of the Defendants of any testimony provided to the SEC during the SEC's investigation of the Defendants; and

    c) all documents produced to the Defendants by the SEC.

Dated: January 27, 2006            Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

**/s/Theodore M. Hess-Mahan**
Edward F. Haber BBO #215620
Theodore M. Hess-Mahan BBO #557109
Matthew L. Tuccillo BBO # 643336
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody
Howard T. Longman
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Co-Lead Counsel For
Lead Plaintiff and The Class**

## Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as nonregistered participants on the 27th day of January, 2006.

**/s/ Edward F. Haber**
Edward F. Haber