214 F.Supp.2d 100                                                                                                             Page 1
214 F.Supp.2d 100
**(Cite as: 214 F.Supp.2d 100)**

Briefs and Other Related Documents

United States District Court,D. Massachusetts.
In re LERNOUT & HAUSPIE SECURITIES LITIGATION
No. CIV.A. 00-CV-11589-PBS.

July 26, 2002.

Defendants in securities fraud class action moved to stay discovery. Ruling on issue of first impression, the District Court, Saris, J., held that Private Securities Litigation Reform Act (PSLRA) did not require staying of discovery against defendants whose motions to dismiss had been denied, during pendency of other defendants' motions to dismiss.

Motion denied.

West Headnotes

**[1] Statutes 361 ⇌188**

361 Statutes
361VI Construction and Operation
361VI(A) General Rules of Construction
361k187 Meaning of Language
361k188 k. In General. Most Cited Cases
Words of statute are first guide to any interpretation of meaning of statute.

**[2] Statutes 361 ⇌188**

361 Statutes
361VI Construction and Operation
361VI(A) General Rules of Construction
361k187 Meaning of Language
361k188 k. In General. Most Cited Cases

**Statutes 361 ⇌217.4**

361 Statutes
361VI Construction and Operation
361VI(A) General Rules of Construction
361k213 Extrinsic Aids to Construction
361k217.4 k. Legislative History in General. Most Cited Cases
Courts do not go beyond text of statute if their meaning, as informed by purpose and context of statute, is plain; if meaning is not plain, then resort to legislative history is required.

**[3] Securities Regulation 349B ⇌2.20**

349B Securities Regulation
349BI Federal Regulation
349BI(A) In General
349Bk2 Constitutional and Statutory Provisions
349Bk2.20 k. Purpose. Most Cited Cases
Purpose of Private Securities Litigation Reform Act (PSLRA) is to eliminate baseless suits filed when company's stock drops. Securities Exchange Act of 1934, § 21D, as amended, 15 U.S.C.A. § 78u-4.

**[4] Federal Civil Procedure 170A ⇌1264**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(A) In General
170Ak1264 k. Actions in Which Remedy Is Available. Most Cited Cases
In securities fraud class action against multiple defendants, Private Securities Litigation Reform Act (PSLRA) did not require staying of discovery against defendants whose motions to dismiss had been denied, during pendency of other defendants' motions to dismiss; such discovery would be limited, however, in order to avoid placing any unnecessary burden on defendants whose dismissal motions were still pending. Securities Exchange Act of 1934, § 21D(b)(3)(b), as amended, 15 U.S.C.A. § 78u-4(b)(3)(b).

**[5] Federal Civil Procedure 170A ⇌1264**

170A Federal Civil Procedure
170AX Depositions and Discovery
170AX(A) In General
170Ak1264 k. Actions in Which Remedy Is Available. Most Cited Cases
Even if Private Securities Litigation Reform Act (PSLRA) provision staying discovery during pendency of dismissal motions applied until resolution of all defendants' motions,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

214 F.Supp.2d 100 Page 2
214 F.Supp.2d 100
**(Cite as: 214 F.Supp.2d 100)**

in securities fraud class action against multiple defendants, undue prejudice exception warranted allowing of at least limited discovery against those defendants whose dismissal motions had been denied; one and one-half year delay in discovery which had already occurred, potential for further delay due to need for compliance with international discovery procedures, and defendant corporation's foreign bankruptcy all combined to raise unique concerns about potential loss of evidence. Securities Exchange Act of 1934, § 21D(b)(3)(b), as amended, 15 U.S.C.A. § 78u-4(b)(3)(b).

**\*101** Michael G. Lange,Berman, DeValerio & Pease, Boston, MA, Steven E. Cauley, Cauley, Geller, Bowman & Coates, Little Rock, AK, W. Todd W. ToddVer Weire, Cauley Geller Bowman & Coates, LLP, Little Rock, AR, Glen DeValerio, Berman DeValerio Pease Tabacco, Burt & Pucillo, Boston, MA, Curtis L. Bowman, Cauley Geller Bowman & Coates, LLP, James P. Bonner, Shalov Stone & Bonner, New York City, Alicia M. Duff, Berman, DeValerio & Pease, Boston, MA, Kenneth A. Ricken, Shalov Stone & Bonner, New York City, Jeffrey C. Block, Berman DeValerio Pease Tabacco, Burt & Pucillo, Boston, MA, Ralph M. Stone, Lee S. Shalov, Shalov Stone & Bonner LLP, New York City, Paul J. Geller, Gene Cauley, Cauley Geller Bowman & Coates, LLP, Little Rock, AR, Robert P. Frutkin, Savett Frutkin Podell & Ryan, PC, Philadelphia, PA, Bernard M. Gross, Deborah R. Gross, Law Offices of Bernard M. Gross, P.C., Philadelphia, PA, Thomas G. Shapiro, Shapiro, Haber & Urmy LLP, Boston, MA, Barbara A. Podell, Savett, Frutkin, Podell & Ryan, P.C., Philadelphia, PA, Richard A. Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, Lisa J. Rodriguez, Rodriguez & Richards, LLC, Haddonfield, NJ, Thomas L. Earp, Earp Cohn P.C., Westmont, NJ, Michael D. Donovan, David A. Searles, Donovan Searles, LLC, Philadelphia, PA, for Plaintiffs.

