UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: BIOPURE CORPORATION SECURITIES LITIGATION | ) ) ) ) | Civil Action No. 03-12628-NG |

GERTNER, D.J.:

**ORDER**

I. **INTRODUCTION**

This class action alleges violations of securities law by defendant Biopure and six individual defendants, all officers and/or directors of the company. The plaintiffs claim that the defendants violated §§ 10(b) and 20(a) of the Exchange Act, as well as Rule 10b-5 promulgated under the Act, by issuing twenty-one allegedly materially misleading statements concerning the development and prospects for Food and Drug Administration approval of Hemopure, the company's principal product.[1]

Before me are multiple pending motions: plaintiffs' Motion for Leave to Amend the Complaint [#82]; Motions to Dismiss by defendant Richards and the remaining defendants [#62, #64]; defendants' Motion for Judicial Notice of SEC Filing [#101]; a Motion for Judicial Notice made by plaintiffs orally on February 2, 2006; and plaintiffs' Motion for Discovery [#80]. I have also

---

[1] There is a second lawsuit, a shareholder derivative action, filed in this Court against Biopure and multiple individual defendants. In that case, Civil Action No. 04-10177-NG, the plaintiffs claim that the defendants breached their fiduciary duties and otherwise mismanaged the company by allegedly concealing negative information about Hemopure's prospects and development.

agreed to read the defendants' Oppositions to the plaintiffs' Motion to Amend as motions to dismiss the Proposed Second Amended Complaint.

For the reasons explained below, I hereby **GRANT** plaintiffs' Motion for Leave to Amend; **DENY** defendants' Motions to Dismiss both the initial and Proposed Second Amended Complaint; and **GRANT** the parties' two Motions for Judicial Notice.  I find that the Motion for Discovery is **MOOT**.

## II.  MOTION FOR LEAVE TO AMEND

Plaintiffs have moved for leave to amend their Complaint in order to incorporate information related to an SEC investigation of Biopure and gleaned from the SEC's civil fraud complaint filed against the company.  The defendants argue that the plaintiffs should not be permitted to "piggy-back" on the SEC complaint.

Unlike other cases in which plaintiffs merely adopted wholesale the allegations contained in an SEC complaint, the plaintiffs in this case conducted their own investigation and filed an initial complaint that made substantial allegations against the defendants.  The SEC complaint is not the "primary factual basis" for the plaintiffs' Proposed Second Amended Complaint, but rather a supplemental source of information on communications between the FDA and the defendants. Reding v. Goldman Sachs & Co., 382 F. Supp. 2d 1112, 1115 (E.D. Mo. 2005) (finding fault with an amended complaint whose "primary factual

2

basis" was an SEC complaint).

I therefore **GRANT** the plaintiffs' Motion for Leave to Amend.

### III. MOTIONS TO DISMISS

With the filing of the Second Amended Complaint, the defendants' pending Motions to Dismiss become moot. As I stated at the February 2, 2006 hearing, however, I have interpreted the defendants' Oppositions to the plaintiffs' Motion to Amend as arguing for dismissal of the Second Amended Complaint as well.

The central pleading deficiency to which the defendants point is the plaintiffs' inability to show each defendant's knowledge of the FDA's clinical hold. Though caselaw is clear that a defendant's corporate position alone cannot support an allegation of that defendant's scienter, in cases in which a company's primary product or service is in jeopardy, courts have been willing to impute that knowledge to the company's officers and directors under certain circumstances. See, e.g., In re KeySpan Corp. Sec. Litig., 383 F. Supp. 2d 358, 387-88 (D.N.Y. 2003) (listing cases in which courts inferred defendants' knowledge of problems with a company's core product or most significant contract); In re Century Bus. Servs. Secs. Litig., No. 99-02200, 2002 U.S. Dist. LEXIS 26964 (D. Ohio June 27, 2002) (same).

In the case at bar, knowledge of the clinical hold can be imputed generally to Biopure's officers and directors. Argument

over whether the particular officer and director defendants in this case were sufficiently "inside" to be deemed to have had knowledge is a factual one, and can be made at a later stage of this litigation.

I also conclude that the plaintiffs have sufficiently alleged the materiality of the clinical hold.  In addition, I determine that enough allegedly materially misleading statements survive the defendants' safe harbor, corporate puffery, and historical fact arguments that at least one may be attributed to each defendant.  Finally, because the plaintiffs' claims pursuant to 15 U.S.C. § 78j(b) against defendant Biopure survive, their "control person" claims pursuant to 15 U.S.C. § 78t(a) survive as well.

Though the heightened pleading standards of Fed. R. Civ. P. 9(b) and the PSLRA unquestionably apply to this case, those standards do not require the plaintiffs to *prove* every element of their case at this early stage.  For the reasons explained above, I decline to dismiss the Second Amended Complaint.

**IV.  <u>MOTION FOR DISCOVERY</u>**

Because there is no longer a motion to dismiss pending in this case, the plaintiffs' Motion for Discovery is **MOOT**, and the defendants are **ORDERED** to produce the requested materials within thirty days.

**V.   MOTIONS FOR JUDICIAL NOTICE**

Finally, I **GRANT** defendants' Motion for Judicial Notice of SEC Filing, as well as plaintiffs' oral motion for judicial notice, made at the February 2, 2006 hearing, of a SEC Form 4 filed by Thomas A. Moore dated August 11, 2003.

**SO ORDERED.**

**Dated: March 28, 2006**                                   **s/NANCY GERTNER, U.S.D.J.**