UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: BIOPURE SECURITIES LITIGATION | Civil Action No. 03-12628-NG |

JOINT STATEMENT AND PROPOSED SCHEDULE
PURSUANT TO FED. R. CIV. P. 26(f) AND LOCAL RULE 16.1

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(B), the following counsel for the Plaintiffs and Defendants conferred in person and via telephone on April 7, 2006:

For Plaintiffs:
Edward F. Haber
Matthew L. Tuccillo
Shapiro Haber & Urmy LLP
Exchange Place
53 State Street, 37th Fl.
Boston, MA 02109
(617) 439-3939

Howard T. Longman
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
(212) 687-7230

Timothy Burke
Stull, Stull & Brody
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA 90024
(310) 209-2468

For Defendants:
Donald J. Savery
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

| | |
|---|---|
| For Defendant Richman: | Cathy A. Fleming<br>Edwards Angell Palmer & Dodge LLP<br>750 Lexington Avenue<br>New York, NY 10022<br>(212) 912-2743 |
| For Defendant Richards: | Christopher F. Robertson<br>Seyfarth Shaw, LLP<br>World Trade Center East<br>Two Seaport Lane<br>Suite 300<br>Boston, MA 02210<br>(617) 946-4800 |

The parties hereby submit the following Joint Statement, pursuant to Local Rule 16.1(D).

1. <u>Matters to be Discussed at Scheduling Conference.</u> The parties will be prepared to discuss the following issues at the Scheduling Conference to be held pursuant to Local Rule 16.1(A) on May 1, 2006:

    a. A proposed pretrial schedule for the case that includes the plan and deadlines for class certification briefing, discovery, and pretrial motions;

    b. Defendants' request to bifurcate class and merits discovery pursuant to Local Rule 26.3;

    c. The entry of the parties' Stipulation and Proposed Protective Order, if it has not yet been entered by the Court.

    d. The production by the Defendants of all of the documents which the Court, in its March 28, 2006 Order, ordered the Defendants to

           produce within 30 days – i.e. April 27, 2006, if all such documents have not yet been produced;

    e.    Anticipated dispositive and pretrial motions, including a motion for reconsideration by defendants of the Court's ruling on their motion to dismiss; and

    f.    Alternative Dispute Resolution and Settlement.

2. <u>Schedule for Discovery.</u>

    a.    <u>Bifurcation of Class and Merits Discovery.</u>

        i.    *Defendants' Position:*

Defendants request that the Court bifurcate discovery, limiting discovery in the first instance to class-certification issues, with merits discovery to proceed only after the Court's determination on Plaintiffs' forthcoming motion for class certification. *See* Local Rule 26.3 (giving court discretion to "structure discovery activities by phasing and sequencing the topics which are the subject of discovery" to facilitate "the efficient completion of discovery"). In support of this request, Defendants state that the parties have agreed to an aggressive briefing schedule on class certification issues, with Plaintiffs' scheduled to file their briefs on May 5, 2006; not only would merits discovery prove to be wasteful were a class not certified (or were a class certified, but narrower in scope than that identified in the present version of the complaint), but full merits discovery would impose an unnecessary burden on the Defendants as they focus their efforts on class certification issues.

Moreover, given the Court's order requiring document production, Plaintiffs would not be deprived of all merits discovery prior to the Court's certification determination; on the contrary, unless defendants seek reconsideration and the order is modified, they are set to receive tens of thousands of pages of documents produced to the SEC, as well as transcripts of scores of SEC witness interviews – these materials, of course, are not limited to "certification" issues. In effect, only depositions and discovery from third-parties would be held in abeyance until certification is decided. (Even as to testimony, they will have transcripts, unless the order is changed.)

