# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

April 29, 2006

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
ehaber@shulaw.com

**VIA E-MAIL**

Robert A. Buhlman, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

    Re:    <u>In re Biopure Securities Litigation,</u> C.A. No. 03-12628 (NG)

Dear Mr. Buhlman:

    I write regarding the Defendants' April 27, 2006 document production and your letter of the same date (the "Letter"), which is attached hereto as Exhibit A. That letter, and our brief review of the documents produced, reflect that the Defendants have failed, in several material ways, to comply with Judge Gertner's March 28, 2006 Order (the "March 28 Order") that Defendants produce all of the materials requested in connection with the Plaintiffs' Motion to Lift the PSLRA Automatic Stay of Discovery ("Plaintiffs' Motion for Discovery"). The document production was deficient in the following ways:

    1.    As acknowledged in the Letter, the Defendants have not produced, as required by Judge Gertner's Order, all documents produced to the Defendants by the SEC. You indicate that Defendants have not done so because "[d]efendants assert work-product protection" with respect to those documents. Under some circumstances, counsel's decision as to which documents it chooses to have copied, out of a larger document production, may be protected by the work-product privilege.[1] Here, however, based on your description in the Letter of the document production procedure that transpired in the

---

[1] In *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1015-17 (1 Cir., 1988), the First Circuit held that the identification and selection of documents is within the "less-shielded category" of "ordinary" work-product and not within the "highly protected category" of "opinion" work product, as those categories are described in Rule 26(b)(3), F. R. Civ. P.

Exchange Place · 53 State Street · Boston, Massachusetts 02109 · (617) 439-3939 · Fax (617) 439-0134

SHAPIRO HABER & URMY LLP

Robert A. Buhlman, Esq.
April 29, 2006
Page 2

SEC litigation, it is apparent that any attorney work-product privilege that may have existed was waived by the Defendants. The waiver occurred because Defendants' counsels' decisions as to the documents to be requested was disclosed to the Defendants' adversary, the SEC. For example:

    a.    You indicate in the Letter that "...after a review and inspection of documents at the SEC's offices..." "[t]hose documents were specifically requested." That request, to the SEC, for those specific documents, waived any possible attorney work-product privilege with respect to the decisions made by the Defendants' counsel as to which of the SEC's documents the Defendants wanted to have copied and produced.

    b.    The Letter also indicates that some of the documents produced to the Defendants by the SEC occurred after a "follow-up review of documents by Biopure's counsel" and "at least two letters to the SEC by counsel." Obviously, neither those letters describing the documents the Defendants wanted produced, nor the documents produced in response to the letters, all of which Defendants shared with and made known to the SEC, are protected by work-product privilege.

    c.    Finally, you assert that the Defendants' Rule 34 requests to the SEC for documents (and implicitly the documents produced by the SEC in response to those Rule 34 requests) "reflect counsel's mental impressions and work-product in connection with the defense of the SEC civil enforcement action." This claim of privilege is preposterous! Rule 34 requests are, by definition, shared with ones adversary in litigation – here the Defendants served them on the SEC in the SEC civil enforcement action. Neither the Rule 34 requests or the documents produced by the Defendants' adversary in response thereto can possibly be protected by the work-product privilege.

The Courts have uniformly held that disclosure to adversaries of materials that would otherwise be protected by the work-product privilege waives that protection. For example, the First Circuit in *United States v. Massachusetts Institute of Technology*, 129 F. 3d 681 (1st 1997) held that: "work product protection is provided against 'adversaries,' so only disclosing material in a way inconsistent with keeping it from an adversary waives work product protection." *Id* at 687. The First Circuit went on to reaffirm **"the prevailing rule that disclosure to an adversary, real or potential, forfeits work product protection."** *Id,* emphasis added. See also, *In re Lupron Marketing and Sales Practices Litigation*, 313 F. Supp. 2d 8 (D. Mass. 2004).

It is apparent that the Defendants disclosed to the SEC which documents it wanted the SEC to produce to the Defendants in the SEC enforcement action against the Defendants. Those documents are not, if they ever were, protected by the work-product

SHAPIRO HABER & URMY LLP

Robert A. Buhlman, Esq.
April 29, 2006
Page 3

privilege and they should have been produced on April 27, 2006, pursuant to the March 28 Order.

In addition to the asserted privilege having been waived, the Defendants' assertion of the privilege, for the very first time, on the very date that they were required by Court Order to produce the documents is utterly unacceptable. Defendants have had months to advise the Court and the Plaintiffs that they believed those documents were protected by privilege. Defendants made no such assertion in any of their filings with the Court; you did not take this position at the February 2, 2006 Hearing in this action before the Court, when I expressly asked Judge Gertner to order the Defendants to produce the documents "produced to the Defendants by the SEC in the SEC action." (*see* Transcript of February 2, 2006 Hearing at pages 84-85, attached hereto as Exhibit B); and the Defendants never sought relief from that aspect of Judge Gertner's Order in the month since the Order entered on March 28. A party may not simply ignore a Court Order and excuse its doing so by belatedly raising an unavailing claim of privilege.

2.   The Defendants document production is also deficient with respect to the production of transcripts of testimony provided to the SEC. While you have produced transcripts of testimony, you have not produced copies of the exhibits to those depositions. Obviously, for the transcripts to be fully intelligible, the documents about which testimony is being provided must also be available. The March 28 Order requiring production of transcripts of testimony before the SEC obviously encompassed the documentary exhibits referenced in those transcripts.

Please be advised that I will be filing a copy of this letter, and the exhibits thereto, with the Court, and it is my intention, pursuant to paragraph 1 (d) of the Joint Statement, to seek enforcement of the March 28 Order, with respect to the documents discussed above, at the May 1 Conference with the Court.

Sincerely,

**/s/ Edward F. Haber**

Edward F. Haber

Encl.
cc:   (with enclosures, via email)

   Howard Longman, Esq.
   Christopher F. Robertson, Esq.
   Cathy A. Fleming, Esq.