```
                IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF MASSACHUSETTS




   IN RE:                    )   C.A. No. 03-12628-NG

   BIOPURE CORPORATION       )   Courtroom No. 2

   SECURITIES LITIGATION     )   1 Courthouse Way

                             )   Boston, MA   02210


   IN RE:                    )   C.A. No. 04-10177-NG

   BIOPURE CORPORATION       )

   DERIVATIVE LITIGATION     )


                           HEARING

                         MAY 1, 2006

                          3:16 p.m.




            BEFORE THE HONORABLE NANCY GERTNER

            UNITED STATES DISTRICT COURT JUDGE




                    VALERIE A. O'HARA

                  OFFICIAL COURT REPORTER
```

d428f1d7-6cfa-40ec-ab2b-9dc8919c37a9

1   A P P E A R A N C E S:

2       Shapiro, Haber & Urmy, LLP, by EDWARD F. HABER, ESQ.
    and MATTHEW L. TUCCILLO, ESQ., 53 State Street, Boston,
3   Massachusetts  02109, for the Plaintiff;

4       Stull, Stull & Brody, by HOWARD T. LONGMAN, ESQ.,
    6 East 4th Street, New York, New York  10017, for the
5   Plaintiff;

6       Barrett, Johnston & Parsley, by DOUGLAS S. JOHNSTON,
    JR., ESQ., 217 Second Avenue North, Nashville, Tennessee
7   37201-1697, for John Parrott and Laurie Parrott,
    derivatively on behalf of Defendant Biopure Corporation;

8
        Robbins, Umeda & Fink, LLP, by JEFFREY P. FINK, ESQ.,
9   610 West Ash Street, Suite 1800, San Diego, California
    92101, for Rich Reinisch derivatively on behalf of Defendant
10  Biopure Corporation;

11      Seyfarth Shaw, LLP, by JODI D. LUSTER, ATTORNEY, World
    Trade Center East, Two Seaport Lane, Suite 300, Boston,
12  Massachusetts  02210-2028, for Defendant Ronald F. Richards;

13      Bingham McCutchen, by MICHAEL D. BLANCHARD, ESQ.,
    One State Street, Hartford, Connecticut  6103-3178, for
14  Defendant Biopure Corporation;

15      Bingham McCutchen, by ROBERT A. BUHLMAN, ESQ. and
    DONALD J. SAVERY, ESQ., 150 Federal Street, Boston,
16  Massachusetts  02110-1726, for Defendant Biopure
    Corporation.
17
        Edwards, Angell, Palmer & Dodge, LLP, by JOHN D.
18  HUGHES, ATTORNEY, 750 Lexington Avenue, New York, New York
    10022, for Defendant Howard Richman.
19
        McDermott, Will & Emery, LLP, by EDWARD P.
20  LEIBENSPERGER, ESQ., 28 State Street, Boston, Massachusetts
    02109-1775; for Defendant Thomas A. Moore.

21

22

23

24

25

Page 24

1  so what we selected reflects what we viewed as important.
2          THE COURT:   Okay.
3          MR. HABER:   I would just like --
4          THE COURT:   Last one.
5          MR. HABER:   I don't want to ping-pong too much
6  here, it is my understanding, and I'd like the record to be
7  clear, it's my understanding from what Mr. Buhlman is saying
8  is that when they chose the documents from the SEC aggregate
9  production that they wanted the SEC to give them what the
10 SEC gave them, which is the documents we're talking about
11 here, the SEC knew which those documents were, and I'd like
12 that to be clear on the record because I think then the law
13 will support us clearly, but there shouldn't be any
14 ambiguity about that.  I can't speak to it.  I wasn't there.
15 I think Mr. Buhlman has said that, and I'd like it cleared.
16 If I misunderstand, I'd like it to be clarified.
17         THE COURT:   Mr. Buhlman, this is a matter of fact.
18 If you can answer that, then the legal issue would be a
19 separate issue.  How was the production done?  Did Biopure
20 send the SEC a list of documents that it wished to be
21 reproduced and returned to them?  Did Biopure go physically
22 to the SEC and tag documents and then the SEC would then
23 reproduce the documents that had been tagged?  How did it
24 happen?
25         MR. BUHLMAN:   The latter, your Honor.  I went

d428f1d7-6cfa-40ec-ab2b-9dc8919c37a9

1  there myself with a paralegal from my office, just the two
2  of us.  We went through the file, and we made the decision
3  as to what we would ask to be copied.  I recall making a
4  list and leaving the list.  What I don't know is whether a
5  third party came and a third party copy service came and
6  picked up the documents with the list or whether the list
7  was shared with the SEC's counsel.  I don't know the answer
8  to that, which is where the ability for me to make
9  representations ends.  I can represent how we worked it from
10 our end.
11          THE COURT:  All right.  I'll take that under
12 advisement.  There's no disagreement with respect to the
13 dispositive motion schedule except that it pivots on the
14 bifurcation issue, right?  There's no disagreement?
15          MR. HABER:  I didn't understand you, your Honor.
16          THE COURT:  There's no disagreement on when the
17 dispositive motions would be filed, is there?
18          MR. HABER:  There is, your Honor, but I think
19 before we take that, if I could, there is one disagreement
20 with respect to how expert discovery would be handled.
21 Chronologically that obviously comes first.
22          THE COURT:  Okay.
23          MR. HABER:  And, simply put, your Honor, the
24 disagreement, Mr. Buhlman obviously can speak for the
25 defendant.  Plaintiffs believe that in this case, which is