**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Civ. No. 03-12628 -NG |

**PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION**

Now come the Lead Plaintiff Ronald Erickson and the Plaintiff Dr. John G. Esposito, Jr. (collectively, "Plaintiffs"), who respectfully submit this Amended Motion for Class Certification ("Amended Motion"). This Amended Motion supercedes the previously filed Motion for Class Certification (Docket No. 127) (the "Original Motion"), which had been filed on behalf of Lead Plaintiff Erickson, Plaintiff Esposito, and also Plaintiff Dr. Stuart Gottlieb.

The Original Motion proposed Lead Plaintiff Erickson as the sole class representative for the class of purchasers of Biopure stock from April 9, 2003 to December 24, 2003 (the "Class") and it proposed the Plaintiffs Esposito and Gottlieb as representatives of the Sec. 20A sub-class of persons who purchased Biopure common stock contemporaneously with the sales of Biopure's stock by the Defendants Biopure and Rausch during the Class Period (the "Sub-Class"). The Amended Motion differs from the Original Motion in only two respects. First, the Amended Motion does not propose Plaintiff Gottlieb as a Sub-Class representative. Second, the Amended Motion proposes Plaintiff Esposito as both a representative of the Class and of the Sub-Class. Otherwise, the Amended Motion is identical to the Original Motion. Accordingly, in support of this Amended Motion, the Plaintiffs rely upon their previously filed Plaintiffs' Memorandum of Law in Support of Their [Original] Motion for Class Certification (Docket No. 128).

Defendants will experience no prejudice as a result of the filing of this Amended Motion. Defendants were put on notice as to the withdrawal of Plaintiff Gottlieb as a proposed representative of the Sub-Class on May 23, 2006. <u>See</u> Letter of Edward F. Haber to Donald J. Savery dated May 23, 2006 (Exhibit A hereto). Further, Defendants were informed by Plaintiffs' counsel at the May 31, 2006 class certification deposition of Plaintiff Esposito that he may be put forward as both a representative of the Class and the Sub-Class. <u>See</u> Esposito Rough Tr. at 143-146, 161-163 (Exhibit B hereto, with hand-written corrections by Plaintiffs' counsel).[1]

Accordingly, for the factual and legal reasons set forth in the previously filed Plaintiffs' Memorandum in Support of Their Motion for Class Certification (Docket No. 128), Plaintiffs respectfully move this Court, pursuant to Rule 23, Fed. R. Civ. P., for an Order:

(i)  certifying this action as a class action;

(ii)  certifying the Class, consisting of all purchasers of Biopure Corporation, Inc. common stock during the period from April 9, 2003 to December 24, 2003, inclusive;

(iii)  appointing Lead Plaintiff Ronald Erickson and Plaintiff Dr. John G. Esposito, Jr. as Representatives of the Class;

(iv)  certifying the Sub-Class, consisting of all persons who purchased Biopure common stock contemporaneously with the sales of Biopure's stock by the Defendants Biopure and Rausch during the Class Period;

(v)  appointing Plaintiff Dr. John G. Esposito, Jr. as representatives of the Sub-

---

[1] It was necessary for Plaintiffs' counsel to hand-edit the transcript excerpt attached hereto as Exhibit B, because, inasmuch as Plaintiff Esposito's deposition was held on May 31, 2006 (only five days prior to the filing of this Amended Motion), the stenographer has not yet produced a final transcript and the process by which corrections to the final transcript are formally made has not yet begun.

Class; and

(vi) appointing Co-Lead Counsel Shapiro Haber & Urmy LLP and Stull, Stull & Brody as Counsel for the Class and the Sub-Class.[2]

## REQUEST FOR ORAL ARGUMENT

Plaintiffs believe that oral argument may assist the Court in deciding the issues raised by this Motion. Therefore, Plaintiffs hereby request that oral argument be scheduled at a time convenient for the Court.

Dated:   June 5, 2006                                       Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

**/s/ Matthew L. Tuccillo**
Edward F. Haber BBO # 215620
Theodore M. Hess-Mahan BBO # 557109
Matthew L. Tuccillo BBO # 643336
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody (*pro hac vice*)
Howard T. Longman (*pro hac vice*)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Co-Lead Counsel For
Lead Plaintiff and The Class**

---

[2] Excluded from both the Class and the Sub-Class are Defendants; members of the individual defendant's immediate family; any past or present director, officer, subsidiary, or affiliate of Biopure; any entity in which any excluded person or entity has a controlling interest; and their legal representatives, heirs, successors and assigns.

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I hereby certify that the parties' counsel conferred in a good faith effort to narrow or resolve the issues raised in this motion. The parties were unable to reach agreement.

**/s/ Matthew L. Tuccillo**
Matthew L. Tuccillo

## **Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the fifth day of June, 2006.

**/s/ Matthew L. Tuccillo**
Matthew L. Tuccillo