### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Civ. No. 03-12628 -NG |

### PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

Plaintiffs respectfully move, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 37.1, for an order precluding Defendants from taking discovery, including by depositions noticed for June 6 and June 8, 2006, of Plaintiff Dr. Stuart Gottlieb and Plaintiff Emily A. Bittman. This Court's Docket Order of May 2, 2006, at the request of the Defendants, bifurcated class and merits discovery, with merits discovery "to be completed within ten months, ***beginning*** on the date the Court makes a determination on the plaintiffs' motion for class certification." Id. (emphasis added).  Pursuant to this Order, the only discovery which can now occur is that which is related to class certification.

In Plaintiffs' Motion for Class Certification (Docket No. 127), Plaintiff Bittman was not proposed as a representative of any class or sub-class in this litigation.  Further, Plaintiff Gottlieb is no longer proposed as a class or sub-class representative.  See Plaintiffs' Amended Motion for Class Certification (Docket No. 131).  Therefore, inasmuch as neither Plaintiff Gottlieb nor Plaintiff Bittman are proposed as class representatives, any discovery with respect to them cannot pertain to class certification and is thus barred at this juncture of the litigation.

Furthermore, as discussed in Plaintiffs' Memorandum In Support of Plaintiffs' Motion for a Protective Order ("Memorandum of Law") filed herewith, discovery of any kind directed

toward non-representative, named plaintiffs is not relevant toward the issue of class certification and is likewise not probative on the question of class-wide reliance on the market. As such, non-representative named plaintiffs are treated like all other absent class members for purposes of discovery.

For these reasons, as set forth in greater detail in the Memorandum of Law filed herewith, this Court should enter a protective order, prohibiting any discovery of Plaintiffs Gottlieb or Bittman.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs believe that oral argument may assist the Court in deciding the issues raised by this Motion. Therefore, Plaintiffs hereby request that oral argument be scheduled at a time convenient for the Court.

Dated:    June 5, 2006                Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

**/s/ Matthew L. Tuccillo**
Edward F. Haber BBO # 215620
Matthew L. Tuccillo BBO # 643336
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody (*pro hac vice*)
Howard T. Longman (*pro hac vice*)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Co-Lead Counsel For
Lead Plaintiff and The Class**

## CERTIFICATION OF COMPLIANCE WITH
## FED. R. CIV. P. 26(c) AND LOCAL RULE 7.1(A)(2)

I hereby certify that the parties' counsel conferred in a good faith effort to narrow or resolve the issues raised in this motion. The parties were unable to reach agreement.

**/s/ Matthew L. Tuccillo**
Matthew L. Tuccillo

## Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the fifth day of June, 2006.

**/s/ Matthew L. Tuccillo**
Matthew L. Tuccillo