UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Civ. No. 03-12628 -NG |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs have moved, pursuant to Fed. R. Civ. P. 26(c) and Local Rule 37.1, for an order precluding Defendants from taking any discovery, including by depositions noticed for June 6 and 8, 2006, in Boston, of Plaintiffs Dr. Stuart Gottlieb and Emily A. Bittman - **neither of whom is proposed as a class representative in this proceeding**. Plaintiffs submit this memorandum in support of that motion. As discussed in greater detail herein, pursuant to this Court's Docket Order of May 2, 2006, discovery has been bifurcated in this proceeding, such that only discovery relating to class certification can be taken at this time. Further, as non-representative, named plaintiffs, Plaintiffs Bittman and Dr. Gottlieb are to be treated as absent class members for purposes of discovery for the duration of this litigation. For these reasons, Plaintiffs' motion should be granted.

**Procedural History & Background Facts**

In its Docket Order of May 2, 2006 (the "May 2nd Order"), this Court bifurcated class and merits discovery, so that at present *only* discovery related to class certification issues

can be taken. Significantly, the Court did so **at the request of Defendants**.[1] Specifically, this Court ruled with respect to the bifurcation of discovery:

> Class and merits discovery will be bifurcated. ... [M]erits discovery is to be completed within ten months, ***beginning*** on the date the Court makes a determination on the plaintiffs' motion for class certification.

Id. (emphasis added). Pursuant to the May 2nd Order, the only discovery which may now occur is that which is related to class certification; all other discovery is stayed, **at Defendants' request**, until this Court renders its decision on class certification.

However, despite this Court's bifurcation of class and merits discovery, which was implemented at their request, Defendants have improperly persisted in demanding discovery from two of the Plaintiffs, Dr. Stuart Gottlieb and Emily Bittman, who are **not being proposed as Class or Sub-Class representatives** in this litigation.[2] Defendants have also unreasonably insisted that all depositions of the Plaintiffs be conducted in Boston, despite Plaintiffs' counsel's reasonable proposal that all depositions in this case

---

[1] In the Joint Statement and Proposed Schedule Pursuant To Fed. R. Civ. P. 26(f) And Local Rule 16.1 (the "Joint Statement") submitted by the parties (Docket No. 115), Defendants vigorously argued in favor of bifurcating discovery, stating, *inter alia*:

> **Defendants request that the Court bifurcate discovery, limiting discovery in the first instance to class-certification issues, with merits discovery to proceed only after the Court's determination on Plaintiffs' forthcoming motion for class certification**. ... In support of this request, Defendants state that the parties have agreed to an aggressive briefing schedule on class certification issues, with Plaintiffs' scheduled to file their briefs on May 5, 2006; not only would merits discovery prove to be wasteful were a class not certified (or were a class certified, but narrower in scope than that identified in the present version of the complaint), but **full merits discovery would impose an unnecessary burden on the Defendants as they focus their efforts on class certification** issues**.**

Joint Statement at 3 (emphasis added).

[2] Plaintiffs' Motion for Class Certification (Docket No. 27) did not propose Plaintiff Bittman as a Class or Sub-Class representative. Likewise, Plaintiff Dr. Gottlieb is no longer being proposed as a Sub-Class representative. *See* Plaintiffs' Amended Motion for Class Certification (Docket No. 131).

of all of the parties – Plaintiffs and Defendants – be conducted in the city where they live or work.  See Plaintiffs' counsel's letters – Exhibits 2 and 5, and Defendants' counsel's letters – Exhibits 4 and 6.[3]  Having to be deposed in Boston would have been particularly burdensome for the Plaintiff, Dr. Gottlieb, who operates a demanding gastroenterology practice in the Miami, Florida area.  Indeed, precisely to avoid burdening the Court with a dispute over where the depositions should be held, Plaintiff Esposito agreed to travel to Boston (from New York) for his deposition and Plaintiff Dr. Gottlieb withdrew as a proposed representative of the Sec. 20A Sub-Class.  Plaintiffs' counsel explained this to the Defendants in his May 23, 2006 letter (Exhibit 8), as follows:

> In order to avoid burdening the court with a dispute over where Dr. Gottlieb's deposition should be held, we have decided to withdraw him as a proposed class representative for the Sec. 20(A) insider trading sub-class.  We will shortly make a filing reflecting that decision.

