# Exhibit 6

# BINGHAM McCUTCHEN

*Donald J. Savery*
*Direct Phone: (617) 951-8709*
*Direct Fax:   (617) 951-8736*
*don.savery@bingham.com*

May 19, 2006

### By Fax & Mail

Edward F. Haber, Esq.
Shapiro, Haber & Urmy
53 State Street, 37th Floor
Boston, MA 02109

Re:   *In re Biopure Corporation Securities Class Action*
      *Civil Action No. 1:03-cv-12628*

Dear Ed:

As stated in my May 15, 2006 letter, Defendants do not agree to conduct depositions of the named Plaintiffs, who have sued Biopure Corporation and its co-Defendants in Massachusetts, outside of the Commonwealth. Plaintiffs are required to submit to deposition in the forum in which they have chosen to bring the action. *See* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2112 (2005) (noting the general rule that "plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."). *See also, e.g., Prozina Shipping Co. v. Thirty-four Automobiles*, 179 F.R.D. 41, 48 (D. Mass. 1998) (denying plaintiff's motion for a protective order, explaining "[h]aving chosen to bring actions in [New York and Massachusetts], [plaintiff] cannot now argue that it would be too burdensome for it to appear for discovery there"); *Good Hope Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc. (In re Good Hope Indus., Inc.)*, 14 B.R. 942, 943, 945-46 (Bankr. D. Mass. 1981) ("As putative plaintiff, Good Hope, absent exceptional circumstances in the nature of hardship, may be called upon to make itself available for depositions at the place it has selected for trial."). The fact that the Plaintiffs' respective home states may be more convenient for them in light of their work schedules is simply not sufficient to warrant a departure from this rule and cause lawyers from two Boston law firms to make multiple trips to locations up and down the East Coast. Plaintiffs have had adequate notice that their depositions would be required in late-May or early June, having agreed to the June 9 certification discovery cutoff over four weeks ago.

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

EDWARD F. HABER, ESQ.
May 19, 2006
Page 2

Bingham McCutchen LLP
bingham.com

As regards Plaintiff Erickson, we agree as a courtesy to conduct the full deposition on May 31, 2006, per your request, assuming we are able to arrange for a court reporter who is willing to stay until the conclusion of the deposition.

As regards Plaintiff Esposito, we do not agree to go forward on May 24, 2006 in New York. To start, the deposition will be held in Boston. As to the date, we notified you several weeks ago that we sought to schedule the depositions during the weeks of May 29 and June 5, in light of the timing of your anticipated document production. You had proposed the date of June 7 for Plaintiff Esposito's deposition, which we adopted in his deposition notice. We are not at this point willing to agree to a deposition next Wednesday, as we have not yet received any documents from you in response to our requests. Thus, we presently have no idea what or how many documents you will be producing, or when we will actually receive them – the latter despite my May 5, 2006 request for your assurance that they would be made available to us today. We can make arrangements to take Plaintiff Esposito's deposition in Boston on any day during the weeks of May 29 and June 5 (except those dates on which other Plaintiffs' depositions will be taken). Please contact me at your first convenience to discuss scheduling. Unless and until we agree on an alternative date, Plaintiff Esposito's deposition notice will remain in effect as it was issued.

As regards Plaintiff Gottlieb, we agree to conduct the deposition on June 7, 2006, in Boston. Please produce Plaintiff Gottlieb on that date, beginning at 10 a.m., at the offices of Bingham McCutchen LLP, 150 Federal Street, Boston, Massachusetts. Unless and until you confirm that Plaintiff Gottlieb will be made available in Boston on June 7 or on another mutually agreeable date, Plaintiff Gottlieb's deposition notice will remain in effect as it was issued.

As regards Plaintiff Bittman, although you have not proposed her as a class representative in your class-certification motion papers, she has been named a Plaintiff in this action and Biopure seeks her testimony relative to class-certification issues. Please produce Plaintiff Bittman for deposition on June 6, 2006, beginning at 10 a.m., at the offices of Bingham McCutchen LLP, 150 Federal Street, Boston, Massachusetts. Unless and until we agree on an alternative date for this deposition, Plaintiff Bittman's deposition notice will remain in effect as it was issued.

Very truly yours,

Donald J. Savery

EDWARD F. HABER, ESQ.
May 19, 2006
Page 3


cc:     Cathy A. Fleming, Esq.
        Christopher F. Robertson, .Esq.
        Edward P. Leibensperger, Esq.

Bingham McCutchen LLP
bingham.com

LITDOCS/640986.1