**Exhibit 9**

**BINGHAM McCUTCHEN**

*Donald J. Savery*
*Direct Phone: (617) 951-8709*
*don.savery@bingham.com*

May 25, 2006

<div style="float:left">
Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington
</div>

**By Fax & Mail**

Edward F. Haber, Esq.
Shapiro, Haber & Urmy
53 State Street, 37th Floor
Boston, MA 02109

Re:   *In re Biopure Corporation Securities Class Action*
      *Civil Action No. 1:03-cv-12628*

Dear Ed:

We received Plaintiff Erickson's and Plaintiff Esposito's responses to Defendants' interrogatories ("Interrogatory Responses") and Plaintiff Erickson's, Plaintiff Esposito's, and Plaintiff Gottlieb's responses to Defendants' requests for production ("RFP Responses"), which were delivered to us late on Friday, May 19, 2006. As more fully described below, these responses and Plaintiffs' production of documents are incomplete and insufficient. Accordingly, we ask that Plaintiffs Erickson, Esposito, and Gottlieb supplement their respective responses and productions immediately.

Moreover, we received no Interrogatory Responses for Plaintiffs Bittman and Gottlieb, nor RFP Responses for Plaintiff Bittman. We ask that such responses be provided immediately.

We also received your May 23, 2006 letter concerning the depositions of the Plaintiffs. Our response to that letter is also set forth below.

This letter is served to satisfy Local Rules 7.1(A)(2) and 37.1(A) relative to the issues raised herein.

A.   **Depositions of Named Plaintiffs**

Regarding Plaintiffs Erickson and Esposito, the deficiencies in both their written discovery responses and their production of documents pose a serious concern for Defendants relative to their depositions. We are considering whether to move their

LITDOCS/641408.1

EDWARD F. HABER, ESQ.
May 25, 2006
Page 2

Bingham McCutchen LLP
bingham.com

deposition dates until our discovery disputes are resolved (and to request appropriate enlargements of the class-certification discovery period and briefing schedule), and we reserve our right to do so. For the time being, however, we agree to proceed with their depositions at the dates and times set forth in your May 23 letter, but we reserve all rights to suspend their depositions at the conclusion of questioning and to reconvene the depositions at a point in time when all discovery disputes are fully resolved and all supplementation of responses has been completed.

Regarding Plaintiffs Gottlieb and Bittman, the fact that you plan to "withdraw" them as representatives of the putative class (or subclass) in this case does not in any way permit them to avoid a deposition on class-certification issues. To start, courts have recognized the impropriety of attempting to restrict discovery after "self-selecting" class representatives from among numerous named plaintiffs. *See, e.g. In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) ("Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave discovery limited to the portion the plaintiffs selected."). Moreover, the Court's bifurcation order permits Defendants to take discovery on all issues germane to class certification, and discovery of both Plaintiffs Gottlieb and Bittman qualifies. Merely by way of example, discovery concerning their respective histories as stockholders of Biopure will shed light on issues such as (a) whether the claims of Plaintiffs Erickson and Esposito are typical of the claims of other Biopure stockholders (including Plaintiffs Gottlieb and Bittman) who are members of the putative classes, and (b) whether "commonality" exists and, if so, whether common issues of law and fact predominate over individual issues, in light of the individual claims of Plaintiffs Gottlieb and Bittman and any distinctions that may exist among those claims and the claims of two proposed class representatives. *See, e.g., Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1498 (D.S.C. 1991) ("Discovery regarding the *named plaintiffs' individual claims* and relating to the criteria for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure may proceed, but discovery relating to the merits of the class claims may not until a determination as to the propriety of class certification has been made." (emphasis added)).

We do not agree to withdraw the deposition notices for Plaintiffs Gottlieb and Bittman. We intend to proceed with those depositions as noticed unless we agree upon alternate dates and times, which we have invited you to discuss.

B. <u>Discovery Responses</u>

For reasons discussed above, although you indicated in your May 23, 2006 letter that you intend to "withdraw" Plaintiff Gottlieb as a proposed class representative,

LITDOCS/641408.1

EDWARD F. HABER, ESQ.
May 25, 2006
Page 3

Bingham McCutchen LLP
bingham.com

Defendants still seek his answers to interrogatories and the documents he agreed to produce in the RFP Responses. Likewise, Defendants seek Plaintiff Bittman's answers to interrogatories and responses to the request for production. It was simply inappropriate and contrary to the Federal Rules for Plaintiff Gottlieb not to respond to the interrogatories and for Plaintiff Bittman not to respond to either of Defendants' discovery requests absent an agreement with Defendants or an order from the Court permitting them to do so.

Regarding the responses of Plaintiffs Erickson and Esposito, Plaintiff Esposito produced **2 pages of documents**. The only documents we received regarding Plaintiff Erickson were redacted trade records concerning his trades in Biopure stock, and press releases and other publicly accessed information concerning Biopure. This document production is deficient, as are the written responses on their face.

