**Exhibit 10**

# SHAPIRO HABER & URMY LLP

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Theodore M. Hess-Mahan
Matthew L. Tuccillo
Adam M. Stewart
Robert E. Ditzion

Attorneys at Law

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
ehaber@shulaw.com

May 26, 2006

**BY HAND DELIVERY**

Donald J. Savery, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110-1726

Re: <u>In re Biopure Securities Litigation, C.A. No. 03-12628 (NG)</u>

Dear Don:

I write in response to your May 25 letter to Ed Haber. This letter, like yours, is also intended to satisfy Local Rules 7.1(A)(2) and 37.1(A). I note that you have not copied or served our co-counsel, Howard Longman, with that letter. Please copy him on all future correspondence and filings in this action.

Enclosed please find a privilege log concerning the two documents (Bates Nos. RWE0102-0103 and RWE0104) withheld from the production of documents by Plaintiff Erickson on the basis of attorney-client privilege. Enclosed also please find three additional documents (Bates Nos. RWE0099 - RWE 0101) being produced by Plaintiff Erickson.

With regards to the litany of concerns you raised about Plaintiffs' document production, please be advised that we have not withheld, based on any of the general or specific objections, any documents concerning Biopure, which are in the possession, custody, or control of either Plaintiff Erickson or Plaintiff Esposito (other than the two privileged documents described above and listed on the attached privilege log). We believe that Plaintiffs have fully complied with their discovery obligations with respect to the document requests and interrogatories promulgated by Defendants to date.

In light of this compliance, we do not agree that Defendants may suspend and reconvene the depositions of Plaintiffs Erickson and Esposito beyond the dates now noticed for those depositions (Tuesday, May 30, 2006, and Wednesday, May 31, 2006,

SHAPIRO HABER & URMY LLP

Donald J. Savery, Esq.
May 26, 2006
Page 2

respectively). As we have previously made clear, both Plaintiff Erickson and Plaintiff Esposito are prepared to answer questions for as long as necessary on the noticed date of their deposition, up to the seven-hour limit permitted by Fed. R. Civ. P. 30(d)(2). That will be the only date upon which each will be deposed.

As for Plaintiff Gottlieb and Plaintiff Bittman, as previously stated, we are not proposing either as a class representative. For my prior-articulated reasons, neither will be produced for deposition at this phase of the litigation, which by Order of the Court is restricted to class certification discovery.

Sincerely,

*Edward Haber/MLT*

Edward F. Haber

Encl.

cc:   (BY EMAIL)
　　　Howard Longman, Esq.
　　　Christopher F. Robertson, Esq.
　　　Cathy A. Fleming, Esq.
　　　Edward P. Leibensperger, Esq.
　　　Jeffrey S. Huang, Esq.