## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE: BIOPURE SECURITIES LITIGATION | )<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
NO. 03-12628-NG

### DEFENDANT BIOPURE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY FROM NAMED PLAINTIFFS AND FOR AN EXTENSION OF THE CLASS CERTIFICATION BRIEFING SCHEDULE

Defendant Biopure Corporation ("Biopure" or "Defendant") moves to compel Plaintiffs Stuart Gottlieb and Emily A. Bittman to appear for deposition, to provide answers to Biopure's First Set of Interrogatories, and to produce documents responsive to Biopure's First Request for the Production of Documents. In addition, Biopure moves for an order compelling responses to various interrogatories and document requests (identified below) served on the other two Plaintiffs Ronald Erickson and John G. Esposito, Jr. This discovery is directed specifically to class certification issues and is essential to support Biopure's forthcoming opposition to Plaintiffs' Motion for Class Certification.

Although Plaintiffs Gottlieb and Bittman filed the Second Consolidated Amended Complaint (the "SCAC") in this case purportedly "on behalf of a class" of similarly situated persons, and although both Gottlieb's and Bittman's particular factual circumstances supporting their claims are specifically alleged in the SCAC, ***both Gottlieb and Bittman have refused to appear for deposition, answer any interrogatories, or produce any documents***. Plaintiffs argue that they have not offered Bittman as a "class representative" in their Motion for Class Certification, and thus class certification discovery from Bittman is not relevant; as for Gottlieb, whom Plaintiffs did offer as a "class representative" in their

certification motion, Plaintiffs have indicated that they intend to "withdraw" him as a class representative, rather than have him submit to any certification discovery.[1]

Plaintiffs' attempt to avoid discovery of two of the four named plaintiffs fails. Courts have recognized and rejected such tactics:

> ***Named plaintiffs are always parties subject to discovery.* . . .  *Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave discovery limited to the portion of the plaintiffs selected.***

*In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979) (emphasis added).

Furthermore, Plaintiffs' alleged rationale -- that class certification discovery of non-class representatives is not relevant and is burdensome -- is simply wrong. First, there are only four plaintiffs named in the SCAC.  There is no conceivable basis for arguing that it is burdensome for two plaintiffs who have filed a consolidated securities class action against multiple defendants to provide a deposition on class certification.  Second, each of Biopure's document requests and interrogatories, as well as the depositions it seeks, are intended to obtain *relevant class certification discovery*.  The SCAC itself contains specific factual allegations supporting both Gottlieb's and Bittman's particular claims, and discovery into those allegations will provide relevant information as to whether the class representatives' claims (whomever Plaintiffs' counsel ultimately decide to put forward) are typical of Gottlieb's and Bittman's claims.   In addition, facts tending to show a lack of typicality also tend to defeat the required element of adequacy of representation since it is widely acknowledged that "there exists an extensive

---

[1]    Biopure was notified today that Plaintiffs filed an Amended Motion for Class Certification, proposing only Plaintiffs Erickson and Esposito as class representatives.

overlap between the typicality test and the adequate representation requirement." Newberg on Class Actions, §3:22 (4th Ed. 2002). To the extent the class representatives' claims are not typical of Gottlieb's and Bittman's claims, their interests in the litigation diverge, and the adequacy of the class representatives' representation becomes suspect. *Id.* Finally, discovery into their individual claims is relevant to the commonality requirement for certification and the critical issue of whether common issues of law and fact predominate over individual issues.

As for the other two named plaintiffs, Erickson and Esposito, although they have responded to discovery and appeared for deposition, their responses are incomplete and insufficient as described below.

<u>**BACKGROUND**</u>

In 2003 and 2004 a number of securities fraud civil actions were filed by various plaintiffs purporting to represent others similarly situated against Biopure Corporation and some or all of the other defendants herein. Included among those civil actions was *Carolyn Greene v. Biopure et al.*, 03-12628 (NG) filed March 1, 2004, and *John G. Esposito v. Biopure et al.*, 04-10013 (DPW), filed June 6, 2004. By Order of this Court dated May 14, 2004, the civil actions were consolidated under the civil action number of the *Greene* case. In addition, in the same Order, this Court granted the motion of Ronald Erickson made in the *Greene* case for appointment as Lead Plaintiff of the consolidated action.

