UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Master Docket No. 03-12628 (NG) |

### DEFENDANT BIOPURE CORPORATION'S FIRST SET OF INTERROGATORIES TO PLAINTIFFS REGARDING CLASS CERTIFICATION ISSUES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Biopure Corporation propounds the following interrogatories, to be answered by the Named Plaintiffs within thirty days, in writing and under oath.

### DEFINITIONS

A.   The term "Complaint" refers to the operative amended complaint in the above-captioned action.

B.   The term "Named Plaintiffs" refers to Ronald Erickson, Stuart Gottlieb, John G. Esposito, Jr., and Emily A. Bittman, as well as their agents and representatives.

C.   The term "Class" means the class referred to in the Complaint.

D.   The term "Individual Defendants" means Thomas Moore, Carl W. Rausch, J. Richard Crout, and Charles A. Sanders.

E.   The term "Biopure" refers to Defendant Biopure Corporation, and anyone acting on its behalf.

F.   The term "document" means the original and any copy or draft, regardless of origin or location, of any written or recorded material, in whole or part, including computer-stored and computer-retrievable information, and is synonymous in meaning with and equal

in scope to the usage of the term in Federal Rule Civil Procedure 34(a).

G.  The term "person" means any natural person, corporation, partnership, proprietorship, group, association, or any other form of organization or entity.

H.  The term "communication" refers to any contact, oral or written, formal or informal, at any time or place, under any circumstance in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include without limitation any document containing, constituting, reflecting, memorializing, referring or relating to any such contact.

I.  The terms "state" and "describe" mean to set forth a complete and detailed statement of all information, circumstances and facts that refer to, relate to, reflect, comprise, or bear upon the matter concerning which information is requested.

J.  "Relating to" or "related to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to in whole or in part, the stated subject matter.

K.  The term "including" means including, but not limited to.

L.  The terms "you" and "your" refer to the named plaintiffs and include any aliases, persons, partners, authorized agents, attorneys, servants, employees, representatives, and any other person acting on the named plaintiffs' behalf.

M.  The terms "all," "any," and "each" shall be construed to mean "all, any, and each."

N.  The singular includes the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive, and the past tense includes the present tense and vice versa.

O.  The terms "identify" and "identity" mean:

(i)  With respect to a natural person, to state his full name, present or last known address, present or last known position and business affiliation and address, and his position and business affiliation at the time in question;

(ii)  With respect to any other entity, to state its full name and the address of its principal place of business;

(iii)  With respect to a document, to state its date, present location, custodian, authors, recipients and type of document (e.g. letter, memorandum, telegram, chart, etc.)

P.  The term "broker" means broker as defined in the Securities Exchange Act of 1934 (as amended) and/or any person engaged in the business of effecting transactions in Securities for the account of others.

Q.  The term "securities" means any and all securities as defined by the Securities Act of 1933 (as amended) and the Securities Exchange Act of 1934 (as amended).

## GENERAL INSTRUCTIONS

A.  All interrogatories are being propounded to each Named Plaintiff individually and must be answered fully, completely and in writing, and signed by each Named Plaintiff or the person making the answers. In the event that any interrogatory cannot be answered fully after the exercise of reasonable diligence, a party shall furnish as complete an answer as it can, and shall explain in detail the reasons it cannot give a full answer, including a

statement as to what is needed in order that the party may be in a position to answer the interrogatory fully.

B.   Interrogatories, or separately numbered or lettered subparts of interrogatories, should not be combined for the purpose of supplying a common answer thereto.

C.   If you withhold under a claim of privilege (including attorney work-product) any information covered by these interrogatories, furnish a list specifying (a) the nature of the privilege claimed, and, if the privilege is being asserted in connection with state law, the state's privilege rule being invoked; (b) the identity of the person making the communication; (c) the identity of each person present while the communication was made; (d) the date and place of the communication; (e) the subject matter of the communication; and (f) the interrogatory to which the withheld information is responsive.

D.   The information sought in response to these interrogatories must be current to the date of Named Plaintiffs' response. All interrogatories are of a continuing nature and supplemental responses are required in accordance with the Federal Rules of Civil Procedure.

E.   Unless otherwise indicated by the context of the question, the Named Plaintiffs should answer each interrogatory, setting forth all responsive information from January 1, 2000 through and including the present.

## INTERROGATORIES

1.   Identify each person with whom you (including but not limited to your counsel) have communicated regarding any of the facts or allegations contained in the Complaint and, for each, provide his or her name, current or last known business and residential addresses, current business and residential telephone numbers.

