UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Master Docket No. 03-12628 (NG) |

**DEFENDANT BIOPURE CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS REGARDING CLASS CERTIFICATION ISSUES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Biopure Corporation requests that Named Plaintiffs produce the documents designated below for inspection and copying at the offices of Bingham McCutchen LLP within thirty days.

**DEFINITIONS**

A. The term "Complaint" refers to the operative amended complaint in the above-captioned action.

B. The term "Named Plaintiffs" refers to Ronald Erickson, Stuart Gottlieb, John G. Esposito, Jr., and Emily A. Bittman, as well as their agents and representatives.

C. The term "Class" means the class referred to in the Complaint.

D. The term "Individual Defendants" means Thomas Moore, Carl W. Rausch, J. Richard Crout, and Charles A. Sanders.

E. The term "Biopure" refers to Biopure Corporation, and anyone acting on its behalf.

F. The term "document" means the original and any copy or draft, regardless of origin or location, of any written or recorded material, in whole or part, including computer-stored and computer-retrievable information, and is synonymous in meaning with and equal

in scope to the usage of the term in Federal Rule Civil Procedure 34(a).

G. The term "person" means any natural person, corporation, partnership, proprietorship, group, association, organization or business entity.

H. The term "communication" refers to any contact, oral or written, formal or informal, at any time or place, under any circumstance in any manner, whereby a statement of any nature is transmitted or transferred, including any meeting or other conversation, and shall include without limitation any document containing, constituting, reflecting, memorializing, referring or relating to any such contact.

I. The terms "state" and "describe" mean to set forth a complete and detailed statement of all information, circumstances and facts that refer to, relate to, reflect, comprise, or bear upon the matter concerning which information is requested.

J. "Relating to" or "related to" shall mean constituting, defining, describing, discussing, involving, concerning, containing, embodying, reflecting, identifying, stating, analyzing, mentioning, responding to, referring to, dealing with, commenting upon, prepared in connection with, used in preparation for, appended to, pertaining to, having any relationship to or in any way being factually, legally or logically connected to in whole or in part, the stated subject matter.

K. The term "including" means including, but not limited to.

L. The terms "you" and "your" refer to the named plaintiffs and include any aliases, persons, partners, authorized agents, attorneys, servants, employees, representatives, and any other person acting on the named plaintiffs' behalf.

M. The terms "all," "any," and "each" shall be construed to mean "all, any, and each."

N.  The term "persons(s)" shall mean individuals, corporations, partnerships, limited liability companies, associations, or any other form of organization or entity.

O.  The singular includes the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive, and the past tense includes the present tense and vice versa.

P.  The terms "identify" and "identity" mean:

(i)  With respect to a natural person, to state his full name, present or last known address, present or last known position and business affiliation and address, and his position and business affiliation at the time in question;

(ii)  With respect to any other entity, to state its full name and the address of its principal place of business;

(iii)  With respect to a document, to state its date, present location, custodian, authors, recipients and type of document (e.g. letter, memorandum, telegram, chart, etc.)

Q.  The term "broker" means broker as defined in the Securities Exchange Act of 1934 (as amended) and/or any person engaged in the business of effecting transactions in Securities for the account of others.

R.  The term "securities" means any and all securities as defined by the Securities Act of 1933 (as amended) and the Securities Exchange Act of 1934 (as amended).

## GENERAL INSTRUCTIONS

A.  If you withhold under a claim of privilege (including attorney work-product) any information covered by this discovery request, furnish a list specifying: (a) the nature of the privilege claimed, (b) the authors of the document, (c) all persons who received copies

of the document, (d) the date of the documents, and (e) the general subject matter of the documents sufficient to enable other parties to assess the applicability of the privilege.

B. For any draft, copy or reproduction of any document responsive to any of the following requests that contains or has been revised to include any postscript, notation, change, amendment or addendum, not appearing in the document itself as originally written, typed or otherwise prepared, produce each such draft, copy or reproduction.

C. All documents requested shall be produced in the same file or other organizational environment in which they are maintained by you, *i.e.* if the document is part of a file or other grouping, it should be physically produced, together with all of the documents from said file or group in response to the request in the same order or manner of arrangement as the original.

D. All documents that respond, in whole or in part, to any part of any request herein, should be produced in their entirety, in unredacted form, including all attachments and enclosures, as they are kept in the ordinary course of business. If any information specified in any request appears on any page of any document, all pages of the document should be produced in response to the request.

E. If any document requested was at one time in existence and under your possession, control or custody, but has been lost, discarded, destroyed or otherwise removed from your possession, custody or control, provide with respect to each document a description of the document and the date it was lost, discarded, destroyed, or removed.

F. All documents produced shall include the date, present location, custodian,

authors, recipients and type of document (e.g., letter, memorandum, chart, etc.).

G. As used here, the singular form of a noun or pronoun shall be considered to include within its meaning the plural form therein, and vice versa; the masculine form of a noun or pronoun shall include within its meaning the feminine form therein, and vice versa; and the tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

H. Any request phrased in the conjunctive shall also be read in the disjunctive and vice versa.

I. Unless otherwise indicated by the context of the question, the named plaintiffs should answer each interrogatory, setting forth all responsive information from July 30, 2002 through and including the present.

