UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION ) <br> SECURITIES LITIGATION ) <br> ) <br> _____ ) | Master Docket No. 03-12628 (NG) |

**PLAINTIFFS' RESPONSE AND OBJECTIONS TO
DEFENDANT BIOPURE CORPORATION'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS
<u>REGARDING CLASS CERTIFICATION ISSUES</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff Ronald Erickson and Plaintiffs John G. Esposito, Jr. and Dr. Stuart Gottlieb (altogether the "Plaintiffs") hereby respond and object to the Defendant Biopure Corporation's First Set of Requests for the Production of Documents Regarding Class Certification Issues (the "Document Requests") as follows:

<u>**GENERAL OBJECTIONS**</u>

The following General Objections to the Document Requests apply to, and are expressly incorporated by reference into, the Specific Responses set forth below:

1.  Plaintiffs object to the Document Requests, including their Definitions and Instructions, to the extent that they place a greater burden upon Plaintiffs than permitted in, or exceed the bounds and scope of, the Federal Rules of Civil Procedure.

2.  Plaintiffs object to the Document Requests to the extent that the term "Named Plaintiffs," as defined therein, includes Emily A. Bittman, who is not a proposed class representative and is therefore not producing documents.

3. Plaintiffs object to the Document Request Instructions, including without limitation Instruction F, to the extent that they ask Plaintiffs to identify information above and beyond what is on the face of the documents themselves.

4. Plaintiffs object to the Document Requests to the extent that they seek documents relating to Plaintiffs' contentions. Document requests seeking contentions and supporting facts are premature and inappropriate prior to the completion of discovery.

5. Plaintiffs object to the Document Requests to the extent that they call for Plaintiffs to produce responsive documents in the possession of persons other than Plaintiffs and to the extent that they call for Plaintiffs to speculate upon whether and which responsive documents are in the possession of any person other than Plaintiffs.

6. Plaintiffs object to the Document Requests to the extent that they seek documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or immunity.

7. Plaintiffs object to the Document Requests to the extent that they seek information and/or documents that may be protected by the right of privacy recognized under the United States Constitution, Amendment I, or any other federal, state or local law.

8. Plaintiffs object to the Document Requests to the extent that they are overbroad, unduly burdensome, harassing, and/or not relevant or reasonably calculated to lead to the discovery of admissible evidence. In responding to any Document Request, Plaintiffs will only produce documents and things regarding themselves that are in their custody or under their control.

9. Plaintiffs object to the Document Requests to the extent that they seek documents containing information ordinarily prepared by experts, on the grounds that such requests are improper and premature at the present stage of the litigation.

10. Plaintiffs object to the Document Requests to the extent that they are so broad, ambiguous, complex, or confusing as to make a meaningful or complete response impossible.

11. Plaintiffs object to the Document Requests to the extent that they seek documents that are a matter of public record or are otherwise publicly available.

12. All responses set forth below are subject to and without a waiver of any of the foregoing and stated Objections.

13. Plaintiffs' search for responsive documents is ongoing and they reserve the right to supplement and/or modify all responses below as well as the production of documents to be made (if any) in response thereto.

14. The inadvertent production of any documents or any portion of any documents protected by any privilege(s) or any other ground whatsoever for objecting to the production of such information or documents shall not in any way constitute a waiver of the privilege(s) which may apply to any of: those documents inadvertently produced, those documents to which the produced documents refer, the subject matter of the produced documents, or other documents constituting communications by and/or among some or all of the authors or recipients of the produced documents. Defendants are obligated to notify Plaintiffs immediately upon their realization that documents or information possibly subject to a claim of privilege(s) have been produced. Plaintiffs expressly reserve the right to demand the return of such documents, without prejudice to any claim of privilege(s), in the event such documents are produced inadvertently.

## SPECIFIC RESPONSES AND OBJECTIONS

1.  All documents evidencing or relating to any purchase, sale or other transaction involving securities of Biopure by Named Plaintiffs or any person acting in concert or agreement with, or under the control of Named Plaintiffs, including but not limited to confirmations of purchases and sales, account statements and profit and loss statements. For purposes of this request, "purchase or sale" shall include but is not limited to short sales or the purchase or sale of any put, call, option, straddle, warrant or other derivative with respect to shares of Biopure.

