UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| IN RE BIOPURE CORPORATION ) <br> SECURITIES LITIGATION ) <br> ) <br> ) | Master Docket No. 03-12628 (NG) |

PLAINTIFF DR. JOHN G. ESPOSITO, JR.'s RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS REGARDING
CLASS CERTIFICATION ISSUES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Dr. John G. Esposito, Jr.'s ("Plaintiff" or "Plaintiff Esposito") hereby responds and objects to Defendants' First Set of Interrogatories to Plaintiff On Class Certification Issues (the "Interrogatories").

## GENERAL OBJECTIONS

The following General Objections to the Interrogatories apply to and are incorporated by reference into the specific response set forth below:

1. Plaintiff objects to the Interrogatories, including Definitions and Instructions, to the extent that they place a greater burden upon Plaintiffs or exceed the bounds and scope of the Federal Rules of Civil Procedure and/or the permissible number of interrogatories.

2. Plaintiff objects to the Interrogatories to the extent that they call for Plaintiff to respond on behalf of persons other than Plaintiff and to the extent that they call for Plaintiff to speculate upon whether, and what, information is in the possession of any person other than Plaintiffs or with regard to other matters for which they have no personal knowledge.

3. Plaintiff objects to the Interrogatories to the extent that they seek information protected by the attorney-client privilege and/or work-product doctrine, and/or any other applicable privilege or immunity.

4. Plaintiff objects to each of the Interrogatories to the extent that they are overbroad, unduly burdensome, harassing, and/or not relevant or reasonably calculated to lead to the discovery of admissible evidence.

5. Plaintiff objects to the Interrogatories individually, and taken as a whole, to the extent that they are unduly burdensome.

6. Plaintiff objects to those Interrogatories which require expert opinion testimony.

2

These interrogatories are premature and inconsistent with the expert discovery schedule established by the Court and by the Federal Rules of Civil Procedure.

7. Plaintiff objects to each of the Interrogatories to the extent that they are so broad, ambiguous, complex, or confusing as to make a meaningful or complete response impossible.

8. Plaintiff objects to each of the Interrogatories to the extent that they seek information that is a matter of public record, or is otherwise publicly available.

9. Plaintiff objects to each of the Interrogatories to the extent that they seek information that can be found in the pleadings in this action.

10. Plaintiff's production of information in response to an Interrogatory, notwithstanding the objectionable nature of any of the Instructions or Definitions or the Interrogatories themselves, should not be construed as (a) an admission that the material is relevant; (b) a waiver of the General Objections or the objections asserted in response to a specific Interrogatory; or (c) an agreement that an Interrogatory for similar information in this or any other related proceedings will be treated in a similar manner.

11. Plaintiff objects to the Interrogatories on the grounds that they are not limited to a relevant time period and/or are otherwise overbroad as to time or scope.

12. Plaintiff objects to these interrogatories to the extent that are contention interrogatories which are premature at this time.

13. All responses set forth below are subject to and without a waiver of any of the foregoing and stated Objections.

14. Plaintiff's search for information is ongoing and they reserve the right to supplement and/or modify all responses below and the production of documents to be made (if any) in response

thereto.

## SPECIFIC RESPONSES AND OBJECTIONS

In responding to these interrogatories, Plaintiff does not waive and specifically incorporates herein the foregoing General Objections:

## INTERROGATORIES

1. Identify each person with whom you (including but not limited to your counsel) have communicated regarding any of the facts or allegations contained in the Complaint and, for each, provide his or her name, current or last known business and residential addresses, current business and residential telephone numbers.

## RESPONSE TO INTERROGATORY NO. 1:

**Plaintiff Esposito incorporates in his response the foregoing General Objections, and without waiver of such objections responds to the above interrogatory as follows: He has communicated with his counsel in this case regarding the facts and allegations of the Complaint.**

2. Identify each witness on whose testimony you intend to rely in support of your motion for class certification, and with respect to each witness that you will proffer as an expert witness (a) state the subject matter of the expert's testimony; (b) state the substance of the grounds for each opinion; and (c) identify each document that the expert has considered in connection with his or her testimony.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff Esposito hereby incorporates the foregoing General Objections and without waiver of said objections responds that at this time he has not yet determined whether he will rely on expert testimony in support of his motion for class certification.

