UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: BIOPURE SECURITIES LITIGATION | CIVIL ACTION<br>NO. 03-12628-NG |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs' motion for protective order is founded on the misconception that the discovery Defendants seek of Plaintiffs Gottlieb and Bittman is purely "merits" discovery. It is not. Defendants have sought discovery from these two named plaintiffs *on class certification issues*. Indeed, an examination of the claims of these named plaintiffs and a comparison of their claims with those of the two proposed class representatives will permit the Defendants and the Court to assess whether this case satisfies the certification requirements of Rule 23, such as the commonality and predominance prongs and the requirement that the proposed representatives' claims are typical of the claims of the members of the putative class. Rather than violating the Court's scheduling order, this is precisely the "class certification" discovery that Defendants are permitted to take to prepare their opposition to Plaintiffs' pending motion for class certification.

Plaintiffs' contention that Plaintiffs Gottlieb and Bittman should somehow be insulated from discovery and treated as absent, unnamed class members is wrong. To start, the general rule is that, unlike absent class members, plaintiffs who are named in a complaint "are properly subject to discovery as parties to the litigation . . . even though the named plaintiffs are not active class representatives." 6A Fed. Proc., L. Ed. §12:351 (2005). Particularly where, as here, the record reflects a tactical shell game of proposing named plaintiffs as class representatives, then "withdrawing" them to shield them from discovery, courts will not permit exceptions to this rule.

For the reasons discussed below, Plaintiffs' motion for protective order should be denied and the requested discovery of Plaintiffs Gottlieb and Bittman should proceed.

## BACKGROUND

The background of this discovery dispute is set forth in Biopure's motion to compel[1] and thus will not be repeated in full here. In brief summary, the Second Consolidated Amended Complaint (the "SCAC") was filed by four Plaintiffs: Erickson, Esposito, Gottlieb and Bittman. These four Plaintiffs were named as representative plaintiffs and brought suit purportedly "on behalf of a class" of similarly situated persons. Plaintiff Gottlieb's and Plaintiff Bittman's particular factual circumstances supporting their own claims are specifically alleged in paragraphs ¶¶19, 21, 182, and 183. Accordingly, on April 19, 2006, Biopure served written discovery requests on each of the four Plaintiffs. (*See* Exhibit E to Biopure's Motion to Compel).

After Biopure's written discovery requests, and despite having named all four individual Plaintiffs as class or subclass representatives, Plaintiffs' motion for class certification presented only three of the four – Erickson, Esposito and Gottlieb – as representatives. Bittman was not mentioned.

Thereafter, Plaintiffs Erickson and Esposito responded to written discovery (with certain deficiencies, *see* Biopure's Motion to Compel) and have given deposition testimony. Plaintiffs Gottlieb and Bittman, however, have flatly refused to provide any discovery, despite the fact that both were named in the SCAC as representative plaintiffs and Gottlieb was put forward in the motion for class certification as a class representative. As to Plaintiff Gottlieb, Plaintiffs informed Biopure that they intended to "withdraw" him as a class representative.

On June 5, 2006, Biopure filed a motion to compel Plaintiffs Gottlieb and Bittman to respond to written discovery and to appear for depositions. On the same day, Plaintiffs filed

---

[1]    *See* Motion to Compel Discovery From Named Plaintiffs and For an Extension of The Class Certification Briefing Schedule, June 5, 2006, docket entry 134, incorporated by reference herein.

their motion for protective order seeking to "protect" these two Plaintiffs from having to respond to any discovery on class certification.

Also on June 5, 2006, Plaintiffs filed an "amended" motion for class certification, withdrawing or shuffling the roles of several named Plaintiffs. The amended motion – filed without leave of court and after what Plaintiffs contend was the conclusion of class discovery – for the first time named Plaintiff Esposito (along with Plaintiff Erickson) as a representatives of the principal class. In the SCAC and the initial class certification motion, Plaintiff Esposito had been named merely as a representative of the putative subclass. The amended certification motion also dropped Plaintiff Gottlieb as subclass representative. So, whereas the SCAC named four Plaintiffs, one as class representative and three as subclass representatives, the amended certification motion proposed two Plaintiffs as class representatives and one as subclass representative.

## ARGUMENT

### A.    Plaintiffs Must Show Good Cause For a Protective Order.

Under the Federal Rules of Civil Procedure, Defendants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26 (b)(1); *see EEOC v. Electro-Term, Inc.,* 167 F.R.D. 344, 346 (D. Mass. 1996) ("[R]elevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action."). Further, "[a] party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court." Fed. R. Civ. P. 30(a)(1). To avoid such permissible discovery, a party seeking a protective order must show "good cause" why "justice requires" a protective order to protect the party from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26 (c).

