UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | ) ) ) ) ) ) | Master Docket No. 1:03-CV-12628 (NG)<br><br>Assigned to Judge Nancy Gertner |

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO STRIKE ERRATA SHEETS**

Biopure Corporation ("Biopure"), Thomas Moore, Carl W. Rausch, J. Richard Crout, Charles A. Sanders, Howard P. Richman, and Ronald F. Richards ("Defendants") respectfully submit this memorandum of law in support of their motion to strike portions of errata sheet revisions to the deposition transcripts of Plaintiffs Ronald Erickson and John Esposito that directly conflict with their sworn testimony, or in lieu thereof, to allow Defendants to reopen the depositions to inquire about the reasons for the changes to the errata sheets that contradict Mr. Erickson's and Dr. Esposito's sworn testimony.

**Preliminary Statement**

Plaintiffs (or far more likely, their counsel) are attempting to use errata sheets as a means by which to contradict and rewrite their sworn deposition testimony. Although courts are divided on the length to which a party may use an errata sheet to change his or her testimony, it has been noted that direct contradictions are not permitted unless they are to correct a transcription error.

A plaintiff's sworn deposition testimony is especially significant in the context of a motion to certify a class since Fed. R. Civ. P. 23 requires a court before granting certification to, among other factors, determine if a plaintiff can adequately represent the class based on their

credibility and their knowledge of the case. As one court has noted, "[c]ourts have denied class certification where putative class representatives 'are so lacking in credibility that they are likely to harm their case.'" Buzoiu v. Risk Management Alternatives, Inc., 2004 WL 1505061, *6 (E.D. Pa. June 14, 2004)[1]. Plaintiffs here (or more likely, their counsel) seek to use their errata sheets not only to repair their credibility but also as a last ditch attempt to rehabilitate themselves from the lack of knowledge of the proceedings that they demonstrated during the depositions, in anticipation of class certification proceedings. A motion for class certification should be denied where the proposed class representative is "unfamiliar with basic elements of the case, including what the allegations of the complaint are and which allegations of the complaint pertain to which defendants." Employees Ret. Trust v. Mentor Graphics Corp., 136 F.R.D. 658, 666 (D. Or. 1991).[2] This Court should not allow Plaintiffs, through their counsel, to use errata sheets as a means to alter and rewrite their sworn testimony in a blatant attempt to hide the fact that neither is a suitable class representative.

The Plaintiffs' lack of credibility and knowledge, revealed during the depositions, are critical to the question of whether they are appropriate class representatives. Their sworn testimony goes to the very center of the determination that this Court must make as to whether to certify the class and subclass, and Plaintiffs' attempt to directly contradict that testimony only serves to undermine this Court's inquiry. If this Court does not see fit to strike the errata sheets,

---

[1] See also, Hively v. Northlake Food, Inc., 191 F.R.D. 661, 669 (M.D. Fla. 2000) (denying class certification after finding that the class representative's "lack of trustworthiness, honesty, and credibility… would dominate this case, causing absent class members material prejudice"); Cohen v. Laiti, 98 F.R.D. 581, 582-83 (E.D.N.Y. 1983) (denying class certification motion where class representative offered contradictory testimony in his deposition regarding how he learned of defendants' stock and why he decided to purchase it because his credibility would be "open to attack," making his claims "subject to unique defenses").

[2] See also, Efros v. Nationwide Corp., 98 F.R.D. 703, 708 (S.D. Ohio 1983) (denying class certification where the court was "troubled by the plaintiff's glaring lack of familiarity with the facts of this litigation.")

LITDOCS/647832.2

the depositions should be reopened to allow Defendants the opportunity to learn why Plaintiffs have chosen to contradict their sworn testimony some six weeks after it was given.

## Background

On May 5, 2006, Plaintiffs filed a motion with this Court proposing Ronald W. Erickson as representative of the proposed class, and John G. Esposito and Stuart Gottlieb as representatives of the proposed subclass.[3]  On May 15, 2006, Defendants served Plaintiffs Erickson, Esposito and Gottlieb with Notices of Deposition seeking their sworn testimony concerning their certification motion.  Mr. Gottlieb was subsequently withdrawn as a proposed representative of the subclass on May 23, 2006;[4] Mr. Erickson and Dr. Esposito, however, appeared for their depositions on May 30 and May 31, 2006, respectively.  Following circulation of the deposition transcripts, Defendants, on June 23, 2006, agreed that Plaintiffs could have to and including July 14, 2006 to serve their signatures and errata sheets.[5]  Defendants received Plaintiffs' errata sheets on July 14, 2006.[6]  As is plain on the face of the errata sheets themselves, Plaintiffs have attempted to materially alter and contradict their sworn deposition testimony.

