# EXHIBIT D

## PLAINTIFF CERTIFICATION

_Ronald W. Erickson_ ("Plaintiff") hereby states that:

1. Plaintiff has reviewed the complaint and has authorized the filing of this complaint on his/her behalf.

2. Plaintiff did not purchase any common stock/securities of Biopure Corporation at the direction of his/her counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4. The following includes all of Plaintiff's transactions in Biopure Corporation common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| BioPure Corp | bought | 05-29-03 | 5.691 | 5,000 |
| BioPure Corp | bought | 05-29-03 | 5.694 | 5,000 |
| BioPure Corp | bought | 05-29-03 | 5.70 | 5,000 |
| BioPure Corp | bought | 05-29-03 | 5.75 | 10,000 |
| BioPure Corp | bought | 05-29-03 | 5.719 | 10,000 |
| BioPure Corp | bought | 05-29-03 | 5.646 | 10,000 |

Please list other transactions on a separate sheet of paper, if necessary.

5. Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _29th_ day of _February_, 2004.

_____
Signature

## PLAINTIFF CERTIFICATION

_Ronald W. Erickson_ ("Plaintiff") hereby states that:

1. Plaintiff has reviewed the complaint and has authorized the filing of this complaint on his/her behalf.

2. Plaintiff did not purchase any common stock/securities of Biopure Corporation at the direction of his/her counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4. The following includes all of Plaintiff's transactions in Biopure Corporation common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Biopure Corp | bought | 05-30-03 | 5.80 | 5,000 |
| Biopure Corp | bought | 05-16-03 | 5.09 | 11,600 |
| | | | | |
| | | | | |
| | | | | |

Please list other transactions on a separate sheet of paper, if necessary.

5. Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _29th_ day of _February_, 2004.

_____
Signature

## PLAINTIFF CERTIFICATION

_Ronald W. Erickson_ ("Plaintiff") hereby states that:

1. Plaintiff has reviewed the complaint and has authorized the filing of this complaint on his/her behalf.

2. Plaintiff did not purchase any common stock/securities of Biopure Corporation at the direction of his/her counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4. The following includes all of Plaintiff's transactions in Biopure Corporation common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Biopure Corp | bought | 05-16-03 | 5.02 | 500 |
| " | " | " | 5.02 | 300 |
| " | " | " | 5.02 | 2,500 |
| " | " | " | 5.02 | 100 |
| " | " | " | 5.02 | 100 |
| " | " | " | 5.02 | 1,000 |

Please list other transactions on a separate sheet of paper, if necessary.

5. Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _29th_ day of _February_, 2004.

_____
Signature

## PLAINTIFF CERTIFICATION

_Ronald W. Erickson_ ("Plaintiff") hereby states that:

1. Plaintiff has reviewed the complaint and has authorized the filing of this complaint on his/her behalf.

2. Plaintiff did not purchase any common stock/securities of Biopure Corporation at the direction of his/her counsel or in order to participate in this private action.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary. I understand that the litigation is not settled, this is not a claim form, and sharing in any recovery is not dependent upon execution of this Plaintiff Certification. I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action.

4. The following includes all of Plaintiff's transactions in Biopure Corporation common stock/securities during the class period specified in the complaint:

| SECURITY (Common Stock, Call, Put, Bonds) | TRANSACTION (Purchase, Sale) | TRADE DATE | PRICE PER SECURITIES/SHARE | QUANTITY |
|---|---|---|---|---|
| Biopure Corp. | bought | 05-16-03 | 5.02 | 5,000 |
| " | " | " | 5.03 | 100 |
| " | " | " | 5.03 | 200 |
| " | " | " | 5.03 | 2700 |
| " | " | " | 5.04 | 100 |
| " | " | " | 5.07 | 800 |

Please list other transactions on a separate sheet of paper, if necessary.

5. Plaintiff has not served or sought to serve as a representative party on behalf of a class under the federal securities laws during the last three years, unless otherwise stated in the space below:

6. Plaintiff will not accept any payment for serving as a representative party on behalf of a class except to receive his pro rata share of any recovery, or as ordered or approved by the court including the award to a representative party of reasonable costs and expenses including lost wages relating to the representation of the class.

Plaintiff declares under penalty of perjury that the foregoing is true and correct.

Executed this _29th_ day of _February_, 2004.

