UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------
                                                :
IN RE BIOPURE CORPORATION      :   Civ. No. 03-12628-NG
SECURITIES LITIGATION               :
                                                :
---------------------------------------------------------------

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION TO STRIKE ERRATA SHEETS**

**Preliminary Statement**

Proposed Class Representatives Plaintiff Dr. John G. Esposito and Lead Plaintiff Ronald W. Erickson (together, the "Plaintiffs") respectfully submit this Memorandum in Opposition (the "Opposition") to Defendants' Motion to Strike Errata Sheets ("Defendants' Errata Motion"). As a preliminary matter, to ease the burden on this Court, which as of the date of filing of this Opposition, now has pending in this action nearly 200 pages of briefing (excluding exhibits and appendices) on various issues,[1] Plaintiffs withdraw the eight (8) challenged errata concerning Dr. Esposito's deposition transcript. Defendants' Errata Motion is thus moot as to Dr. Esposito.

Regarding Mr. Erickson, whose deposition transcript spans 220 pages, Defendants seek to strike just 14 out of 31 entries on his errata sheet. *See* Exh. B to Defendants' Errata Motion. Thus, Defendants have conceded that the majority of Mr. Erickson's errata sheet entries were entirely proper. As to the rest, Defendants concede that Fed R. Civ. P. 30(e), case law, and

---

[1] Already pending are all of the following: Defendant Biopure Corporation's Motion to Compel Discovery From Named Plaintiffs and for an Extension of the Class Certification Briefing Schedule (Docket No. 134), Defendant's Memorandum in Support thereof (Docket No. 135), and Plaintiffs' Opposition thereto (Docket No. 138); Plaintiffs' Motion for Protective Order (Docket No. 132), Plaintiffs' Memorandum in Support thereof (Docket No. 133), and Defendants' Opposition thereto (Docket No. 137); Plaintiffs' Amended Motion for Class Certification (Docket No. 131), Plaintiffs' Memorandum in Support thereof (Docket No. 128), and Defendants' Opposition thereto (Docket No. 144); and Defendants' Motion to Strike Errata Sheets (Docket No. 142). To that list is now added this Opposition and Plaintiffs' reply brief on class certification, filed contemporaneously.

various treatises **all** stand for the proposition that a witness is permitted to make "changes in form or substance [and] to sign a statement reciting such changes and the reasons given by [the] deponent for making them." *See* Defendants' Errata Motion at 3-4 *quoting*, *inter alia*, Fed. R. Civ. P. 30(e) and Moore's Federal Practice §30.60[3] (3rd Ed. 2006)(emphasis added).  While Defendants have broadly alleged that Mr. Erickson's credibility is impaired due to the substance of his 14 challenged errata, they have utterly failed to demonstrate that, in light of those errata, his serving as a Class Representative would "likely harm" or "dominate the case" or would create "unique defenses." *See* Defendants' Errata Motion at 2 and n.1.  In fact, contrary to Defendants' assertions, a majority of jurisdictions - including courts within the First Circuit - support a deposition witness' making <u>exactly</u> the type of changes as appear on Mr. Erickson's errata sheets.  For these reasons, Defendants' Errata Motion should be denied, and Mr. Erickson's challenged errata should be permitted to stand.

Alternatively, Defendants have sought to reopen the deposition of Mr. Erickson, who has already been subjected to lengthy and exhaustive questioning over the course of a seven-hour deposition day that yielded a 220-page deposition transcript.  This request should be rejected as an impermissible attempt to get a second bite of the deposition apple and to delay even further this Court's decision on the issue of class certification.  The number of challenged errata at issue is entirely unremarkable in light of the length of Mr. Erickson's transcript.  More importantly, the proper method by which Defendants should explore any perceived inconsistencies in Mr. Erickson's testimony and the errata is by cross examination **at trial**.  For these additional reasons, Defendants' Errata Motion should be denied.

