UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION  ) <br> SECURITIES LITIGATION  ) <br>  ) <br>  ) <br>  ) <br>  ) | Master Docket No. 1:03-CV-12628 (NG) <br><br> Assigned to Judge Nancy Gertner |

## DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION

Pursuant to Local Rule 7.1(b)(3), Defendants respectfully request leave to file a ten-page Sur-Reply In Opposition to Plaintiffs' Amended Motion for Class Certification to be filed on or before October 13, 2006. As grounds for this motion, Defendants state as follows:

1. In deciding whether to certify a class, "[a] district court must conduct a rigorous analysis of the prerequisites established by Rule 23." Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003); In re Carbon Black Antitrust Litig., 2005 WL 102966, at *9 (D. Mass. Jan. 18, 2005) (quoting Smilow).

2. Plaintiffs bear the burden of proof on a motion for class certification. Smilow, 323 F.3d at 38 (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614 (1997)); In re Carbon Black, 2005 WL 102966, at *9 (D. Mass. Jan. 18, 2005) (burden of proof for Rule 23 elements "rests squarely on the plaintiffs"). Their amended certification motion presents important issues concerning whether a class may be certified in this action. However, because Plaintiffs' initial certification brief (as is customarily the case) presented only generic and conclusory arguments on the Rule 23 factors, meaningful argument on the key issues was not made until their reply brief. Indeed, their initial brief was nineteen pages in length, while their reply totaled thirty-eight pages.

1

2

3. Given this Court's obligation to conduct a rigorous analysis of the Rule 23 factors, Defendants submit that a short (ten-page) sur-reply will be of great assistance to the Court in resolving Plaintiffs' motion. The Plaintiffs' reply brief presents complicated arguments based upon excerpts of the factual record which are, Defendants submit, contradicted or refuted by the record in full context. Plaintiffs' reply also relies upon new authorities not contained in Plaintiffs' motion or amended motion for class certification and, Defendants respectfully submit, mischaracterizes Defendants' legal arguments.

4. Accordingly, Defendants submit that a short (ten-page) sur-reply will assist this Court in its analysis of Plaintiffs' class certification motion by narrowing the issues that are truly contested, clarifying applicable legal principles and providing analysis of the facts Plaintiffs argued for the first time in their reply.

5. Defendants further respectfully submit that a brief (ten-page) sur-reply will facilitate oral argument on Plaintiffs' motion.

6. Defendants propose that, should this Court grant leave to file a sur-reply, such sur-reply must be filed on or before October 13, 2006, fourteen days following service of Plaintiffs' reply memorandum. Plaintiffs will not be prejudiced by the filing of the sur-reply nor the fourteen day extension of time to close the briefing on their motion.

WHEREFORE, Defendants respectfully seek leave to file a ten-page sur-reply on or before October 13, 2006.

October 6, 2006                                             Respectfully submitted,

                                                            **BIOPURE CORPORATION, THOMAS A. MOORE, HOWARD P. RICHMAN, RONALD RICHARDS, CARL W. RAUSCH, CHARLES A. SANDERS AND J. RICHARD CROUT**

                                                            By their attorneys,


                                                            /s/ Donald J. Savery
                                                            Robert A. Buhlman, BBO #554393
                                                            Donald J. Savery, BBO # 564975
                                                            Michael D. Blanchard, BBO#636860
                                                            BINGHAM McCUTCHEN LLP
                                                            150 Federal Street
                                                            Boston, MA 02110
                                                            (617) 951-8000


### RULE 7.1(A)(2) CERTIFICATION

I hereby certify that counsel for Defendants conferred with counsel for Plaintiffs in good faith to resolve or narrow the issues presented in this motion. Counsel for Plaintiffs do not consent to the relief sought by this motion.

                                                            /s/ Michael D. Blanchard
                                                            Michael D. Blanchard


### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above pleading was electronically served upon the attorneys of record for all parties on October 6, 2006.

                                                            /s/ Michael D. Blanchard
                                                            Michael D. Blanchard