## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Civ. No. 03-12628-NG |

### [PROPOSED] ORDER OF PRELIMINARY APPROVAL

**WHEREAS**, the parties to the above-described class action ("Action") have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, fixing certain matters in connection with a proposed settlement of the Action (the "Proposed Settlement"), in accordance with a Stipulation And Agreement of Settlement ("Settlement Agreement") entered into by the parties as of May 17, 2007 together with the exhibits annexed thereto, which are incorporated herein by reference;

**NOW, THEREFORE**, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the parties, and after consideration of the Settlement Agreement and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** that:

1.      The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2.      The parties' Proposed Settlement, as embodied in the Settlement Agreement and the exhibits attached thereto, is preliminarily approved as fair, reasonable, adequate and in the best interests of the Class, pending a final hearing on the Proposed Settlement as provided herein.

1

3.      This Proposed Settlement shall apply to the Class, preliminarily certified by the Court for purposes of effectuating the Proposed Settlement, as defined in the Settlement Agreement and consisting of all persons or entities who purchased or otherwise acquired of Biopure Corporation ("Biopure") common stock from April 9, 2003 through December 24, 2003, inclusive ("Class Period"). Excluded from the Class are Defendants in this action, the former and current officers and directors of Biopure, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

4.      The Court approves, as to form and content, the proposed form of Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing submitted by the parties as Exhibit A-l to the Settlement Agreement ("Notice"), and the Proof of Claim Form submitted by the parties as Exhibit A-2 to the Settlement Agreement ("Proof of Claim"), and directs that Co-Lead Counsel for the Class shall mail, or cause to be mailed, such Notice and Proof of Claim to all members of the Class who can be identified through reasonable effort. The mailing is to be made by first-class United States mail, postage prepaid, at least 60 days prior to the date of the Settlement Hearing. Within fourteen (14) business days from the date of entry of this order, Biopure shall direct its transfer agent(s) to provide to the Claims Administrator a list containing the identity of all record holders of Biopure common stock who purchased their common stock during the Class Period.

5.      Nominees who purchased or otherwise acquired Biopure common stock during the Class Period are directed to: (a) send the Notice and the Proof of Claim Form to all beneficial owners of Biopure common stock purchased or otherwise acquired during the Class Period,

within ten (10) days after receipt of the Notice; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days after receipt of the Notice.

6.      The Court hereby approves, as to form and content, the proposed form of Summary Notice of Settlement submitted by the parties as Exhibit A-3 to the Settlement Agreement ("Summary Notice"), and directs that Co-Lead Counsel for the Class shall cause such Summary Notice to be published once in the national edition of *The Wall Street Journal* no more than 10 days after the mailing of the Notice and at least 50 days prior to the Settlement Hearing.

7.      The Court finds and determines that mailing of the Notice and Proof of Claim and the publication of the Summary Notice as set forth above constitute the best notice to the Class practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said Notice and Summary Notice to all persons entitled to receive such notice, and fully satisfy the requirements of due process, of 15 U.S.C. § 78u-4(a)(7), and of Rule 23 of the Federal Rules of Civil Procedure.

8.      Any Class Member who desires to request exclusion from the Class must submit a written request for exclusion in the form and manner required by the Notice.  Such request for exclusion must be mailed with a postmark no later than _____, 2007 (fourteen (14) calendar days prior to the Settlement Fairness Hearing date); must refer to the action *In re: Biopure Corporation Securities Litigation*, No. 03-12628-NG; must include a statement that the Class Member wishes to be excluded from the Class; must provide the number of shares of Biopure common stock that Class Member owned as of April 8, 2003 and the number of shares

3

of Biopure common stock that Class Member purchased and sold during the Class Period, and the dates of such purchases and sales. Such requests for exclusion must be mailed to:

In re Biopure Corporation Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

9.      Any Class Member who does not properly and timely request exclusion shall be included in the Class and shall be bound by any determination, order or judgment entered in the Action in connection with the Settlement, whether favorable or unfavorable, even if such Class Member does not submit a timely Proof of Claim.

