# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

IN RE BIOPURE CORPORATION SECURITIES
LITIGATION

)
)
)
)
)
)

**CIVIL ACTION
NO. 03-12628-NG**

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF BIOPURE CORPORATION ("BIOPURE"), DURING THE PERIOD FROM APRIL 9, 2003 THROUGH DECEMBER 24, 2003, INCLUSIVE.**

> **PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO RECEIVE BENEFITS BY FILING A PROOF OF CLAIM FORM. PLEASE NOTE THAT IF YOU HAVE ANY OTHER CLAIMS AGAINST DEFENDANTS OR BIOPURE, YOU MAY BE DEEMED TO RELEASE SUCH CLAIMS IF YOU REMAIN A MEMBER OF THE CLASS, EVEN IF YOU DO NOT FILE A PROOF OF CLAIM FORM.  PLEASE SEE SECTION VII BELOW FOR DETAILS.**

**DEADLINE FOR FILING CLAIMS:** If you are a member of the Class as defined below and wish to participate in the settlement, you must submit to the Claims Administrator a Proof of Claim and Release Form ("Proof of Claim"), on the form accompanying this notice, postmarked no later than October 31, 2007.

**DEADLINE FOR REQUESTING EXCLUSION FROM THE CLASS:**  Requests for exclusion from the Class must be sent to the Claims Administrator, as described below, postmarked no later than _____.

BANKS, SECURITIES BROKERS, AND OTHER NOMINEES:  Please see Instructions in Section IX below.

YOU ARE HEREBY NOTIFIED, as a member of a proposed Class, that the parties have agreed that this lawsuit should proceed as a class action for purposes of settlement only.  The "Class" consists of all persons or entities who purchased or otherwise acquired common stock of Biopure Corporation ("Biopure"), during the period from April 9, 2003 through December 24, 2003, inclusive (the "Class Period").  Excluded from the Class are Defendants, present or former Officers and Directors of Biopure, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have, or had, a controlling interest.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and a ____ 2007 Order of the United States District Court for the District of

ACTIVE/72007889.1

Massachusetts (the "Court"), that pursuant to the Stipulation and Agreement of Settlement (the "Stipulation") dated as of May 17, 2007 and filed with the Court, a settlement (the "Settlement") of the above-captioned action (the "Action") in the amount of $10 million (Ten Million Dollars) in cash has been reached with all Defendants in the Action, including Biopure, Thomas A. Moore, Carl W. Rausch, Ronald F. Richards, Howard P. Richman, Charles A. Sanders and J. Richard Crout (collectively "Defendants"). The Settlement is subject to approval by the Court. If approved, the Settlement will result in, among other things: (1) the payment of the Settlement Amount, as defined below and after certain deductions described below, to eligible members of the Class who file timely and valid Proof of Claim forms and evidence a recognized loss; and (2) the dismissal of the above-referenced Action and the release of the Released Claims, as described in the Stipulation and in the Proof of Claim form, as against the Defendants and certain related persons and entities.

YOU ARE FURTHER NOTIFIED, pursuant to the Court's _____ 2007 Order, that a hearing (the "Settlement Hearing") shall be held before the Honorable Nancy Gertner, located in Courtroom 2, John Joseph Moakley U. S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, on _____, 2007 at _____ a.m./p.m., to consider: (1) whether to certify a class for settlement purposes only; (2) whether the Settlement described above should be approved by the Court as fair, reasonable and adequate; (3) whether this Action should be dismissed on the merits with prejudice and judgment should be entered releasing claims against the Defendants, as set forth in the Stipulation; (4) whether the proposed Plan of Allocation (described in Section VI(B) of this Notice) should be approved; (5) whether the Court should approve the application of Co-Lead Counsel for the class for payment of attorneys' fees and reimbursement of costs and expenses; and (6) whether the Court should award reasonable costs

3

and expenses to the Lead Plaintiff Ronald Erickson and Plaintiff Dr. John G. Esposito, Jr. (the

"Class Representatives") incurred in connection with this Action.

