UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ ) | | |
| ) | | |
| IN RE BIOPURE CORPORATION ) | CIVIL ACTION | |
| SECURITIES LITIGATION ) | NO. 03-12628-NG | |
| ) | | |
| _____) | | |

## PROOF OF CLAIM AND RELEASE

*DEADLINE FOR SUBMISSION: October 31, 2007*

IF YOU PURCHASED OR OTHERWISE ACQUIRED COMMON STOCK OF BIOPURE CORPORATION ("BIOPURE") DURING THE PERIOD FROM APRIL 9, 2003 THROUGH DECEMBER 24, 2003, INCLUSIVE (THE "CLASS PERIOD"), YOU ARE A "CLASS MEMBER," AND YOU MAY BE ENTITLED TO SETTLEMENT PROCEEDS. (EXCLUDED FROM THE CLASS ARE DEFENDANTS, MEMBERS OF THEIR IMMEDIATE FAMILIES AND THEIR LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS OR ASSIGNS AND ANY ENTITY IN WHICH DEFENDANTS HAVE OR HAD A CONTROLLING INTEREST.) **IF YOU ARE A CLASS MEMBER, IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE AND MAIL IT BY PRE-PAID, FIRST CLASS MAIL,** *POSTMARKED NO LATER THAN OCTOBER 31, 2007* **TO:**

Biopure Corporation Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914

YOUR FAILURE TO SUBMIT YOUR PROOF OF CLAIM AND RELEASE **POSTMARKED BY OCTOBER 31, 2007** TO THE CLAIMS ADMINISTRATOR MAY SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY

MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. **SUBMIT YOUR CLAIM *ONLY* TO THE CLAIMS ADMINISTRATOR. YOU WILL BEAR ALL RISKS OF DELAY OR NON-DELIVERY OF YOUR CLAIM.**

Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of Settlement in the Litigation.

If you are a Class Member, and you do not properly and timely request exclusion in connection with the Settlement, you will be bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

If you are NOT a Class Member (or legal representative of a Class Member), DO NOT submit a Proof of Claim and Release.

All terms herein are as defined in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") that accompanied this Proof of Claim and Release and the Stipulation and Agreement of Settlement (the "Stipulation of Settlement") on file with the Court.

## CLAIM FORM INSTRUCTIONS

1. If you purchased or acquired Biopure common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record owner. If, however, you purchased or acquired Biopure common stock and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner and the third party is the record owner.

2. Use Part I of this form entitled "Claimant Identification" to identify each beneficial owner and, if different, each record owner, of Biopure common stock that form the basis of this claim.

THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER OR OWNERS, OR THE LEGAL REPRESENTATIVE OF SUCH OWNER OR OWNERS, OF THE BIOPURE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3. All joint owners must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them, documentation establishing their authority must accompany this claim, and their titles or capacities must be stated.

4. The Social Security or Taxpayer Identification Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

5. Use Part II, §§ A, B, C and D of this form entitled "Schedule of Transactions in Biopure Common Stock" to supply all required details of your transaction(s) in Biopure common stock. If you need more space, attach separate sheets giving all of the required information in substantially the same form. Print your name, Social Security or Taxpayer Identification Number, and "Proof of Claim – Schedule of Transactions in Biopure Common Stock" at the top of each additional sheet.

6. On the schedules, provide all of the requested information with respect to **all** of your purchases and acquisitions and **all** of your sales of Biopure common stock that took place during the Class Period, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

7. List each transaction during the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list, as well as the number of Biopure shares involved in each transaction.

8. Brokerage commissions and transfer taxes paid by you in connection with your purchase and sale of Biopure common stock should be included in computing the "Total Cost" and netted out of the "Net Proceeds."

3

9. The date of purchase or sale is the "contract" or "trade" date and not the "settlement" date.

10. All profits will be subtracted from all losses to determine the net recognized loss of each Class Member.

11. In processing claims, the first-in, first-out basis ("FIFO") will be applied to purchases, acquisitions and sales. Sales will be matched in chronological order by trade date, first against the common stock held as of the close of trading on April 8, 2003 (the last day before the Class Period begins) and then against the purchases/acquisitions during the Class Period.

