# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | Civ. No. 03-12628-NG |

## ORDER AND FINAL JUDGMENT

**WHEREAS**, the parties to the above-described action (the "Action") entered into a Stipulation And Agreement of Settlement  ("Settlement Agreement") dated as of May 17, 2007 (the "Settlement"); and

**WHEREAS,** on May 23, 2007 the Court entered an Order of Preliminary Approval which, *inter alia*:  (i) preliminarily approved the Settlement; (ii) confirmed that the Action has been certified as a class action, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure for purposes of settlement; (iii) approved the forms of notice of the Settlement to the Class Members; (iv) directed that appropriate notice of the Settlement be given to the Class Members; and (v) set a hearing date for final approval of the Settlement and the plan of allocation and a determination of whether the application of Co-Lead Counsel for the Class for an award of attorneys' fees, costs, and expenses, including an award of reasonable costs and expenses to the Class Representatives Plaintiffs ("Fee and Expense Petition"), should be approved; and

**WHEREAS,** Notice of the Settlement and Proof of Claim forms were mailed to Class Members and the Summary Notice of the Settlement was published in the national edition of *The Wall Street Journal*, as attested to in the affidavit of the Claims Administrator filed herein; and

1

**WHEREAS,** on September 24, 2007, a hearing was held on whether the Settlement was fair, reasonable, adequate, and in the best interests of the Class ("Settlement Hearing"); and

**WHEREAS,** based on the foregoing, having heard the statements of counsel for the parties and of such persons as chose to appear at the Settlement Hearing, having considered all of the pleadings and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED** that:

1.      The provisions of the Settlement Agreement, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including Class Members.

3.      The form, content, and method of dissemination of the notice given to the Class, including both published notice and individual notice mailed to all Class Members who could be identified through reasonable effort, was adequate and reasonable, and constituted the best notice practicable under the circumstances.

4.      The notice, as given, complied with the requirements of 15 U.S.C. § 78u-4(a)(7) and of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

5.      The Plan of Allocation described in the notice mailed to Class Members is fair and reasonable and it is hereby approved.

6.      The Class Representatives have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

7.      The Class Representatives and the Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Settlement Agreement.

8.      All parties and counsel appearing herein have complied with their obligations under Rule 11(b) of the Federal Rules of Civil Procedure.

9.      This action is finally certified as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.  The Class consists of all persons or entities who, during the period from April 9, 2003 through December 24, 2003, inclusive (the "Class Period"), purchased or otherwise acquired Biopure Corporation ("Biopure") common stock.  Excluded from the Class are Defendants in this action, the former and current officers and directors of Biopure, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest.

10.      Excluded from the class are the persons identified in Exhibit A hereto, who have timely and properly requested exclusion from the Class.

11.      The Settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class, and it shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

12.      Judgment shall be, and hereby is, entered dismissing the Action with prejudice and without taxation of costs in favor of or against any party except as provided in the Settlement Agreement.

13.      The Class Representative Plaintiffs and all Class Members are hereby conclusively deemed to have released the Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, directors, agents, employees, Insurers, co-insurers,

ACTIVE/2674294.1

reinsurers, controlling shareholders, attorneys, divisions, joint ventures, accountants, spouses, personal or legal representatives, assigns, heirs, any members of an Individual Defendant's immediate family and any trust of which any Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family, and any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such party (the "Released Parties"), from any and all Settled Claims.  As defined in the Settlement Agreement, "Settled Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, equitable or injunctive relief and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined in the Settlement Agreement): (i) that have been asserted in this Action by the Class Representatives, on their own behalf and on behalf of the Class Members or any of them against any of the Released Parties, or (ii) that could have been asserted in any forum by the Class Members or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the SCAC or relate to the purchase, sale or acquisition of the common stock of Biopure during the Class Period except for claims to enforce the Settlement.

14.     The Class Representatives and all Class Members are hereby barred and permanently enjoined from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity, any and all Settled Claims which they or any of them had, have or may have against the Released Parties.

15.     The Plan of Allocation of the Net Settlement Fund as described in the notice to Class Members is hereby approved, subject to modification by further order of this Court. Any order or proceedings relating to the Plan of Allocation or amendments thereto shall not operate to terminate or cancel the Settlement Agreement or affect the finality of this Order approving the Settlement Agreement.

16.     The Court hereby decrees that neither the Settlement Agreement nor this Final Judgment, nor the fact of the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Representatives; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties or Class Representatives in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or (d) is or may be construed as or received as evidence as an admission, concession or presumption against Lead Plaintiff or any of the Class Members that any of their claims are without merit, or that any defenses by the Defendants have merit, or that damages recoverable under the SCAC would not have exceeded the Gross Settlement Fund. The Released Parties may file the

5

Stipulation and/or the Final Order and Judgment of this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Defendants have denied and continue to deny each and every claim alleged against them in the Action and any wrongdoing whatsoever and this Final Judgment shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any Defendant with respect to any claim of any fault, liability, wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted.

17.     The parties to the Settlement Agreement, their agents, employees, and attorneys, and the Claims Administrator and the Escrow Agent, shall not be liable for anything done or omitted in connection with these proceedings, the entry of this Final Judgment, or the administration of the payments to Authorized Claimants as provided in the Settlement Agreement and this Order, except for their own willful misconduct. No Class Member shall have any claim against the Class Representatives or Co-Lead Counsel based on distributions made substantially in accordance with the Plan of Allocation and orders of the Court. No Class Member shall have any further rights or recourse against the Defendants for any matter related to the Plan of Allocation, distributions thereunder, or the claims process generally.

18.     Class Counsel are awarded attorneys' fees in the amount of $_____ and reimbursement of expenses, including experts' fees and expenses, in the amount of $_____, such amounts to be paid from out of the Gross Settlement Fund. Class Representative Plaintiff Ronald Erickson, who served as Lead Plaintiff in this Action, is awarded

the sum of $_____ and Class Representative Plaintiff Dr. John G. Esposito, Jr. is awarded the sum of $_____, as reasonable costs and expenses directly relating to the representation of the Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from out of the Gross Settlement Fund.

19.    The attorneys' Fees and Expenses awarded herein shall be payable from the Gross Settlement Fund when the Order and Final Judgment become Final as defined in Paragraph 1(k) of the Settlement Agreement.

20.    The Court hereby retains and reserves jurisdiction over implementation of this Settlement and any distribution to Authorized Claimants under the terms and conditions of the Settlement Agreement and pursuant to further orders of this Court.

Date: _____, 2007.

_____
The Honorable Nancy Gertner
United States District Judge

7