UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE BIOPURE CORPORATION SECURITIES LITIGATION | CIVIL ACTION<br>NO. 03-12628-NG |

## AFFIDAVIT OF RONALD ERICKSON

I, Ronald Erickson, depose and say as follows:

1. My name is Ronald Erickson. By order of this Court dated May 14, 2004, I was appointed the Lead Plaintiff in this action.

2. I lost approximately $243,000 on purchases of common shares of Biopure Corporation, Inc. ("Biopure") during the Class Period of April; 9, 2003 through December 24, 2003 in this action.

4. I funded my purchases of Biopure common shares during the Class Period from money from funds available in my 401(k) plan at Washington Mutual Bank or with cash generated from the exercise of my Washingon Mutual Bank stock options and sales of underlying shares related to such options. After learning on or about December 24, 2003 of significant declines in the value of my Biopure shares and the FDA's halting of Biopure clinical

---

Joint Declaration in Support of the Motion for Final Approval of Partial Settlements and Plan of Allocation of Settlement Proceeds and the Motion for an Award of Attorneys' fees and Reimbursement of Expenses                                                                                                                                Page 1

trauma trials for Hemopure, I contacted one of my attorneys, Howard T. Longman of Stull, Stull & Brody.

5. I have performed the following tasks as lead plaintiff in this litigation:

a. had initial consultation with counsel;

b. reviewed the complaint filed in this action and study and reviewed plaintiff's certification;

c. reviewed pleadings related to the lead plaintiff contest;

d. attended a hearing before this Court on Plaintiffs' motions for consolidation, appointment of lead plaintiff and appointment of lead plaintiff's choice of counsel;

e. studied and approved the Consolidated Amended Complaint and the Second Consolidated Amended Complaint;

f. reviewed and discussed with counsel legal issues related to Defendants' motions to dismiss;

g. made calls to or took calls from my counsel to discuss the status of case;

h. assembled documents for production to Defendants in connection with class certification motion and reviewed interrogatory responses;

i. prepared for my deposition with my counsel;

j. testified at deposition in response to Defendants' counsels' questioning; and

k. conferred with my counsel regarding the settlement of this action.

6. I estimate that I have devoted at least 25 hours to this litigation, and probably even more. From inception of this litigation through October 2004, I was employed as a Regional

Vice President and Regional Sales Manager by Washington Mutual Savings Bank. There, I earned approximately $30,000 monthly, based largely on commissions. From October 2004 through January 2006, I worked as a Regional Vice President and Regional Sales Manager at American Home Mortgage. At American Home Mortgage I earned approximately $50,000 per month, also based on mortgage sales commissions. From May 1, 2006 until January 31, 2007 I was employed at Wells Fargo bank as an area manager and made approximately $37,500 per month, also based on commissions. At all of these banks I was responsible for sales of residential mortgage products.

7. As a result of my devoting time to this litigation as described above, which took time away from my employment. I estimate I lost approximately $5,850.00 in commission income that I would otherwise have earned.

Signed under the penalties of perjury on September __5__, 2007.