William R. Moorman, Stephen Wald, Craig & Macauley, P.C., Kevin J. Lesinski, Arnold P. Messing, Choate, Hall & Stewart, Boston, MA, Michael P. Carroll, Davis, Polk & Wardwell, William Fenrich, Davis Polk & Wardwell, Diem-Suong T. Nguyen, Davis, Polk & Wardwell, New York City, John B. Missing, Herbert Thomas, Ellen D. Marcus, Debevoise & Plimpton, Washington, DC, James S. Dittmar, Sanjit S. Korde, Hutchins, Wheeler & Dittmar, Michael A. Collora, Dwyer & Collora, David M. Osborne, Dwyer & Collora, Boston, MA, Donald Chase, Franklin R. Weissberg, David A. Piedra, Peter D. Weinstein, Morrison Cohen Singer & Weinstein, LLP, New York City, James O. Fleckner, Hutchins, Wheeler, & Dittmar, David M. Osburne, Dwyer & Collora, Boston, MA, Rachelle L. DeGregory, Morrison Cohen Singer & Weinstein, LLP, New York City, William Shields, Jonathan I. Handler, Day, Berry & Howard, Boston, MA, Bruce A. Baird, Covington & Burling, Paul W. Schmidt, Jason A. Levine, Covington & Burling, William D. Iverson, Covington & Burling, Andrew Good, Silverglate & Good, Roger E. Zuckerman, Zuckerman Spaeder LLP, Steven M. Salky, Zuckerman Spaeder LLP, Washington, DC, Michael P. Connolly, Murtha Cullina Roche Carens & DeGiacomo, Boston, MA, Frank Rozzano, Dickstein Shapiro Morin & Oshinsky, LLP, Tara J. Holubar, Dickstein Shapiro Morin & Oshinsky, LLP, Washington, DC, Robert J. Kaler, Gadsby & Hannah LLP, Boston, MA, Douglas H. Meal, Ropes & Gray, Boston, MA, David H. Braff, Bradley A. Harsch, Sullivan & Cromwell, New York City, **\*102**Emily F. Klineman, Ropes & Gray, Boston, MA, Philip L. Graham, Jr., Stephanie G. Wheeler, Sullivan & Cromwell, New York City, Theodore Edelman, Sullivan & Cromwell, London EC4A 1AN, England, Erick Lund, Posternak, Blankstein & Lund, Boston, MA, David N. Ellenhorn, Louis M. Solomon, Teresa A. Gonsalves, Solomon, Zauderer Ellenhorn, Frischer & Sharp, New York City, Thomas W. Evans, Cohen & Fierman, LLP, Boston, MA, Janet B. Fierman, Cohen & Fierman, LP, Boston, MA, John W. Polk, Baker & McKenzie, Washington, DC, Robert M. Cohen, Cohen & Fireman, LLP, Boston, MA, John A. Gilmore, Nelson Callahan, Hill & Barlow, Boston, MA, George A. Salter, John A. Redmon, Nicholas W.C. Corson, Hogan & Hartson, LLP, New York City, Sarah E. Walters, Gus P. Coldebella, Anthony M. Feeherry, Goodwin Procter LLP, Boston, MA, for Defendants.

Michael L. Hirschfeld, Jeffrey Barist, Douglas W. Henkin, Milbank, Tweed, Hadley & McCloy, New York City, Sherrie R. Savett, Berger & Montague, Philadelphia, PA, Jonathan Shapiro, Stern, Shapiro, Weissberg & Garin, Boston, MA, Joseph H. Weiss, Jack I. Zwick, David C. Katz, Weiss & Yourman, New York City, for Interested Parties.

Brian E. Pastuszenski, Christopher F. Robertson, Testa,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Hurwitz & Thibeault, Boston, MA, for consolidated defendant Francis Vanderhoydonck.

MEMORANDUM AND ORDER

SARIS, District Judge.