Finally (and most importantly to Defendant Biopure), Biopure conducts its business in an extremely competitive field. The substance of its work is highly confidential, proprietary, and competitively sensitive. Its relationship with regulators relative to its products is ongoing. Full-blown merits discovery (of, for instance, Biopure's confidential dealings with the FDA; its dealings with branches of the U.S. military; its activities in foreign markets; and the details of its products) would place an unnecessary burden and stress on this small company. At the same time, Plaintiffs would suffer no prejudice were the depositions and third-party discovery temporarily put on hold.

Bifurcation in this case can easily be accomplished in light of the nature of the claims in this case – all concerning Biopure's public disclosures. Given the claims here, discovery concerning, for instance, Biopure's internal communications, the substance of its communications with regulators, and the details of its products will have no bearing on certification issues. Indeed, Plaintiffs do not feel the need for discovery of Biopure (other than the ordered production of documents) for purposes of their class certification motion,

which they have committed to file on May 5, 2006. The Defendants expect that the parties can work out an appropriate scope for certification discovery.

> ii.    Plaintiffs' Position:

There is no reason for delaying merits discovery until after certification of a class. Pursuant to the automatic stay provisions of the PSLRA, discovery in this action has been stayed for over two years – from December 30, 2003, when this action was initiated, until March 28, 2006, when this Court allowed Plaintiffs' Motion to Amend and denied the Defendants' Motions to Dismiss (Docket No. 109). No further stay is set forth in or contemplated by the PSLRA. Further delay would seriously prejudice the plaintiffs who need to obtain discovery regarding events which occurred in 2003. Further delay of merits discovery exposes Plaintiffs to the risk that the memories of Defendants and other witnesses will fade with the passage of time.

Furthermore, there is no reason to expect that this action will not be certified as a class action. Class actions for violations of the federal securities laws are almost routinely certified in this District and others, and the Defendants do not and cannot present any argument that class certification is unlikely here.

Finally, the bifurcation proposed by the Defendants would likely delay merits discovery many, many months, if not more. The agreed schedule regarding class certification will take the parties through the end of July. If the Court held a hearing in September and granted class certification in October 2006, the Defendants could then be expected to file what has become the "usual" Rule 23(f) petition to the Court of Appeals,

resolution of which could then take many months or more.

This case is now over two years old. It is time for this case to proceed expeditiously. One of the ways for that to occur is for class certification and merits discovery to both proceed apace.

    b.    <u>Discovery Schedule.</u>

Counsel for the parties agree as to many, but not all, aspects regarding the appropriate timetable for completing the various phases of discovery and for serving and filing discovery-related and dispositive motions. Their respective positions are set forth in the table below; whenever applicable, agreement among the parties is noted via a description of the agreed upon terms in the column for the Plaintiffs' Position and an entry marked "Agreed" in the column for the Defendants' Position.

| EVENT | PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|---|
| **INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1) AND LOCAL RULE 26.2(A)** | The parties will serve initial disclosures on or before April 19, 2006. | Completed. |
| **ANSWERS** | Defendants will file their Answer(s) on or before April 28, 2006. The Court has allowed an assented-to motion establishing this date. | Agreed. |

| EVENT | PLAINTIFFS' POSITION | DEFENDANTS' POSITION |
|---|---|---|
| **BRIEFING ON CLASS CERTIFICATION** | Plaintiffs will file their class certification motion on or before May 5, 2006. Defendants may conduct discovery relevant to class certification until June 9, 2006, and must file their opposition brief(s) on or before June 30, 2006. Plaintiffs will file their reply brief on or before July 28, 2006, <u>unless</u> Defendants' opposition brief(s) raise a need for discovery by Plaintiffs relevant to the issue of class certification (in which case Plaintiffs' reply brief will be due after reasonable time for such discovery). | Agreed. |