Exh. 8.  Plaintiffs' efforts to resolve the matter, without Court intervention, were for naught.  Defendants have continued to insist on taking the depositions of Plaintiffs Dr. Gottlieb and Bittman and have continued to insist that those depositions take place in Boston.  Accordingly, Plaintiffs were required to file the instant Motion for a Protective Order.

Defendants' demands for discovery of Plaintiffs Dr. Gottlieb and Bittman, including depositions in Boston, and the Plaintiffs objections and responses thereto, are set forth in the following correspondence between counsel:

- An e-mail from Defendants' counsel Donald J. Savery ("Savery") to all Plaintiffs' counsel dated May 5, 2006 (Exhibit 1 hereto), stating "Please

---

[3] Lead Plaintiff Erickson lives in the Boston area, so the location of his deposition was never in dispute.

provide dates during the week of May 29, 2006...for depositions of the named plaintiffs."

- A letter from Plaintiffs' counsel Edward F. Haber ("Haber") to Savery dated May 11, 2006 (Exhibit 2), providing deposition dates for only those Plaintiffs (Ronald Erickson and Dr. John Esposito, Jr.) who are being proposed as Class or Sub-Class representatives.

- A letter from Savery to Haber dated May 15, 2006 (Exhibit 3), stating, "Because we did not hear back from you relative to Mr. Gottlieb's or Ms. Bittman's schedules, we have selected dates in the first two weeks of June 2006." Mr. Savery's letter forwarded deposition notices (together, Exhibit 4) for Plaintiffs Bittman and Dr. Gottlieb, noticing their depositions, in Boston, for June 6, 2006, and June 8, 2006, respectively.

- A letter from Haber to Savery dated May 17, 2006 (Exhibit 5), stating, "Please be advised that we have not proposed Ms. Bittman as a representative plaintiff in our class certification papers. As you know, at Defendants' request, depositions in this case are currently limited to class certification. Accordingly, we will not produce Ms. Bittman for the noticed deposition."

- A letter from Savery to Haber dated May 19, 2006 (Exhibit 6), reiterating the June 6, 2006 deposition date for Plaintiff Bittman and stating the Plaintiff Dr. Gottlieb would be deposed either on June 8, 2006 (the date previously noticed) or on some other mutually agreeable date.

- A letter from Haber to Savery dated May 19, 2006 (Exhibit 7) forwarding

      various written discovery responses and document production on behalf of Plaintiffs Erickson and Esposito and stating, noting the continued "significant disagreement" concerning deposition scheduling, and suggesting that counsel confer on May 22, 2006.

- A letter from Haber to Savery dated May 23, 2006 (Exhibit 8), stating, "[W]e have decided to withdraw [Plaintiff Gottlieb] as a proposed class representative for the Sec. 20(A) insider trading Sub-Class. ... As I previously advised you regarding the plaintiff, Emily Bittman, depositions of named plaintiffs, who are not proposed class representatives, go to the merits, not class certification. Accordingly, the depositions of Bittman and Gottlieb are not permitted at this time."

- A letter from Savery to Haber dated May 25, 2006 (Exhibit 9), demanding responses from Plaintiffs Bittman and Dr. Gottlieb to Defendants' document requests and interrogatories; asserting that Defendants are entitled to take the depositions of Plaintiffs Dr. Gottlieb and Bittman even though they are not being proposed as Class or Sub-Class representatives; and stating: "We do not agree to withdraw the deposition notices for Plaintiffs Dr. Gottlieb and Bittman. We intend to proceed with those depositions as noticed unless we agree upon alternate dates and times...."

- A letter from Haber to Savery dated May 26, 2006 (Exhibit 10), stating, "As for Plaintiff Dr. Gottlieb and Plaintiff Bittman, as previously stated, we are not proposing either as a class representative. For my prior-articulated reasons, neither will be produced for deposition at this phase of the litigation, which by

5

Order of the Court is restricted to class certification discovery."