Our specific concerns are as follows:

1.   In response to the interrogatories and requests for production, Plaintiffs make several objections that are not appropriate and are not stated with adequate specificity. These include the following:

- Overly broad
- Unduly burdensome
- Harassing
- Relevancy
- Not limited by time

2.   The assertion of attorney-client privilege and work product privilege doctrine have not been accompanied by sufficient information to meet the Plaintiffs' burden of establishing that the privilege is properly asserted. See Fed. R. Civ. P. 26(b)(5).

3.   Regarding requests for documents and information concerning trades in Biopure stock (Interrogatory No. 6 and Document Request No. 20), Plaintiffs Erickson and Esposito have redacted relevant information from the documents they produced including, but not limited to, addresses, account value, portfolio details and transaction details. Please provide copies of these documents without any information redacted. To the extent the redactions were made to protect private or confidential information, the confidentiality stipulation will protect the same.

4.   Regarding requests for Plaintiffs' more general investment histories (not limited to Biopure) (Interrogatory No. 7 and Document Request No. 20), we

LITDOCS/641408.1

EDWARD F. HABER, ESQ.
May 25, 2006
Page 4

Bingham McCutchen LLP
bingham.com

received no responsive information or documents. The information sought relates directly to the adequacy and typicality of the named Plaintiffs as proposed class representatives under the Private Securities Litigation Reform Act ("PSLRA"). Information regarding a proposed securities class representative's trading before and after the Class Period, regarding both the securities at issue and other securities, is relevant to potential unique defenses and reliance issues concerning the proposed class representative and courts have traditionally compelled discovery of such information. *See, e.g. Roseman Profit Sharing Plan v. Sports and Recreation*, 165 F.R.D. 108, 112 (M.D. Fla. 1996) ("Plaintiffs' trades in publicly held securities other than the defendant corporation for the period of time requested is also relevant to the issue of plaintiffs' reliance and motivation in bringing this action and may lead to discovery of admissible evidence.") Accordingly, please provide a complete answer to Interrogatory No. 7 and related documents pursuant to Document Request No. 20.

5.  In regard to Interrogatory No. 8 for both Plaintiffs (Erickson and Esposito), Plaintiffs fail to describe the nature of the documents or information being withheld that would enable the Defendants to assess the applicability of the privilege or protection being asserted. Accordingly, please provide a complete answer to Interrogatory No. 8. Defendants do not waive any argument that the Plaintiffs have waived privileges by failing to properly identify the documents or communications being withheld.

6.  In regard to Interrogatory No. 10 for both Plaintiffs, their responses objected to the question on the ground that it was "premature." The information sought relates directly to commonality and the typicality of the Plaintiffs' claims. Plaintiffs' Memorandum of Law in Support of Their Motion for Class Certification (hereinafter "Moving Brief") states that the commonality requirement for class certification is satisfied by the allegation that "Defendants' statements concerning Biopure contained false or misleading statements and/or failed to disclose material facts." Moving Brief at 11. Furthermore, the Moving Brief argues that the typicality requirement is satisfied by the allegation that Plaintiffs "purchased Biopure stock during the Class Period at prices that were artificially inflated due to Defendants' material misrepresentations." Moving Brief at 12. The information requested in this interrogatory, concerning a proposed securities class representative's claims, are unquestionably relevant to issues concerning class certification. Accordingly, please provide a complete answer to Interrogatory No. 10.

7.  In regard to Plaintiffs' responses to Document Request Nos. 6 through 20, Plaintiffs fail to describe the nature of the documents being withheld to enable the Defendants to assess the applicability of the privilege or protection being asserted.

EDWARD F. HABER, ESQ.
May 25, 2006
Page 5

Bingham McCutchen LLP
bingham.com

Accordingly, please provide a complete response to Request Nos. 6 through 20. Defendants do not waive any argument that the Plaintiffs have waived privileges by failing to properly identify the documents or communications being withheld.

8.  Given the very few documents that have been produced, it is unclear whether the Plaintiffs are withholding documents based upon objections, or simply have no further documents. Please confirm whether the Plaintiffs are withholding documents based on their objections, or alternatively, have produced all documents in their possession, custody or control.

9.  Request No. 14 sought documents concerning issues such as causation and injury. The stated objection (beyond an inadequate privilege objection) is that the request goes beyond the scope of class certification issues. It does not. Issues such as causation and injury to the members of the putative class are central to the class-certification analysis. Please produce responsive documents.

In light of the dates of the scheduled depositions, we ask that Plaintiffs provide supplemental responses and produce additional documents immediately. We reserve all rights either to continue or to suspend the depositions in the event we do not receive complete responses and fulsome document productions far enough in advance of a given deposition for us to adequately prepare for the deposition.

I am traveling out of state this afternoon and tomorrow morning, but plan to be in the office tomorrow afternoon and Saturday. I am available either time (Friday afternoon or Saturday afternoon) to confer by telephone to discuss these issues.

Very truly yours,

Donald J. Savery

cc:  Cathy A. Fleming, Esq.
     Christopher F. Robertson, Esq.
     Edward P. Leibensperger, Esq.

LITDOCS/641408.1