On July 27, 2004, a Consolidated Amended Complaint was filed by Ronald Erickson as Lead Plaintiff and by Stuart Gottlieb, John G. Esposito, Jr., and Emily A. Bittman as "Plaintiffs." On March 28, 2006, the SCAC was filed. As before, the SCAC was filed by "Lead Plaintiff, Ronald Erickson, and Plaintiffs, Stuart Gottlieb, John G. Esposito, Jr., and Emily A. Bittman." These "Plaintiffs" purported to bring the suit "on behalf of a class" (and a sub-class) defined in the SCAC. *See* SCAC ¶1. The SCAC alleges that Plaintiffs Erickson, Gottlieb, Esposito, and Bittman have

each filed a certification, although no certification appears on record for Gottlieb or Bittman.  In addition, the SCAC alleges that each of these Plaintiffs "purchased shares of Biopure common stock contemporaneously with the sales of Biopure stock by defendants during the Class Period," and it sets forth the amounts of stock and dates of purchase.  SCAC at ¶¶19-21, 182-84.

On May 5, 2006, this Court ordered that discovery be bifurcated into two phases: (1) class certification discovery, and (2) discovery as to the merits.

On April 19, 2006, Defendant Biopure served its First Set of Interrogatories to Plaintiffs Regarding Class Certification Issues, and its First Set of Requests for Production of Documents Regarding Class Certification Issues.  *See* Exhibits A and B.  Both sets of requests were directed to the "named plaintiffs," which were defined as "Ronald Erickson, Stuart Gottlieb, John G. Esposito, Jr., and Emily A. Bittman."

On May 5, 2006 the Defendants requested available dates for the depositions of the four named plaintiffs in this case.  *See* email Savery to Haber et al., 5/5/2006, Exhibit C.  On the same day, Plaintiffs filed a Motion for Class Certification seeking appointment of Ronald Erickson as Representative of the Class, and appointment of Mr. Gottleib and Mr. Esposito as Representatives of the sub-class.[2]  Without explanation, Plaintiff Emily A. Bittman is not referenced in Plaintiffs' Motion for Class Certification.

---

[2]     More specifically, Plaintiffs sought (1) certification of a class consisting of all purchasers of Biopure Corporation, Inc. common stock during the period from April 9, 2003 to December 24, 2003 and appointing Lead Plaintiff Ronald Erickson as Representative for that Class, and (2) certification of a sub-class consisting of all persons who purchased Biopure common stock contemporaneously with the sales of Biopure's stock by the Defendants Biopure and Rausch during the class period and appointing plaintiffs Stuart Gottlieb and John G. Esposito as representative of the sub-class.  Plaintiff's Motion for Class Certification at 1.

In response to Biopure's request for deposition dates for the named plaintiffs, Plaintiffs' counsel provided dates for Mr. Erickson and Mr. Esposito, indicated that he would follow up shortly with respect to Mr. Gottlieb, and ignored Biopure's request for dates for Ms. Bittman entirely. *See* Letter, Haber to Savery, 5/11/2006, Exhibit D.