2. Identify each witness on whose testimony you intend to rely in support of your motion for class certification, and with respect to each witness that you will proffer as an expert witness (a) state the subject matter of the expert's testimony; (b) state the substance of the facts and opinions to which the expert is expected to testify and set forth a summary of the grounds for each opinion; and (c) identify each document that the expert has considered in connection with his or her testimony.

3. Identify each business entity (including but not limited to trusts, partnerships, limited partnerships, limited liability partnerships, sole proprietorships, limited liability companies, associations and corporations) within the last ten years that you have owned, been employed by, partnered with, engaged in a joint venture with, or been an officer, director, consultant, independent contractor, trustee or beneficiary of, and for each such entity state the name, type of business, address and telephone number of each business, and state your title, position, and responsibilities with respect to each such entity.

4. Identify every civil or criminal lawsuit, administrative proceeding, or arbitration in which you have been at any time a party, or presently are a party. For each lawsuit, administrative proceeding, or arbitration identified, state the parties' names, the civil action number or other identification number, the name and location of the court or arbitral panel where it is or was pending, whether you are or were a plaintiff or a defendant therein, the names of counsel for each party thereto, the status of the suit, and whether you are or were a class representative or proposed class representative therein or seek or sought to be approved as a class representative therein.

5. Identify each individual broker that you retained, employed or utilized from January 1, 2000 through the present, and with respect to each such broker, also identify the

firm name and business address, if any, with which such broker was associated and his or her business telephone number and address.

6. Provide the following information concerning each and every transaction in Biopure securities engaged in by you or on your behalf at any time, from your first purchase of Biopure securities through the present:

    (a) the trade date and settlement date of each such transaction;

    (b) the type of security;

    (c) the purchase/sale price, excluding and including commission, and the profit or loss after commission on each such transaction;

    (d) identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;

    (e) the account number of the brokerage account in which each such transaction was made;

    (f) the source of any funds used to make each such transaction, including commission payment;

    (g) identify all information you considered in determining whether to engage in each such transaction in Biopure;

    (h) identify all persons with whom you communicated concerning your decision(s) to purchase or sell Biopure securities and describe in detail the circumstances and substance of each communication with each such person including, without limitation, whether any such person recommended that you purchase or sell any other securities at the same time that you purchased or sold Biopure securities, and whether any such person is in any way connected, affiliated, or otherwise involved with, or has any direct or indirect interest in the outcome of, the above-captioned matter.

7. Provide the following information as to all securities transactions engaged in by you, or on your behalf:

    (a) the trade date and settlement date of each such transaction;

    (b) the type of security;

    (c) the issuer of the security;

    (d) the date on which each such transaction occurred;

    (e) the purchase/sale price, excluding and including commission, and the profit or loss after commission on each such transaction;

 (f) identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;

 (g) the account number of the brokerage account in which each such transaction was made;

 (h) the source of any funds used to make each such transaction, including commission payment; and

 (i) identify all information you considered in determining whether to engage in each such transaction.

8. Describe in detail the circumstances surrounding the first contact or communication made between you or on your behalf and your legal counsel in the above-captioned action, including, without limitation, identification of who initiated the first contact or communication, the date of contact or communication, and the substance of that contact or communication.

9. Describe with specificity any familial, social, business, financial, or other relationship (other than the attorney-client relationship in this litigation) that you have or have had or have discussed having with any counsel for any plaintiffs (Named Plaintiff or otherwise) in this lawsuit. Your response should include, but not be limited to the length of the relationship, nature of the relationship, and frequency and substance of the relationship.

10. Identify each alleged misrepresentation or omission contained in the Complaint which you claim gives rise to liability under the Securities Exchange Act of 1934 (as amended) and specify why the statement is alleged to be misleading including, if a misrepresentation, the reason why the statement is alleged to be false and the correct information you contend should have been disclosed, and if an omission, the information that you believe should have been disclosed, and for each alleged misrepresentation or omission, identify by date and source each and every instance you claim a corrective disclosure or partial corrective disclosure was made public by defendants or any other source.

11.  Identify each on-line (internet and/or world wide web) discussion forum, chat room, blog or similar web space that you have participated in from July 31, 2002 through the present that relates to transactions in securities and for each such web space, state all screen names that you have used.

BIOPURE CORPORATION

By its attorneys,

*/s/ Robert A. Buhlman*

Robert A. Buhlman, BBO #554393
Donald J. Savery, BBO #564975
Michael D. Blanchard, BBO #636860
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

Dated: April 19, 2006

### Certificate of Service

I, Jennifer L. Holden, hereby certify that on April 19, 2006, a true and correct copy of the foregoing was served by hand upon Shapiro Haber & Urmy, LLP, and by US Mail on all other counsel of record.

*/s/ Jennifer L. Holden*

Jennifer L. Holden