## DOCUMENTS TO BE PRODUCED

1. All documents evidencing or relating to any purchase, sale or other transaction involving securities of Biopure by Named Plaintiffs or any person acting in concert or agreement with, or under the control of Named Plaintiffs, including but not limited to confirmations of purchases and sales, account statements and profit and loss statements. For purposes of this request, "purchase or sale" shall include but is not limited to short sales or the purchase or sale of any put, call, option, straddle, warrant or other derivative with respect to shares of Biopure.

2. All documents, including but not limited to analysts' reports, newspaper and magazine articles and newsletters, obtained or reviewed by Named Plaintiffs that refer in any manner to Biopure or its subsidiaries, affiliates, directors, officers or employees.

3. All documents upon which Named Plaintiffs claim to have relied, in whole or in part, in making any decision to purchase or sell securities or engage in any other transaction involving securities of Biopure.

4. All documents evidencing any report, statement, opinion, analysis, recommendation, or view of, or communication with, any market or investment analyst, investment advisor, or stock broker that the Named Plaintiffs reviewed regarding the Named Plaintiffs' purchase or sale of Biopure securities.

5. All documents evidencing or relating to any communications between Named Plaintiffs and any past or present Biopure executives, officers, directors or employees.

6. All documents evidencing or relating to the decision of Named Plaintiffs to serve as lead plaintiffs and to commence litigation concerning his or her purchases of securities of Biopure.

7. All documents reflecting any communication of any form or type by Named Plaintiffs with any other member of the putative class in this action concerning matters relating to the Complaint filed in this action or other court filings by any plaintiff in this action.

8. All documents evidencing or relating to the retention of counsel by Named Plaintiffs in connection with this action, including but not limited to documents reflecting fee arrangements with said counsel and arrangements for the paying of costs of litigation.

9. All documents reflecting any communications by Named Plaintiffs with any other person concerning the securities of Biopure.

10. All documents evidencing or relating to any litigation from any time whatever in which Named Plaintiffs sought to serve or in fact served as a lead plaintiff or in any other representative capacity on behalf of other plaintiffs.

11. All documents sufficient to identify any litigation or other matter from any time whatever in which any attorneys from any of the firms representing the plaintiffs in this action previously represented any of Named Plaintiffs.

12. All documents provided to, shown to, reviewed by, created by, considered, or relied upon in connection with this matter by any expert you intend to use in this matter.

13. All documents related to all allegations in the Complaint made to show that a certifiable class exists for trial consisting of the class defined in the Complaint. This request includes, without limitation, all documents relating to, or on which you intend to rely to support, your motion for class certification, and any other documents related to the allegations in the Complaint asserting that named plaintiffs meet the requirements for certification of the Class under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

14. All class certification orders, class deposition transcripts of Named Plaintiffs, and class certification memoranda of law and exhibits thereto, created in any other litigation in which any Named Plaintiff is (or was within the last ten years) a class representative or currently seeks to be (or sought to be within the last ten years) a class representative.

15. All documents related to any injury or damages alleged to have been suffered by you or any other member of the purported Class in your Complaint. This request includes, without limitation, all documents related to any purported misrepresentation by any of the Individual Defendants, all documents related to any data or method used in calculating such injury or damages, and all documents related to any theory of causation and/or damages, based on the alleged conduct of the Individual Defendants named in your Complaint, that you or any member of the Class intend to assert during the course of litigation.

16.     All documents related to your proposed method of allocating damages claimed by you on behalf of members of the purported Class.

17.     All documents concerning any gift, loan, payment, compensation, remuneration or any other transfer, whether monetary or otherwise, made between: (a) Named Plaintiffs' counsel; and (b) any Named Plaintiff, any Named Plaintiff's broker or any Named Plaintiff's family member, during the previous ten years. This request includes, without limitation, cancelled checks, bank statements, relevant portions of federal and state income tax returns or statements, financial statements, securities or brokerage account statements or confirmation or transfer slips.

18.     All documents concerning any arrests or convictions of any Named Plaintiff, including without limitation arrest warrants, arrest sheets and criminal indictments.

19.     All documents concerning the qualifications and experience in securities class action matters of each of the lawyers representing the Named Plaintiffs, and the financial condition of Named Plaintiffs' counsel's law firms.

20.     All documents identified in, referred to or relied upon in your responses or in preparation of your responses to Defendant Biopure Corporation's First Set of Interrogatories to Plaintiffs Regarding Class Certification Issues.

21.   All documents identified in your initial disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1).

BIOPURE CORPORATION

By its attorneys,

*/s/ Robert A. Buhlman*

Robert A. Buhlman, BBO #554393
Donald J. Savery, BBO #564975
Michael D. Blanchard, BBO #636860
Bingham McCutchen LLP
150 Federal Street
Boston, MA  02110
(617) 951-8000

Dated:  April 19, 2006

## Certificate of Service

I, Jennifer L. Holden, hereby certify that on April 19, 2006, a true and correct copy of the foregoing was served by hand upon Shapiro Haber & Urmy LLP, and by US Mail on all other counsel of record.

*/s/ Jennifer L. Holden*
Jennifer L. Holden