### RESPONSE TO REQUEST NO. 1:

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to this Request No. 1 because the terms "acting in concert or agreement with, or under the control of ....." is is vague and ambiguous. Subject to and without waiver of the foregoing the foregoing, Plaintiffs will produce documents evidencing their transactions in Biopure securities.**

2.  All documents, including but not limited to analysts' reports, newspaper and magazine articles and newsletters, obtained or reviewed by Named Plaintiffs that refer in any manner to Biopure or its subsidiaries, affiliates, directors, officers or employees.

### RESPONSE TO REQUEST NO. 2:

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to this Request No. 2 because the terms "refer in any manner to Biopure or its subsidiaries, affiliates, directors, officers or employees" is vague and overbroad and not designed to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing, Plaintiffs will produce documents possessed by them, if any, responsive to this request.**

3.  All documents upon which Named Plaintiffs claim to have relied, in whole or in part, in making any decision to purchase or sell securities or engage in any other transaction involving securities of Biopure.

4

**RESPONSE TO REQUEST NO. 3**:

    Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to this Request No. 3 because the phrase "relied, in whole or in part..." is ambiguous. Subject to and without waiver of the foregoing, Plaintiffs will produce documents possessed by them, if any, responsive to this request.

    4.    All documents evidencing any report, statement, opinion, analysis, recommendation, or view of, or communication with, any market or investment analyst, investment advisor, or stock broker that the Named Plaintiffs reviewed regarding the Named Plaintiffs' purchase or sale of Biopure securities.

**RESPONSE TO REQUEST NO. 4**:

    Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to this Request No. 4 because the term "view of" is ambiguous. Subject to and without waiver of the foregoing, Plaintiffs will produce documents possessed by them, if any, responsive to this request.

    5.    All documents evidencing or relating to any communications between Named Plaintiffs and any past or present Biopure executives, officers, directors or employees.

**RESPONSE TO REQUEST NO. 5**:

    Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing, Plaintiffs will produce documents possessed by them, if any, responsive to this request.

    6.    All documents evidencing or relating to the decision of Named Plaintiffs to serve as lead plaintiffs and to commence litigation concerning his or her purchases of securities of Biopure.

**RESPONSE TO REQUEST NO. 6**:

    Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 6 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Subject to and without waiver

of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.

7. All documents reflecting any communication of any form or type by Named Plaintiffs with any other member of putative class in this action concerning matters relating to the Complaint filed in this action or other court filings by any plaintiff in this action.

**RESPONSE TO REQUEST NO. 7**:

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 7 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.

8. All documents evidencing or relating to the retention of counsel by Named Plaintiffs in connection with this action, including but not limited to documents reflecting fee arrangements with said counsel and arrangements for the paying of costs of litigation.

**RESPONSE TO REQUEST NO. 8**:

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 8 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.

9. All documents reflecting any communications by Named Plaintiffs with any other person concerning the securities of Biopure.

**RESPONSE TO REQUEST NO. 9**:

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 9 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.

10. All documents evidencing or relating to any litigation from any time whatever in which Named Plaintiffs sought to serve or in fact served as a lead plaintiff or in any other representative capacity on behalf of other plaintiffs.

**RESPONSE TO REQUEST NO. 10:**

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to this Request No. 10 to extent that this request encompasses the within litigation as to Lead Plaintiff Erickson and that it may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.**

11. All documents sufficient to identify any litigation or other matter from any time whatever in which any attorneys from any of the firms representing the plaintiffs in this action previously represented any of Named Plaintiffs.

**RESPONSE TO REQUEST NO. 11:**

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 11 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.**

12. All documents provided to, shown to, reviewed by, created by, considered, or relied upon in connection with this matter by any expert you intend to use in this matter.

**RESPONSE TO REQUEST NO. 12:**

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to this Request No. 12 to the extent that it calls for the production of documents not related to class certification and in addition may cause Plaintiffs to violate the attorney client and/or work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request to the extent the documents relate or concern class certification.**

13. All documents related to all allegations in the Complaint made to show that a certifiable class exists for trial consisting of the class defined in the Complaint. This request includes, without limitation, all documents relating to, or on which you intend to rely to support, your motion for class certification, and any other documents related to the allegations in the Complaint asserting that named plaintiffs meet the requirements for certification of the Class under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

**RESPONSE TO REQUEST NO. 13**:

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to this Request No. 13 insofar as it calls for the production of documents which are publicly available to defendants and it may cause Plaintiffs to violate the attorney client and/or work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.**

14. All class certification orders, class deposition transcripts of Named Plaintiffs, and class certification memoranda of law and exhibits thereto, created in any other litigation in which any Named Plaintiff is (or was within the last ten years) a class representative or currently seeks to be (or sought to be within the last ten years) a class representative.