3. Identify each business entity (including but not limited to trusts, partnerships, limited partnerships, limited liability partnerships, sole proprietorships, limited liability companies, associations and corporations) within the last ten years that you have owed, been employed by, partnered with, engaged in a joint venture with, or been an officer, director, consultant, independent contractor, trustee or beneficiary of, and for each such entity state the name, type of business, address and telephone number of each business, and state your title, position, and responsibilities with respect to each such entity.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff Esposito hereby incorporates the foregoing General Objections and without waiver of said objections responds is engaged in the practice of dentistry as JohnG. Esposito, Jr., D.D.S., F.A.C.D. located at 554 Larkfield Rd., East Northport, New York 11731. In addition, Dr. Esposito performs independent medical exams and consulting services through Dental Consulting of New York at the same address.

4. Identify every civil or criminal lawsuit, administrative proceeding, or arbitration in which you have been at any time a party, or presently are a party. For each lawsuit,

administrative proceeding, or arbitration identified, state the parties' names, the civil action number or other identification number, the name and location of the court or arbitral panel where it is or was pending, whether you are or were a plaintiff or a defendant therein, the names of counsel for each party thereto, the status of the suit, and whether you are or were a class representative or proposed class representative therein or seek or sought to be approved as a class representative therein.

**RESPONSE TO INTERROGATORY NO. 4:**

**Without waiver of the foregoing General Objections, Plaintiff Esposito responds that other than the present action he has not been a party to any lawsuit or legal proceeding, as described above in this Interrogatory.**

5.  Identify each individual broker that you retained, employed or utilized from January 1, 2000 through the present, and with respect to each such broker, also identify the firm name and business address, if any, with which such broker was associated and his or her business telephone number and address.

**RESPONSE TO INTERROGATORY NO. 5:**

**Without waiver of the foregoing objections plaintiff Esposito responds that he retained the broker Bernard Harris, III whose current business name and address is American Portfolio, 119 West 57th Street, New York, N.Y. Mr. Harris previously was a broker at Walnut Street Securities at the same address.**

6.  Provide the following information concerning each and every transaction in Biopure securities engaged in by you or on your behalf at any time, from your first purchase of

6

Biopure securities through the present:

   (a)   the trade date and settlement date of each such transaction;

   (b)   the type of security;

   (c)   the purchase/sale price, excluding and including commission, and the profit or loss after commission on each such transaction;

   (d)   identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;

   (e)   the account number of the brokerage account in which each such transaction was made;

   (f)   the source of any funds used to make each such transaction, including commission payment;

   (g)   identify all information you considered in determining whether to engage in each such transaction in Biopure;

   (h)   identify all persons with whom you communicated concerning your decision(s0 to purchase or sell Biopure securities and describe in detail the circumstances and substance of each communication with each such person including, without limitation, whether any such person recommended that you purchase or sell any other securities at the same time that you purchased or sold Biopure securities, and whether any such person is any way connected, affiliated, or otherwise involved with, or has any direct or indirect interest in the outcome of, the above-captioned matter.

**RESPONSE TO INTERROGATORY NO. 6:**

**Without waiver of the foregoing General Objections Plaintiff Esposito responds to parts (a) through ©) and (e) of this interrogatory by stating that he hereby incorporates the information set forth in his plaintiff's certification filed in this action, and the documents being produced to defendants which sets forth all of this transactions in Biopure securities. The name of the broker for such transactions is Bernard Harris, III.  The source of funds**

for such transactions in Biopure securities were private funds. He considered the following information in purchasing shares of Biopure: Hemopure appeared to fill a need for a blood substitute for use in transfusions and, in particular, he believed Hemopure was unique in that unlike other blood substitute products it was able to carry oxygen. Plaintiff Esposito also believed in general that the news he heard from Biopure about Hemopure's efficacy and future commercial viability was positive and encouraging.

He also considered the fact that his daughter, Dr. Susan Braverman, an emergency room physician at Johns Hopkins Medical Center, spoke positively about Hemopure, as did her husband, Dr. Peter Braverman. Other than discussing Hemopure with his daughter and son-in-law, Plaintiff Esposito discussed his purchase with his broker, Bernard Harris, III, by directing Mr. Harris to purchase shares of Biopure in his account. Plaintiff Esposito is not aware that Mr. Harris, or Dr. Susan or Dr. Peter Braverman, is any way connected, affiliated, or otherwise involved with, or has any direct or indirect interest in the outcome of, the above-captioned matter.