Plaintiffs have failed to satisfy this standard. The requested discovery should be permitted to proceed.

**B.     No Good Cause Exists Because the Discovery Sought is Relevant to Certification Issues.**

Biopure's Motion to Compel fully explains how the discovery it seeks of Plaintiffs Bittman and Gottlieb is directly relevant to class certification issues the Court must address in deciding Plaintiffs' certification motion. (See Biopure Mtn. Compel Memo. at 9-12.) The procedural history of this case presents a particularly compelling case for such discovery, as it reflects that this suit is being driven entirely by Plaintiffs' counsel – which is improper and favors denial of certification. *See In re Sonus Networks, Inc. Sec. Litig.*, 229 F.R.D. 339, 347 (D. Mass. 2005) ("It is also in the interest of the administration of justice to give integrity to the PSLRA's mandate that litigants not lawyers direct and control class action litigation."); *In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 307 (S.D. Ohio 2005) ("a stated goal of Congress in passing the PSLRA was to prevent lawyer-driven litigation"). Biopure is entitled to explore this and all other certification issues in certification discovery, prior to filing an opposition.

Plaintiffs have failed to identify any reason why this discovery from two of the four named Plaintiffs would result in "annoyance, embarrassment, oppression or undue burden or expense" sufficient to warrant a protective order. Indeed, Plaintiffs Gottlieb and Bittman face a simple set of interrogatories, basic document requests, and a deposition, all of which address issues of class certification. There is nothing conceivably oppressive or burdensome about two named plaintiffs submitting to ordinary discovery requirements *in a lawsuit they filed*.

Plaintiffs have failed to show "good cause" to protect them from the proper discovery Defendants seek. Indeed, in this case "justice requires" not a protective order, but rather an order that all named Plaintiffs respond to ordinary discovery requests in the putative class action they initiated.

### C. The Tactical Maneuverings of Plaintiffs' Counsel in "Withdrawing" Purported Representative Plaintiffs From the Latest Version of Plaintiffs' Class Certification Motion Cannot Shield Plaintiffs From Certification Discovery.

In their Motion for Protective Order, Plaintiffs seek to characterize Plaintiffs Gottlieb and Bittman, who filed the SCAC purportedly on behalf of a putative class of shareholders and whose particular factual circumstances are set forth in the SCAC, as mere "absent class members," who are no different from any other unidentified member of the putative class and who are not subject to discovery absent a showing of "special circumstances." Biopure has already briefed this issue in its Motion to Compel. The well-established rule is directly to the contrary:

> The named plaintiffs in a class action are properly subject to discovery as parties to the litigation without any showing of special circumstances which are required in the case of discovery from absent class members, *even though the named plaintiffs are not active class representatives*.

6A Fed. Proc., L. Ed. §12:351 (2005) (emphasis added). *See also* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Civil 2d §2171 (2005) ("named plaintiffs in a class action are always subject to discovery").

The leading case on this rule dealt with the same situation the Court faces here – an attempt by plaintiffs to self-select which named plaintiffs will, and which plaintiffs will not, be subject to discovery. *See In re Folding Carton Antitrust Litig.*, 83 F.R.D. 260, 264 (N.D. Ill. 1979). In *Folding Carton*, the plaintiffs sought, in responding to discovery, "to make a distinction between the thirteen active class representatives and the approximately sixty-six other class plaintiffs who ha[d] brought actions and remain[ed] as parties." *Id.* The Northern District of Illinois outright rejected these tactics: "Plaintiffs bringing actions will not be allowed to self-select the active class representatives and then leave discovery limited to the portion of the plaintiffs selected." *Id.* Noting that the requested discovery from other plaintiffs was relevant to, among others, certification issues, the court ordered discovery from the non-class representative plaintiffs. *Id.* at 264-65.

LITDOCS/644361.1

A similar attempt to avoid discovery was rejected in *In re: Vitamin Antitrust Litig.*, 198 F.R.D. 296, 303 (D.D.C. 2000), where the defendants sought discovery from twenty-five named plaintiffs. The plaintiffs refused, arguing that discovery "should be limited to the six plaintiffs designated as class representatives." *Id.* A Special Master recommended that all named plaintiffs be ordered to respond. In response, certain named plaintiffs filed a motion for voluntary dismissal of their actions with prejudice. *Id.* In rejecting this tactic, the court noted, "it seems fairly obvious that these plaintiffs wish to dismiss their actions merely to avoid having to give defendants the discovery authorized by the Special Master's Report." *Id.* at 304. Finding the attempt to evade discovery "suspect and somewhat indicative of bad faith," the court refused to grant the voluntary dismissals unless "the plaintiffs respond to all document requests and interrogatories previously noticed." *Id.* at 306.