## Argument

Rule 30(e) of the Federal Rules provides that "[i]f requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the

---

[3] Plaintiffs' Motion to Certify Class, Docket No. 127, May 5, 2006

[4] Plaintiffs' Amended Motion to Certify Class, Appendix A, Docket No. 131, June 5, 2006

[5] A copy of this letter is attached hereto as Exhibit A (hereafter Exh.).

[6] Errata Sheet for Deposition Testimony of Ronald W. Erickson on May 30, 2006 is located at Exh. B and the Errata Sheet for Deposition Testimony of John G. Esposito, Jr. is located at Exh. C.  Defendants have marked those portions of the Plaintiffs' Errata Sheets to indicate the contradictions and alterations to the deposition testimony which they ask this Court to stricken.

3

reasons given by deponent for making them." Courts are generally divided on the type and extent of changes permitted under Rule 30(e). See 7 James Wm. Moore et. al., Moore's Federal Practice § 30.60[3] (3rd Ed. 2006) (noting that some courts allow any changes in form or substance whereas other courts do not allow Rule 30(e) to be used to substantially alter what was said under oath).[7] However, one commentator summarized the majority rule that, while no changes are expressly prohibited by the wording of Rule 30(e), changes that contradict deposition testimony are not permitted unless they are changes to transcription errors:

> Nothing in the language of the Rule governing changes to deposition testimony requires or implies that original answers are to be stricken when changes are made, and the Rule places no limitations on the type of changes that may be made. **However, a change of substance which actually contradicts a deposition transcript is not permitted under the Rule allowing changes in form or substance to a deposition transcript, unless it can plausibly be represented as the correction of an error in transcription.**

35A C.J.S. Federal Civil Procedure § 636 (2006) (emphasis added) (citations omitted). As Judge Posner observed:

> What [the deponent] tried to do, whether or not honestly, was to change his deposition from what he said to what he meant. Though this strikes us as a questionable basis for altering a deposition … it is permitted by Fed. R. Civ. P. 30(e), which authorizes 'changes in form or substance' … though fortunately the rule requires that the original transcript be retained (this is implicit in the provision of the rule that any changes made by the deponent are to be appended to the transcript) so that the trier of fact can evaluate the honesty of the alteration. We also believe, by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition … that **a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription**, such as dropping a 'not.'

---

[7] In Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F. Supp. 2d 95, 119-20 (D. Mass. 2001), the court noted this split in authority and did not strike an errata sheet where the moving party argued, merely, "that the deponents' reasons for the changes are insufficient or conclusory [,and] that the deponents are lacking in good faith and are attempting to materially alter the substance of their testimony." However, the Court did reopen the depositions to permit questioning about "the reasons for the changed answers and where the changes originated." Id. at 121. Tingley was decided in the context of a motion to dismiss a civil action, whereas the present case is in the class certification stage, and the veracity of a plaintiff's sworn testimony is fundamental to the court's certification determination. The changes at issue here must be stricken because they directly contradict both Plaintiffs' sworn testimony.

4

Thorn v. Sundstrand Aerospace Corporation, 207 F.3d 383, 389 (7th Cir. 2000)(internal citations omitted).  See also, Burns v. Board of County Comm'rs of Jackson County, 330 F.3d 1275, 1282 (10th Cir. 2003) (striking deposition errata sheets and holding that "[w]e see no reason to treat Rule 30(e) corrections differently than affidavits"); Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."); Trans-Orient Marine Corp. v. Star Trading & Marine, Inc., 952 F.2d 566, 572 (2d Cir. 1991) ("The rule is well-settled in this circuit that a party may not, in order to defeat a summary judgment motion, create a material issue of fact by submitting an affidavit disputing his own prior sworn testimony.")

      Mr. Erickson and his counsel have attempted to use his errata sheet to contradict his sworn testimony without demonstrating any error in transcription.  For example, Mr. Erickson , when questioned as to whether he was familiar with the Prescription Drug Fee User Act ("PDUFA"), testified that "I've read it, I've read a little bit, but not -- it wasn't their main product" and "I've read of it a little bit and that's it. I just passed it over because the Hemopure is what I was looking at."  Erickson Dep. at 169-70.[8]  The Plaintiff now seeks to alter his lengthy testimony (that he understood PDUFA to be a Biopure product) with a simple "no" answer. Erickson Errata Sheet, at 2.  Mr. Erickson does not explain this alteration as an error in transcription, but rather as confusion to a straightforward question.