_____
Signature

# Biopure Corporation
Movants, Regular and Transaction Report

Page 1 of 3

## Proposed Lead Plaintiff: Erickson Retzlaff

| Date of Purchase | Number of Shares Bought | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|
| 5/16/2003 | 11,800 | 5.09 | $60,034.00 | | | | | ($35,426.00) |
| 5/16/2003 | 500 | 5.02 | $2,510.00 | | | | | ($1,492.50) |
| 5/16/2003 | 330 | 5.02 | $1,501.00 | | | | | ($985.50) |
| 5/16/2003 | 2500 | 5.02 | $12,550.00 | | | | | ($7,482.50) |
| 5/16/2003 | 100 | 5.02 | $502.00 | | | | | ($295.50) |
| 5/16/2003 | 100 | 5.02 | $502.00 | | | | | ($295.50) |
| 5/16/2003 | 1000 | 5.02 | $5,020.00 | | | | | ($2,955.00) |
| 5/19/2003 | 5000 | 5.07 | $25,180.00 | | | | | ($14,925.00) |
| 5/19/2003 | 100 | 5.07 | $502.00 | | | | | ($299.50) |
| 5/16/2003 | 100 | 5.03 | $503.00 | | | | | ($299.50) |
| 5/18/2003 | 200 | 5.03 | $1,006.00 | | | | | ($596.00) |
| 5/18/2003 | 2700 | 5.03 | $13,581.00 | | | | | ($8,046.00) |
| 5/16/2003 | 100 | 5.04 | $504.00 | | | | | ($300.50) |
| 5/19/2003 | 620 | 5.07 | $3,143.40 | | | | | ($2,476.00) |
| 5/29/2003 | 500 | 5.691 | $2,845.50 | | | | | ($3,782.50) |
| 5/29/2003 | 600 | 5.834 | $3,500.40 | | | | | ($2,795.00) |
| 5/29/2003 | 5010 | 5.7 | $28,557.00 | | | | | ($18,335.00) |
| 5/28/2003 | 1000 | 6.15 | $6,150.00 | | | | | ($2,160.00) |
| 5/29/2003 | 1000 | 6.75 | $6,750.00 | | | | | ($3,640.00) |
| 5/29/2003 | 1000 | 5.719 | $5,719.00 | | | | | ($26,110.00) |
| 5/28/2003 | 10000 | 5.646 | $56,460.00 | | | | | ($36,110.00) |
| 5/20/2003 | 5010 | 5.8 | $29,058.00 | | | | | ($18,875.00) |
| | 75,010 | | $141,856.00 | | | | | ($257,334.00) |

## Joseph Benjamin

| Date of Purchase | Number of Shares Bought | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|
| 5/29/2003 | 6,634 | 16.90 | $59,574.60 | 11/5/2003 | 6,631 | $3.20 | $20,219.03 | ($29,355.60) |
| 5/9/2003 | 65 | 16.90 | $455.40 | 11/5/2003 | 65 | $3.502 | $231.13 | ($224.77) |
| 9/29/2003 | 1,300 | 16.90 | $8,970.00 | 11/5/2003 | 1,330 | $3.51 | $4,560.30 | ($4,407.00) |
| 10/7/2003 | 1,100 | 6.12 | $6,732.00 | 11/5/2003 | 1,100 | $3.35 | $3,686.00 | ($3,075.00) |
| 10/14/2003 | 1,007 | 6.13 | $6,172.99 | 11/19/2003 | 1000 | $3.36 | $3,300.00 | ($2,773.00) |
| 10/14/2003 | 6,900 | 6.15 | $42,435.00 | 11/19/2003 | 6,900 | $3.36 | $23,184.00 | ($19,251.00) |
| 10/14/2003 | 100 | 6.15 | $615.00 | 11/12/2003 | 100 | $3.36 | $336.00 | ($279.00) |
| 11/2/2003 | 8,900 | 3.35 | $29,815.00 | 11/12/2003 | 8,900 | $3.35 | $29,815.00 | ($2,790.00) |
| 11/2/2003 | 100 | 3.35 | $335.00 | 11/12/2003 | 100 | $3.35 | $335.00 | $0.00 |
| 11/2/2003 | 10,791 | 3.40 | $36,089.40 | 11/12/2003 | 10,791 | $3.35 | $34,257.76 | ($431.64) |
| 11/11/2003 | 2,700 | 3.40 | $7,492.00 | 11/12/2003 | 2,700 | $3.35 | $7,392.00 | ($150.00) |
| 11/11/2003 | 600 | 3.40 | $2,040.00 | 11/12/2003 | 600 | $3.36 | $2,017.20 | ($22.80) |
| 11/11/2003 | 4,100 | 3.40 | $13,970.00 | 11/12/2003 | 4,100 | $3.182 | $13,847.33 | ($122.27) |
| 11/11/2003 | 2,200 | 3.40 | $7,480.00 | 11/12/2003 | 2,700 | $3.37 | $7,414.00 | ($66.00) |
| 11/11/2003 | 100 | 3.40 | $340.00 | 11/12/2003 | 100 | $3.36 | $336.00 | ($4.00) |
| 11/18/2003 | 9,700 | 3.20 | $31,040.00 | 11/18/2003 | 9,700 | $3.07 | $29,779.00 | ($1,261.00) |
| 11/18/2003 | 300 | 3.20 | $960.00 | 11/18/2003 | 300 | $3.08 | $924.00 | ($36.00) |
| | 60,000 | | $263,147.00 | | 60,000 | | $200,692.42 | ($53,881.58) |

## Biopure Corporation
Morantz, Regular and Transaction Report

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares Bought | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|
| TOTALS: | | 135,500 | | $679,906 | | 60,000 | | $260,002 | ($323,191) |

Page 2 of 3

MAR-01-2004 15:21

# Biopure Corporation
Morrisite, Register and Transaction Report

| Proposed Lead Plaintiff | Date of Purchase | Number of Shares Bought | Price Per Share | Cost Per Transaction | Date of Sale | Number of Shares Sold | Price of Sale | Gross Receipts | Gains (Losses) |
|---|---|---|---|---|---|---|---|---|---|

**Explanatory notes**
The total estimated damages of the Proposed Lead Plaintiff has been calculated in the following manner:

1) **Common stock sold within the Class Period:**
   Damages with respect to shares sold within the Class Period have been based upon each proposed lead plaintiff's actual loss. Each Proposed Lead Plaintiff's actual loss has been offset by any gain realized by plaintiff as a result of sales made within the Class Period.

2) **Common stock still held:**
   Purchase price of Biopure Corporation common stock still held minus the mean trading price of Biopure Corporation common stock between December 26, 2003 and February 27, 2004 ($2.035) multiplied by the number of shares held.

3) All calculations have been performed using the First-In-First-Out ("FIFO") method of matching trades.

4) All losses have been calculated exclusive of costs, commissions and fees.

Page 3 of 3