Plaintiffs are mindful of the fact that this case is almost three years old, and is still not

past the class certification stage (Plaintiffs' Amended Motion for Class Certification, Docket No. 131, was filed on June 5, 2006), and that, with exceptions, merits discovery has been stayed pending this Court's ruling on class certification (*See* Electronic Procedural Order, entered May 2, 2006). With that in mind, Plaintiffs are very concerned that the defendants' call for a renewed deposition of Erickson due to the errata would inevitably precipitate a new round of class certification briefing and delay a decision on class certification for many months. While Plaintiffs are not prepared to withdraw the 14 challenged Erickson errata, Plaintiffs are willing for this Court to decide the Plaintiffs' class certification motion based on factual record, including Erickson's deposition testimony, *without* the challenged errata. Plaintiffs are willing to do so because, as demonstrated in Plaintiffs' Reply Brief in Support of Their Amended Motion for Class Certification, which neither references nor relies on any of the 14 challenged errata, Mr. Erickson fully satisfies all Fed. R. Civ. P. 23 requirements, and would make an excellent Class Representative.

## **Argument**

As Defendants concede, Fed. R. Civ. P. 30(e) provides that within the prescribed period of time a witness may make "**changes in** form or **substance**" to his deposition testimony by timely signing "a statement reciting such changes and the reasons given by the deponent for making them." *Id.* (emphasis added). Mr. Erickson's errata sheets fully satisfy these Rule 30(e) requirements. *See* Exh. B to Defendants' Errata Motion. Each of Mr. Erickson's errata is identified by page and line. *Id.* Each change is clearly spelled out in a center column captioned "Error or Amendment." *Id.* Furthermore, a detailed and non-conclusory reason is given in the far right column for every change. *Id.* Mr. Erickson need do nothing more at this time to satisfy

his obligations in submitting errata under the Federal Rules.

As such, Defendants' Errata Motion really raises just two questions for the Court to decide. First, due to their *substance*, are the 14 challenged Erickson errata improper such that they ought to be stricken from the record in this action? Second, if the 14 challenged errata are not stricken, should Mr. Erickson's deposition - which has already lasted seven hours (including breaks) and generated 220 pages of transcript - be reopened and this Court's decision on class certification be further delayed? For the following reasons, both questions should be answered in the negative, and Defendants' Errata Motion should be denied in full.[2]

**I.      The Majority Rule, Followed By Courts Within The First Circuit, Is That Properly-Explained Errata Of *Any* Kind Are Permitted Under Rule 30(e). Thus, Mr. Erickson's 14 Challenged Errata Are Proper And Should Not Be Stricken.**

After noting that courts are "generally divided on the type and extent of changes permitted under Rule 30(e)," Defendants, through very selective citation, have sought to create the impression that the "majority rule" among the federal courts is that substantive changes to deposition testimony are permitted *only* to correct transcription errors. *See* Defendants' Errata Motion at 4 *citing*, *inter alia*, Moore's Federal Practice §30.60[3] (3d Ed. 2006) and 35A C.J.S. Federal Civil Procedure §636 (2006). Applying this purported "majority rule," Defendants then argue that Mr. Erickson's 14 challenged errata ought to be stricken because they were made for reasons other than mere transcription error.

In fact, the "majority rule" as set forth *in some of the very sources cited by Defendants* is

---

[2] Defendants also raise some generalized arguments as to the credibility of Mr. Erickson, apparently as a means of augmenting their 40-page, 82-footnote opposition brief on class certification. For purposes of opposing the core of Defendants' Errata Motion, it is only necessary herein to say simply that Plaintiffs wholeheartedly disagree with any such characterization of Mr. Erickson's credibility as a witness and his fitness to serve as a Class Representative, but will address those issues in their reply brief on class certification and not here.

just the **opposite**, i.e. that changes are permissible to a deposition transcript for **any** reason.  For instance, Defendants cite Moore's Federal Practice §30.60[3] (3d Ed. 2006) accurately for the basic proposition that there is a divide amongst the courts as to the permissible scope of errata changes under Rule 30(e).  However, Defendants fail to advise the Court of the following, highly pertinent additional portion of that section:

> **Courts permitting the deponent to make wide-ranging changes to the deposition for any reason take the better view.**  Although it is unseemly to see a deponent "rewriting" deposition testimony, the prior (presumably less advantageous) testimony is not expunged from the record.  The deponent can be cross-examined about the changes and impeached by the inconsistency, with the finder of fact invited to determine that the initial reaction was the honest reaction.