10.     A hearing will be held by this Court in the courtroom of the Honorable Nancy Gertner, United States District Court, One Courthouse Way, Boston, Massachusetts 02210 at _____ __.m. on _____, 2007 ("Settlement Fairness Hearing"), to determine:  (a) whether the Proposed Settlement should be approved as fair, reasonable, adequate, and in the best interests of the Class; (b) whether an Order and Final Judgment should be entered substantially in the form of Exhibit B to the Settlement Agreement; (c) whether the Class should be finally certified; (d) whether the Class Representatives' proposed plan of allocation of the Settlement proceeds that is described in the Notice ("Plan of Allocation") should be approved as fair and reasonable to the Class; and (e) whether the application of Co-Lead Counsel for the Class for an award of attorneys' fees, costs, and expenses, including an award of reasonable costs and expenses to the Class Representatives, ("Fee and Expense Petition") should be approved. The Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

11.    Prior to the Settlement Hearing, Co-Lead Counsel for the Class shall cause an affidavit to be filed with the Court certifying that the Notice has been provided and the Summary Notice has been published as directed in Paragraphs 3, 4 and 5 of this Order.

12.    Attendance at the Settlement Hearing is not mandatory.  Notwithstanding, any Class Member who does not timely and properly exclude him/her/itself from the Class may appear and show cause at the Settlement Hearing in person or by counsel and be heard in support of, or in opposition to, the fairness, reasonableness and adequacy of the Proposed Settlement, the Plan of Allocation and/or the Fee and Expense Petition submitted by Co-Lead Counsel for the Class.  However, no Class Member shall be heard in opposition to the Proposed Settlement and no paper or brief submitted by any such person shall be received or considered by the Court unless fourteen (14) calendar days before the Settlement Hearing, that person shall file with the Clerk of this Court and serve copies on counsel at the following addresses a written statement of the position he, she or it will assert, and the reasons for his, her or its position, and proof of membership in the Class:

Clerk
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

Howard T. Longman, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY  10017

Edward F. Haber, Esq.
Shapiro Haber & Urmy LLP
Exchange Place
53 State Street
Boston, MA  02109

5

*Plaintiffs' Co-Lead Counsel*

Robert A. Buhlman, Esq.
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

*Counsel for Defendants*

Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising any objection to the terms and conditions of, or to the fairness, reasonableness or adequacy of the Proposed Settlement or to the Judgment to be entered thereon in this or any other action or proceeding.

13.    In order to share in any proceeds resulting from the settlement of this Action, Class Members must submit the Proof of Claim in the manner provided in Exhibit A-2 of the Settlement Agreement by no later than October 31, 2007. Provided they are received before the motion for Class Distribution Order is filed, all Proofs of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Notice. Late claims shall be denied as untimely except as the Court may otherwise order.

14.    Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its choice. If any Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel for the Class.

15.    Subject to the terms of the Stipulation, Co-Lead Counsel may use up to $100,000.00 (One Hundred Thousand Dollars) of the Gross Settlement Fund to pay costs and

expenses reasonably and actually incurred in connection with the administration of the Settlement, including without limitation identifying and providing notice to the Class, locating Class Members, processing Proofs of Claim, assisting with the filing of claims, administering and distributing the Gross Settlement Fund to the Members of the Class, and paying escrow fees and costs, if any.  Pursuant to ¶5 of the Stipulation and Agreement of Settlement, Co-Lead Counsel must obtain Mr. Robert A. Buhlman's signature to release deposited funds from the Initial Escrow Account prior to the Effective Date of Settlement.  No such amounts shall be used to pay the attorneys' fees of Co-Lead Counsel.  In the event final approval is not attained or granted for any reason, any and all funds so expended shall not be owed to or recoverable by the Defendants or the Defendants' insurers, as provided by the terms of Paragraph 5 of the Stipulation.

16.    All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this Court.  Pending the final determination of the fairness, reasonableness and adequacy of the Proposed Settlement, no member of the Class, either directly, representatively, or in any other capacity, shall institute, commence or prosecute against the Defendants any of the Settled Claims in any action or proceeding in any court or tribunal.

17.    All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

7

18.    All papers in support of the Proposed Settlement, including any application by Co-Lead Counsel for the Class for attorneys' fees and expenses shall be filed and served at least five (5) business days before the Settlement Hearing.

19.    Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Representatives; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Representatives in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) is or may be construed as or received as evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses by the Defendants have merit, or that damages recoverable under the SCAC would not have exceeded the Gross Settlement Fund.  The Released Parties may file the Stipulation and/or the Final Order and Judgment of this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Defendants have denied and continue to deny each and every claim alleged against them in the Action and any wrongdoing whatsoever and the Settlement Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any

Defendant with respect to any claim of any fault, liability, wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

20.    The Court reserves the right to adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

Date: _____, 2007.


_____
The Honorable Nancy Gertner
United States District Judge

ACTIVE/2674295.1