## I.    SUMMARY OF NOTICE

This Notice is not intended to be, and should not be, construed as an expression of any

opinion by the Court with respect to the truth of the allegations in the Action or the merits of the

claims or defenses asserted or the fairness or adequacy of the Settlement.  This Notice is

intended only to advise you of the pendency and Settlement of the Action and of your rights in

connection with the Settlement.

### A.    Statement of Plaintiffs' Recovery

Pursuant to the Settlement described herein, the Settlement Amount of $10 million (Ten

Million Dollars) is being held in escrow and is currently earning interest for the benefit of the

Class.  The Settlement Amount, plus interest earned thereon, is referred to in this Notice as the

"Settlement Fund."

The Class Representatives estimate that there were approximately 29,574,000 shares of

Biopure common stock purchased and/or acquired during the Class Period, which were damaged

as a result of the alleged acts or omissions described below.  Based on that estimate, the Class

Representatives estimate that the average recovery per damaged share under the Settlement will

be approximately $0.34 per share before the deduction of attorneys' fees, costs and expenses, as

approved by the Court.  An individual Class Member may receive more or less than this average

amount per share, depending on the number of claims filed, when the shares were purchased

during the Class Period and, if sold, when they were sold, and the amounts awarded by the Court

for attorneys' fees, costs and expenses.

### B.    Parties' Positions and Reasons for Settlement

ACTIVE/72007889.1

The Class Representatives believe that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted.  Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Class Representatives in the Action and do not believe any evidence supports those claims and contentions.  However, Class Representatives and Defendants recognize and acknowledge the inherent difficulties, expense, and length of continued proceedings necessary to see the Action through trial and possible appeals, and both have determined that the Settlement as set forth in the Stipulation is in the best interests of all parties involved.

### C.    Potential Outcome of the Case

In addition to disagreeing about the potential for proving the liability of Defendants, the parties disagree on the average amount of damages per share that would be recoverable even if the Class Representatives prevailed on each claim alleged.  The determination of damages is a complicated and uncertain process, typically involving conflicting expert opinions.  Factors which would be considered in the determination of damages include, among others, (i) whether any of the alleged misrepresentations caused the price of Biopure stock to be artificially inflated during the Class Period, (ii) whether the disclosure of truths regarding any alleged misrepresentations was related to the drop in the price of Biopure stock during or after the Class Period, (iii) the appropriate economic model for determining the amount by which Biopure stock was artificially inflated (if at all) during the Class Period, (iv) the effect of various market forces influencing the trading price of Biopure stock at various times during the Class Period, and (v) the extent to which external factors, such as general market and industry conditions, influenced the trading price of Biopure stock during the Class Period.

### D.    Statement of Attorneys' Fees and Costs Sought

ACTIVE/72007889.1

Co-Lead Counsel, as identified in Section E below, intend to apply for an award of attorneys' fees in an amount up to 33 1/3% of the Settlement Fund, as well as reimbursement for costs and expenses incurred in the prosecution of the Action of approximately $175,000. Co-Lead Counsel also intend to apply to the Court for the reimbursement of reasonable expenses from the Settlement Fund to the Class Representatives to the extent permissible by law, in an amount not to exceed $15,000(Fifteen Thousand Dollars) in the aggregate. The fees and expenses of the Class Representatives and Co-Lead Counsel, if granted, would be, on average, approximately $0.12 (Twelve Cents) per share of Biopure common stock, which was purchased and/or acquired during the Class Period and was damaged as a result of the alleged acts or omissions described below share.

### E.    Identification of the Class Representatives' Counsel

The Class Representatives and the Class have been represented in this Action by the following Co-Lead Counsel for the Class Representatives and the Class:

Howard T. Longman, Esq.
Stull, Stull & Brody
6 East 45th Street
New York, NY  10017
Tel:  (212) 687-7230

Edward F. Haber, Esq.
Matthew L. Tuccillo, Esq.
Shapiro Haber & Urmy LLP
53 State Street
Boston, MA 02109
Tel: (617) 439-3939

Any questions regarding the Settlement should be directed to Co-Lead Counsel.

## II.    DEFINITIONS

As used in this Notice, the following terms shall have the following meanings, which are set forth in the Stipulation of Settlement:

6

(a)      "Authorized Claimant" means any Class Member who submits a timely and valid Proof of Claim and Release form ("Proof of Claim") that is accepted by the Claims Administrator.