12. The date of covering a "short sale" is deemed to be the date of purchase of Biopure common stock. The date of a "short sale" is deemed to be the date of sale of Biopure common stock. Shares originally sold short prior to the Class Period will result in a zero claim.

13. Where Biopure common stock was purchased/sold by reason of having exercised an option, the option premium should be incorporated into the price accordingly.

14. If an Authorized Claimants' trading activity during the Class Period exceeds 50 transactions, he, she or it must provide, in an electronic file, all purchase and sales information required in Part II, §§ A, B, C and D. For a copy of instructions and parameters concerning such a submission, contact the Claims Administrator by phone: (800) 766-3330; by fax (516) 931-0810 or via the website: www.berdonclaims.com.

15. No cash payment will be made on a claim where the potential distribution amount is $10.00 or less.

16. **Copies** of brokers' confirmations, monthly statements or other documentation of your transactions in Biopure common stock during the Class Period should be attached to your claim. For a complete listing of the documentation deemed acceptable by the Claims Administrator, please refer to the website www.berdonclaims.com. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

17. All defined terms used herein, unless specifically defined herein, shall have the same meaning as set forth in the Notice and the Stipulation.

Case 1:03-cv-12628-NG    Document 163-4    Filed 05/17/2007    Page 5 of 14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re Biopure Corporation Securities Litigation

## PROOF OF CLAIM                                             BIOPURE

*Must be Received by Claims Administrator Postmarked No Later Than October 31, 2007*

**PART I:  CLAIMANT IDENTIFICATION**

*Please Type or Print*

_____
Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

_____
Street Address

_____        _____   _____
City                                            State       Zip Code

_____        _____
Foreign Province                                Foreign Country

_____   **or**   _____
Social Security Number                    Taxpayer Identification Number

Specify one of the following:

_____ Individual(s)      _____ Corporation      _____ UGMA Custodian      _____ IRA

_____ Partnership      _____ Estate      _____ Trust      _____ Other: _____

_____ _____ (Day)        _____ _____(Evening)
Area Code   Telephone Number                  Area Code   Telephone Number

_____        _____
Facsimile Number                                E-Mail Address

_____
Record Owner's Name and Address *(if different from beneficial owner listed above)*

_____
**PART II:  SCHEDULE OF TRANSACTIONS IN BIOPURE COMMON STOCK**

6

A. Number of shares of Biopure common stock owned at the close of trading on April 8, 2003 (long or short) *(must be documented)*: _____

B. Separately list each and every **purchase and/or acquisition** of Biopure common stock during the period April 9, 2003 **through** December 24, 2003, and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Purchased | Total Cost *(including commissions, taxes, and fees)* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

C. Separately list each and every **sale** of Biopure common stock during the period April 9, 2003 **through** December 24, 2003, and provide the following information *(must be documented)*:

| Trade Date *(list chronologically)* Month/Day/Year | Number of Shares Sold | Net Proceeds *(net of commissions, taxes, and fees)* |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

D. State the total number of shares of Biopure common stock owned at the close of trading on December 24, 2003 *(must be documented)*: _____

**If additional space is needed, attach the required information on separate, numbered sheets in the same format, and print your name, Social Security or Taxpayer Identification Number and "Proof of Claim – Schedule of Transactions in Biopure Common Stock" at the top of each sheet.**

*YOU MUST ALSO READ, AND SIGN THE SUBMISSION TO JURISDICTION AND RELEASE WHICH FOLLOW*

**SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

A. I/We submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. By submitting this Proof of Claim, I/we state that I/we believe in good faith that I am/we are a Class Member as defined herein and in the Notice, or I am/we are acting for such Person; that I/we have read and understand the Notice; that I/we believe that I am/we are entitled to receive a share of the Net Settlement Fund; and that I/we elect to participate in the Settlement described in the Notice.

B. I/We also submit to the jurisdiction of the United States District Court for the District of Massachusetts with respect to my/our claim as a Class Member and for purposes of enforcing the release set forth herein and any judgment that may be entered in the Litigation. I/We further acknowledge that I am/we are bound by, and subject to, the terms of any judgment that may be entered in the Litigation.