### I. Introduction

This proposed securities fraud class action raises a novel question under the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), which stays discovery while any motion to dismiss is pending unless certain circumstances exist. [FN1] In a class action against multiple defendants, does the PSLRA stay discovery against a defendant whose motion to dismiss has been denied during the pendency of other defendants' motions to dismiss?

> FN1. The automatic stay provision reads:
> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.
> 15 U.S.C. § 78u-4(b)(3)(B)(2000).

After extensive briefing and a lengthy hearing, this Court recently denied motions to dismiss brought by four senior officer defendants in this proposed class action. Several other defendants' motions to dismiss remain pending. Defendants now seek to stay discovery until all motions to dismiss are resolved. After reviewing the submissions, this Court *DENIES* defendants' motions to stay discovery and orders that discovery may proceed against the senior officers. However, I limit the scope of that discovery.

### II. BACKGROUND

This case involves allegations of massive accounting fraud at now-bankrupt Lernout & Hauspie Speech Products, N.V. ("L & H"), a Belgian speech recognition software corporation.

Lead plaintiffs in the proposed consolidated class action purchased L & H common stock and stock options between April 28, 1998 and November 8, 2000 (the "Class Period"). Plaintiffs brought this action against twenty-eight defendants, including L & H senior officers, members of the company's board of directors, L & H's outside auditors KPMG, and several other individuals and related entities that allegedly injured purchasers of L & H common stock and stock options on the NASDAQ **\*103** exchange during the Class Period. [FN2] The Amended Complaint alleges that defendants participated in massive accounting and securities fraud, giving rise to claims under sections 10(b) and 20(a) of the Securities and Exchange Act of 1934, and subjecting the action to the requirements of the PSLRA. [FN3]

> FN2. The pertinent factual background is set out in this Court's June 19, 2002 Opinion, *In re Lernout & Hauspie Sec. Litig.,* 208 F.Supp.2d 74 (D.Mass.2002). The Court assumes familiarity with these facts.

> FN3. The Complaint alleges violations of Section 10(b) against: the senior L & H officer defendants (Count I); the outside directors who sat on the L & H Audit Committee (Count II); three defendants who sold stock while in possession of material non-public information (Count IV); three L & H related entities and an individual alleged to have fraudulently subsidized customer purchases from L & H (Count V); the KPMG entities (Count VI). It also alleges violations of Section 20(a) of the Exchange Act against: the senior officer defendants, the director defendants, and the audit committee defendants (Count III); as well as two KPMG entities (Count VII). Finally, it alleges respondeat superior liability against two corporations which had exercised their power to appoint members of the L & H Board (Count VIII).

In addition to the consolidated class action, this Court has before it three related actions transferred from the District of Delaware involving many of the same defendants named in the class action. Two of the actions, *Filler v. Lernout* and *Bamburg v. Lernout,* were brought by former shareholders of Dragon Systems, Inc. who acquired shares in L & H

214 F.Supp.2d 100                                                                                                                          Page 4
214 F.Supp.2d 100
**(Cite as: 214 F.Supp.2d 100)**

pursuant to a June 2000 agreement to merge Dragon into a U.S. subsidiary of L & H, known as L & H Holdings USA, Inc. [FN4] The plaintiffs in the third action, *Stonington Partners, Inc. v. Dammekens,* purchased L & H stock in a May 2000 merger of Dictaphone Corporation into a subsidiary of L & H. As in the class action, plaintiffs in the three related actions allege 10(b) and 20(a) claims, but add a set of common law fraud and fraudulent misrepresentation claims not present in the class action Amended Complaint. [FN5]

> FN4. On June 12, 2002, *Baker v. KPMG LLP,* 02-CV-10305, was consolidated with *Bamburg v. Lernout,* 02-CV-10304. Both actions were brought by L & H stockholders who acquired their stock through the June 2000 Dragon merger and involve a similar set of claims. The consolidated action is now docketed under 02-CV-10304.

> FN5. While they rely on many of the same factual allegations present in the class complaint, the related party plaintiffs base their common law fraud claims in part on a distinct fact pattern: private conversations in meetings involving several of the defendants.

Defendants in the class action and related actions have moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and the heightened pleading requirements of the PSLRA. To address the multiple motions to dismiss, this Court divided the defendants into functional groups and established a schedule to hear each group's motions in turn: senior officers (April 24, 2002); KPMG entities (June 13, 2002); individual board members, Microsoft, and RVD Securities (July 23, 2002); related entities (September 12, 2002); remaining motions to dismiss (October 10, 2002). In its June 19, 2002 Opinion, this Court denied the senior officers' motions to dismiss in the proposed class action. [FN6]

> FN6. The senior officers have also filed motions to dismiss in the three related actions transferred from Delaware. The Court has not yet ruled nor heard arguments on these motions to dismiss. Since the senior officers' motions to dismiss are pending in the related actions, the PSLRA discovery stay remains in place in those actions until those motions have been resolved.