| | | |
|---|---|---|
| **FACT DISCOVERY** | Plaintiffs propose that all fact discovery (both that relevant to class certification and that relevant to the merits) should proceed simultaneously and should begin on the date that the Defendants have produced all of the documents which this Court, in its March 28, 2006 Order, ordered the Defendants to produce by April 27, 2006. (see Plaintiffs' position, above) | Defendants propose that fact discovery be bifurcated so that fact discovery regarding class certification would come first, followed by briefing and a decision as to class certification, followed by any additional written discovery, and depositions and third-party discovery (if any) as to the merits. (see Defendants' position, above) |
| **COMPLETION OF FACT DISCOVERY** | Plaintiffs believe that fact discovery can be completed in a period of 10 months. Plaintiffs so estimate assuming that fact discovery will begin with the complete production, by the Defendants, of all documents which this Court, in its March 28, 2006 Order, ordered the Defendants to produce by April 27, 2006.<br><br>All deposition notices and subpoenas, and all discovery requests with the exception of requests for admission seeking authentication of documents, must be served with sufficient time to permit compliance no later than the specified deadline for the completion of fact discovery. | Defendants agree that fact discovery can be completed in 10 months. If bifurcation of discovery is permitted, that 10-month period should run from the date on which merits discovery begins following a determination on Plaintiffs' motion for class certification.<br><br>Defendants agree to the second paragraph of Plaintiffs' position. |

| | | |
|---|---|---|
| **MOTIONS TO COMPEL FACT DISCOVERY** | The parties agree that any motions to compel fact discovery should be served as early as possible, but in any event no later than 14 days after the close of fact discovery. | Agreed. |
| **EXPERT DISCOVERY** | Plaintiffs propose that expert discovery shall take place after completion of fact discovery.<br><br>Plaintiffs' proposed schedule, which contemplates non-sequenced expert discovery, is as follows:<br><br>Experts will be identified and expert reports will be served by all parties no later than 45 days after the completion of fact discovery.<br><br>Expert discovery shall be completed no later than 45 | Defendants agree that expert discovery should take place after completion of fact discovery.<br><br>Defendants propose that expert discovery should be sequenced, consistent with the burden of proof, such that Plaintiffs would make their expert disclosures and document production, and produce their experts for deposition, then Defendants would make their disclosures and production, and make their experts available for deposition, with an opportunity for rebuttal to follow.<br><br>Defendants propose the following schedule for this sequenced expert discovery:<br><br>- *Plaintiffs' expert disclosures and document production* to be made within 30 days of completion of fact discovery;<br><br>- *Defendants' expert disclosures and document production* within 30 days |

| | | |
|---|---|---|
| | days after identification of experts and production of expert reports. The 45-day period shall be divided into a 15-day period within which expert documents must be produced followed by a 30-day period within which expert depositions must be completed.<br><br>Rebuttal expert reports shall be served no later than 30 days after the completion of expert depositions. Any party serving a rebuttal expert report shall also contemporaneously produce the documents considered by the expert, pursuant to Fed. R. Civ. P. 26(A)(a)(2).<br><br>If any party proffers a new expert for purposes of rebuttal, then that witness shall be made available for deposition within 14 days of service of his or her rebuttal report.<br><br>If the Court agrees with the Defendants insofar as ordering sequenced expert discovery, then Plaintiffs propose that the schedule for expert discovery be as follows:<br><br>- Plaintiffs produce expert reports and documents within 30 days of the completion of | thereafter;<br><br>- *Plaintiffs' rebuttal disclosures* within 20 days thereafter;<br><br>- all expert discovery (including depositions) to be completed within 45 days thereafter;<br><br>- any further expert discovery or submissions to be by agreement of the parties or leave of court. |