## Argument

**I.    The Party Requesting a Protective Order Must Demonstrate "Good Cause."**

The First Circuit has stated that Fed. R. Civ. P. 26(c) "provides for protective orders, issued by the district court, to limit or eliminate discovery sought.  Upon a showing of 'good cause' by the movant, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....'" <u>Ameristar Jet Charter, Inc. v. Signal Composites, Inc.</u>, 244 F.3d 189, 192 (1st Cir. 2001) <u>quoting</u> Fed. R. Civ. P. 26(c).[4]

**II.    Plaintiffs Easily Demonstrate Good Cause For Entry of A Protective Order Prohibiting Discovery, Including By Deposition, of Plaintiffs Gottlieb and Bittman, Neither of Whom Is Being Proposed as A Class Representative.**

**A.    At this Phase of the Litigation, Pursuant to the Order of this Court, Discovery is to Be Limited to Class Certification Issues.**

The requisite good cause for entry of the requested protective order pursuant to Fed. R. Civ. P. 26(c) is readily apparent.  The Court, via its May 2nd Order, has expressly limited

---

[4] The quoted portion of Fed. R. Civ. P. 26(c) states in full as follows:

Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including...(1) that the disclosure or discovery not be had; (2) that the disclosure or discovery be had only on specified terms and conditions, including a designation of the time and place... .

<u>Id.</u>

- **at Defendants' request** - discovery at this phase of the litigation to extend only to class certification issues. Two Plaintiffs - Erickson and Esposito - have been put forward as proposed Class or Sub-Class representatives. Both of these Plaintiffs have provided full and complete written responses to interrogatories and to document requests; have produced all non-privileged documents regarding Biopure in their possession; have provided a privilege log regarding those documents withheld due to the attorney-client privilege; and have appeared for depositions which were conducted by Defendants and concluded on May 30 and 31, 2006, respectively. Thus, Plaintiffs have fully complied with their discovery obligations regarding the issue of class certification.

Despite this compliance, Defendants have persisted in demanding interrogatory and document request responses, as well as deposition dates, for Plaintiffs Dr. Gottlieb and Bittman, **neither of whom is being proposed as a Class or Sub-Class representative**. Defendants have previously argued to this Court, in the parties' Joint Statement (Docket No. 115), id. at 3, that non-certification discovery at this stage of the litigation would "prove to be wasteful were a class not certified (or were a class certified, but narrower in scope than that identified in the present version of the complaint)" and would "impose an unnecessary burden" on the party from whom such discovery was sought. For those very reasons, discovery should not be permitted of Plaintiffs who are not proposed as Class or Sub-Class representatives.

    **B.    Named Plaintiffs Who Are Not Proposed as Class Representatives Are to be Treated Like Absent Class Members for Purposes of Discovery Throughout the Duration of the Litigation.**

The decision of the Court in In re: Lucent Technologies Inc. Sec. Litig., 2002 WL

32818345 (D.N.J. May 9, 2002), aff'd, In re: Lucent Technologies Inc. Sec. Litig., 2002 WL 32815233 (D.N.J. July 16, 2002), is directly on point.  There, the defendants sought to compel all named plaintiffs to produce documents concerning their investment history, arguing that plaintiff counsel's decision to limit discovery responses to only Lead plaintiffs somehow violated the discovery obligations owed by the 41 other named plaintiffs. Id. at *1.  Specifically,

> **[Defendant] argues that discovery as to the investment history and background of all named plaintiffs is necessary** to rebut the presumption that arises in a fraud on the market case of an investor's reliance on misrepresentations as reflected in the market. ... **[Defendant]** also **contends that this discovery is relevant to any opposition that [defendant] may file to a motion by plaintiffs for class certification**.
>
> In opposition, Lead plaintiffs contend that the named plaintiffs from whom discovery is sought are not proposed as class representatives and as such, remain on equal footing with absent class members, who are not generally subject to discovery.  See In re: Carbon Dioxide Indus. Antitrust Litig., 155 F.R.D. 209, 211-12 (M.D. Fla. 1993).  Discovery with respect to the behavior of this handful of plaintiffs, they contend, cannot shed any light on the overall issue of liability, in particular on whether the entire class acted in reliance on the market price of [Defendant's] stock.

Id. (emphasis added).