On May 15, 2006, Biopure sent deposition notices for each of the four named plaintiffs. *See* Letter, Savery to Haber, 5/15/2006, Exhibit E (with deposition notices attached). Because Plaintiffs' counsel had still not responded with respect to Gottlieb's or Bittman's availability, defense counsel simply selected dates in the first two weeks of June 2006 for their depositions. *Id.*

On May 17, 2006, Plaintiffs' counsel finally responded concerning Mr. Gottlieb and Ms. Bittman, taking the position that Mr. Gottlieb would be made available for deposition only in New York (despite the fact Gottlieb filed suit in Massachusetts) and flatly refusing to produce Ms. Bittman for deposition. *See* Letter, Haber to Savery, 5/17/2006, Exhibit F. As grounds for refusing discovery of a named plaintiff, Plaintiffs' counsel purported to rely on the fact of bifurcation of discovery:

> Please be advised that we have not proposed Ms. Bittman as a representative plaintiff in our class certification papers. As you know, at Defendants' request, depositions in this case are currently limited to class certification. Accordingly, we will not produce Ms. Bittman for the noticed deposition.

Biopure responded by requesting that Mr. Gottlieb agree to appear for depostion in Massachusetts, where he filed suit, and pressed for the deposition of Ms. Bittman with respect to class certification issues.

On May 23, 2006, Plaintiffs responded *by refusing altogether to produce Mr. Gottlieb as well*. *See* Letter, Haber to Savery, 5/23/2006, Exhibit G. As grounds,

LITDOCS/642368.3

Plaintiffs asserted that, despite being a named plaintiff in a consolidated class action suit, "Dr. Stuart Gottlieb is a busy gastroenterologist who cannot travel to Boston for a deposition."  Plaintiffs' counsel advised that Mr. Gottlieb would be "withdraw[n]" as proposed class representative:

> In order to avoid burdening the court with a dispute over where Dr. Gottlieb's deposition should be held, we have decided to withdraw him as a proposed class representative for the Sec. 20(A) insider trading sub-class. We will shortly make a filing reflecting that decision.[3]

Thus, Plaintiffs Gottlieb and Bittman refuse to appear for deposition.[4]

Neither Gottlieb nor Bittman provided any answers to interrogatories or produced any documents pursuant to Biopure's interrogatories and document requests.  In addition, as described below, Plaintiffs Erickson's and Esposito's responses to interrogatories and document requests were incomplete.

## ARGUMENT

Pursuant to Federal Rules 26, 33, and 34 and corresponding Local Rules 33.1, and 34.1, the named plaintiffs are obligated to provide all information, documents and things in their possession, custody, or control that are relevant to the litigation and responsive to Biopure's discovery requests.  Under the broad provisions of Fed. R. Civ. P. 26(b)(1), Biopure is entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Discovery is considered relevant if it "appears reasonably calculated to lead to the discovery of

---

[3]    As noted previously, Plaintiffs today filed an Amended Motion for Class Certification, presenting only Named Plaintiffs Erickson and Esposito as class representatives, and not naming Gottlieb as class representative.

[4]    Named Plaintiffs Gottlieb and Bittman filed a motion for protective order today.

admissible evidence." *Id.  See also EEOC v. Electro-Term, Inc.,* 167 F.R.D. 344, 346 (D. Mass. 1996) ("[R]elevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action.").

For the following reasons, Plaintiffs should be compelled to provide further responses to written discovery and to produce Plaintiffs Bittman and Gottlieb for deposition.  Biopure is entitled to this discovery, which is relevant to class certification issues.

## I.  PLAINTIFFS' REFUSAL TO PROVIDE DISCOVERY FROM TWO OF THE FOUR NAMED PLAINTIFFS IS CONTRARY TO LAW.

### A.  Named Plaintiffs are Always Subject to Discovery Regardless of Whether Class Counsel Seeks to Designate Them as Class Representatives.

Plaintiffs Gottlieb and Bittman are two of the four named plaintiffs who filed this consolidated class action against Defendants, and they did so expressly in a representative capacity.  Paragraph 1 of the SCAC states:  "This is a federal securities class action which is brought by Plaintiffs [defined to include Gottlieb and Bittman] . . . on behalf of a class . . . ."  In both their original Consolidated Amended Complaint, and in the SCAC, both Gottlieb and Bittman claim to have made Biopure stock purchases contemporaneously with sales of two of the Defendants and they detail the alleged amounts and dates of purchases.  Accordingly, Biopure has sought to take written discovery from them and to depose them.