**RESPONSE TO REQUEST NO. 14**:

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 14 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges and requests production of documents that can be found in the public domain. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.**

15. All documents related to any injury or damages alleged to have been suffered by you or any other member of the purported Class in your Complaint. This request includes, without limitation, <u>all documents related to any purported misrepresentations by any of the</u>

8

Individual Defendants, all documents related to any data or method used in calculating such injury or damages, and all documents related to any theory of causation and/or damages, based on the alleged conduct of the Individual Defendants named in your Complaint, that you or any member of the Class intend to assert during the course of litigation.

**RESPONSE TO REQUEST NO. 15:**

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 15 will cause Plaintiffs to violate the attorney client and/or attorney work product privileges. In addition, this request calls for the production of documents beyond the scope of discovery relating to class certification.**

16. All documents related to your proposed method of allocating damages claimed by you on behalf of members of purported Class.

**RESPONSE TO REQUEST NO. 16:**

**Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 16 will cause Plaintiffs to violate the attorney client and/or attorney work product privileges. In addition, this request call for the production of documents beyond the scope of discovery relating to class certification.**

17. All documents concerning any gift, loan, payment, compensation, remuneration or any other transfer, whether monetary or otherwise, made between: (a) Named Plaintiffs' counsel; and (b) any Named Plaintiff, any Named Plaintiffs' broker or any Named Plaintiffs' family member, during the previous ten years. This request includes, without limitation, cancelled checks, bank statements, relevant portions of federal and state income tax returns or statements, financial statements, securities or brokerage account statements or confirmation or transfer slips.

9

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 17 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.

18. All documents concerning any arrests or convictions of any Named Plaintiff including without limitation arrest warrants, arrest sheets and criminal indictments.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object that this Request No. 18 calls for the production of documents which are publicly available to defendants. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.

19. All documents concerning the qualifications and experience in securities class action matters of each of the lawyers representing the Named Plaintiffs, and the financial condition of Named Plaintiffs' counsel's law firms.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object that this Request No. 19 calls for the production of document which are publicly available to defendants, the term "financial condition" is vague and ambiguous, and documents regarding the "financial condition of Named Plaintiffs' counsel's law firms" are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request.

20. All documents identified in, referred to or relied upon in your responses or in preparation of your responses to Defendant Biopure Corporation's First Set of Interrogatories to Plaintiffs Regarding Class Certification Issues.

**RESPONSE TO REQUEST NO. 20**:

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object to the extent that this Request No. 20 may cause Plaintiffs to violate the attorney client and/or attorney work product privileges. Furthermore, this request is unduly burdensome and will not lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing, Plaintiffs will produce non-privileged documents possessed by them, if any, responsive to this request that concern or relate to their purchase or sale of Biopure shares..

21. All documents identified in your initial disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1).

**RESPONSE TO REQUEST NO. 21**:

Plaintiffs repeat and incorporate by reference the General Objections set forth above and further object that this Request No. 21 calls for the production of documents which have been produced by Defendants to Plaintiffs and/or are publicly available to Defendants.

Dated: May 19, 2006

    Lead Plaintiff Ronald Erickson and Plaintiffs
    Dr. John G. Esposito, Jr. and Dr. Stuart Gottlieb,

    By their attorneys,

    **SHAPIRO HABER & URMY LLP**

    _/s/ Edward F. Haber_
    Edward F. Haber BBO # 215620
    Matthew L. Tuccillo BBO # 643336
    53 State Street
    Boston, MA 02109
    (617) 439-3939

    **STULL, STULL & BRODY**
    Jules Brody (*pro hac vice*)
    Howard T. Longman (*pro hac vice*)
    6 East 45th Street
    New York, New York 10017
    (212) 687-7230

    *Co-Lead Counsel for Lead Plaintiff and the Class*