      7.     Provide the following information as to all securities transactions engaged in by you, or on your behalf:

      (a)     the trade and settlement date of each such transaction;

      (b)     the type of security;

      (c)     the issuer of the security;

      (d)     the date on which each such transaction occurred;

(e)  the purchase/sale price, excluding and including commission, and the profit or loss after commission on each such transaction;

(f)  identify the individual broker and/or brokerage firm contacted and the date and substance of each such contact;

(g)  the account number of the brokerage account in which each such transaction was made;

(h)  the source of any funds used to make each such transaction, including commission payment; and

(i)  identify all information you considered in determining whether to engage in each such transaction.

**RESPONSE TO INTERROGATORY NO. 7**:

**Plaintiff Esposito responds that he incorporates the foregoing General Objections, and, in particular, the objection that responding to this interrogatory is unduly burdensome, and is not calculated to lead to the discovery of admissible relevant evidence, and is primarily designed to harass plaintiffs.**

8.  Describe in detail the circumstances surrounding the first contact or communication made between you or on your behalf and your legal counsel in the above-captioned action, including, without limitation, identification of who initiated the first contact or communication, the date of contact or communication, and the substance of that contact or communication.

**RESPONSE TO INTERROGATORY NO. 8**:

**Plaintiff Esposito incorporates the above General Objections, in particular, the objection that this interrogatories calls for a response that violates the attorney client privilege, hereby responds that his initial contact with his attorneys in this matter was with**

attorney Howard T. Longman who he contacted by telephone on or about January 2004 after this attorney was recommended to him by his broker. To the extent this interrogatory asks Plaintiff Esposito to describe the substance of this initial conversation, he declines since by doing so he would violate his attorney client privilege.

9.  Describe with specificity any familial, social, business, financial, or other relationship (other than the attorney-client relationship in this litigation) that you have or have had or have discussed having with any counsel for any plaintiffs (Named Plaintiff or otherwise) in this lawsuit. Your response should include, but not be limited to the length of the relationship, nature of the relationship, and frequency and substance of the relationship.

**RESPONSE TO INTERROGATORY NO. 9**:

Without waiver of the foregoing General Objection Plaintiff Esposito responds that other than the attorney client relationship in the above-captioned matter he has no other relation, familial, social, business, financial or other, with any of his attorneys in this action.

10.  Identify each alleged misrepresentation or omission contained in the Complaint which you claim gives rise to liability under the Securities Exchange Act of 1934 (as amended) and specify why the statement is alleged to be misleading including, if a misrepresentation, the reason why the statement is alleged to be false and the correct information you contend should

10

have been disclosed, and if an omission, the information that you believe should have been disclosed, and for each alleged misrepresentation or omission, identify by date and source each and every instance you claim a corrective disclosure or partial corrective disclosure was made public by defendants or any other source.

**RESPONSE TO INTERROGATORY NO. 10:**

**Plaintiff Esposito hereby incorporates the foregoing General Objections. In particular, this Interrogatory is a contention interrogatory which is premature at this point in the litigation and is not relevant to class certification. Without waiver of such objections Plaintiff directs defendants to the Second Amended Consolidated Complaint which contains his allegations pursuant to the Securities Exchange Act of 1934 which were prepared by his attorneys. He further responds that his understanding of the nature of the claims in this action is that defendants in their public representations and statements concealed the fact that trials of Hemopure had been halted by the Food and Drug Administration.**

11.   Identify each on-line (internet and/or world wide web) discussion forum, chat room, blog or similar web space that you have participated in from July 31, 2002 through the present that relates to transactions in securities and for each such web space, state all screen name that you have used.

**RESPONSE TO INTERROGATORY NO. 11:**

**Without waiver of the foregoing General Objections Plaintiff Esposito states he has not participated in any on-line (internet and/or world wide web) discussion forum, chat room, blog or similar web space from July 31, 2002 through the present relating to Biopure or any security. In responding to this interrogatory plaintiff Esposito does not waive any**

11

objections including his objections set forth in his response to Interrogatory No. 7.

Dated: May 19, 2006

As to Objections Only:

SHAPIRO HABER & URMY LLP

*[signature]*

Edward F. Haber BBO # 215620
Matthew L. Tuccillo BBO # 643336
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody (*pro hac vice*)
Howard T. Longman (*pro hac vice*)
6 East 45th Street
New York, New York 10017
(212) 687-7230

*Co-Lead Counsel for Lead Plaintiff and the Class*

## VERIFICATION

Dr. John G. Esposito, Jr. states that he is a plaintiff in this action and verifies that the facts contained in his responses in PLAINTIFF DR. JOHN G. ESPOSITO'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFFS REGARDING CLASS CERTIFICATION ISSUES are true and accurate to the best of his knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of May, 2006.

_____
Dr. John G. Esposito, Jr.