As in *Vitamin Antitrust*, Plaintiffs' attempt to insulate Bittman from discovery by not proposing her as a class representative in their certification motion, and their subsequent attempt to insulate Gottlieb by first proposing him in the motion and then withdrawing him in an amended motion should be deemed equally "suspect and somewhat indicative of bad faith." Under both *Vitamin Antitrust* and *Folding Carton* and pursuant to the longstanding general rule, Plaintiffs should be required to provide the discovery Defendants seek.

The cases Plaintiffs rely on are inapposite. In *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209 (M.D. Fl. 1993), a multidistrict antitrust case, the defendants had consented at a court hearing to both the plaintiffs' self-selection of a small number of proposed class representatives from the "eleven or twelve" named plaintiffs *and* to the plaintiffs' position *that discovery would be limited solely to the proposed class representatives*. *Id*. at 211-12. In that context, the court prohibited the discovery sought from proceeding. Of course, nothing of the sort happened here. Indeed, Plaintiffs have unilaterally decided whom to offer as class representatives, and have changed their position on the issue, without the permission of the Court or the consent of Defendants. Their position on the scope of class discovery has similarly been unilateral and changing, and Defendants have not consented.

The second case cited by Plaintiffs, *In re: Lucent Technologies, Inc., Sec. Litig.*, 2002 WL 32815233 (D.N.J. 2002), is likewise inapposite. *Lucent* is a consolidated securities class action case. There, the defendants moved to compel discovery from all plaintiffs who had filed the underlying complaints in the consolidated actions, including plaintiffs who were not named as class representatives in the consolidated complaint but who were identified in a "Schedule B" to the consolidated complaint as "additional plaintiffs." The *Lucent* court elected to treat these additional, inactive plaintiffs as absent class members.

In contrast to *Lucent*, Defendants do not seek class certification discovery from dozens of plaintiffs who merely filed actions that were later consolidated, but rather only from the four Plaintiffs who actually filed the SCAC as "representative" Plaintiffs, and whose specific factual circumstances are alleged in the SCAC. *Lucent* simply does not address the facts at issue here.

Of course, neither *Lucent* nor *Carbon Dioxide* addressed a situation where, as here, plaintiffs named and then withdrew individuals as putative class representatives for tactical reasons, even as class discovery proceeded. In this context, *Folding Carton* and *Vitamin Antitrust* are clearly the more applicable authority.

The circumstances of this case do not provide any reason for the Court to stray from the well-established rule that named plaintiffs are always subject to discovery. *Id.*

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Biopure's Motion to Compel Discovery, Defendants respectfully request that this Court deny Plaintiffs' Motion for Protective Order.

Respectfully submitted,


**BIOPURE CORPORATION, THOMAS A. MOORE, HOWARD P. RICHMAN, CARL W. RAUSCH, RONALD F. RICHARDS, CHARLES A. SANDERS AND J. RICHARD CROUT,**

By their attorneys,

/s/ Donald J. Savery
Robert A. Buhlman, BBO #554393
Donald J. Savery, BBO #564975
Michael D. Blanchard, BBO #636860
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000


Attorneys for Defendant Howard P. Richman

/s/ Cathy A. Fleming
Cathy A. Fleming (*pro hac vice*)
John J. Tumilty, BBO # 560017
John D. Hughes, BBO # 243660
Mary P. Cormier, BBO # 635756
**EDWARDS ANGELL PALMER & DODGE LLP**
101 Federal Street
Boston, MA 02110
(617) 439-4444


Attorneys for Defendant Thomas A. Moore

/s/ Edward P. Leibensperger
Edward P. Leibensperger, BBO # 292620
Jeffrey Huang, BBO # 651854
**McDERMOTT WILL & EMERY LLP**
28 State Street
Boston, MA 02109
(617) 535-4000

- 8 -

|  |  |
|---|---|
|  | Attorneys for Defendant Ronald F. Richards |
|  | /s/ Christopher F. Robertson<br>Christopher F. Robertson, BBO # 642094<br>Jodi D. Luster, BBO # 657853<br>**SEYFARTH SHAW LLP**<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210<br>(617) 946-4800 |
| Dated: June 19, 2006 |  |

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above pleading was electronically served upon the attorneys of record for all parties on June 19, 2006.

                                                  /s/ Donald J. Savery
                                                    Donald J. Savery