      In another instance Mr. Erickson, despite testifying three times that a May 22, 2003 press release was not misleading, now seeks to simply change his position (while combing back through his testimony to find the one instance in which he stated it was misleading) and explains

---

[8] The portions of the deposition transcripts of Plaintiffs Erickson and Esposito referenced in this Memorandum are located at Exh. D and Exh. E, respectively.

this change once again as a result of being "confused" by the questions.[9]  Erickson Errata Sheet at 3.  The remainder of Mr. Erickson's errata sheet is filled with attempts to contradict his sworn testimony that the May 22, 2003 conference call, the May 30, 2003 press release, the August 1, 2003 press release and the August 22, 2003 press release, were not false or misleading, after he and his counsel had six weeks to "reflect" upon that critical testimony, which directly contradicts the very basis for the Complaint in this action.  Erickson Errata Sheet at 3-4.  Despite these changes in substance, Mr. Erickson has not once claimed an error in transcription as the reason for altering his testimony, but rather repeatedly seeks to justify the changes to his sworn testimony as confusion as to the questions.

As one court has wisely noted, "[a] deposition is not a take home exam."  <u>Greenway v. International Paper Co.</u>, 144 F.R.D. 322, 325 (W.D. La. 1992).  Plaintiffs (or more likely their counsel) apparently disagree, attempting to use their errata sheets to completely change the substance of their sworn testimony.

Some of the changes Plaintiffs seek not only alter the basic substance of their testimony, but do so in a fashion that is utterly nonsensical.  For instance, during the course of his deposition, Mr. Erickson was asked to review parts of a Form S-3, regarding phase three clinical trials, filed by Biopure Corporation on April 11, 2003.  The question was then posed to him:

> Q.    Okay. Is there anything that you view as false or misleading about the sentences that you just read?
>
> MR. LONGMAN:    Objection.
>
> A:    No, not what I just read.

---

[9] If in fact the plaintiffs were "confused" by such basic and straightforward questions regarding both the facts underlying this lawsuit and the suit itself, that is another reason why they are inadequate to serve as class representatives.  One who is so easily confused about such basic information cannot adequately represent the interests of the purported class or subclass in this action.

Erickson Dep., p. 158, lines 6-10. Mr. Erickson now seeks to alter his "No" answer with the following: "Add after the word 'read' the following: 'except it does not disclose that Biopure's clinical trials had been put on hold, which I testified about on page 137, lines 11-16, page 158 line 24 through page 159 line 5, and page 160 lines 2-7." Erickson Errata Sheet at 3. These alterations would have Mr. Erickson expressly referencing in response to a question (at p. 158 of his transcript) testimony he had yet to give (i.e., testimony he provided at pages 159 and 160 of his transcript).

Even more egregiously, Mr. Erickson has amended his testimony by implying that he testified, in other portions of his testimony, that Biopure's August 1, 2003 and August 22, 2003 press releases were false and misleading because they failed to disclosed an alleged "complete response letter" that Biopure received on July 30, 2003. Mr. Erickson makes this amendment despite the fact that he never offered such testimony and in fact testified that he <u>did not think he had ever heard of a "complete response letter" before</u>.[10] Clearly these are not appropriate uses of an errata sheet, to simply "invent testimony" referring to answers a deponent has yet to give or could never have given during the deposition. This is a blatant example of a deponent using the errata sheet as a "take home exam" to be completed after he and his lawyers had the opportunity to review all his testimony in order to present it in the most favorable light.

Dr. Esposito similarly attempts to use his errata sheet to cover-up his lack of knowledge about these proceedings. For example, during his deposition testimony, Dr. Esposito was unable

---

[10] Erickson Dep. at 184-186:

| | | |
|---|---|---|
| Question: | Have you ever heard the term "complete response letter" before? | |
| Answer: | I don't believe so. | |
| *** | | |
| Question: | Well, do you have a view of what a complete response letter is in the context of FDA terminology? | |
| Answer: | No. | |

7

to identify the court in which this case is pending.[11]  However in his errata sheet, Dr. Esposito <u>now</u> knows that the case is pending in the "United States District Court."  One major purpose of the depositions was to measure both Plaintiffs' knowledge of this case and their ability to represent the purported class.  Using errata sheets as an opportunity to revise answers to such basic questions hardly serves that purpose.