*Id.* (emphasis added).  The section concludes, "In the absence of an express direction from the Federal Rules, **permitting *unrestricted* changes is therefore preferable to judicial oversight** of this aspect of discovery practice."  *Id.*  (emphasis added).[3]

This majority rule, permitting any kind of change to deposition testimony so long as it is explained per Rule 30(e)'s provisions (with which Erickson has fully complied), was well-articulated by the Second Circuit in *Podell v. Citicorp Diners Club, Inc.*, 112 F.3 98 (2d Cir. 1997).  There the plaintiff, in reviewing his deposition transcript pursuant to Rule 30(e), "drew lines through the damaging responses and explained his doing so by annotations in the transcript," prompting the district court to note that he "undertook to change his deposition

---

[3] Defendants also assert that "one commentator" summarized the purported "majority rule" for which they advocate, quoting, *inter alia*, the following language: "However, a change of substance which actually contradicts a deposition transcript is not permitted under the Rule allowing changes in form or substance to a deposition transcript, unless it can plausibly be represented as the correction of a transcription error."  Defendants' Errata Motion at 4 *quoting* 35A C.J.S. Federal Civil Procedure §636 (2006).  Defendants' citation to this C.J.S. section indicates that citations were omitted. *Id.*, implying that citations supporting the quoted language were omitted.  In fact, while citations *were* omitted from the *entirety* of the text quoted by defendants, **no citations were omitted from the particular sentence quoted above** (and which was highlighted in bold-faced type by Defendants) **because, in fact, that sentence is not supported by citation to a single source**, case law or otherwise.  Thus, the "one commentator" quoted by Defendants expressed nothing more than an opinion unsupported by **any** judicial authority.

testimony on a material matter," that his reasons for doing so were "unconvincing in the extreme," and that his changes "cannot be squared with his deposition testimony." *Id.* at 103.  In holding that the district court correctly considered both the original <u>and</u> revised testimony, the Second Circuit stated:

> Rule 30(e) allows deponents to make "changes in form or substance" to their testimony and to "append any changes [that are] made" to the filed transcript. ... A deponent invoking this privilege must "sign a statement reciting such changes and the reasons given ... for making them,"...but "**[t]he language of the Rule places no limitations on the type of changes that may be made**[,] ... nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes" - even if those reasons "are unconvincing." ... At the same time, when a party amends his testimony under Rule 30(e), "[t]he original answer to the deposition questions will remain part of the record and can be read at the trial."

*Id.* at 103.  *See also Molfese v. Fairfaxx Corp.*, 2006 WL 908161, *2 n.5 (D. Conn. Apr. 4, 2006)(quoting, *inter alia*, *Podell* and noting that the "majority view" interpreting Rule 30(e) permits "any kind of changes" to deposition testimony).

Further, the majority rule as articulated herein has been widely recognized and applied by federal courts within the First Circuit in denying motions to strike errata sheets similar to Defendants' Errata Motion.  For instance, in *Daroczi v. Vermont Ctr. For The Deaf & Hard Of Hearing, Inc.*, 2004 WL 180250 (D.N.H. Jan. 28, 2004), the plaintiff changed her deposition testimony via an errata sheet, which the defendant argued "substantially amended" the plaintiff's version of alleged sexual misconduct and the effects thereof on her. *Id.* at *5.  In moving to strike the errata, the *Daroczi* defendant, like the Defendants here, cited to *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992),[4] for the proposition that "a deposition is not a take

---

[4] *See* Defendants' Errata Motion at 6.

home exam." *Id.* at *5. The *Daroczi* court <u>rejected</u> this argument, stating:

> The holding in *Greenway* on the application of Rule 30(e) is not controlling and is not followed by this court. Other courts have held that the plain language of the rule only requires that "the deponent abide by a restricted time frame for making the changes and recite the reasons for any changes."