(b)      "Claimant" means any Class Member who files a Proof of Claim.

(c)      "Claims Administrator" means Berdon Claims Administration LLC, which shall administer the Settlement.

(d)      "Class" and "Class Members" mean all persons or entities who purchased or otherwise acquired Biopure common stock from April 9, 2003 through December 24, 2003, inclusive.  Excluded from the Class are Defendants, the former and current officers and directors of Biopure, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

(e)      "Class Period" means the period of time from April 9, 2003 through December 24, 2003, inclusive.

(f)      "Court" means the United States District Court for the District of Massachusetts, the Honorable Nancy Gertner presiding.

(g)      "Defendants" means Biopure Corporation, Thomas A. Moore, Carl W. Rausch, Ronald F. Richards, Howard P. Richman, Charles A. Sanders and J. Richard Crout.

(h)      "Defendants' Counsel" means the law firm of Bingham McCutchen, LLP.

(i)      "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in ¶27 below.

(j)      "Escrow Agents" means Co-Lead Counsel, Edward F. Haber and Howard Longman.

ACTIVE/72007889.1

(k)    "Final" means: (i) if an appeal is filed, the date of final affirmance on an appeal from the Order and Final Judgment, the expiration of the time for a petition for a writ of certiorari to review the Order and Final Judgment or, if certiorari is granted, the date of final affirmance of the Order and Final Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the Order and Final Judgment and the final dismissal of any proceeding on certiorari to review the Order and Final Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Order and Final Judgment, *i.e.*, thirty (30) calendar days after entry of the Order and Final Judgment (or, if the date for taking an appeal or seeking review shall be extended beyond this time by order of the Court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought); or (iv) if the Court enters an Order and Final Judgment in a form other than that provided above ("Alternative Judgment") and none of the Parties hereto elect to terminate the Settlement, the date that such Alternative Judgment becomes final as defined in parts (i) to (iii) above and no longer subject to appeal or review. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for attorneys' fees, costs or expenses, or compensatory award for Class Representatives shall not in any way delay or preclude the Order and Final Judgment from becoming final.

(l)    "Gross Settlement Fund" means the Settlement Amount, plus any interest earned thereon.

(m)    "Insurers" means the Underwriters of Lloyd's, London; Old Republic Insurance Company; and Carolina Casualty Insurance Company (the "Insurers").

ACTIVE/72007889.1

(n)     "Class Representatives" means Lead Plaintiff Ronald Erickson and Plaintiff John G. Esposito.

(o)     "Co-Lead Counsel" means Stull, Stull & Brody and Shapiro Haber & Urmy, LLP.

(p)     "Net Settlement Fund" means the Gross Settlement Fund, as defined herein, net of any taxes, as referred to in ¶7, on the income thereof, and net of any funds to pay (i) the notice and administrative costs referred to in ¶11, (ii) taxes and escrow fees; (iii) the attorneys' fees and expense award referred to in ¶12; and (iv) any award to Class Representatives granted by the Court referred to in ¶12.

(q)     "Notice" means the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing, which is to be sent to members of the Class substantially in the form attached hereto as Exhibit 1 to Exhibit A.

(r)     "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(s)     "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assigns.

(t)     "Plan of Allocation" means a plan or formula for the allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.

(u)     "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit A.

9

(v)     "Released Parties" is defined in the Stipulation of Settlement and in the accompanying Proof of Claim.

(w)     "Settled Claim(s)" is defined in the Stipulation of Settlement and in the accompanying Proof of Claim.

(x)     "Defendants' Settled Claims" is defined in the Stipulation of Settlement and in the accompanying Proof of Claim.

(y)     "Settlement Amount" means the consideration to be paid by the Insurers on behalf of the Defendants pursuant to the Settlement set forth herein, which consideration shall be TEN MILLION DOLLARS ($10,000,000.00) total, consisting of the First Deposit (as defined in the Stipulation of Settlement), the Second Deposit (as defined in the Stipulation of Settlement), and the Third Deposit (as defined in the Stipulation of Settlement).