C. I/We hereby warrant and represent that I/we have included and have set forth where requested above all relevant information with respect to every one of my/our purchases or acquisitions and every one of my/our sales of Biopure common stock during the Class Period, as well as the number of shares of Biopure common stock owned by me/us at the close of trading on April 8, 2003 and at the close of trading on December 24, 2003. I/We have also enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, acquisition, sale or retention of Biopure common stock listed above in support of my/our claim. [NOTE: IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER OR PORTFOLIO MANAGER. THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.] I/We agree to furnish additional information to the Claims Administrator to support this claim if required to do so.

D. I/We have not submitted any other claim covering the same purchases or sales of Biopure common stock during the Class Period and know of no other Person having done so on my/our behalf.

## RELEASE

A. I/we hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge each and all of the Released Parties from any and all Settled Claims. As defined in the Stipulation and as used herein, the following terms shall have the following meanings:

1. "Released Parties" means any and all of the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, Insurers, co-insurers, reinsurers, controlling shareholders, attorneys, divisions, joint ventures, accountants, spouses, personal or legal representatives, assigns, heirs, any members of an Individual Defendant's immediate family and any trust of which any Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such party.

2. "Settled Claim(s)" means any and all claims, including both known claims and Unknown Claims (as defined below), debts, demands, rights or causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, equitable or injunctive relief and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, known or unknown, whether concealed or hidden, asserted or that could have been asserted, including,

without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations , (i) that have been asserted in this Action by the Class Members or their attorneys or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or their attorney or any of them or their successors and assigns or any of them against any of the Released Parties which arise out of or are based upon or relate in any way to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the SCAC or relate in any way to the purchase, sale or acquisition of Biopure common stock during the Class Period except for claims to enforce the Settlement.

3. "Defendants' Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, equitable or injunctive relief and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below), that have been or could have been asserted in the Action or any forum by the Defendants or any of them or the successors and assigns of any of them against any of the Class Representatives, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

4. "Unknown Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation which any Lead Plaintiff or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Defendants' Settled Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the

10

release of the Defendants' Settled Claims, which, if known by him, her or it, could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which relate to the purchase, sale or acquisition of common stock of Biopure during the Class Period, even if unknown at the time of execution of this Stipulation, or could have been asserted by the Defendants against the Lead Plaintiff or Class Members relating to the Action, even if unknown at the time of the execution of this Stipulation.  With respect to any and all Settled Claims and Defendants' Settled Claims, the Parties stipulate and agree that upon the Effective Date, the Class Representatives and the Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representatives and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but the Class Representatives shall expressly fully, finally and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or

11

additional facts. Class Representatives and Defendants acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Settled Defendants' Claims was separately bargained for and was a key element of the Settlement.

    B.  This Release shall be of no force or effect unless and until the Court approves the Stipulation of Settlement and the Stipulation of Settlement becomes effective as to all Defendants and all Released Parties on the Effective Date.

    C.  I/We hereby warrant and represent that I/we have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this Release or any other part or portion thereof.

    D.  I/We certify that I am/we are **NOT** subject to backup withholding under the provisions of §3406(a)(1)(c) of the Internal Revenue Code.

> **Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please clearly strike out the word "NOT" in the certification above.**

I/We declare under penalty of perjury, under the laws of the United States of America, that the foregoing information supplied by the undersigned and the supporting documents attached hereto are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim and Release form was executed this ___ day of _____, 2007 in _____ (City), _____ (State/Country).

    _____
    Signature of Claimant

    _____
    (Print your name here)

    _____

Signature of Joint Claimant, if any

_____
(Print your name here)

_____
Signature of person signing on behalf of Claimant

_____
(Print your name here)

_____
Capacity of person signing on behalf of Claimant, if other than an individual, (e.g., Executor, President, Custodian, etc.)

**ACCURATE CLAIMS PROCESSING TAKES
A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

**<u>Reminder Checklist</u>:**

1. Please sign the above release and declaration.

2. Remember to attach only **copies** of acceptable supporting documentation to your claim form, a complete list of which can be found on the Claims Administrator's website.

3. Do not send originals of common stock certificates.

4. Keep a copy of the completed claim form and supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at:

In re Biopure Corporation Securities Litigation
c/o Berdon Claims Administration LLC
P.O. Box 9014
Jericho, NY 11753-8914
Telephone: (800) 766-3330
Fax: (516) 931-0810
Website: www.berdonclaims.com