Defendants move, pursuant to § 78u-4(b)(3)(B), for an order staying all discovery **\*104** -including discovery against the senior officers-until all motions to dismiss have been resolved. Lead plaintiffs oppose this motion and have filed an affidavit stating their intent to begin limited discovery following any denial of a motion to dismiss. [FN7]

> FN7. Lead plaintiff counsel's affidavit states:
> In the event the Court permits plaintiffs to conduct discovery following the denial of any defendant's motion to dismiss but before all motions to dismiss have been adjudicated, plaintiffs currently intend to serve: (a) document requests and interrogatories upon those defendants whose motions to dismiss have been denied; (b) document requests upon those defendants whose motions to dismiss have not been adjudicated; and (c) document subpoenas upon third parties. Plaintiffs only intend to take depositions at present if the potential deponent may be unavailable in the future.
> Affidavit of Jeffrey Block at 2.

### III. DISCUSSION

#### A. *Applicability of Stay Provision*

The PSLRA contains the following stay of discovery provision:
In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

§ 78u-4(b)(3)(B). The narrow question presented is whether this provision, and specifically the language "during the pendency of any motion to dismiss," stays discovery against four defendants whose motions to dismiss have been denied while motions to dismiss by other defendants are pending.

This is a question of first impression, but one that joins an

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

214 F.Supp.2d 100 Page 5
214 F.Supp.2d 100
**(Cite as: 214 F.Supp.2d 100)**

ongoing debate over how broadly or narrowly to interpret § 78u-4(b)(3)(B) in various settings. *Compare Medhekar v. United States Dist. Court for the N. Dist. of Cal.,* 99 F.3d 325, 328 (9th Cir.1996) (per curiam) (holding that the terms "discovery and other proceedings" include initial disclosures) *and In re Carnegie Int'l Corp. Sec. Litig.,* 107 F.Supp.2d 676, 679, 683 (D.Md.2000) (holding that "all discovery" includes discovery from non-parties as well as parties, and that a motion to dismiss is "pending" even if parties have not yet filed, but intend to file, a motion to dismiss) *and Powers v. Eichen,* 961 F.Supp. 233, 236 (S.D.Cal.1997) (extending "pendency" to the period during which a court is reconsidering its ruling on a motion to dismiss) *with In re Comdisco Sec. Litig.,* 166 F.Supp.2d 1260, 1261-62 (N.D.Ill.2001) (doubting whether the stay provision was intended to apply to initial disclosures and ordering the production of officers' and directors' insurance policies) *and Tobias Holdings, Inc. v. Bank United Corp.,* 177 F.Supp.2d 162, 169 (S.D.N.Y.2001) (holding that "any private action arising under this chapter" excludes plaintiff's non-fraud state law claims where jurisdiction is based on diversity of citizenship) *and In re Grand Casinos, Inc. Sec. Litig.,* 988 F.Supp. 1270, 1272 (D.Minn.1997) (lifting the automatic stay for the limited purpose of serving subpoenas duces tecum on non-parties).

### 1. *Plain Meaning*

[1] [2] When interpreting the PSLRA, the Court must follow the well-established canon of statutory construction that "the words of the statute are the first guide to any interpretation of the meaning of the statute." *Greebel v. FTP Software, Inc.,* 194 F.3d 185, 192 (1st Cir.1999) (construing the PSLRA). "The usual maxim is that courts do not go beyond the text of the statute if the meaning is plain," where **\*105** the plain meaning is "informed by the purpose and context of the statute." *Id.* (*citing United Food & Commercial Workers Union, Local 328 v. Almac's Inc.,* 90 F.3d 1, 5 (1st Cir.1996)). "If the meaning is not plain from the words of the statute, then resort to legislative history is required." *Greebel,* 194 F.3d at 192 (citing *Akins v. Penobscot Nation,* 130 F.3d 482, 488 (1st Cir.1997)).

Defendants argue that the language "all discovery shall be stayed ... during the pendency of any motion to dismiss" is plain on its face and should be interpreted as precluding discovery, even as to those four defendants whose motions to dismiss were denied, so long as any other defendant's motion to dismiss is pending.

A close reading of the statutory provision suggests that its meaning is not as plain as defendants contend. The language "all discovery ... shall be stayed during the pendency of any motion to dismiss" suggests two competing reasonable interpretations. One, which defendants support, would read "any" as "all," suggesting that no discovery may proceed against any party to an action until all motions by all parties are resolved. The provision could also be read to mean that all discovery against a party must be stayed during the pendency of any motion to dismiss filed by that party. I conclude that the provision is ambiguous on its face.