|  | | |
|---|---|---|
|  | fact discovery; then<br><br>- Defendants produce expert reports and documents within 30 days thereafter; then<br><br>- Plaintiffs produce rebuttal expert reports and documents within 20 days thereafter; then<br><br>- Depositions of all experts to be taken and completed within 30 days thereafter. |  |
| **MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 AND LOCAL RULE 56.1** | Plaintiffs propose that after the conclusion of all fact and expert discovery, the court hold a pre-trial conference at which the Court would determine, *inter alia*, the most appropriate procedure to follow with regards to any summary judgment motion(s) to be filed by any party at that time. | Motions for summary judgment may be filed at any time, but no later than 45 days after the conclusion of expert discovery; opposition papers would be due after an additional 30 days; reply papers, if any, would be due after an additional 15 days; and argument would take place shortly thereafter. |
| **TRIAL DATE** | Plaintiffs propose that a trial date be set immediately after the conclusion of all expert discovery, without delaying the trial for summary judgment motions. | Defendants propose that a pretrial conference be set for 45 days after completion of the schedule for briefing on summary judgment motions, and a trial date be set for approximately 30 days thereafter. |

3. <u>Discovery Limits.</u> The parties have agreed, subject to the following exception, that they will be able to effectively conduct discovery within the limits set forth in Local Rule 26.1(C). Notwithstanding the parties' agreement at this time to conduct discovery within the limits of LR 26.1(C), the parties reserve their rights to seek by motion additional discovery, for good cause shown, if it is later determined that such discovery is necessary.

    a. <u>Deposition Limit</u>.

*Plaintiffs' Position:* Insofar as there are seven individual and corporate defendants in this matter, and the defendants have listed 47 individuals known to them likely to have discoverable information in their automatic disclosures, Plaintiffs will require more than 10 depositions.

*Defendants' Position:* It is premature to lift the 10 deposition limit at this time. Plaintiffs have requested transcripts of prior testimony. The issue of an expansion of the deposition limit can be discussed and, if need be, raised with the Court after transcripts have been produced.

4. <u>Settlement.</u> Pursuant to Local Rule 16.1(C), Plaintiffs tendered a written settlement proposal to Defendants on April 19, 2006. Defendants' counsel will be prepared to respond to the settlement proposal at the Scheduling Conference.

5. <u>Trial by Magistrate Judge.</u> The parties are not prepared to consent to trial by a Magistrate Judge.

6. <u>Budget and Alternative Dispute Resolution.</u> Counsel for the parties have conferred with their respective clients concerning establishing a budget for litigation and the use of Alternative Dispute Resolution ("ADR"). The parties have attached their

certifications required pursuant to Local Rule 16.1(D)(3). The parties have previously engaged in mediation, in an effort to settle this matter. The parties are again considering mediation.

      7.    <u>Modification of Schedule.</u> The parties agree that all dates set forth herein may be modified by written agreement of the parties approved by the Court, or upon Order of the Court for good cause shown.

Dated: April 24, 2006

| | |
|---|---|
| Plaintiffs, by their Attorneys, | Defendants Biopure Corporation, Moore, Rausch, Crout, and Sanders, by their Attorneys, |

/s/ Edward F. Haber
Edward F. Haber (BBO No. 215620)
Matthew L. Tuccillo (BBO No. 643336)
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
Tel.  (617) 439-3939

Howard T. Longman
Stull, Stull & Brody
6 East 45th Street
New York, NY 10017
(212) 687-7230

Timothy Burke
Stull, Stull & Brody
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA 90024
(310) 209-2468

/s/ Donald J. Savery
Robert Buhlman (BBO No. 554393)
Donald J. Savery (BBO No. 564975)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Defendant Richman, by his Attorneys,

/s/ Mary P. Cormier
John D. Hughes (BBO No. 243660)
Mary P. Cormier (BBO No. 635756)
Edwards Angell Palmer & Dodge LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

Cathy A. Fleming
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022
(212) 912-2743

Defendant Richards, by his Attorneys,

/s/ Christopher F. Robertson
Christopher F. Robertson (BBO No. 642094)
Seyfarth Shaw, LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
(617) 946-4800

**Certificate of Service**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the 24th day of April, 2006.

                                    /s/ Edward F. Haber
                                    Edward F. Haber