Under these circumstances, Magistrate Judge Chesler held that the non-representative named plaintiffs would **not** be compelled to respond to the discovery requests propounded by Defendants, stating as follows:

> **The Court agrees with Lead plaintiffs' position.** Though one way to rebut the presumption of reliance involves "proving that an individual plaintiff purchased the stock despite knowledge of the falsity of a representation...**individualized questions of reliance will not** in this case **illuminate a determination of class-wide liability or bear on** the inquiry into **whether the class representative's claims are typical** of the entire class. See Eisenberg v. Gagnon, 766 F.2d 770, 786 (3rd Cir. 1985).  In other words, **discovery as to the investment behavior of the 41 named, non-**

**lead plaintiffs is not probative of the question of class-wide reliance on the market.** Conclusions drawn from **the experience of this handful of named parties cannot be extrapolated to represent the experience of a class of hundreds of thousands of individuals** of which the putative class is comprised.

Id. at *1 (emphasis added).

Thereafter, District Judge Pisano overruled the Defendants' objections to Magistrate Judge Chesler's decision. See In re: Lucent Technologies Inc. Sec. Litig., 2002 WL 32815233 (D.N.J. July 16, 2002). The court observed that in denying defendants' motion to compel, the Magistrate Judge "reached the conclusion that the forty-one non-lead, non-representative plaintiffs should be treated as passive class members and thus not subject to discovery." Id. at *2. Noting that "other courts have similarly concluded," Judge Pisano stated: "This Court agrees." Id. citing In re: Carbon Dioxide Antitrust Litig., 155 F.R.D. 209, 211-212 (M.D. Fla. 1993)(denying defendants' motion seeking to compel discovery responses from non-class representatives, which contended that "'name' plaintiffs are always subject to discovery, even though they have not been designated as class representatives" and finding that non-representative plaintiffs in class actions "remain as passive class members, on equal footing with all other non-representative class members. The efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted, particularly on the issue of liability."); Guenther v. Sedco, Inc., 1998 WL 898349 at *7 (S.D.N.Y.)(absent class members are not parties for discovery purposes); Kline v. First Western Gov't Sec., 1996 WL 122717 at *2 (E.D. Pa. Mar. 11, 1996)(determining after "survey[ing]" cases that "it is safe to state that discovery of absent class members is disfavored.")

Here, Plaintiff Dr. Gottlieb and Plaintiff Bittman are **not** proposed as Class or Sub-Class representatives. *See* Amended Motion for Class Certification (Docket No. 131). They constitute only two class members of a class which is estimated to include "thousands of members" who are "located throughout the United States." See Second Consolidated Amended Complaint at 85, ¶204. In contrast, both Lead Plaintiff Erickson and Plaintiff Esposito have been proposed as Class representatives (Plaintiff Esposito is also proposed as a Sub-Class representative) and have fully complied with their discovery obligations, including answering interrogatories, producing documents and being deposed on May 30 and 31, 2006. Like the named, non-representative plaintiffs in In re: Lucent Technologies and In re: Carbon Dioxide, Plaintiffs Dr. Gottlieb and Bittman should not be subject to discovery during period in which discovery is limited to class certification issues and should be treated as absent Class members for purposes of discovery thereafter.

## **Conclusion**

Inasmuch as neither Plaintiff Dr. Gottlieb nor Plaintiff Bittman are proposed as Class representatives, any discovery with respect to them, including their deposition, is barred at this juncture of the litigation, which is limited to class certification discovery pursuant to this Court's May 2nd Order. Furthermore, Plaintiffs Dr. Gottlieb and Bittman, as named, non-representative plaintiffs, are to be treated like absent Class members for purposes of discovery thereafter.

Therefore, for all the reasons stated herein, Plaintiffs respectfully request that this Court enter a protective order barring discovery, including by depositions, of Plaintiffs Dr. Gottlieb and Bittman.

Dated: June 5, 2006     Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

**/s/ Matthew L. Tuccillo**
Edward F. Haber BBO # 215620
Matthew L. Tuccillo BBO # 643336
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody (*pro hac vice*)
Howard T. Longman (*pro hac vice*)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**Co-Lead Counsel For
Lead Plaintiff and The Class**

## Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the fifth day of June, 2006.

**/s/ Matthew L. Tuccillo**
Matthew L. Tuccillo