Plaintiffs' effort to make these two named plaintiffs "disappear" by not offering Bittman as a class representative and by indicating an intent to "withdraw" Gottlieb as a class representative is improper.  Such a tactic has been soundly rejected by the courts.  Thus, in *In re Folding Carton Antitrust Litigation*, 83 F.R.D.

260, 264 (N.D. Ill. 1979), the plaintiffs objected to "anyone other than active class representatives" responding to interrogatories by "attempt[ing] to make a distinction between the thirteen active class representatives and the approximately sixty-six other class plaintiffs who have brought actions and remain as parties." *Id.* The Court rejected this distinction and ordered discovery from the named plaintiffs recognizing that: "Named plaintiffs are always parties subject to discovery. . ." *Id.* at 264. The Court went on to reject the very tactic that Plaintiffs here have employed: "Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave discovery limited to the portion of the plaintiffs selected." *Id. See also* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil 2d §2171 (2005) ("named plaintiff in a class action are always subject to discovery"); 6A Fed. Proc., L. Ed. §12:351 (2005) ("The named plaintiffs in a class action are properly subject to discovery as parties to the litigation without any showing of special circumstance which are required in the case of discovery from absent class members, even though the named plaintiffs are not active class representatives."). As in *In re: Folding Carton Litig.*, class counsel in this matter should not be permitted to "self-select" a subset of the named plaintiffs and argue that discovery is "limited to the portion of the plaintiffs selected."

A similar discovery-avoiding tactic was attempted and rejected in *In re: Vitamin Antitrust Litig.*, 198 F.R.D. 296, 303 (D.D.C. 2000). There, defendants sought documents from twenty-five named plaintiffs. The class plaintiffs refused, arguing that discovery "should be limited to the six plaintiffs designated as class representatives." *Id.* A Special Master recommended that all named plaintiffs be ordered to respond to document requests. In response, certain named plaintiffs filed a motion for voluntary dismissal of their actions with prejudice. *Id.* In rejecting this tactic, the court noted: "it seems fairly obvious that these plaintiffs

wish to dismiss their actions merely to avoid having to give defendants the discovery authorized by the Special Master's Report." *Id.* at 304. Finding the attempt to evade discovery "suspect and somewhat indicative of bad faith," the court refused to grant the voluntary dismissals unless "the plaintiffs respond to all document requests and interrogatories previously noticed." *Id.* at 306.

As in *In re: Vitamin Antitrust Litig.*, the timing of Plaintiffs' decision here not to offer Bittman as a class representative after receiving Biopure's request for her available deposition dates, and Plaintiffs' decision to "withdraw" Gottlieb as class representative after Biopure continued to press for his deposition, is also suspect. Clearly, these actions have been taken for the sole purpose of avoiding discovery. Plaintiffs' counsel's claimed reason that Mr. Gottlieb is too busy to make time to be deposed in a consolidated class action that he filed is either not credible or shows that Mr. Gottlieb should never have been named as a Plaintiff (much less as a class representative) to begin with. Regardless, this cannot provide a basis for refusing to appear for any deposition at all. Likewise, the unexplained exclusion of Ms. Bittman as class representative on the eve of receiving a deposition notice is similarly suspect. In any event, Defendants are entitled to discovery from these named plaintiffs whether they are categorized as class representatives or simply named plaintiffs. *See In re: Folding Carton Litig.*, 83 F.R.D. at 264; *In re: Vitamins Antitrust Litig.*, 198 F.R.D. at 303.

**B.     Plaintiff's' Reliance on the Bifurcation of Discovery to Avoid Discovery From Named Plaintiffs Gottlieb and Bittman Fails Because Defendants Seek Discovery From These Plaintiffs on Class Certification Issues.**

Plaintiffs attempt to justify their refusal to permit discovery of Plaintiffs Gottlieb and Bittman on the ground that discovery has been bifurcated into class and merits discovery and that discovery from named plaintiffs who have not been

offered as class representatives is "not relevant" to class certification. The
argument must be rejected for the simple reason that the discovery Defendants seek
from Gottlieb and Bittman **is relevant to class certification issues**. Indeed,
Biopure's document requests and interrogatories directed at these two Plaintiffs are
for class certification purposes, as will be the questions at their depositions.