Additionally, Dr. Esposito, when asked whether he could, at his deposition, "say one way or the other whether you sold shares of Biopure on August 5, 2003", answered "no," he could not.[12]  Dr. Esposito now seeks to change that answer to a definitive "I did not sell shares of Biopure on August 5, 2003."  The question posed to Dr. Esposito specifically stated "as you sit here today," it did not ask him to go home and research the question for six weeks and then provide an answer.  This question – and many others like it – was designed to test the proposed class representative's knowledge and understanding <u>at the time of the deposition</u>.  After failing the test, he and his lawyers now want to change his answers to the questions – **<u>but he should be judged not on his lawyers' take-home work, but on the answers he gave at his deposition</u>**.  Once again, this is an inappropriate use of an errata sheet.

If this Court does not see fit to strike Plaintiffs' errata sheets that directly contradict their sworn testimony, Defendants respectfully request that the Court allow them to depose Mr. Erickson and Dr. Esposito again concerning the reasons for the changes in their testimony, and to supplement Defendants' certification opposition on the basis of any further testimony.[13]

---

[11] Esposito Dep. at 108.

[12] <u>Id</u>. at 98

[13] This Court, in <u>Tingley Systems</u>, noted "[t]he standard to reopen a deposition is whether the changes in the errata sheets 'make the deposition incomplete or useless without further testimony.'"  <u>Tingley</u>, 152 F. Supp. 2d at 120.  <u>See also, Lugtig v. Thomas</u>, 89 F.R.D. 639, 642 (N.D. Ill. 1981).  In <u>Tingley</u>, the Court was faced with an errata sheet containing a number of changes the Court deemed to be material, such as where an answer was changed from "correct" to "incorrect" or "directly" to "indirectly."  The Court let stand the changes on the errata sheets it deemed

## Conclusion

For the foregoing reasons, Plaintiffs' errata sheets should be stricken or, alternatively, their depositions reopened for purposes of questioning concerning their proposed revisions to their testimony.

July 25, 2006
                    Respectfully submitted,

**BIOPURE CORPORATION, THOMAS A. MOORE, CARL W. RAUSCH, CHARLES A. SANDERS, J. RICHARD CROUT, HOWARD P. RICHMAN, and RONALD F. RICHARDS,**

By their attorneys,

/s/ Robert A. Buhlman
Robert A. Buhlman, BBO #554393
Donald J. Savery, BBO # 564975
Michael D. Blanchard, BBO#636860
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
(617) 951-8000

*Attorneys for Defendants Biopure Corporation, Thomas A. Moore, Howard P. Richman, Carl W. Rausch, Ronald F. Richards, Charles A. Sanders and J. Richard Crout*

---

to be typographical in nature, but after reviewing the remaining changes, allowed the Plaintiffs to reopen the depositions as to the material changes. The alterations of Plaintiffs' sworn testimony reflected in their errata sheets clearly satisfy this materiality standard and warrant reopening if not striking. See Lugtig, 89 F.R.D. at 642 (cited in Tingley) ("[d]eposing counsel can ask questions which were made necessary by the changed answers, questions about the reasons the changes were made, and questions about where the changes originated, whether with the deponent or with his attorney").

SEYFARTH SHAW, LLP

/s/ Christopher Robertson
Christopher Robertson (BBO# 642094)
Jodi D. Luster (BBO # 657853)
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

*Attorney for Defendant Ronald F. Richards*

EDWARDS ANGELL PALMER & DODGE LLP

/s/ Cathy A. Fleming
John D. Hughes (BBO# 243660)
Mary P. Cormier (BBO# 635756)
101 Federal Street
Boston, MA 02110
(617) 439-4444

Cathy A. Fleming (*pro hac vice*)
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

*Attorneys for Defendant Howard P. Richman*

McDERMOTT WILL & EMERY, LLP

/s/ Edward P. Leibensperger
Edward P. Leibensperger (BBO# 292620)
Jeffrey S. Huang (BBO# 651854)
28 State Street
Boston, MA 02109
(617) 535-4000

*Attorneys for Defendant Thomas Moore*

## LOCAL RULE 7.1(a)(2) and 37.1 CERTIFICATION

     I hereby certify that counsel for Defendants conferred with counsel for the Plaintiffs in a good faith effort to resolve or narrow the issues presented in this motion.

/s/ Michael D. Blanchard
Michael D. Blanchard

10

**CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the above pleading was electronically served upon the attorneys of record for all parties on July 25, 2006.

             /s/ Michael D. Blanchard
             Michael D. Blanchard

LITDOCS/647832.2