*Id.* at *5 *citing*, *inter alia*, *Elwell v. Conair, Inc.*, 145 F. Supp. 2d 79, 88 (D. Me. 2001) (criticizing *Greenway* by stating "I do not find this reasoning persuasive. If the original answers as well as the changes are made available to the jury when and if the deposition testimony is used at trial, the jurors should be able to discern the artful nature of the changes." *Id.* at 87.) In denying the motion to strike the errata, the *Daroczi* court quoted the **full** text of <u>Moore's Federal Practice</u> §30.60[3], as quoted *supra*, noting that the *Elwell* approach (rejecting *Greenway* and its progeny) is the "better view." *Id.* at *5. *See also Metayer v. PFL Life Ins. Co.*, 1999 WL 33117063, *2-*3 (D. Me. July 15, 1999)(refusing to strike challenged errata and noting that the original deposition answers remain in the record and may be admitted at trial) *citing*, *inter alia*, *Podell*, 112 F.3 at 103; *Tingley Sys., Inc. V. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 120 (D. Mass. 2001) (changed deposition answers of any sort are permitted).[5]

For all these reasons, this Court should follow the true "majority rule" - as set forth in the plain language of Rule 30(e), as summarized by <u>Moore's Federal Practice</u> §30.60[3], and as

---

[5] The rest of the cases upon which Defendants rely (*see* Defendants' Errata Motion at 4-5) espouse the <u>minority</u> view rejected by the Second Circuit and courts in this Circuit or are distinguishable on their facts, or both. *Burns* (10th Circuit) follows the minority view on Rule 30(e) errata. *Kennedy* (9th Circuit) and *Trans-Orient* (2d Circuit) involved different factual situations, i.e. an attempt by a plaintiff to contradict prior testimony with a subsequent affidavit so as to create a material issue of fact and thereby defeat summary judgment.

As for *Thorn* (7th Circuit), from which Defendants block quoted dicta, putting aside that it is factually distinguishable from the facts at bar - there, the challenged substantive errata was justified by only a single-word explanation of "garbled" - more importantly, it actually supports the <u>Plaintiffs</u>' position here. Though Judge Posner cast a disapproving eye on the challenged substantive errata, he did not hold that the errata should have been stricken, or even disregarded. Instead, stating that both the original testimony and the challenged errata are to remain part of the record, he *considered* both, before affirming the grant of summary judgment for the defendant.

applied by the numerous cases cited herein from both within and without the First Circuit - permitting *any* kind of changes to the form or substance of deposition testimony, so long as they are explained by specific, non-conclusory reasons. Under this standard, Mr. Erickson's 14 challenged errata are entirely proper and should not be stricken.

**II.     Mr. Erickson's 14 Challenged Errata Have Not Rendered His 220-Page Deposition Transcript "Incomplete or Useless Without Further Testimony." Thus, His Deposition Should Not Be Reopened, A Practice Generally Avoided by Courts Within the First Circuit.**

Defendants have argued for the reopening of Mr. Erickson's deposition in a single, four-line sentence, supported with a footnoted citation to just two cases. *See* Defendants' Errata Motion at 8-9. In actuality, not only do courts within the First Circuit permit errata sheets to make substantive changes to deposition testimony, per the "majority rule" view of Rule 30(e) discussed *supra*, they also generally refrain from ordering depositions reopened (or the taking of any other similarly redundant discovery) in light of such changes, because: (i) both the original testimony and the amended testimony remain a part of the record, (ii) the witness may be cross-examined at trial as to the reasons for his errata sheet changes to prior testimony, and (iii) the jury can decide for itself whether or not any errata sheet changes impact upon a witness's credibility. *See*, *e.g.*, *Elwell*, 145 F. Supp. 2d at 87; *Idaroczi*, 2004 WL 180250 at *5; *Metayer*, 1999 WL 33117063 at *2-*3.

Here, after a seven-hour deposition, Mr. Erickson's deposition transcript spans 220 pages, with respect to which he has submitted just 14 challenged errata, all explained by specific, non-conclusory reasons in compliance with Rule 30(e). His errata have hardly rendered his deposition "incomplete or useless without further testimony" as Defendants argue. Defendants' Errata Motion at 8 n.13. Under these circumstances, where Defendants can cross examine Mr.