(z)     "Summary Notice" means the Summary Notice of Settlement of Class Action for publication substantially in the form attached as Exhibit 3 to Exhibit A to the Stipulation.

(aa)    "Unknown Claims" is defined in the Stipulation of Settlement and in the accompanying Proof of Claim.

## III.     COMMENCEMENT OF THE ACTION AND NATURE OF THE ACTION

### A.     Procedural History

On or after December 30, 2003, fifteen securities fund class actions were filed in the United States District Court for the District of Massachusetts against Biopure and certain of Biopure's present or former officers.  On May 14, 2004, the Court ordered these actions to be consolidated into a single action under the caption *In re Biopure Securities Litigation*, Civ. No. 03-12628-NG (the "Action"). The Court also appointed Ronald Erickson as Lead Plaintiff and

10

approved Erickson's choice of Stull, Stull & Brody and Shapiro Haber & Urmy LLP as Co-Lead Counsel.

On July 23, 2004, the Class Representatives and other named Plaintiffs filed a Consolidated Amended Class Action Complaint ("CAC") alleging violations of Section 10b of the Securities Exchange Act of 1934 (the "Exchange Act"), Rule 10b-5 promulgated thereunder, Section 20(a) of the Exchange Act, and Section 20A of the Exchange Act. On October 6, 2004, all Defendants filed a motion to dismiss the CAC. On January 5, 2006 the Plaintiffs filed a motion for leave to file a Second Consolidated Amended Complaint ("SCAC") that raised the same legal claims as were set forth in the CAC but supported them with additional factual allegations. On March 28, 2006, the Court issued a Memorandum and Order denying the Defendants' motion to dismiss and granting the Plaintiffs leave to file the SCAC.

On June 5, 2006, the Class Representatives filed an amended motion for class certification. The amended motion for class certification was pending when the Parties notified the Court that they had reached a settlement.

## IV.    INVESTIGATION, DISCOVERY AND RESEARCH

### A.    Investigation, Discovery and Research Conducted by Co-Lead Counsel

Co-Lead Counsel conducted extensive discovery and factual investigation during their prosecution of the Action, including, *inter alia*, (1) review and analysis of Biopure's public filings with the Securities and Exchange Commission ("SEC"), annual reports, and other public statements; (2) review of transcripts of testimony in a related proceeding brought by the SEC; (3) consultations with experts; (4) research of the applicable law with respect to the claims asserted in the Action and the potential defenses thereto; (5) detailed review and analysis of over 40,000 pages of documents produced by Defendants in discovery.

11

Based upon their investigation to date, Co-Lead Counsel believe that the causes of action asserted in the SCAC have merit and that the evidence developed to date supports their claims.

## V.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Co-Lead Counsel and Class Representatives believe that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class Representatives and the Class Members, and in their best interests.  The Class Representatives have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering: (1) the substantial benefits that Class Representatives and the Class Members will receive from the Settlement; (2) the attendant risks of litigation; and (3) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

Co-Lead Counsel and Class Representatives recognize and acknowledge the expense and length of time which would be consumed by continued proceedings necessary to prosecute the Action against the Defendants through trial and appeals.  Co-Lead Counsel and Class Representatives have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation.  Co-Lead Counsel and Class Representatives are also mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in the Action.  Further, Co-Lead Counsel and Class Representatives also considered the ability to pay issues arising from the financial circumstances of Biopure and the ability to fund a settlement or satisfy a verdict from limited insurance proceeds, which have been used in part to defend this Action and a related action prosecuted by the SEC.  In light of the foregoing, Co-Lead Counsel and Class Representatives believe that the Settlement confers substantial benefits upon the Class

ACTIVE/72007889.1

and have determined that the Settlement as set forth in the Stipulation is in the best interests of the Class Representatives and the Class Members.

## VI.    THE DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Class Representatives in the Action.  Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants have also denied and continue to deny, *inter alia*, the allegations that Class Representatives or the Class have suffered damages, that the price of Biopure common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and that the Class Representatives or the Class were harmed by the conduct alleged in the SCAC.