Defendants contend, however, that one court has already resolved the statute's ambiguity regarding multiple defendants. *See In re CFS-Related Sec. Fraud Litig.,* 179 F.Supp.2d 1260, 1263, 1268 (N.D.Okla.2001) (staying discovery against a defendant who had not moved to dismiss pending the resolution of other defendants' motions to dismiss). FN8 In that case, the magistrate judge concluded that "[a]s long as any defendant has filed a motion to dismiss ... the PSLRA stays 'all discovery,' even discovery against answering, non-moving defendants." 179 F.Supp.2d at 1263.

> FN8. Defendants also point to *Hilliard v. Black,* 125 F.Supp.2d 1071 (N.D.Fla.2000), as support for this proposition. The court in *Hilliard* denied a motion to dismiss brought by two of twelve defendants. After denying this motion, the court held that the automatic stay would remain in place due to the pendency of one other motion to dismiss by an unspecified defendant. *Id.* at 1084. However, the opinion contains no discussion of the statutory provision, and no discussion of the stay beyond the order itself.

*In re CFS* is distinguishable from the instant case in one crucial respect: *In re CFS* applied the automatic stay to block discovery against a *non-moving* defendant while other parties' motions to dismiss were pending. That court had no

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

opportunity to weigh the case against the non-moving defendant before considering lifting the discovery stay. In the instant case, this Court has denied four motions to dismiss and has benefitted from extensive briefing and a hearing on the allegations against the four senior officers before ruling on discovery. No court has resolved the textual ambiguity in this scenario where a federal court has had the opportunity to triage the core allegations of securities fraud and determined that they pass PSLRA muster.

### 2. *Legislative Intent*

Because the text of the stay provision is ambiguous on its face, it is appropriate to consider the legislative history of the PSLRA.

[3] Congress enacted the PSLRA in order "to curb perceived abuse in private securities litigation." *In re Galileo Corp. S'holders Litig.,* 127 F.Supp.2d 251, 260 (D.Mass.2001) (*citing* Greebel, 194 F.3d at 191); *see also* **\*106**H.R. Conf. Rep. No. 104- 369, at 32 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 731 [hereinafter Conference Report]. Specifically, the Act seeks to "eliminate baseless suits filed when a company's stock drops." *Van Ormer v. Aspen Tech., Inc.,* 145 F.Supp.2d 101, 103 (D.Mass.2000).

The PSLRA raises a series of procedural hurdles to private securities fraud actions, including an automatic stay of discovery pending the resolution of a motion to dismiss. § 78u-4(b)(3)(B). Congress enacted the provision in response to testimony about two related abuses. First, there were indications that "the cost of discovery often forces innocent parties to settle frivolous securities class actions." Conference Report at 37, 735. Second, Congress heard testimony that "plaintiffs sometimes file frivolous lawsuits in order to conduct discovery in hopes of finding a sustainable claim not alleged in the complaint." S.Rep. No. 104-98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693 [hereinafter Senate Report]. The stay provision deters these so-called "strike suits" and "fishing expeditions" by mandating that aside from certain exceptional circumstances, "discovery ... be permitted only after the court has sustained the sufficiency of the complaint." Senate Report at 14, 693.

It does not appear that Congress specifically considered the scenario of multiple defendants with multiple motions to dismiss. It remains then for the Court to apply the general principles described above to the facts of this case.

### 3. *Application to this Case*

[4] I conclude that allowing limited discovery to proceed against the four senior officers is consistent with the intent of the stay provision. Neither of the perceived abuses addressed by Congress is present in this situation. Since the plaintiffs' complaint has easily survived four defendants' motion to dismiss, discovery against those defendants cannot be deemed merely a "fishing expedition" to find a sustainable claim. Senate Report at 14, 693. Nor can discovery against those defendants be an attempt to force "innocent parties to settle frivolous class actions." Conference Report at 37, 735.

Defendants express concern that allowing discovery against the four senior officers might impose incidental costs on defendants with pending motions to dismiss. For example, a defendant not yet subject to discovery may choose to monitor the discovery against other defendants. *See In re CFS,* 179 F.Supp.2d at 1263-64. Also, allowing discovery in stages has the potential to produce "multiple rounds of discovery requests" and therefore inefficiency in the discovery process. *Id.* at 1264. Defendants contend that these incidental costs require keeping the stay in place until the resolution of all motions to dismiss.