The discovery sought is relevant to numerous class certification issues. First,
discovery from Gottlieb and Bittman is relevant to the typicality requirement. Fed.
R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same
or similar injury, whether the action is based on conduct which is not unique to the
named plaintiffs, and whether other class members have been injured by the same
conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation
omitted). In this case, even if Gottlieb and Bittman are not put forward as
representatives of the putative class or sub-class, they are alleged to be members of
both classes. Both allegedly purchased Biopure stock during the class period and
also "purchased shares of Biopure common stock contemporaneously with the sale
of Biopure stock by defendants during the Class period." SCAC ¶¶19, 21. Indeed,
Plaintiffs' class certification motion asserts that the claims of the class and the sub-
class representatives (including Gottlieb's) are typical of the members of the class
and sub-class. *See* Plaintiffs' Memo. in Support of Motion for Class Cert. at 12-13.
Defendants should have the right to test that assertion through discovery. Indeed,
this is the very purpose of "class certification" discovery: there can be no doubt that
if named plaintiffs Gottlieb's and Bittman's claims -- *which are showcased in the
complaint* -- are not factually and legally similar to the claims of whomever
Plaintiffs ultimately offer as class representatives, then this would be powerful
evidence that the class representatives' claims themselves are not typical.

Second, the discovery sought is relevant to the requirement of adequacy of
representation. Fed. R. Civ. P. 23(a)(4). As is widely recognized, "there exists an

extensive overlap between the typicality test and the adequate representation requirement." Newburg on Class Actions, §3:22 (4th Ed. 2002) (citations omitted). "[W]hen typicality of claims is absent, the class representative inherently has a conflict with the rest of the class because he or she has no incentive to prosecute class claims vigorously. . . . " *Id.* Thus, facts bearing on the nature of Gottlieb's and Bittman's claims, and how those claims compare to the claims of whomever Plaintiffs' Counsel ultimately decide to offer as class representatives, also bear directly on whether the class representatives can adequately represent Gottlieb and Bittman. The greater the extent to which the class representatives' claims differ from those of Gottlieb and/or Bittman, the greater the risk that the class representatives will be inadequate. Biopure should therefore be permitted to take discovery from Gottlieb and Bittman to explore the issues of typicality and adequacy of representation.

Finally, discovery from Bittman and Gottlieb is relevant to the commonality and predominance requirements. Fed. R. Civ. P. 23 (a)(2), (3). Discovery into their individual claims, as compared to the claims of the offered class representatives, will illuminate whether common issues of law and fact predominate over individual issues, and whether any distinctions may exist among those claims. Indeed, what better way to explore this element than by conducting discovery relative to the individual claims of the class representatives' own co-plaintiffs? In the SCAC, Plaintiffs have alleged reliance on statements made by Biopure: "Plaintiffs and the other members of the Class . . . believed Defendants' statements regarding Biopure to be completely truthful, candid and not deceptive or misleading or suffering from omissions of material facts." SCAC ¶214. Whether or not this allegation is true will likely require an individualized inquiry of class member -- a factor that defeats a finding of commonality. *See, e.g., Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,* 149 F.R.D. 65, 75-76 (D. N.J. 1993) ("When the resolution of a common legal

issue is dependent upon factual determinations that will be different for each purported class plaintiff . . . courts have consistently refused to find commonality and have declined to certify a class action."). Mr. Erickson for example, has acknowledged in deposition that before he purchased his Biopure stock, he had his broker at Citigroup research Biopure, including looking into the news concerning the FDA process of approving the product. *See* Erickson Dep. at 43-50 (Exhibit H, attached). Biopure should likewise be permitted to discover the circumstances under which Gottlieb and Bittman made their alleged purchases of Biopure stock.