Erickson at trial as to the reasons for his 14 challenged errata, reopening Mr. Erickson's deposition and further delaying class certification is simply not warranted.[6] *See*, *e.g.*, *Hawthorne Partners v. AT & Technologies, Inc.*, 831 F. Supp. 1398, 1407 (N.D. Ill. 1993) (refusing to reopen a deposition after concluding that 41 changes were "not an inordinate number" for a 500-page transcript and did not make the deposition incomplete or useless without further testimony). *See also Allen & Co. V. Occidental Petroleum Corp.*, 49 F.R.D. 337, 341 (S.D.N.Y. 1970)(errata changing testimony from one place of a transcript to be consistent with testimony from another place in the same deposition do not constitute grounds to reopen a deposition).

## **Conclusion**

For the foregoing reasons, Defendants' Motion to Strike Errata Sheets should be denied in full. The motion, as it relates to the errata served by Dr. Esposito, is <u>moot</u>, in light of Plaintiffs' withdrawal of the Esposito errata. Mr. Erickson's 14 challenged errata, each of which has been fully explained in non-conclusory fashion in accordance with Fed. R. Civ. P. 30(e), should be permitted to stand. Further, Mr. Erickson's deposition should not be reopened, and the Court should proceed, without any further delay, to its consideration of the issue of class

---

[6] Both cases cited by Defendants are factually distinguishable from the facts at bar. In *Lugtig* (N.D. Ill.), the deponent sought to make **sixty-nine** substantive errata to his transcript and **did not provide individualized reasons** for each change, opting instead to include only generally-applicable conclusory reasons at the end of the entire errata sheet. 89 F.R.D. at 641. While the *Lugtig* court acknowledged the breadth of Rule 30(e) as discussed herein, it stated simply that, under the circumstances, "The number and type of changes made by the defendant-deponent in this case justify allowing plaintiff to reopen the deposition if he wishes." *Id.* at 642. Similarly, in *Tingley* (D. Mass.), the errata sheets at issue contained a total of **one hundred seventeen** challenged changes, of which examples of 22 were provided to the court, each explained only by conclusory statements like "correct misstatement," "misunderstood question," or "clarification." 152 F. Supp. 2d at 119. Noting that the deponent must supply a non-conclusory reason for errata, Magistrate Bowler stated that "this court finds that the number and type of changes made to the depositions justify a reopening for the limited purpose of inquiring into the reasons for the changed answers and where the changes originated." *Id.* at 121. Here, there are only 14 challenged changes and the reason for each is specifically explained in the errata. No further deposition should be allowed.

certification in this proceeding.[7]

Dated: September 29, 2006                    Respectfully submitted,

**SHAPIRO HABER & URMY LLP**

**/s/ Edward F. Haber**
Edward F. Haber BBO # 215620
Theodore M. Hess-Mahan BBO # 557109
Matthew L. Tuccillo BBO # 643336
53 State Street
Boston, MA 02109
(617) 439-3939

**STULL, STULL & BRODY**
Jules Brody (*pro hac vice*)
Howard T. Longman (*pro hac vice*)
6 East 45th Street
New York, New York 10017
(212) 687-7230

**STULL, STULL & BRODY**
Timothy J. Burke (*pro hac vice*)
10940 Wilshire Blvd., Suite 2300
Los Angeles, CA 90024
(310) 209-2468

**Co-Lead Counsel For
Lead Plaintiff and The Class**

---

[7] As noted in the "Preliminary Statement," *supra*, if assistive of this Court's efficient resolution of the Defendants' Errata Motion, Plaintiffs are prepared (without actually withdrawing the 14 challenged Erickson errata) to proceed to a decision on class certification on the basis of the record *without* the challenged Erickson errata. Plaintiffs' class certification reply brief has already been written and filed based on such a reading of the record.

## Certificate of Service

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the 29th day of September, 2006.

/s/ Edward F. Haber
Edward F. Haber