Nonetheless, Defendants have concluded that further conduct of the Action would be protracted and expensive, have taken into account the uncertainty and risks inherent in any litigation (especially in complex securities cases like this Action) and have concluded that it is desirable that the Action and any Settled Claims, including Unknown Claims (as defined in the Stipulation), be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VII.    THE PROPOSED SETTLEMENT

The following description of the Settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court, for a full statement of its provisions:

A.    The Settlement Fund consists of the principal amount of $10 million (Ten Million Dollars) in cash, plus interest.

ACTIVE/72007889.1

B.      Upon approval of the Settlement by the Court, and when the Judgment has become final and all other conditions to the Settlement are satisfied, the Settlement Fund shall be distributed as follows:

(1)     To pay all the costs and expenses reasonably and actually incurred in administering the Settlement;

(2)     To pay Co-Lead Counsels' fees, expenses and costs as awarded by the Court;

(3)     To pay any award ordered by the Court to the Class Representatives for their reasonable costs and expenses (including lost wages) directly relating to the representation of the Class;

(4)     To pay the taxes and tax expenses owed by the Settlement Fund; and

(5)     To pay to Class Members their pro rata share of the Net Settlement Fund, as defined below, pursuant to the Plan of Allocation set forth below.

(6)     **Plan of Allocation**. Subject to the approval and further Order(s) of the Court as may be necessary, the balance of the Settlement Fund after deduction of the fees and expenses described in paragraphs (1) through (4) above (the "Net Settlement Fund"), shall be distributed to Authorized Claimants pursuant to the following Plan of Allocation. ("Authorized Claimant" means any Class Member who submits a timely and valid Proof of Claim that is accepted by the Claims Administrator.)

(7)     Each Class Member seeking a distribution from the Net Settlement Fund shall be required to timely submit a separate Proof of Claim that shall include a general release of all Released Claims, including any Unknown Claims (as defined in the Stipulation), against the Released Parties in the form set forth in the Proof of Claim accompanying this Notice, signed

14

under penalty of perjury and supported by documented proof of all purchases (or acquisitions) and sales (or dispositions) of Biopure common stock during the Class Period.

(8)     All Proof of Claim forms must be sent to the Claims Administrator and **postmarked on or before October 31, 2007.**  Unless otherwise ordered by this Court, any Class Member who fails to submit a Proof of Claim and Release within that period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation, but will, in all other respects, be subject to the provisions of the Stipulation and the final Judgment entered by the Court.

(9)     To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage that each Authorized Claimant's Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.  No cash payment will be made on a claim where the potential distribution amount is ten dollars ($10.00) or less.

(10)     A "Recognized Loss" will be calculated as follows:

(a)     **For the shares of Biopure common stock purchased during the period from April 9, 2003 through October 30, 2003**, inclusive, and:

(i) sold prior to the close of trading on October 30, 2003, the Recognized Loss shall be zero; or

(ii) sold during the period from October 31, 2003 through December 24, 2003, inclusive, the Recognized Loss shall be the difference between the purchase price and the sale price; or

ACTIVE/72007889.1

(iii) held at the close of trading on December 24, 2003, the Recognized Loss shall be the difference between the purchase price and $2.43 per share (the market price at the close of trading on December 26, 2003, the first business day after the end of the Class Period).

(b)     **For the share of Biopure common stock purchased during the period from October 31, 2003 through December 24, 2003**, inclusive, and:

(i) sold prior to the close of trading on December 24, 2003, the Recognized Loss shall be zero; or

(ii) held at the close of trading on December 24, 2003, the Recognized Loss shall be the difference between the purchase price and $2.43 per share (the market price at the close of trading on December 26, 2003, the first business day after the end of the Class Period).

(c)     The date of purchase or sale is the "contract" or "trade" date and not the "settlement" date.

(d)     All profits will be subtracted from all losses to determine the net Recognized Loss of each Authorized Claimant. Brokerage commissions, fees and taxes should be included in the purchase and sale prices of Biopure shares.

(e)     In processing claims, the first-in, first-out basis ("FIFO") will be applied to both purchases and sales. Sales will be matched in chronological order, by trade date, first against the securities held as of the close of trading on April 8, 2003 (the last day before the Class Period begins) and then against the purchases during the Class Period.