The Court retains ample discretion to tailor discovery to minimize incidental costs incurred by defendants with pending motions to dismiss. *See* Fed.R.Civ.P. 26(b)(2) (giving the court discretion to limit the frequency and extent of discovery if, among other factors, "the burden or expense of the proposed discovery outweighs its likely benefit"); *see also* Ameristar Jet Charter, Inc. v. Signal Composites, Inc. 244 F.3d 189, 193 (1st Cir.2001) (discussing the district court's "discretion to limit discovery" under Fed.R.Civ.P. 26(b)(2)). The Court also has mechanisms at its disposal to sequence discovery so as to avoid significant duplication of discovery requests. *See* Fed.R.Civ.P. 26(d) (giving the court discretion to sequence discovery upon the motion of a party "for the convenience of parties and witnesses and in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

214 F.Supp.2d 100                                                                                                      Page 7
214 F.Supp.2d 100
**(Cite as: 214 F.Supp.2d 100)**

interests of justice"); *see also* **\*107**In re San Juan Dupont Plaza Hotel Fire Litig., 859 F.2d 1007, 1011-12 (1st Cir.1988) (commenting that the 1983 amendments to the Federal Rules had given the trial judge "broad new powers designed affirmatively and specifically to allow the judge to control the pretrial phases of complex litigation" and the ability to "meet the idiosyncratic needs of any pending piece of litigation"). With these mechanisms available, there is little danger that incidental discovery costs imposed on moving parties will force "innocent parties to settle frivolous securities class actions." Conference Report at 37, 735.

Furthermore, once the PSLRA has been satisfied, the general presumption for liberal discovery provides the backstop. *See* Ameristar, 244 F.3d at 192 ("The Supreme Court has long recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery.") (*citing* Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947)); *see also* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2008 (2d ed.1994) (discussing the generally broad scope of discovery).

I conclude that the automatic stay does not apply to the particular facts of this case and that allowing discovery to proceed in a measured way against the senior officers is consistent with the PSLRA. I have imposed certain limits on that discovery, which are set out in Part II.C of this Opinion, in recognition of the policy concerns embodied in the PSLRA.

### B. *Undue Prejudice Exception*

[5] Since the PSLRA automatic stay does not apply in this situation, discovery against the senior officers is justified without recourse to the provision's undue prejudice exception. However, even if the stay were to remain in place pending the resolution of all motions to dismiss, the exceptional circumstances present here support the decision to allow limited discovery. I conclude that the particularized discovery allowed in Part II.C of this Opinion is necessary to avoid undue prejudice to the plaintiffs.

Congress built a safety valve into the PSLRA automatic discovery stay provision: the court may lift the stay during the pendency of a motion to dismiss if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice." § 78u-4(b)(3)(B).

There has been significant discussion of what burdens satisfy the undue prejudice requirement. Undue prejudice requires a showing of improper or unfair detriment that need not reach the level of irreparable harm. *See* Med. Imaging Ctrs. of Am. v. Lichtenstein, 917 F.Supp. 717, 720 (S.D.Cal.1996). Without more, a plaintiff's inability to muster facts sufficient to survive a motion to dismiss is not grounds for lifting the stay. *See* SG Cowen Sec. Corp. v. United States Dist. Court for the N. Dist. of Cal., 189 F.3d 909, 913 (9th Cir.1999). *But see* Med. Imaging, 917 F.Supp. at 721 n. 3 (indicating that the court would find undue prejudice upon a showing that without discovery defendants would be shielded from eventual liability for any material violations of the securities laws); In re Flir Sys., Inc. Sec. Litig., 2000 Fed. Sec. L. Rep. (CCH) ¶ 91,308, 2000 WL 33201904, at \*3 (D.Or. Dec. 13, 2000) ("[t]he PSLRA is ... not to be a sword with which defendants can destroy the plaintiffs' ability to obtain information from third parties who are otherwise willing to disclose it"). Other common grounds discussed in undue prejudice determinations include potential destruction of evidence and significant litigation delay. *See, e.g.,* In re CFS, 179 F.Supp.2d at 1265-66.

**\*108** In addition to showing that continuing the stay would impose an undue burden, the party seeking discovery under the exception must adequately specify the target of the requested discovery and the types of information needed to relieve that burden. *See, e.g.,* Mishkin v. Ageloff, 220 B.R. 784, 792-95 (S.D.N.Y.1998). While "the concept of particularized discovery is a nebulous one, and the phrase is not devoid of ambiguity," Mishkin, 220 B.R. at 793, courts have delineated the outer limits of what requests do and do not qualify as sufficiently particularized. *Compare* Anderson v. First Sec. Corp., 157 F.Supp.2d 1230, 1242 (D.Utah 2001) (holding that a request for depositions and accompanying document production from three non-parties was sufficiently particularized) *and* Vacold LLC v. Cerami,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

214 F.Supp.2d 100                                                                                                                        Page 8
214 F.Supp.2d 100
**(Cite as: 214 F.Supp.2d 100)**

2001 Fed. Sec. L. Rep. (CCH) ¶ 91,334, 2001 WL 167704, at *7 (S.D.N.Y. Feb. 16, 2001) (allowing discovery on the limited issue of the nature and timing of a disputed contract) *with* Faulkner v. Verizon Communications, Inc., 156 F.Supp.2d 384, 404 (S.D.N.Y.2001) (holding that a request for 45,000 pages of documents was not sufficiently particularized to meet the undue prejudice standard) *and* Mishkin, 220 B.R. at 793-95 (holding that a request for discovery from defendants, named third parties, unnamed third parties, and an unspecified number of customers of a third-party corporation constituted an "open-ended, boundless universe of discovery" and failed the particularity requirement).