Accordingly, this Court should order Plaintiffs to produce Gottlieb and Bittman for depositions, to provide answers to Biopure's First Set of Interrogatories, and to produce documents responsive to Biopure's First Set of Requests for Production.

## II.    DISCOVERY RESPONSES FROM ERICKSON AND ESPOSITO ARE INCOMPLETE AND INSUFFICIENT.

Plaintiffs Erickson and Esposito have provided incomplete and insufficient responses to Biopure's interrogatories and document requests concerning class certification. Plaintiffs' Responses to Biopure's First Request for the Production of Documents are attached as Exhibit I, and Plaintiff Erickson's and Esposito's Responses to Biopure's First Set of Interrogatories are attached as Exhibits J and K respectively. Biopure's specific concerns with the responses are as follows.

**Biopure Interrogatory No. 6**

*Provide the following information concerning each and every transaction in Biopure securities engaged in by you or on your behalf at any time, from your first purchase of Biopure securities through the present:*

> *(a)    the trade date and settlement date of each such transaction;*
>
> *(b)    the type of security;*
>
> *(c)    the purchase/sale price, excluding and including commission,*

*and the profit or loss after commission on each such transaction;*

(d)    *identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;*

(e)    *the account number of the brokerage account in which each such transaction was made;*

(f)    *the source of any funds used to make each such transaction, including commission payment;*

(g)    *identify all information you considered in determining whether to engage in each such transaction in Biopure;*

(h)    *identify all persons with whom you communicated concerning your decision(s) to purchase or sell Biopure securities and describe in detail the circumstances and substance of each communication with each such person including, without limitation, whether any such person recommended that you purchase or sell any other securities at the same time that you purchased or sold Biopure securities, and whether any such person is in any way connected, affiliated, or otherwise involved with, or has any direct or indirect interest in the outcome of, the above-captioned matter.*

### Plaintiffs' Responses to Biopure Interrogatory No. 6

[Plaintiffs Erickson's and Esposito's responses to Interrogatory No. 6, which are approximately one-page long, are attached at Exhibits J and K respectively]

### Biopure Document Request No. 20

*All documents identified in, referred to or relied upon in your responses or in preparation of your responses to Defendant Biopure Corporation's First Set of Interrogatories to Plaintiffs Regarding Class Certification Issues.*

### Plaintiffs' Responses to Biopure's Document Request No. 20.

*Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 20 may cause Plaintiffs to violate the attorney client and/or work product privileges. Furthermore, this request is unduly burdensome and will not lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request that concern or relate to the their purchase or*

*sale of Biopure shares.*

### Argument Regarding Biopure Interrogatory No. 6 and
### Document Request No. 20

Regarding these requests for documents and information concerning trades in Biopure stock, Plaintiffs Erickson and Esposito have redacted relevant information from the documents they produced including, but not limited to, addresses, account values, portfolio details and transaction details. The only conceivable basis for the redaction is privacy concerns, but such concerns are already addressed under the confidentiality stipulation the parties have in place. Accordingly, Plaintiffs should be compelled to produce these documents without redactions.

### Biopure Interrogatory No. 7

*Provide the following information as to all securities transactions engaged in by you, or on your behalf:*

*(i)   the trade date and settlement date of each such transaction;*

*(j)   the type of security;*

*(k)   the issuer of the security;*

*(l)   the date on which each such transaction occurred;*

*(m)  the purchase/sale price, excluding and including commission, and the profit or loss after commission on each such transaction;*

*(n)   identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;*

*(o)   the account number of the brokerage account in which each such transaction was made;*

*(p)   the source of any funds used to make each such transaction, including commission payment; and*

*(q)   identify all information you considered in determining whether to engage in each such transaction.*