ACTIVE/72007889.1

(f)    The date of covering a "short sale" is deemed to be the date of purchase of Biopure shares. The date of a "short sale" is deemed to be the date of sale of Biopure shares. Shares originally sold short prior to the Class Period shall have zero Recognized Loss.

(g)    Where securities were purchased/sold by reason of having exercised an option, the option premium should be incorporated into the price accordingly.

(h)    YOUR CLAIM WILL NOT BE VALID IF YOU DID NOT SUFFER A RECOGNIZED LOSS.

(i)    The Court has reserved jurisdiction to allow, disallow or adjust the Claim of any Class Member on equitable grounds.

(11)    Although the Net Settlement Fund is being allocated among the Class Members based on the formulas stated above (subject to Court approval), it should not be assumed that an Authorized Claimant's Claim is equal to the amount of damages, if any, which could have been recovered had this Action been fully tried instead of settled.  The amount of damages which Plaintiffs could prove, if any, is a matter of serious dispute, and the Settlement's use of the formula set forth above does not constitute a concession, finding or admission that liability exists or that any damages could be proven or that provable damages, if any, would be commensurate with a Claim.  The Settlement avoids the risks to the Class Members that liability or damages might not have been proven at trial.

(12)    Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance

17

remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall

be re-distributed to Class members who have cashed their initial distributions and who would

receive at least ten dollars ($10.00) pro rata from such re-distribution, after payment of any

unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution.

If after six (6) months after such re-distribution, any funds shall remain in the Net Settlement

Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3)

organization(s) designated by Class Co-Lead Counsel.

(13)     All Class Members who fail to complete and file a valid and timely Proof

of Claim shall be barred from participating in distributions from the Net Settlement Fund, unless

they submit a valid exclusion request pursuant to Section X below or unless otherwise ordered

by the Court, but otherwise shall be bound by the Settlement and by all of the terms of the

Stipulation, including the terms of the Order and Final Judgment or of any judgment entered by

the Court.

(14)     No person shall have any claim against Plaintiffs' Counsel, the Claims

Administrator or other agent designated by Plaintiffs' Counsel, or any Defendant or any

Defendant's counsel based on the distribution made substantially in accordance with the

Stipulation and this Plan of Allocation, or further orders of the Court.

## VIII.   DISMISSAL AND RELEASES

If the Settlement is approved by the Court, the Court will enter a final judgment

which will:

A.     Dismiss the Action in its entirety as against the Defendants with prejudice and

without costs to any party as against any other party; adjudge that the Class Representatives and

each Class Member, except those who both timely and validly request exclusion in accordance

18

with the procedures detailed herein, shall be deemed conclusively to have released the Released

Claims and Unknown Claims (described in the Release accompanying the Proof of Claim and

in the Stipulation) against the Released Parties. Notwithstanding that the Class Representatives,

or one or more Class Members, may hereafter discover facts in addition to, or different from,

those which the Class Representatives or Class Members now know or believe to be true with

respect to the Action and Released Claims or to the subject matter of the Action, which, if

known, might have affected his, her, or its settlement with, and release of, the Released Parties,

or might have affected his, her or its decision not to object to the Settlement, each of the Class

Representatives and Class Members shall be deemed, upon the date of the final judgment for this

Action, to have fully, finally and forever settled and released, as against any of the Released

Parties, and all Released Claims and Unknown Claims, that have been, or might have been,

asserted by the Class Representatives or Class Members, or any of them, against Defendants, or

any of them, based upon, or related to, the purchase or acquisition of Biopure common stock by

the Class Representatives or Class Members during the Class Period, and the facts, transactions,

events, occurrences, acts or omissions which were, or could have been, alleged in the Action.

      B.      Bar and permanently enjoin each of the Class Representatives and the Class

Members from prosecuting the Released Claims (including Unknown Claims) against the

Released Parties, as set forth in the Release accompanying the Proof of Claim;

      C.      Reserve jurisdiction, without affecting the finality of the judgment entered, over:

      (1)      Implementation of this Settlement and any award or distribution of the Net

Settlement Fund, including interest earned or accrued thereon;

      (2)      Disposition of the Gross Settlement Fund;

ACTIVE/72007889.1

(3)     Hearing and determining Co-Lead Counsel's applications for attorneys' fees, costs, interest, and expenses, including fees and costs of experts and/or consultants and the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the Class, to the Class Representatives;

(4)     Enforcing and administering the Stipulation, including any Releases executed in connection therewith; and

(5)     Other matters related or ancillary to any of the foregoing.