Plaintiffs argue that staying discovery against the senior officer group until all other motions are resolved would unduly prejudice them. Discovery has already been stayed for a year and a half. Further delay (possibly more than six months) during the resolution of all the pending motions would, plaintiffs argue, raise the danger of lost documents and faded witnesses' memories. The bankruptcy of L & H exacerbates this situation and raises the added dangers of poorly maintained records and dispersal of key witnesses. Therefore plaintiffs have requested the following limited discovery: 1) document requests and interrogatories upon defendants whose motions to dismiss have been denied, 2) document requests upon those defendants with pending motions to dismiss, and 3) document subpoenas upon third parties.

Defendants respond that while continuing the stay would delay plaintiffs' discovery, that delay does not rise to the level of undue prejudice since it is just this type of delay that Congress anticipated in drafting the stay provision. One court has found this argument persuasive. *See* In re CFS, 179 F.Supp.2d at 1265 (holding that a discovery delay of over a year raises concerns "presented in all securities cases" and "inherent in the stay which Congress mandated"). Defendants add that even if plaintiffs have made a case for undue prejudice, they have not requested discovery with the required particularity.

I conclude that plaintiffs have made an adequate showing that continuing the stay in this scenario would result in undue prejudice to them. The delay before the start of discovery will likely span two years, longer than the delay anticipated in any of the reported decisions. Further exacerbating the delay, plaintiffs must comply with international discovery procedures in serving foreign parties, a process which may add several months to the discovery process, particularly in light of the pending criminal proceedings. *See* 6 James Wm. Moore et al., Moore's Federal Practice § 28.12[1] (3d ed.1999) (noting that executing letters of request "may take six months to one year, or even longer"). And while Congress must have anticipated that the PSLRA would delay the discovery process, this case presents a particularly extreme**\*109** set of circumstances on top of litigation delay raising real concerns about loss of evidence. Many of the witnesses and documents are located in Europe and Asia where the Court has uncertain authority to enforce its preservation orders, let alone oversee the automatic preservation order imposed by the PSLRA. The bankruptcy and potential dissolution of L & H and/or its subsidiaries likewise must be considered.

The question remains whether plaintiffs have made a sufficiently particularized request for discovery tailored to the threatened prejudice. FN9 The requested discovery in this case falls somewhere between the outer limits courts have previously established on particularity. The request is more particularized than some requests courts have rejected in the past; notably, plaintiffs in this case have requested no depositions, nor have they sought interrogatories from defendants with pending motions to dismiss. *Cf.* Mishkin, 220 B.R. at 793-95 (rejecting a request for "documents and testimony" from the defendants, several named third parties, and a group of unnamed third parties as insufficiently particularized). On the other hand, the scope of this request exceeds the discovery generally allowed under the exception. *Cf.* Vacold, 2001 WL 167704, at *7, (allowing discovery on the limited issue of the nature and timing of a disputed contract); In re Flir Sys., 2000 WL 33201904, at *3 (lifting the stay to allow the deposition a former defendant employee).

> FN9. Because of the rather unusual procedural posture of this case, plaintiffs have not made a formal motion for particularized discovery. Instead, plaintiffs have opposed defendants' motions to stay

all discovery and expressed their intention in an affidavit to proceed with the limited discovery described above after the denial of any motion to dismiss.

Considering the unusual procedural posture of this case, the magnitude of the threatened prejudice, and the significant danger of further delay, I conclude that the requested discovery as modified in Part II.C of this Opinion is sufficiently particularized to meet the specific dangers posed by continuing the stay, and justified under the undue prejudice exception to the discovery stay provision.

### C. *Conclusion*

Discovery may proceed against the senior officer defendants in the proposed class action. However, I place limits on that discovery to uphold the policy concerns behind the PSLRA stay provision and avoid unnecessary burden on those defendants with pending motions to dismiss. *See Anderson, 157 F.Supp.2d at 1242* (allowing discovery to proceed during the pendency of a motion to dismiss, but limiting that discovery to 1) issues or claims already in the complaint, 2) depositions and accompanying document requests of three employees of a third party, and 3) a period of 120 days).