### Plaintiff Erickson's and Esposito's Response to Biopure's Interrogatory No. 7

*Plaintiff Erickson [and Esposito] responds that he incorporates the foregoing*

*General Objections, and, in particular, the objection that responding to this interrogatory is unduly burdensome, and is not calculated to lead to the discovery of admissible relevant evidence, and is primarily designed to harass plaintiffs.*

**Plaintiff Erickson's and Esposito's Response to Document Request No. 20**

[Same as quoted above]

### Argument Regarding Biopure Interrogatory No. 7 and Document Request No. 20

Regarding these requests for Plaintiffs' investment histories (not limited to Biopure), Plaintiffs produced no responsive information or documents. The information sought relates directly to the adequacy and typicality of the named plaintiffs as proposed class representatives under the Private Securities Litigation Reform Act ("PSLRA"). The deposition testimony of both Erickson and Esposito establishes that responsive documents concerning other specified investment accounts are in their possession or control.[5] Information regarding a proposed securities class representative's trading before and after the Class Period, regarding both the securities at issue and other securities, is relevant to potential unique defenses and reliance issues concerning the proposed class representative and courts have traditionally compelled discovery of such information. *See, e.g. Roseman Profit Sharing Plan v. Sports and Recreation*, 165 F.R.D. 108, 112 (M.D. Fla. 1996) ("Plaintiffs' trades in publicly held securities other than the defendant corporation for the period of time requested is also relevant to the issue of plaintiffs' reliance and motivation in bringing this action and may lead to discovery of admissible evidence.") Accordingly, Plaintiffs should be compelled to provide

---

[5]    Plaintiffs have designated the relevant passages of the deposition transcripts "confidential" pursuant to the Protective Order entered herein.

LITDOCS/642368.3

complete answers to Interrogatory No. 7 and to produce related documents pursuant to Document Request No. 20. In addition, Defendants should be given the opportunity to conduct additional deposition questioning of these Plaintiffs on such answers and documents.

III. **BIOPURE REQUESTS AN EXTENSION OF THE CURRENT BRIEFING SCHEDULE ON CLASS CERTIFICATION TO ALLOW BIOPURE TIME TO CONDUCT THE REQUESTED DISCOVERY.**

Biopure seeks a modest extension to the current briefing schedule to allow time to review any discovery compelled by the Court as a result of this Motion. Currently Biopure's opposition to Plaintiffs' class certification motion is due June 30, 2006. Given that the purpose of the discovery sought in the present motion is to discover facts relevant to the propriety of certifying a class in this case, Biopure should be permitted a reasonable amount of time following receipt of any discovery ordered by the Court to review the materials and incorporate them in its opposition to class certification. Accordingly, Biopure requests that the deadline for it to file its opposition to class certification be enlarged such that the opposition will be due thirty days after receipt of all discovery, and completion of all depositions, compelled by the Court.

<u>**CONCLUSION**</u>

For the foregoing reasons, Biopure respectfully requests an Order from this Court:

(1) compelling Plaintiffs Gottlieb and Bittman to (a) appear for deposition on class certification issues, (b) provide answers to Biopure's First Set of Interrogatories, and (c) produce documents responsive to Biopure's First Request for Production of Documents;

LITDOCS/642368.3

(2) compelling Plaintiffs Erickson and Esposito to address the deficiencies in their responses to Biopure's discovery requests identified above and to provide deposition testimony concerning same; and

(3) modifying the scheduling order such that Biopure's opposition to Plaintiffs' Motion for Class Certification will be due thirty days after the completion of all further document discovery and depositions compelled by the Court.

Respectfully submitted,

**BIOPURE CORPORATION**

By its attorneys,

/s/ Donald J. Savery
Robert A. Buhlman, BBO #554393
Donald J. Savery, BBO #564975
Michael D. Blanchard, BBO #636860
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: June 5, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above pleading was electronically served upon the attorneys of record for all parties on June 5, 2006.

/s/Donald J. Savery
Donald J. Savery

LITDOCS/642368.3