As part of the Settlement, the Defendants have released and agreed not to sue the Class Representatives, Co-Lead Counsel, or any Class Member for any claims that arise out of or relate in any way to the institution, prosecution, or settlement of the Action.

## IX.     SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

To all banks, brokerage firms, institutions and other Persons that are nominees who purchased or otherwise acquired the common stock of Biopure for the beneficial interest of other Persons during the Class Period (April 9, 2003 through December 24, 2003, inclusive): within ten (10) days after you receive this Notice and the accompanying Proof of Claim and Release, you must either (1) provide the Claims Administrator with the names and addresses of such beneficial owners, **preferably on computer-generated mailing labels or, electronically, in MS Word or WordPerfect files (label size Avery # 5162), or in an MS Excel data table setting forth (a) title/registration, (b) street address, (c) city/state/zip**; or (2) send copies of the Notice and the Proof of Claim and Release to all beneficial owners by first-class mail and provide the Claims Administrator with written confirmation of having done so.  Additional copies of the Notice may be requested by contacting the Claims Administrator at:

In re Biopure Corporation Securities Litigation

20

c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Telephone: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonclaims.com

You are entitled to the reimbursement of any *reasonable* expenses actually incurred in connection with the research of records <u>and</u> (1) the generating of labels or electronic media <u>or</u> (2) the mailing of this Notice, after submission to the Claims Administrator of a written request, together with appropriate supporting documentation.

## X.    THE RIGHTS AND OBLIGATIONS OF CLASS MEMBERS

If you are a Member of the Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in Section VI of this Notice, and recited more fully in the Stipulation, upon approval of the Settlement by the Court.

If you are eligible to be a Class Member (that is, if you purchased or otherwise acquired Biopure common stock during the period of April 9, 2003 through December 24, 2003, inclusive), you have the following options:

A.    You may file a Proof of Claim.  If you choose this option, you will remain a Class Member; you will share in the proceeds of the Settlement if the Settlement is finally approved by the Court and if your claim is timely and validly filed and supports a Recognized Loss; and you will be bound by the Judgment and Releases.

B.    If you do not wish to be a Class Member or be included in the Class, and you do not wish to participate in the Settlement described in this Notice, you may request to be excluded.  To do so, you must state **<u>in writing</u>** that you wish to be excluded from the Settlement. Your written request for exclusion must also set forth: (1) the name of this Action: *In re Biopure Corporation Securities Litigation,* Case No.: 03-12628 (NG); (2) your name, address and

21

telephone number; (3) the name, address and telephone number of the record owner of Biopure

Common Stock, if different from your own as the beneficial owner; (4) the number of Biopure

common shares that you owned as of April 8, 2003; (5) the number of Biopure common shares

that you purchased or otherwise acquired during the Class Period, including the price and the

dates of those purchases or acquisitions; and (6) the number of Biopure common shares you sold

during the Class Period, including the price and the dates of those sales.  The **written** exclusion

request should be sent to the Claims Administrator at:

> In re Biopure Corporation Securities Litigation
> c/o Berdon Claims Administration LLC
> P.O. Box 9014
> Jericho, NY 11753-8914

**To be considered valid, the exclusion request must be postmarked no later than \_\_\_\_, 2007.**

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF**

**THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN THE REQUEST.**

      C.      If you validly request exclusion from the Class: (1) you will be excluded from the

Class; (2) you will not share in the proceeds of the Settlement described herein; (3) you will not

be bound by any judgment entered in the Action; and (4) you will not be precluded by this

Settlement from otherwise prosecuting an individual claim, if timely, at your own expense

against Defendants, based on the matters complained of in the Action.