Plaintiffs may proceed with the following discovery: 1) document requests and interrogatories upon any party with respect to which a motion to dismiss has been denied; and 2) document subpoenas upon non-parties, limited to issues relevant to the allegations in the class complaint against the senior officers. No depositions may be taken without permission of the Court. However, plaintiffs may begin the process of seeking depositions abroad to be taken after all motions to dismiss are resolved.

### ORDER

Defendants' Motions to Stay Discovery pending the resolution of all motions to dismiss (Docket Nos. 294, 300, 307) are **\*110 DENIED.** Plaintiffs' request for limited discovery is **ALLOWED** as outlined above.

D.Mass.,2002.
In re Lernout & Hauspie Securities Litigation
214 F.Supp.2d 100

Briefs and Other Related Documents (Back to top)

• 2004 WL 602810 (Trial Filing) Affidavit of Jan Ravelingien in Support of Class Plaintiffs' Motion to Compel KPMG LLP to Answer Interrogatories and Produce Documents (Mar. 02, 2004)

• 2004 WL 603856 (Trial Motion, Memorandum and Affidavit) Class Plaintiffs' Memorandum of Law in Support of Their Motion to Compel KPMG LLP to Produce Documents (Jan. 23, 2004)

• 2003 WL 23341444 (Trial Motion, Memorandum and Affidavit) Reply Brief of Defendant Flanders Language Valley Fund, C.V.A. in Support of Motion to Dismiss for Lack of Personal Jurisdiction (Dec. 04, 2003)

• 2003 WL 23341441 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Memorandum in Opposition to Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren's Revised Motion for a Limited Stay of This Litigation (Jul. 10, 2003)

• 2003 WL 23341430 (Trial Motion, Memorandum and Affidavit) KPMG LLP's Opposition to Plaintiffs' Sur-Reply Dated July 3, 2003 (Jul. 08, 2003)

• 2003 WL 23341434 (Trial Motion, Memorandum and Affidavit) Defendant FLV Fund's Memorandum in Opposition to the Exercise of Pendent Personal Jurisdiction over FLV Fund (Jul. 07, 2003)

• 2003 WL 23341437 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Supplemental Memorandum Requiring KPMG LLP to Produce All Documents Produced to the Securities and Exchange Commission Including Transcripts of Testimony (Jul. 03, 2003)

• 2003 WL 23341438 (Trial Motion, Memorandum and Affidavit) Mercator Assurances S.A.'s Supplemental Brief Addressing Personal Jurisdiction in Cases Asserting Both Federal and State Claims (Jul. 03, 2003)

• 2003 WL 23341440 (Trial Motion, Memorandum and Affidavit) Mercator Assurances S.A.'s Supplemental Brief Addressing Personal Jurisdiction in Cases Asserting Both Federal and State Claims (Jul. 03, 2003)

• 2003 WL 23341427 (Trial Motion, Memorandum and Affidavit) Memorandum in Support of Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren's Revised Motion for a Limited Stay (Jun. 26, 2003)

• 2003 WL 23341442 (Trial Motion, Memorandum and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

214 F.Supp.2d 100                                                                                                                      Page 10
214 F.Supp.2d 100
**(Cite as: 214 F.Supp.2d 100)**

Affidavit) KPMG LLP's Supplemental Memorandum in Opposition to Plaintiffs' Motions to Compel Production of Documents (Jun. 16, 2003)

• 2003 WL 23341423 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Sur-Reply Memorandum in Opposition to KPMG-Belgium's Motion to Stay (Jun. 12, 2003)

• 2003 WL 23341443 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Response to Certain Individual Defendants' Request to Modify the Proposed Protective Order to Allow Defense Counsel to Use U.S. Discovery in Belgium Proceedings (Jun. 03, 2003)

• 2003 WL 23341435 (Trial Motion, Memorandum and Affidavit) Alex Vieux's Reply Memorandum in Support of His Motion to Vacate Default Judgment (May. 30, 2003)

• 2003 WL 23341425 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Opposition to Kpmg-Belgium's Motion to Stay (May. 21, 2003)

• 2003 WL 23341436 (Trial Motion, Memorandum and Affidavit) Joint Reply Memorandum of Law in Support of Plaintiffs' Motion to Compel Discovery from Defendant Klynveld Peat Marwick Goerdeler Bedrijfsrevisoren (May. 21, 2003)

• 2003 WL 23341426 (Trial Motion, Memorandum and Affidavit) Lead Plaintiffs' Memorandum of Law in Opposition to Alex Vieux's Motion to Vacate Default Judgment (May. 16, 2003)

• 1:00cv11589 (Docket) (Aug. 09, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.