      D.      If you do not request to be excluded from the Class, you will be bound by any and

all determinations or judgments in the Action concerning the Settlement entered or approved by

the Court, whether favorable or unfavorable to the Class Members, including, without limitation,

the Judgment described above.  **If you do not exclude yourself from the Class, you will be**

**deemed to have released all Claims which you may have against the Defendants, whether**

ACTIVE/72007889.1

or not you submit a Proof of Claim.  If you have filed or intend to file other claims against any Defendants, you may need to request exclusion from the Class to retain such claims, and you should consult your attorney.

E.      If you do not request to be excluded from the Class, you may object to the Settlement, the Plan of Allocation and/or the applications of Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses in the manner set forth below.  The filing of a Proof of Claim and Release by a Class Member does not preclude a Class Member from objecting to the Settlement, the Plan of Allocation, and/or the fees and expenses applied for by Co-Lead Counsel.  However, if your objection is rejected, you will be bound by the Settlement and the Final Judgment just as if you had not objected.  In order to object to any aspects of this settlement, you must follow the procedure set forth in Section X below.

F.      You may do nothing at all.  If you choose this option, you will not share in the proceeds of the Settlement, but you will be bound by the Final Judgment, and you will be deemed to have released Defendants, including Biopure, just as if you had filed a Proof of Claim and Release.

G.      If you are a Class Member, you may, but are not required to, enter an appearance in writing through counsel of your own choosing at your own expense.  If you do not do so, you will be represented by Co-Lead Counsel.

## XI.      THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

At the Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable and adequate; whether it should be approved by the Court; whether Judgment should be entered dismissing the Action on the merits and with prejudice as against Defendants; whether the proposed Plan of Allocation is fair and reasonable; and whether Co-Lead Counsel's

ACTIVE/72007889.1

applications for attorneys' fees and reimbursement of costs and expenses should be approved. The Settlement Hearing may be adjourned, from time to time, by the Court at or prior to the Settlement Hearing, or any adjourned session thereof, without further notice.

Any Member of the Class, who has not requested exclusion, may appear at the Settlement Hearing to show cause why the Settlement should or should not be approved and the Action should or should not be dismissed on the merits with prejudice, and/or to present any opposition to the Plan of Allocation or the application of Co-Lead Counsel for fees and expenses.  However, no such Person shall be heard, unless the objection or statement of support is made in writing and filed, together with copies of all other papers and briefs, with the Court at Clerk of the Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, no later than _____, 2007, and showing due proof of service on all of the following:  (1) both Howard T. Longman, Esq., Stull, Stull & Brody, 6 East 45th Street, New York, NY 10017, Tel:  (212) 687-7230, Fax:  (212) 490-2202 and Edward F. Haber, Esq. and Matthew L. Tuccillo, Esq., Shapiro Haber & Urmy LLP, 53 State Street, Boston, MA  02109, Tel:  (617) 439-3939, Fax:  (617) 439-0134, *Co-Lead Counsel*; and (2) Robert A. Buhlman, Esq. and Michael D. Blanchard, Esq., Bingham McCutchen LLP, 150 Federal Street, Boston, MA 02110, Tel:  (617) 951-8000, Fax:  (617) 951-8736, *Defendants' Attorneys*.

Any Class Member who does not make his, her or its objection or statement of support in the manner provided, shall be deemed to have waived all objections and opposition to the fairness, reasonableness and adequacy of the Settlement, to the Plan of Allocation, and to the request of Co-Lead Counsel for attorneys' fees and expenses.

## XII.    EXAMINATION OF PAPERS AND INQUIRIES

24

For a more detailed statement of the matters involved in the Action and the Settlement thereof, reference is made to the pleadings, to the Stipulation and to other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, during the business hours of each business day.

Inquiries regarding the submission of proofs of claim should be addressed to the Claims Administrator at:

> In re Biopure Corporation Securities Litigation
> c/o Berdon Claims Administration LLC
> P.O. Box 9014
> Jericho, NY 11753-8914
> Telephone: (800) 766-3330
> Fax: (516) 931-0810
> Website: www.berdonclaims.com

However, communications which convey confidential information should be sent directly to Co-Lead Counsel, or to your own attorney.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 2007

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

ACTIVE/72007889.1